Page i

# IN THE UNITED STATES DISTRICT COURT
## SOUTHTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SAMANTHA SIVA KUMARAN, | ) | |
| Et al | ) | Case No: 1:20-CV-03668–GHW-SDA |
| *Plaintiffs,* | ) | Judge: Hon Gregory H. Woods |
| | ) | Magistrate Judge: Stewart D. Aaron |
| -against- | ) | |
| | ) | **ORAL ARGUMENT** |
| NATIONAL FUTURES ASSOCIATION, LLC | ) | **REQUESTED** |
| Et al., | ) | MOTION FOR RECONSIDERATION |
| *Defendants,* | ) | |

## PLAINTIFFS MOTION AND MEMORANDUM FOR RECONSIDERATION

Pursuant to Federal Rules Civil of Procedure 59 (e) and Local Rule 6.3 and 6.4, and Hon. Judge Gregory Wood's Individual Rules of Practice for *Pro-Se* Litigants Rule 3, Plaintiffs Kumaran and NRCM file this Memorandum of Law for this motion for reconsideration. Plaintiff requests Oral Argument as this is a wrongful dismissal. Plaintiff also notes that it requested a reasonable extension of time to edit and shorten this motion. Because that extension was denied Plaintiff files this Memorandum with extensive law and fact to support its motion, to show manifest errors in law and fact, in accordance with the *Pro-Se* litigants rules which have no page count and therefore complies with both Local Rules and *Pro-Se* Rules of Hon. G. Woods.

## LEGAL STANDARD

A Rule 59(e) motion may be granted if the moving party demonstrates any of the following: (1) the judgment was based upon a manifest error of law or fact; (2) there is newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) there is an intervening change in controlling law. *See* 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995

## *LOCAL RULES*

Plaintiff files this motion in accordance with Rule 59(e) and Local Rule 6.3 and 6.4. The rules are unclear whether the motion is due within 14 days as in Rule 6.3 or 28 days as under 59(e.) Plaintiff has been directed by the *Pro-Se* Intake Office that it is obligated to comply only with Hon Gregory Woods Individual Rules of Practice for *Pro-Se* litigants. Those rules, as checked with Pro-Se Intake and NYLAG, specifically do not include a page-count restriction for *Pro-Se* litigants. (See Ind. *Pro-Se* Rule 5). Plaintiff was advised to use the shorter time frame of 14 days to avoid any issues in timeliness. This motion is in response to a dispositive order, rendering the arguments of fact and law substantial requiring extended pages and a comprehensive and full briefing. (ECF 15) Plaintiff sought a reasonable extension, under which it would have had time to edit or shorten this motion, which was denied. (ECF 15). Plaintiffs requested an extension until August 24, 2020. Should that extension have been granted Plaintiffs would have had sufficient time to edit, shorten and condense this memo. However given the very short time frames, and the ruling being on a holiday weekend July 4, 2020, in compliance with the Pro-Se Rules, no page count limit was required, Plaintiff files as is. Plaintiff sought, in good faith, to include Defendants NFA and Defendants Tom Kadlec in presenting its arguments to this briefing. That request was also denied. Plaintiff was also not entitled to amend it complaint as a matter of right under FRCP 15. Plaintiff had intended to serve and amend in accordance with Rule 4(m) of 90 days. That was also denied.

## *PRO-SE BIAS*

Plaintiff has been made aware of ongoing Pro-Se Bias and culling of complaints. Plaintiff also has been made aware of a general bias reported, against Pro-Se litigants and that Judges may try to summarily dismiss complaints for subject matter jurisdiction in a mass culling of *Pro-Se* Complaints. (See Articles below[1]). Plaintiff is aware that the New York Courts opened for the first time on July 6, 2020. Plaintiff notes its Complaint was summarily dismissed on Federal holiday of July 4, 2020 when it would have been impractical to be notified, so as to fall within the Court's

---

[1] https://www.abajournal.com/news/article/posner_most_judges_regard_pro_se_litigants_as_kind_of_trash_nor_worth_the_t  Court records indicate that of the roughly 1,500 Pro-Se cases filed in the twelve months preceding 644 of those filings were summarily dismissed. https://get.courtroom5.com/takes-unbiased-judge-call-out-judicial-bias/

reopening. Plaintiff argues the ruling which jumped the gun of Plaintiff rights to amend as a matter of right under Rule 15, contained fatal and manifest errors of law and fact, applying substantially erroneous Federal statutes, and citing no less than over a dozen inappropriate cases that are wholly inapplicable to the subject matter of the case.

Plaintiff specifically draws the Court's attention to Section H of its Memorandum. Plaintiff lists about fifteen inapplicable cases were used in error of law and fact. The Court in its cases confused securities laws with the commodities laws. The Court wholly confused evident partiality and jurisdictional standing under FAA, with non-comparable cases on after-the-fact awards. And most concerning, the Court applied incorrect jurisdictional standing on multiple Federal Statutes as explained in detail herein, wholly failing to address the private rights of action, specifically granted to traders, as an exception, under 7 USC 25(b). Discussion of this issue was completely moot in the Order.

As indicated herein all of Plaintiffs claims and causes fall under Federal statute and proper subject matter jurisdiction.  Plaintiff was not given the opportunity to file its motion for Declaratory Relief. Plaintiff was not given the right to amend and or serve under Rule 4(m) or Rule 15(a)(1). No reasonable extension was granted to assist in the filing of this extensive motion grounded in complex issues of law. Given the manifestly unjust dispository nature of the ruling, Plaintiffs extensive brief covers enumerate areas of law and fact that were ruled in error.

Plaintiff files this motion to preserve its rights timely.


Respectfully submitted,

//SSK///

Samantha Siva Kumaran

## MOTION FOR RECONSIDERATION
## TABLE OF CONTENTS

A.  No Absolute Immunity for Register Futures Associations………….Pg. 1

B.  Federal Arbitration Act Subject Matter Jurisdiction………………...Pg. 9

C.  Failure to Make Disclosures under FAA for Evident Partiality……. Pg. 15

D.  Court Erred to Review Collaterally Estopped Issues……………….Pg. 29

E.  Court Erred in Class Action Arbitrability …………………………...Pg. 32

F.  Court Improperly Assessed Arbitrability of the Agreements………. Pg. 34

G.  Court Erred in Other Subject Matter Jurisdiction ……………… …..Pg.36

H.  Cases Cited by the Court in ECF13 are Inapplicable… …………….Pg. 37

I.  Court Failed to Distinguish Commercial Claims……………………Pg. 45

J.  Court Erred in its Failure to State a Claim…………………………...Pg. 47

K.  Court Erred to Dismiss State Law Claims and Apply Diversity …….Pg.57

L.  Court Erred in the Jurisdiction of the Declaratory Judgment Act…....Pg. 59

M. Court Erred in Procedural Standards for Pro-Se Litigants ………....…Pg. 61

N.  Other Federal Statutes Not Reviewed………………………………Pg. 70

O.  Conclusions   ………………………………………………………Pg. 71