July 28, 2020

**VIA ECF/EMAIL**
Honorable Judge Gregory Woods
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Kumaran et al vs. National Futures Association et al* 1:20-Cv-03668-GHW-SDA
## LETTER MOTION FOR EXTENSION OF TIME

Dear Hon. Judge Gregory Woods:

Pursuant to Local Rule 6.1 and Individual *Pro-Se* Rule 1.C Plaintiffs write related to the opposition to the Motion for Reconsideration filed by Defendant NFA late on Friday July 24, 2020 (*ECF23*). Under Local Rule 6.1.(b) Plaintiffs are supposed to reply to this Motion within seven (7) days. That time frame is unreasonably short – especially in light of the fact that Mr. Boyle's response is essentially a 12(b)(6) motion, which contains extensive "failure to plead" arguments on Pages 6-11 of his Memorandum. Plaintiffs therefore seek an extension of time of thirty (30) days to **_August 30, 2020_** or in the alternative fourteen (14) days to **_August 14, 2020_** as the Court deems appropriate to respond. **_Defendants NFA and Mr. Boyle consent to this request._**

The Court should also take note that Mr. Boyle does not once argue against subject matter jurisdiction being proper under both 7 USC 25(b) and the FAA. His memo is completely silent on the salient topic before the Court – which is that Court does in fact have subject matter jurisdiction under 12(h)(3)) Instead, the thrust of his response is to hastily file a 12(b)(6) motion to argue further against "sufficiency" and "failure to plead a claim". Plaintiffs object to this inclusion and states that these are improperly placed in this response as a 12(b)(6) motion and go far beyond the corners of what was contained in the Order ECF13. The Court did not even brief "bad faith" or "ulterior motive" or failure to plead "fraud with specificity under Rule 9(b)". Instead Mr. Boyle has capitalized on the opportunity to try to slip in its opposition a motion to dismiss - instead of arguing on *subject matter jurisdiction*. Mr. Boyle instead now expands the Court Order with substantial 12(b)(6) "failure to plead" arguments. If the Court is to consider this, Plaintiffs object and require a reasonable opportunity to respond.

The current deadline to file a reply is July 31, 2020. This date is almost impossible given the volumes of new 12(b)(6) arguments raised. Mr. Boyle's opposition in its entirety is improperly filed. Particularly in Section II - III (A)-(B) is squarely a Motion to Dismiss 12(b)(6) - which *doesn't* challenge subject matter jurisdiction. It clearly introduces multiple new arguments on the sufficiency of the pleading for failure to state a claim. Plaintiff will readily show that the pleading was sufficient and did meet the standards of bad faith, liability and damages. Plaintiff further argue that all these should be <u>disregarded</u> at this improper procedural stage and belongs in a 12(b)(6) motion. Plaintiffs also have a procedural rights to respond to and dispute these new arguments. Therefore this extension is needed. **<u>Defendants agree to the timeframes in this request for extension.</u>**

Plaintiff has included a summary of its opposition in Exhibit A.  Respectfully submitted,  //SSK//
Samantha S. Kumaran.