
Case 1:20-cv-03668-GHW   Document 25   Filed 07/28/20   Page 1 of 3

Page 1

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/28/2020
```

July 24, 2020

**VIA ECF**

Honorable Judge Gregory Woods
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Kumaran et al vs. National Futures Association et al* 1:20-Cv-03668-GHW-SDA

Dear Hon. Judge Gregory H. Woods:

Plaintiffs write in response to Mr. Boyle's notice of appearance for the National Futures Association ("NFA") on July 22, 2020 (*ECF18, ECF19*). Plaintiffs do not oppose Mr. Boyle's request to be admitted *Pro-Hac* Vice. However Plaintiffs seek clarification on the service of process of the NFA and whether this Court now considers the NFA served as a party and also seek clarification on the other questions set forth herein. Plaintiffs assert that NFA's *voluntary* appearance should be considered consent to the jurisdiction of this Court and waiver of objection to personal jurisdiction and immunity.

<u>Motion has Legal Merit</u>: Plaintiffs further assert that NFA's *voluntary* appearance strongly suggests there is legitimate and substantial merit to Plaintiffs' legal argument on subject matter jurisdiction filed in its Motion for Reconsideration on July 20, 2020 (*ECF17*). Those arguments set forth unequivocal rights of Plaintiffs for subject matter jurisdiction over the NFA without limitation under **7 USC § 25 (c) Jurisdiction; statute of limitations; venue; process** *The United States district courts shall have <u>exclusive jurisdiction of actions</u> brought under this section* and the Federal Arbitration Act (9 U.S.C.§ 1 *el seq.*), and numerous other Federal statutes therein. This *voluntary* notice of appearance is also a clear admission to the Court that the registered futures association does ***not*** have absolute immunity and instead 7 USC § 25(b)-(d) controls. If they had immunity why would they be voluntarily appearing? Therefore this appearance by NFA wholly supports that Plaintiffs motion should be granted. Plaintiffs further argue that this notice of appearance should indicate clearly to this Court that Plaintiffs' motion for reconsideration has substantive legal merit and reconsideration is proper. This also supports a strong showing of good cause to allow the parties to move to a 12(b)(1) and 12(b)(6) motion so that all parties arguments are considered fairly.

<u>Waiver of Service NFA</u>: Plaintiffs also seek clarification from the Court, that the Court has now accepted NFA's waiver of service of process which was filed as an exhibit to its letter request whereby NFA has consented to waiver of service. (*See ECF*15.2) It is unclear if Mr. Boyle is appearing as a party having acknowledged waiver of service under Rule 4(d) and service is therefore deemed proper or his appearance is as an intervener.

<u>Waiver of Service Defendant Kadlec</u>: Plaintiff also seeks clarification from the Court, in fairness to all parties, if a similar waiver of service is in effect for Defendant Tom Kadlec who is represented by alternative counsel and if his counsel should forward the waiver of service. Plaintiff notified this Court in *ECF*15.1 that Defendant Kadlec's counsel also consented to waiver of service. If Mr. Boyle is being admitted, Plaintiff respectfully requests that all Defendants are in appearance at the same time (or are

given the same opportunity to appear) so that judicial efficiency occurs. Mr. Martin Doyle has agreed via email to accept waiver of service and Plaintiff seeks confirmation that should be filed.

*Waiver of Service Jane Does 1 and 2:* Plaintiff also seeks clarification from the Court that it can serve and identify Jane Doe 1 and Jane Doe 2. Under the Declaratory Judgement Act and Rule 57, Plaintiff would like to assert some expedited discovery on the identity of the compliance officers. Their ability to respond and be identified would allow the Court to properly apply the jurisdictional standards. Further Plaintiff requests the Court review the documents described in detail in the Complaint ¶166, and to enforce the subpoenas under *ECF1* Exhibits 11 and 12, for adequately asserting jurisdiction on removing the material conflicts that were not disclosed as required under the FAA. This will greatly assist the Court in understanding the disclosures that resulted in the partiality of the Arbitration and the reasons for Declaratory Relief sought to remove the Arbitration - which again which fall squarely in the jurisdiction of this District and are collaterally estopped.

*Briefing Schedule:* Further Plaintiff seeks clarification from the Court whether NFA's *voluntary* appearance will give cause for a "briefing schedule" on the existing filed Motion for Reconsideration (*ECF*17) and if so, under what procedures or protocols that will occur. If NFA are intending to respond or file an opposition to the Motion, Plaintiff argues that Defendant Kadlec and the other two compliance officers should also be served in procedural fairness. Also Plaintiffs requests to be made aware of what the reply dates are and what the schedule of procedures is. Further a briefing schedule should be set forth allowing Plaintiffs the right to also file a reply. As stated supra, it is unclear to Plaintiffs if this Court has accepted service of the Defendants and they are now parties. Therefore Plaintiff seeks clarification on what role Mr. Boyle will be permitted to participate in the pending Motion in accordance with the Federal Rules of Civil Procedure.

