August 22, 2020

**VIA ECF/EMAIL**
Honorable Judge Gregory Woods
Honorable Magistrate Judge Stewart Aaron
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Kumaran et al vs. National Futures Association et al  1:20-Cv-03668*-GHW-SDA

## **LETTER MOTION TO FILE EXHIBIT 13 UNDER SEAL**

Dear Hon. Judge Stewart Aaron:

  Pursuant to Your Honor's Individual Rule 3, Plaintiff writes to respectfully request to file under seal Exhibit 13 which was intended to be filed with the Complaint(¶258-¶259). It was unable to file it at that time as the Court was closed.

  Plaintiff does not believe the document should be filed under seal, and objects to the filing of this document under seal. However, because of a previous gag-order, which is attached to this letter, Plaintiff in the abundance of caution, is not clear if it is able to file this document in the public domain. The motions related to the procurement of the confidentiality order are also attached.

  Plaintiff has demonstrated in the attachments why it objects to the blanket confidentiality order, as it is overly broad and is an umbrella gag-order that has no showing of good cause, that is not permissible. Plaintiff intends to move the Court (in due course) to overturn the confidentiality order, as it is not valid in this Court. There was no good cause showing and there is no showing of direct economic injury, or any reference to contents that are commercially sensitive. Further Exhibit 13 is already heavily redacted.

  Exhibit 13 contains the Guarantee and Fee Agreements referred to in the pending motion for reconsideration and referred to in the Complaint that date back to August 28, 2014, that were placed on Plaintiff's trading account with knowledge and consent. This document therefore has material impact on the fraudulent concealment alleged in the Complaint. Exhibit 13 shows that Howard Rothman and Robert Boshnack and other Vision affiliates had personal guarantees and fee arrangements on Plaintiffs' accounts dating back to 2014, which were fraudulently concealed from Plaintiffs and all other customers and traders who were impacted by this scheme. The Complaint alleges that concealment of this arrangement is continuing in the market place today and others traders accounts are being guaranteed and distributed to Vision affiliates without their knowledge, and unlawful fees are being deducted from these accounts with profits being depleted. The Complaint also alleges that NFA and Defendants had full knowledge of these agreements dating back to August 2014, have signature on documents authorizing this conduct, and know that it is being concealed from customers.  This forms the thrust of fraudulent concealment claims, directly impacting when Plaintiff opened the account in January 2017.

      The Complaint alleges that the failure to disclose these agreements is a material violation of the Commodities Exchange Act, and constitutes material violations of numerous other NFA rules, CFTC rules and also constitutes fraud. Plaintiffs would never have opened the account at ADMIS, if these agreements with ADMIS, Vision affiliates, Rothman and Boshnack were disclosed. Under the material disclosure laws under the CEA, they were obligated to be disclosed. Plaintiffs have suffered losses and damages accordingly.  Plaintiff never agreed to do business with Vision affiliates, Howard Rothman or Robert Boshnack. Vision Financial Markets, LLC was disbarred in June 2014, and had over 172 CFTC reparations cases filed against it for improper conduct and causing over $2million dollars of customer losses and fines. (See ECF 24)

      In the interests of completing the filing of the original complaint, and the proper review of the motion for reconsideration, Plaintiff is following the rules for filing under seal Exhibit 13 in this initial step. The omission of Exhibit 13, in the Courts review, contributed to a manifest error in fact, in the review of the initial Complaint.

      Attached to this Motion are the Confidentiality Order, and the two motions that led to the issuance of the order. In accordance with Individual Rules of Practice,  contemporaneously  to this filing, Plaintiff will also upload under seal Exhibit 13 (hoping it can operate the ECF filing system for sealed filings)

      Respectfully submitted,

  //SSK//

  Samantha S. Kumaran.