## IN ARBITRATION BEFORE THE
## NATIONAL FUTURES ASSOCIATION

| | |
|---|---|
| Nefertiti Risk Capital Management, LLC, <br><br> Claimant, <br><br> v. <br><br> ADM Investor Services, Inc., Greg Hostetler, High Ridge Futures, LLC, Howard M. Rothman, Robert Boshnack, John Felag, Joshua Herritt, Lazzara Consulting, Inc., and Stephan Gerard Lazzara, <br><br> Respondents. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) NFA Case No.18-ARB-15 |

Michael G. Tannenbaum

I, ___A___, being the National Futures Association Arbitration Chairman appointed to preside over the above-captioned matter, order and direct as follows:

1. This Confidentiality Order provides for the confidential treatment of documents which the parties and/or non-party witness contend contain confidential information or material in this matter (hereinafter, the "Arbitration").

2. All materials produced or adduced in the course of discovery, including disclosures, responses to discovery requests, exhibits, electronic information, testimony, and information based on, derived or summarized therefrom, shall be subject to this Order. All such information shall be used only for the purposes of prosecuting or defending this Arbitration and shall not be used for any other purpose nor disclosed to any person except as expressly authorized by this Order. The parties, counsel for the parties, and all other persons receiving information governed by this Order shall take all reasonable steps to ensure that information governed by this Order is (i) used only for the purposes specified herein, and (ii) disclosed only to persons authorized by this Order.





3. "Confidential Information" means information that, in the ordinary course of the producing party's business, is treated as confidential or is otherwise protected from the public domain. Confidential information shall not include information that has become public other than as a result of disclosure by a party in violation of the Confidentiality Order.

4. Any party producing or eliciting Confidential Information shall designate it as such by labeling any documents at the time of production as "Confidential" or by identifying on the record any testimony comprising or referring to Confidential Information.

5. "Confidential Information" may be disclosed or made available only to the following:

   a. The parties to this arbitration or to any employee of a ~~[redacted]~~ party, but only to the extent that counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the arbitration. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of the Confidentiality Order.

   b. Staff or regular employees of the parties who have direct functional responsibility for the preparation and arbitration of this matter. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of the this Confidentiality Order

   c. Outside and in house counsel ~~[redacted]~~  for the parties, as well as paralegals, secretarial staff, or clerical and other regular employees, and service vendors of such counsel (including outside copying services and outside litigation support services) working with or under the supervision of the parties' outside or in-house counsel of record to the extent reasonably necessary to render professional services in this action;



d. Experts engaged to assist in the preparation and trial of this Arbitration, provided that the Expert(s) sign a copy of ~~[redacted]~~ this Confidentiality Order and be bound by its terms.

e. Third-party witnesses necessary for any party to this arbitration to investigate its claims or defenses, or otherwise prepare for the Arbitration, provided that (1) the party has requested, and received, authorization from the producing party to disclose Confidential Information to the third-party witness, and (2) the third-party witness has ~~[redacted]~~ signed a copy of this Confidentiality Order and be bound by its terms. If any party disputes whether authorization has been reasonably withheld, the parties shall meet and confer in good faith within ~~[redacted]~~ five (5) business days, at a time and in a manner mutually agreeable, and make all reasonable efforts to resolve their differences. In the event the parties are not able to resolve the dispute, the party seeking to disclose the Confidential Information may challenge the denial of authorization upon motion. In the event of such motion, the burden of persuasion shall be on the moving party to establish why disclosure of the Confidential Information to the third-party is necessary to investigate its claims or defenses, or otherwise prepare for the Arbitration.

f. Any person identified in such materials as the author, sender, addressee, or recipient of the Confidential Information; and

g. The Chairman, the Panel, and any ~~[redacted]~~ counsel or expert hired to advise the Panel.

6. Counsel shall keep the original of each executed Confidentiality ~~[redacted]~~ Order make it available to the Chairman upon request, and keep it for a period of three years after the termination of ~~[redacted]~~ this arbitration.

7. If any party disputes whether any Confidential Information is properly designated, the parties shall seek to resolve such dispute among themselves. The party challenging any

designation shall provide written notice to the producing party of each designation it is challenging and describing the basis for each objection. The producing party shall then respond in writing within ~~ten (10)~~ *five (5)* business days with its reason(s) for its designation. The parties shall then meet and confer in good faith within ten business days, at a time and in a manner mutually agreeable, and make all reasonable efforts to resolve their differences. In the event the parties are not able to resolve the dispute, the designation of confidentiality may be challenged upon motion before the Chairman. In the event of such motion, the burden of persuasion shall be on the party designating the information as Confidential Information. Until the Chairman rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

8. An inadvertent failure to designate Confidential Information does not, standing alone, waive the right to so designate the information as Confidential in the future. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.

9. In the event any Confidential Information is disclosed to any person not authorized by this Agreement to receive the Confidential Information, the party responsible for this disclosure must immediately, in writing, bring all pertinent facts relating to such disclosure to the attention of all parties whose Confidential Information was disclosed and seek to prevent the further disclosure of such Confidential Information. The identification under this Paragraph of a party to whom disclosure was made shall not constitute a waiver of attorney work product or attorney-client privileges.

10. Unless otherwise ordered, this Order shall remain in force after the conclusion of this arbitration. Within sixty (60) days of the conclusion of this Arbitration and any appeal thereof,



all Confidential Information shall be destroyed or returned to the producing party, at the option of the party producing such Confidential Information, and each party or counsel for each Party shall certify in writing its compliance herewith.

ORDERED:

_____
Chairman

11-13-19