**IN ARBITRATION BEFORE THE
NATIONAL FUTURES ASSOCIATION**

| | | |
|---|---|---|
| Nefertiti Risk Capital Management, LLC, | ) ) ) | |
| Claimant, | ) ) | |
| v. | ) ) | NFA Case No.18-ARB-15 |
| ADM Investor Services, Inc., Greg Hostetler, High Ridge Futures, LLC, Howard M. Rothman, Robert Boshnack, John Felag, Joshua Herritt, Lazzara Consulting, Inc., and Stephan Gerard Lazzara, | ) ) ) ) ) ) ) | |
| Respondents. | ) | |

**RESPONDENTS' MOTION FOR ENTRY OF A CONFIDENTIALITY ORDER**

Respondents ADM Investor Services, Inc. ("ADMIS"), Greg Hostetler, High Ridge Futures, LLC, ("High Ridge"), Howard M. Rothman, Robert Boshnack, John Felag, Joshua Herritt, Lazzara Consulting, Inc. ("LCI") and Gerard Lazzara (collectively, "Respondents"), by and through their attorneys, respectfully moves this Panel for the entry of the proposed confidentiality order attached hereto as Exhibit A, and in support thereof, states as follows:

**ARGUMENT**

On October 10, 2019, the Panel ordered Respondents to produce documents containing highly sensitive, competitive confidential information. The deadline to produce these documents is October 25, 2019. Because of the nature of these documents and others to be exchanged in this matter, Respondents have concerns that the information contained within will be disclosed to third parties. In light of this concern, Respondents requests that the Panel enter the proposed confidentiality order.

1

Confidentiality orders are regularly entered in matters concerning confidential commercial information. *See Culinary Foods, Inc. v. Raychem Corp*, 151 F.R.D. 297 (N.D. Ill. 1993). All of the documents for which Respondents seek protection contain highly sensitive, competitive confidential information.

## CONCLUSION

Wherefore, Respondents request that this Panel enter the proposed confidentiality order attached hereto as Exhibit A. Respondents also request an extension of the October 25, 2019 deadline until the Panel resolves this confidentiality issue.

Dated: October 18, 2019                                   By: Counsel for Respondents

/s/ Martin Doyle

Martin Doyle
Daryl M. Schumacher
Kopecky Schumacher Rosenburg LLC
120 N. LaSalle St., Suite 2000
Chicago, IL  60602
(312) 380-6633
mdoyle@ksrlaw.com

# EXHIBIT A

**IN ARBITRATION BEFORE THE**
**NATIONAL FUTURES ASSOCIATION**

| | |
|---|---|
| Nefertiti Risk Capital Management, LLC, | ) ) ) |
| Claimant, | ) ) ) |
| v. | ) ) NFA Case No.18-ARB-15 ) |
| ADM Investor Services, Inc., Greg Hostetler, High Ridge Futures, LLC, Howard M. Rothman, Robert Boshnack, John Felag, Joshua Herritt, Lazzara Consulting, Inc., and Stephan Gerard Lazzara, | ) ) ) ) ) ) ) |
| Respondents. | ) ) |

I, _____, being the National Futures Association Arbitration Chairman appointed to preside over the above-captioned matter, order and direct as follows:

1. This Confidentiality Order provides for the confidential treatment of documents which the parties and/or non-party witness contend contain confidential information or material in this matter (hereinafter, the "Arbitration").

2. All materials produced or adduced in the course of discovery, including disclosures, responses to discovery requests, exhibits, electronic information, testimony, and information based on, derived or summarized therefrom, shall be subject to this Order. All such information shall be used only for the purposes of prosecuting or defending this Arbitration and shall not be used for any other purpose nor disclosed to any person except as expressly authorized by this Order. The parties, counsel for the parties, and all other persons receiving information governed by this Order shall take all reasonable steps to ensure that information governed by this Order is (i) used only for the purposes specified herein, and (ii) disclosed only to persons authorized by this Order.

3. "Confidential Information" means information that, in the ordinary course of the producing party's business, is treated as confidential or is otherwise protected from the public domain. Confidential information shall not include information that has become public other than as a result of disclosure by a party in violation of the Confidentiality Order.

4. Any party producing or eliciting Confidential Information shall designate it as such by labeling any documents at the time of production as "Confidential" or by identifying on the record any testimony comprising or referring to Confidential Information.

