UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Samantha Siva Kumaran, et al.,

                           Plaintiffs,

-against-

National Futures Association, et al.

                           Defendants.

1:20-cv-03668 (GHW) (SDA)

**REPORT AND RECOMMENDATION**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

**TO THE HONORABLE GREGORY H. WOODS, UNITED STATES DISTRICT JUDGE:**

Before the Court is a motion by *pro* se plaintiff, Samantha Siva Kumaran ("Kumaran") and Nefertiti Risk Capital Management, LLC ("NRCM") (collectively, "Plaintiffs"), pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3,[1] seeking reconsideration of this Court's Order of Dismissal, dated July 2, 2020. (Mot. for Reconsideration, ECF No. 17.) For the reasons set forth below, I respectfully recommend that Plaintiffs' motion for reconsideration be GRANTED IN PART.

## BACKGROUND

Plaintiffs' allegations are only briefly summarized below. For a more comprehensive discussion of Plaintiffs' allegations, the Court refers to the July 2, 2020 Order of Dismissal that is the subject of Plaintiffs' motion for reconsideration. *See Kumaran v. Nat'l Futures Ass'n*, No. 20-CV-03668 (GHW), 2020 WL 3630389, at **1-2 (S.D.N.Y. July 2, 2020).

---

[1] Plaintiffs' motion also references Local Civil Rule 6.4 (which concerns the computation of time) and Rule 3 of the Individual Rules of Practice in Civil *Pro Se* Cases of District Judge Woods (which concerns the Initial Case Management Conference).

1

Kumaran and/or her business, NRCM, which is a commodity trading advisor ("CTA"), had a commodities futures trading account with ADM Investor Services ("ADMIS"). (*See Compl*., ECF No. 1, ¶¶ 10, 12, 60.) Plaintiffs allege that ADMIS "turned [their account] over" to Vision Financial Markets, LLC ("Vision") "to unlawfully scrutinize [their] trading strategies" and also secretly distributed Plaintiffs' confidential information to Vision. (*See id*. ¶¶ 1, 59-62.) Plaintiffs allege that the National Futures Association ("NFA"), and certain persons affiliated with the NFA, knowingly and actively participated with ADMIS and Vision in their fraudulent scheme. (*See id*. ¶¶ 1, 6-9, 119-21.) In addition, Plaintiffs, who had commenced an arbitration before the NFA against ADMIS, contend that the NFA disregarded the NFA arbitration rules to deny Kumaran her due process rights. (*Id*. ¶¶ 135-49.)

## PROCEDURAL HISTORY

On May 11, 2020, Plaintiffs commenced this action against the NFA and certain persons affiliated with the NFA.[2] (*See* Compl.) Kumaran purported to bring this action on behalf of a class of other customers and CTAs similarly situated, as well as on behalf of NRCM. (*See id*. ¶¶ 11-12.) Plaintiffs alleged claims for violation of the Commodity Exchange Act ("CEA") (Count 1); Due Process violations (Count 2); aiding and abetting fraud (Count 3); violations of the Defend Trade Secrets Act (Counts 4 and 5); civil conspiracy (Count 6); violations of the Racketeer Influenced and Corrupt Organizations Act (Count 7); and interference with economic advantage (Count 8). (*Id*. ¶¶ 262-323.)

---

[2] Plaintiffs also filed two related actions in this Court, one against Vision and others, *Kumaran et al v. Vision Financial Markets, LLC et al*., No. 20-CV-3871 (GHW) (SDA), and one against ADMIS, *Kumaran v. ADM Investor Services, Inc*., No. 20-CV-03873 (GHW) (SDA).

By Order, dated July 2, 2020, the Court *sua sponte* dismissed this action. *Kumaran*, 2020 WL 3630389, at *1. The Court held that Kumaran, who did not allege that she was an attorney, could not bring claims on behalf of others, and dismissed without prejudice the claims she asserted on behalf of others, including NRCM. *Kumaran*, 2020 WL 3630389, at *3. The Court further held that the NFA, a self-regulatory organization, is immune from lawsuits for damages brought by private litigants, and also had arbitral immunity, and thus dismissed the claims asserted against the NFA as frivolous.[3] *Id*. at **3-4. In addition, the Court denied what it construed as Plaintiffs' request to enjoin the NFA arbitration, since there was nothing to suggest that the parties to the NFA arbitration did not agree to arbitrate. *Id*. at *5. Then, having dismissed Plaintiffs' federal law claims, the Court declined to exercise supplemental jurisdiction over Plaintiffs' state law claims. *Id*. Finally, the Court denied leave to amend finding that any amendment would be futile. *Id*.

