October 26, 2020

**VIA ECF/EMAIL**
Honorable Judge Stewart D. Aaron
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Kumaran et al vs. National Futures Association et al  1:20-Cv-03668-*GHW-SDA

## LETTER MOTION FOR EXTENSION

Dear Hon. Magistrate Judge Stewart Aaron,

Plaintiff is in receipt of the recent Court Orders. Today, the Court issued an order granting fourteen (14) days leave to file its first amended complaint which is due on or by November 9, 2020 (ECF35). Pursuant to Local Rule 6.3 and 6.4 and Individual Rules 1.D, Plaintiffs respectfully hereby timely seek a reasonable extension of forty (45) days (bringing the time to a total of sixty (60) days from the issuance of the Order Reconsideration) to file its amended complaint until **December 24, 2020**. In the alternative, Plaintiff seeks an extension of no less than thirty (30) days from the Court's currently issued schedule of November 9, 2020 to December, 9, 2020 or some other later date as reasonably determined by the Court.

In accordance with Your Honor's Individual Rules of Practice 1.D. the requested adjournment or extension does not affect any other scheduled dates, and at this time there is no outstanding proposed Scheduling Order. Therefore there will be no adverse impact to the case. <u>Defendants consent to the request</u>.

## PROCEDURAL BACKGROUND

On July 20, 2020 Plaintiff filed a Motion for Reconsideration to reinstate all or part of its claims (*ECF*13). On or around July 24, 2020 Defendants NFA appeared and filed an opposition to that Motion for Reconsideration (*ECF*23). On August 21, 2020 Plaintiff filed a reply to the Motion for Consideration. (ECF On Monday, October 6, 2020 the Court issued a Report and Reconsideration granting in part Plaintiffs' motion for reconsideration. (*ECF33).* On Friday October 23, 2020 the Court granted in part Plaintiffs timely filed Motion for Reconsideration. (*ECF34*).

Simultaneously on September 30, 2020 Plaintiff filed two amended complaints in related proceedings 20-CV-03873 and 20-CV-03871.(ECF15 and ECF20). Defendants agreed to sixty (60) days to respond, in part due to the complexities and substantive issues of law involved.

## GOOD CAUSE

Good cause exists for this Order as set forth. Plaintiffs do not have, unlike Defendants, a large staff of associates and employees and partners to share the workload and it is estimated that the Complaint will take no less than eighty hours. Given that Plaintiff is working alone, the 14 days is an unreasonably short time, and will prejudice Plaintiffs rights to properly prepare the amended drafts, apply the changes and law that has been discussed and modify the Complaint accordingly, as well as maintain the other commitments. Plaintiff maintains full-time market activities. Plaintiff still has to maintain its livelihood and activities on the trading floors and other business activities which consume forty hours a week.

*Second*, Defendants (in related cases), have also acknowledged the complexity of the case, and have requested sixty (60) days to respond to the Complaint which Plaintiffs and the Court have granted freely. Plaintiff as a Pro-Se litigant, needs a little longer to research various areas of the law and is dealing with various issues on a first time basis.

*Third,* Plaintiff, needs a reasonable period of time to seek counsel for NRCM, which was recently permitted. Plaintiff is now actively searching for counsel for NRCM (if needed). Thirty (30) days is also a reasonable period of time to obtain such counsel.

*Finally*, the Order came out at short notice and Plaintiff has several other scheduled items over the next fourteen (14) days which will be practically impossible to cancel or reschedule at short notice without causing prejudice. This Order came out in the midst of multiple other work deadlines and will be difficult to reschedule to make the November 9, 2020 deadline on such short notice. Accordingly, a reasonable extension would permit Plaintiff to finish up its existing commitments that are due already in the next two weeks and then carefully prepare the amendment. Sixty (60) days is a more reasonable time frame to both obtain counsel and re-file the Complaint. Plaintiff also still needs to read the facts and law carefully to make sure it does not misplead out of the bounds, which is sure to involve a substantial re-write.

## VALENTIN ORDER

Plaintiff is not being dilatory. On the morning of October 26, 2020, ***prior to*** the Court issuing its recent scheduling Order 35, Plaintiffs had already promptly contacted Defendants' counsel, seeking the identification of its compliance officers prior to effecting service. That letter dated October 26, 2020 at 10:50am, (noting the Court's order was issued at 11:53am), is hereto attached and Plaintiff was and is making reasonable attempts to begin the amendment to its Complaint.  (*See* Exhibit 1)

