January 6, 2021

**VIA ECF/EMAIL**
Honorable Judge Stewart D. Aaron
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Kumaran et al vs. National Futures Association et al  1:20-Cv-03668*-GHW-SDA

## **MOTION TO FILE EXCESS PAGES**

Dear Hon. Judge Stewart Aaron,

      Plaintiff writes in advance of the January 7, 2020 to respectfully move to file excess pages in the First Amended Complaint ("FAC"). Plaintiffs have been working extremely hard to write and edit over the holidays, and without a little more time, it is unlikely we will be able to shorten the Complaint given the heightened pleading standards required by both RICO and the Fraud Claims under FRCP 9(b).

      Plaintiffs makes the request in advance due to the time constraints to filed by January 7, 2021. Procedurally Plaintiffs are taking extra caution to make sure its allegations are supported by law, supporting statute, and are pled in detail to meet the heightened pleading standards of fraud and RICO, as well as, to ensure that since the complaint was previously dismissed, there is no further ambiguity in the pleadings intent.

      Since Plaintiffs initial Complaint was accidentally misconstrued and inadvertently dismissed in its initial filing on July 4, 2020 (ECF13, ECF14) – which led to lengthy motion practice in a reconsideration filing -  Plaintiffs would like to prevent any such reoccurrence. Therefore the FAC is incorporating sufficient specifics so that there can be no further ambiguity in the pleading and the causes. This in turn will reduce burden on the Court and Defendants in getting to the root of the issues and why the allegations have merit. This will also greatly assist the Court in the long run in being able to resolve this case (and the complex related cases) on the merits.

      Second, good cause, is supported that the allegations are against a regulatory body. Since Plaintiffs (traders) are making serious allegations of wrongdoing, as well as allegations of illegal conduct, that should not be taken lightly or pled frivolously. These allegation are also invoking the NFA, (with whom Plaintiff continue to conduct busines) and must be carefully thought out, with supporting statute, dates and times, so that the Court does not misconstrue them as frivolous. Plaintiffs intend to be specific about how the wrongdoing came about.

      In addition, this Complaint makes multiple citations to regulatory statues and compliance rules. For ease of the Court, Plaintiffs have also included by reference in the footnotes, citations of those statutes, so as to avoid ambiguity in the legalities. This is adding a little to the length but assists the Court and Defendants in what specific statutes are alleged under the CEA to have been violated.

Page 2

Plaintiffs believe this is a complex case, that requires to be heard on the merits. In equity and to avoid any prejudice to Defendants, Plaintiffs are willing to accommodate with (a) no restriction in page length in any filings of motions to dismiss and (b) in reasonable extensions of time and waive their objections in advance to any requests of this nature.

### **LEGAL SUPPORT**

Plaintiffs requests is further supported by law, since the amended complaint, is governed by similar fraud statutes of fraud under Section 10(b) of Securities fraud, and is being pled against a registered futures association, and therefore must be pled with additional detail and care as this is a governmental agency. Other complaints, that have been filed

*In re Williams Securities Litigation* 339 F. Supp. 2d 1242 (N.D. Okla. 2003), exemplifies the reasoning of courts that have sustained prolix complaints under Rule 8. In upholding a complaint asserting Section 10(b) claims,[1] the court reasoned that, even though the complaint "arguably may lack clarity in some respects due to the number of parties and the sheer volume of information," nonetheless "one can discern from the Complaint what causes of action are asserted against each Defendant and the alleged factual basis for each of these causes of action." *Id. at 1261*.

The court cited Conley v. Gibson18 in support of its ruling, reading that case to stand for the proposition that "a plaintiff has complied with the federal rules 'if the defendant has fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *In re Williams*, 339 F. Supp. 2d at 1261 (quoting *Conley*, 355 U.S. at 47); *see also In re Nat'l Century Fin. Enters., Inc., Invest. Litig.*, No. 2:03-MD-1565, 2006 WL 469468, at *10 (S.D. Ohio Feb. 27, 2006) (rejecting Rule 8 argument and citing *Conley*).