*Rights to Argue in Appeal:* Plaintiff also argues that NFA's reason to appear is they intend to present their legal argument, in case this action is dismissed again unfairly to a *Pro-Se* litigant which will undoubtedly result in an Appeal. It appears therefore NFA are making an appearance so they can argue their case in an Appeal. It also seems procedurally improper that all these new arguments would be heard for the first time in Appeal. Therefore Plaintiffs again argue to the Court that NFA's appearance supports a granting of the Motion of Reconsideration. Also having only one party appear and not the others is also irregular. Plaintiffs reassert to this Court NFA's *voluntary* appearance is substantial indication to the Court, that Plaintiffs' arguments on subject matter jurisdiction were meritorious and wholly grounded in law and fact. It is unequivocal that this Court does have Federal jurisdiction on the matter under the FAA and 7 USC § 25(c.)

Therefore, if NFA are intending to file any motions, replies, oppositions related to this current issue, that in the interest of judicial efficiency, Plaintiffs are respectfully requesting that all Defendants are included in this briefing schedule. In this case, Plaintiff respectfully seeks that the Complaint be considered served, and that the proper procedures for this briefing is under a 12(b)(1) and a 12(b)(6) motion – which have not been filed, and Defendant Tom Kadlec also provides his waiver or service (See ECF15.1) so all parties appearances and briefing schedules are aligned.

Conclusion: In conclusion the NFA's *voluntary* appearance is clear admission there is no immunity and shows substantial support for the subject matter jurisdiction of this Court. Mr. Boyle's appearance is indicative that the arguments raised in *ECF17* are substantial and cannot be disputed.

Further Plaintiffs argue that their *voluntary* appearance alone supports reasons to reconsider ECF13. Plaintiffs therefore respectfully requests the Court properly reconsider and grant its motion *ECF17* so that proper argument can be presented by all parties and argument is heard in the lower Court . This is to avoid the strong possibility that all this is not presented as new argument in Appeal if reconsideration is denied. Further if Mr. Boyle is making a motion to dismiss, then his motion must be filed under 12(b) with proper service and response times.

Plaintiffs also are concerned of any irregular procedures whereby only one counsel for one of the Defendants has appeared and the others have not – which will increase cost and burden to have a disjointed set of the arguments and motions. Consistent with the concern of irregular procedures, Plaintiffs seek clarification on what status NFA is appearing, what briefing schedule is being set and if service has been in fact effected by the waiver that was filed in *ECF15.2*. The Docket shows that the letter motion with service of process was denied. Plaintiff did make good faith effort to file the waiver of service. If the NFA's service was denied is the NFA now an intervener or a party? The Court has a duty to uphold equality to all Defendants.

As stated above, Plaintiff further argues that it has made an unequivocal showing that subject matter jurisdiction and status is valid under 7 USC § 25(b)-(d), the Federal Arbitration Act and other Federal statutes. For all the foregoing reasons, combined with NFA's *voluntary* appearance, Plaintiff respectfully requests that subject matter jurisdiction is deemed effective and proper and the previous early dismissal of this action is reconsidered. The issues related to the Federal Arbitration Act and evident partiality have substantial merit as well as the fact that jurisdiction is also collaterally estopped by prior Arbitration rulings rendering jurisdiction of the Court absolute.

Finally, Plaintiffs seek relief from the Court to enforce the subpoenas which were granted on the NFA (*See*ECF1, Exhibits 11 and 12) by the Arbitrators themselves. These documents would clearly demonstrate substantial conflicts of interest and evident partiality and would help the Court review the actual facts (that were not disclosed prior to the forum selection) ,that led to this filing under the FAA. The mere fact that the *Administrators* of a supposedly neutral arbitration are being required to produce documents with *signatures* showing their involvement with Defendants and the *Administrators* are being called to testify as *defense witnesses* by Defendants, is grounds for a reasonable person to determine impartiality. In the Second Circuit, evident partiality within the meaning of 9 U.S.C. §10 will be found where a reasonable person would have to conclude that an arbitrator was partial to one party to the arbitration.[1] If Mr. Boyle is now being permitted to appear, Plaintiffs respectfully request these **subpoenas in Exhibits 11 and 12** are granted including the identities of Jane Doe 1 and Jane Doe 2 for service of process. This would greatly assist the Court in examining the material **facts** of evident partiality and conflict of interest, and finally review those *signatures on the documents* being concealed by the NFA (*ECF1*¶166) which are of manifest importance in the Court's review of this proceeding.

Application denied. This case has been dismissed, so the Court cannot grant Plaintiff's requested relief.  Also, to the extent Plaintiff seeks "guidance" on how best to proceed, the Court cannot give any such guidance.  The Court must remain neutral and cannot give advice to Plaintiff on how best to pursue her case.  The Court will consider Plaintiff's motion for reconsideration in due course.

SO ORDERED.

Dated:  July 28, 2020

_____
GREGORY H. WOODS
United States District Judge