5. "Confidential Information" may be disclosed or made available only to the following:

   a. The parties to this arbitration or to any employee of a corporate party, but only to the extent that counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the arbitration. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of the Confidentiality Order.

   b. Staff or regular employees of the parties who have direct functional responsibility for the preparation and arbitration of this matter. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of the this Confidentiality Order

   c. Outside and in house counsel <u>of record</u> for the parties, as well as paralegals, secretarial staff, or clerical and other regular employees, and service vendors of such counsel (including outside copying services and outside litigation support services) working with or under the supervision of the parties' outside or in-house counsel of record to the extent reasonably necessary to render professional services in this action;

    d. Experts engaged to assist in the preparation and trial of this Arbitration, provided that the Expert(s) sign a copy of EXHIBIT 1—CONFIDENTIALITY UNDERTAKING;

    e. Third-party witnesses necessary for any party to this arbitration to investigate its claims or defenses, or otherwise prepare for the Arbitration, <u>provided</u> that (1) the party has requested, and received, authorization from the producing party to disclose Confidential Information to the third-party witness, and (2) the third-party witness has executed a copy of EXHIBIT 1—CONFIDENTIALITY UNDERTAKING. If any party disputes whether authorization has been reasonably withheld, the parties shall meet and confer in good faith within ten business days, at a time and in a manner mutually agreeable, and make all reasonable efforts to resolve their differences. In the event the parties are not able to resolve the dispute, the party seeking to disclose the Confidential Information may challenge the denial of authorization upon motion. In the event of such motion, the burden of persuasion shall be on the moving party to establish why disclosure of the Confidential Information to the third-party is necessary to investigate its claims or defenses, or otherwise prepare for the Arbitration.

    f. Any person identified in such materials as the author, sender, addressee, or recipient of the Confidential Information; and

    g. The Chairman, the Panel, and any outside counsel or expert hired to advise the Panel.

6.     Counsel shall keep the original of each executed Confidentiality Undertaking, make it available to the Chairman upon request, and keep it for a period of three years after the termination of the matter.

7.     If any party disputes whether any Confidential Information is properly designated, the parties shall seek to resolve such dispute among themselves. The party challenging any

designation shall provide written notice to the producing party of each designation it is challenging and describing the basis for each objection. The producing party shall then respond in writing within ten business days with its reason(s) for its designation. The parties shall then meet and confer in good faith within ten business days, at a time and in a manner mutually agreeable, and make all reasonable efforts to resolve their differences. In the event the parties are not able to resolve the dispute, the designation of confidentiality may be challenged upon motion before the Chairman. In the event of such motion, the burden of persuasion shall be on the party designating the information as Confidential Information. Until the Chairman rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

8. An inadvertent failure to designate Confidential Information does not, standing alone, waive the right to so designate the information as Confidential in the future. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.

9. In the event any Confidential Information is disclosed to any person not authorized by this Agreement to receive the Confidential Information, the party responsible for this disclosure must immediately, in writing, bring all pertinent facts relating to such disclosure to the attention of all parties whose Confidential Information was disclosed and seek to prevent the further disclosure of such Confidential Information. The identification under this Paragraph of a party to whom disclosure was made shall not constitute a waiver of attorney work product or attorney-client privileges.

10. Unless otherwise ordered, this Order shall remain in force after the conclusion of this arbitration. Within sixty (60) days of the conclusion of this Arbitration and any appeal thereof,

all Confidential Information shall be destroyed or returned to the producing party, at the option of the party producing such Confidential Information, and each party or counsel for each Party shall certify in writing its compliance herewith.

ORDERED:

_____
Chairman

# EXHIBIT 1

**IN ARBITRATION BEFORE THE**
**NATIONAL FUTURES ASSOCIATION**

| | |
|---|---|
| Nefertiti Risk Capital Management, LLC, | ) ) ) |
| Claimant, | ) ) ) |
| v. | ) ) NFA Case No.18-ARB-15 |
| ADM Investor Services, Inc., Greg Hostetler, High Ridge Futures, LLC, Howard M. Rothman, Robert Boshnack, John Felag, Joshua Herritt, Lazzara Consulting, Inc., and Stephan Gerard Lazzara, | ) ) ) ) ) ) ) ) |
| Respondents. | ) |

**[PROPOSED] CONFIDENTIALITY UNDERTAKING**

I hereby acknowledge that I have been given a copy of the Confidentiality Order dated October ___, 2019, in the above-captioned arbitration, have reviewed the Order, and agree to be bound by it. I expressly understand and agree that I shall not disclose Confidential Information to others, except in accordance with the Orders. I further understand and agree that my obligation to honor the confidentiality of such Confidential Information will continue even after the termination of this Arbitration. I further understand and agree to submit myself to the personal jurisdiction of any court, whether state or federal, located in Chicago, Illinois for matters relating to this undertaking.

I acknowledge and agree that the scope described above is necessary and reasonable in order to protect the parties to the Arbitration in the conduct of their business.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

10

Executed on this _____ day of _____

Signed: _____

Name: _____

Title/Employer: _____