On July 20, 2020, Kumaran filed a motion for reconsideration of the July 2, 2020 Order of Dismissal. (*See* Mot. For. Reconsideration.) On July 24, 2020, the NFA filed a memorandum in opposition. (NFA Mem., ECF No. 23.) On August 10, 2020, Plaintiffs' motion was referred to me for a Report and Recommendation. (Order of Ref., ECF No. 27.) On August 21, 2020, Plaintiffs filed their reply memorandum. (Reply, ECF No. 29.)

## LEGAL STANDARDS

Motions for reconsideration are governed by Local Civil Rule 6.3. The moving party must set forth "concisely the matters or controlling decisions which counsel believes the Court has

---

[3] The Court found that the immunity extended to the individual NFA-affiliated defendants. *Kumaran*, 2020 WL 3630389, at *4.

3

overlooked."[4] S. & E.D.N.Y.R. 6.3. Reconsideration only should be granted when the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013); *see also LCS Grp., LLC v. Shire LLC*, No. 18-CV-2688 (AT) (SDA), 2020 WL 5077075, at *1 (S.D.N.Y. Aug. 27, 2020) ("The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

A motion for reconsideration is not to be used as a substitute for appeal. *See U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 245-46 (S.D.N.Y. 2019). Whether to grant or deny a motion for reconsideration is in the "sound discretion of a district court judge and will not be overturned on appeal absent an abuse of discretion." *Bennett v. Watson Wyatt & Co.*, 156 F. Supp. 2d 270, 271-72 (S.D.N.Y. 2001) (quoting *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)).

Under Federal Rule of Civil Procedure 59(e), a district court may "alter or amend judgment to correct a clear error of law or prevent manifest injustice." *ING Global v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 96 (2d Cir. 2014) (internal quotation marks omitted). Applying

---

[4] Plaintiffs' papers in support of their reconsideration motion are far from concise, inasmuch as their supporting memorandum is 71 pages in length. (*See* Pls.' Mem., ECF No. 17-1.) However, a "*pro se* party's supporting papers are to be construed liberally and held to "less stringent standards than formal pleadings drafted by lawyers.'" *Davidson v. Scully*, 172 F. Supp. 2d 458, 462 (S.D.N.Y. 2001) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

this standard, a district court should provide relief under Rule 59(e) only in rare cases. *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). Rule 59 motions, like motions for reconsideration, are entrusted to the sound discretion of the district court. *See LCS Grp.,* 2020 WL 5077075, at *1.

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995)), or that the Court lacks subject matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted); *accord Kastner v. Tri State Eye*, No. 19-CV-10668 (LLS), 2020 WL 5774951, at *1 (S.D.N.Y. Sept. 28, 2020) (citing *Livingston*). The Court is obliged, however to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## **DISCUSSION**

In the present case, the Court dismissed the Complaint, pursuant to the Order that is the subject of Plaintiffs' motion for reconsideration. After careful review of Plaintiffs' papers in support of their motion for reconsideration, I respectfully recommend that such motion be granted in part and that Plaintiffs be given leave to amend certain claims, as set forth herein.

**I.      Claims On Behalf Of Other Individuals Or Entities**

The Court did not overlook any matters or controlling decisions with respect to its holding that "Kumaran cannot assert claims on behalf of any other individual or other entity." *Kumaran*, 2020 WL 3630389, at *3. Under controlling law, as the Dismissal Order stated, "because a nonlawyer cannot bring suit on behalf of other individuals, a nonlawyer plaintiff appearing *pro se* cannot act as a class representative;" "a limited liability company, including a sole-member or solely owned limited liability company, cannot appear in federal court without an attorney;" and "a *pro se* litigant who is not an attorney cannot assert claims in federal court that an artificial entity, such as a corporation or a limited liability company, has assigned to her." *Id*. (citing relevant Second Circuit precedent).