If the NFA does not cooperate with the identification of the other Defendants, Plaintiff will need to file leave for a Valentin Order with the Court. This will also increase time and could take additional time to resolve as Defendants will need to respond. In the 2nd circuit, because Plaintiff is *Pro-Se*, Plaintiff is entitled to assistance from the District Court by issuance of a '*Valentin Order'*, to request the NFA provide the names of the defendants so as to complete diversity. In Valentin v. Dinkins, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the Second Circuit made clear that a pro se litigant is entitled to assistance from the district court in identifying a defendant.  *See, e.g.*, *Murray v. Pataki*, 378 Fed.Appx. 50, 52 (2d Cir. 2010) (citing *Valentin* while holding that "[d]istrict courts have a responsibility to assists *pro se* plaintiffs in their efforts to serve process on defendants."); *Gill v. City of New York*, 15–CV–5513, 2017 WL 1097080, at *7 (E.D.N.Y. Mar. 23, 2017) (noting that in *Valentin*, "the Second Circuit made clear that a *pro se* litigant is entitled to assistance form the district court in identifying a defendant."). In *Valentin* the Court determined that it was ineffective for a *Pro-Se* Plaintiff to wait for and conduct interrogatories and discovery and therefore the Court issued a Valentin Order early in the procedure so that Plaintiff could amend the complaint, and correctly identify the Jane Does, who are reasonably believed to be Regina Thoele (resident of Illinois) and Nicole Wahls ((also resident of Illinois).

Therefore Plaintiff will therefore respectfully requests the issuance of a *Valentin* Order—where a district court orders an agency defendant to identify [Jane] Doe defendants based on information provided by the plaintiff—have also been largely confined to cases where the plaintiff is representing herself. *See, e.g.*, *Bishop v. City of New York*, 13–CV–9203, 2016 WL 4484245, at *1 (S.D.N.Y. Aug. 18, 2016) (describing the order issued by the court "instructing the City of New York to assist Bishop"—who was appearing *pro se*—"in identifying the John and Jane Doe officers."); *Dolce v. Suffolk County*, No. 12-CV-0108, 2014 WL 655371, at *1–2 (E.D.N.Y. Feb. 20, 2014) (discussing the issuance of a "*Valentin* order" in a Section 1983 action brought by a *pro se* plaintiff and the court's efforts to ensure compliance with the

order). <u>DaCosta v. City of New York</u>, 296 F. Supp. 3d 569, 598–99 (E.D.N.Y. 2017). *See DaCosta v. City of New York*, 296 F. Supp. 3d 569, 598–599 (E.D.N.Y. 2017) (stating that in "[s]o-called '*Valentin* orders' ... a district court orders an agency defendant to identify [Jane] Doe defendants based on information provided by the [pro se] plaintiff").

Jurisdiction is permitted over these two individuals under CEA 22(b) which expressly permits as follows:-

> 7 U.S. Code § 25  (3) Any individual who, in the capacity as an officer, director, governor, committee member, or employee of registered [2] entity or a registered futures association willfully aids, abets, counsels, induces, or procures any failure by any such entity to enforce (or any violation of the chapter in enforcing) any bylaw, rule, regulation, or resolution referred to in paragraph (1) or (2) of this subsection shall be liable for actual damages sustained by a person who engaged in any transaction specified in subsection (a) of this section on, or subject to the rules of, such registered entity or, in the case of an officer, director, governor, committee member, or employee of a registered futures association, any transaction specified in subsection (a) of this section, in either case to the extent of such person's actual losses that resulted from such transaction and were caused by such failure or violation.

Plaintiff reasonably believes the identify of the individuals involved is Ms. Regina Thoele and Nicole Wahls. Resolving this prior to amendment will also reduce burden on the Court and unnecessary issues with service and unnecessary motion practice.

This also shows good cause for a reasonable time period to amend the Complaint.

## CONCLUSION

Plaintiff takes seriously the Court's recommendations and briefings, and a carefully prepared and properly thought-out complaint, that cures various deficiencies and has had adequate time to properly think through the causes, will reduce burden on the Court and on the Defendants NFA. If Plaintiff can carefully formulate its amendment (without errors and missteps due to a hasty filing) this would be in the interests of all. The case is additionally complex and touches on substantial areas of law, and requires to be replead carefully within the bounds of the recent order. For the foregoing reasons, and in consideration that Defendants ADMIS and Vision have sixty (60) days to respond to the Complaint, Plaintiff respectfully seeks also sixty (60) days to amend its complaint and or some other period determined by the Court has fair and just, and in no event less than thirty (30) days to filed its Amended Complaint.

For the foregoing reasons, Plaintiff seek an reasonable extension of 45 days until **December 24, 2020** or as otherwise directed by the Court. Because of other previously scheduled deadlines and commitments it will be prejudicial and practically impossible to meaningfully amend the complaint by November 9, 2020. Plaintiff has twice reached out to Defendant NFA's counsel today. <u>Defendant NFA consents to the sixty (60) days to December 24, 2020 to amend the complaint</u>.

Thank you.

Respectfully submitted,

//SSK//

Samantha Siva Kumaran