Other courts have pursued similar reasoning, even while expressing dismay at the size of the complaints before them. In Geinko v. Padda, No. 00-C-5070, 2002 WL 276236 (N.D. Ill. Feb. 27, 2002, for example, the court rejected the contention that a 386-page complaint ran afoul of Rule 8, reasoning that "[w]hile Plaintiffs may have attached superfluous and irrelevant matter to their Amended Complaint," the complaint was "not an unwieldy, 'puzzle-style' complaint" and "clearly delineates the charges they allege against each individual defendant." *Id.* at *3.

Similarly, in one of two notable rulings on this subject in In re Parmalat Securities Litigation, 375 F. Supp. 2d 278 (S.D.N.Y. 2005). the Court expressed its "substantial sympathy" with the plight of the defendants, who were faced with responding to a complaint of "368 pages and 1,249 paragraphs" and observed that the "requirement of pleading fraud with particularity does not justify a complaint longer than some of the greatest works of literature." *Id.* at 311. The court nonetheless declined to hold that the complaint failed to comply with Rule 8, on the ground that the complaint did not "overwhelm the defendants' ability to understand or to mount a defense." *Id.* (internal quotation marks omitted); *see also In re Real Estate Assocs. Ltd. P'ship Litig.*, 223 F. Supp. 2d 1142, 1146 (C.D. Cal. 2002) (refusing to hold lengthy complaint violated Rule 8 because it was "not so opaque as to defy understanding").

Likewise, the court in *In re Global Crossing Ltd. Securities Litigation,* 313 F. Supp. 2d 189 (S.D.N.Y. 2003) held that a securities fraud complaint containing 840 separate paragraphs and spanning 326 pages—which the court described as an "enormous mountain" of a pleading—complied with Rule

---

[11] Section 10(b) of the Securities Exchange Act of 1934 [15 USC § 78j(b)] provides that: ... To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security. In the Commodities Exchange Act, the equivalent Statute under which claims are brought is 7 USC § 6(b).

8  *Id.* at 211, 212. According to the court, given the nature of the alleged fraud and the particularity requirement of Rule 9(b), it was understandable for plaintiffs to have "erred on the side of detail and prolixity." . *Id.* at 212.The court added that "[a] motion to dismiss is a vehicle for testing the legal sufficiency of plaintiffs' claims, and not a device for editing their prose." *Id.*

### **TIME CONSTRAINTS TO FILE**

Plaintiffs are working around the clock to complete the filing by January 7, 2021 – including all through the holidays. If a few more days is granted, (without prejudice to Defendants) it would allow us to work together to shorten the Complaint further.  Mr. August is also new to the case, and therefore has not had much time, to bring himself up to speed, and is trying to make the tight deadline.

At this time, with great care, it appears that given the consistent standards of RICO Claims, and Securities 10(b) and Rule 9(b) fraud claims, and the seriousness of the allegations, the Complaint is of similar length (currently about 180 pages hopefully to be reduced to 160 pages with some repetition from related cases, with detailed times and dates) and more than fairly puts Defendants on notice of the Claims. Therefore Plaintiffs respectfully move the Court to accept a longer Complaint. See supra it was understandable Plaintiffs aired on side of caution to include additional detail to avoid dismissal under Rule 9b. *See In re Global Crossing Ltd. Securities Litigation,* 313 F. Supp. 2d 189 (S.D.N.Y. 2003)

As further support Plaintiffs point to two RICO Complaints, 16-CV- 01465 (See Allstate vs. Albramov. et al) at 397 pages and 18-cv-13336 (Allstate et al vs. Mercialy) at 297 pages which were accepted by the Court, with detailed dates and times. The NFA Complaint also contains similar heightened pleadings, and covers allegations dating back to 2014 and until 2020 of six years of conduct, including references to background conduct of Vision, the entity that was disbarred dating back to 2011.

Should the Court grant any further time or a few days, or another week, (which we will gladly accept) we will continue to work to edit it down further.  Given the extensive briefing on the motion for reconsideration, and the significant number of regulatory statutes cited, the related cases 20-CV-3871 and 20-CV-3873, having this Court adjudicate this case properly on the merits once, against a registered futures association who is alleged to have participated in the fraud, including thorough application of the regulatory  statutes,  it will greatly relieve burden in the long run, on all parties including all Defendants.

We respectfully move the Court in advance and thank you for your consideration.

Respectfully submitted,
//SSK//
Samantha S. Kumaran

Cc. Brian M. August
August Law NYC