**II.     Claims For Damages Other Than Under CEA § 22(b)**

With the exception of the claim pursuant to CEA § 22(b) discussed below, Plaintiffs presented nothing that was overlooked regarding the Court's holding that the NFA and its officers are entitled to absolute immunity from private damages suits in connection with the discharge of their regulatory responsibilities. *See Kumaran*, 2020 WL 3630389, at *3 (citing relevant Second Circuit precedent). The Court also correctly applied controlling law with regard to arbitral immunity. *See id*. at *4 (citing relevant Second Circuit precedent).[5]

---

[5] The NFA argues that immunity also precludes Plaintiffs' state law claims for damages. (NFA Mem. at 9.) However, as set forth in Discussion Section V below, the Court did not dismiss Plaintiffs' state law claims on that ground and, instead, declined to exercise supplemental jurisdiction over any state law claims after dismissing Plaintiffs' federal claims. *See Kumaran*, 2020 WL 3630389, at *5 (citing 28 U.S.C § 1367(c)(3)).

**III.    Plaintiffs' CEA § 22(b) Claim**

As the NFA recognizes (*see* NFA Mem. at 5), CEA § 22(b) provides a private right of action against a registered futures association, and thus is an exception to the immunity otherwise provided to the NFA. CEA § 22(b) provides in relevant part:

> A registered futures association that fails to enforce any bylaw or rule that is required under section 21 of [the CEA] or in enforcing any such bylaw or rule violates this chapter or any Commission rule, regulation, or order shall be liable for actual damages sustained by a person that engaged in any transaction specified in subsection (a) of this section to the extent of such person's actual losses that resulted from such transaction and were caused by such failure to enforce or enforcement of such bylaw or rule.

7 U.S.C. § 25(b)(2). It also provides in relevant part:

> A person seeking to enforce liability under this section must establish that the . . . registered futures association, officer, director, governor, committee member, or employee acted in bad faith in failing to take action or in taking such action as was taken, and that such failure or action caused the loss.

*Id.* § 25(b)(4).

This exception was not addressed in the Dismissal Order. Thus, I respectfully recommend that the Court grant Plaintiffs' motion for reconsideration with respect to this claim. The NFA argues that the Court properly dismissed the CEA § 22(b) claim for failure to state a claim because it does not plead damages,[6] bad faith or causation. (NFA Mem. at 5-9.) However, the Court did not dismiss the Complaint for failure to state a claim and, absent immunity on the CEA § 22(B) claim, it cannot be said that Plaintiffs' CEA § 22(b) claim is based on an "indisputably meritless legal theory." *See Livingston*, 141 F.3d at 437. Thus, upon reconsideration, I recommend that the

---

[6] Recovery is allowed under CEA § 22(b)(2) of "actual damages sustained by a person that engaged in any transaction specified in subsection (a) of this section to the extent of such person's actual losses that resulted from such transaction and were caused by such failure to enforce or enforcement of such bylaw or rule." 7 U.S.C. § 25(b)(2).

Court decline to *sua sponte* dismiss this action. Further, because Plaintiffs now seek to file an amended pleading I respectfully recommend that the Court enter an Order permitting Kumaran to file an Amended Complaint with respect to any claim she may assert on her own behalf under CEA § 22(b), and permitting NRCM to do so as well, but only if it appears by counsel.

### IV.     Claims For Injunctive Relief

Plaintiffs cite to no material matters or controlling law that the Court overlooked with respect to the Court's denial of Plaintiffs' claims for injunctive relief as to the pending NFA arbitration. The arbitration has not yet concluded and, under controlling law, there is no basis on the facts alleged to enjoin the pending arbitral proceedings. *See Kumaran*, 2020 WL 3630389, at *4 (citing relevant Second Circuit precedent). Nonetheless, because the Court dismissed this claim for failure to state a claim, I recommend that Kumaran, who is proceeding *pro se*, be given leave to amend her claim for injunctive relief and that NRCM be allowed to do so as well, if it appears by counsel.

### V.     State Law Claims

Because the Court dismissed Plaintiffs' state law claims based upon dismissal of their federal law claims, *Kumaran*, 2020 WL 3630389, at *5 (citing 28 U.S.C § 1367(c)(3)), and I recommend that Plaintiffs be given leave to amend at least some of their federal claims, I also recommend that Plaintiffs be permitted to allege in their amended pleading any state law claims they may have.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that Plaintiffs' motion for reconsideration be GRANTED IN PART, and that Plaintiffs be given leave to amend as set forth above.

**SO ORDERED.**

DATED:   New York, New York
October 6, 2020

_____
STEWART D. AARON
United States Magistrate Judge

\*               \*               \*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Woods.

**THE FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).