Page 1

January 22, 2020

**VIA ECF**
Hon. Judge Stewart D. Aaron
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Kumaran v. National Futures Association*, No. 1:20-cv-03668-GHW-SDA

Dear Judge Aaron:

On January 15, 2021, the Court ordered the parties to "file a joint letter setting forth their respective positions with respect to sealing the documents in ECF No. 58-1." ECF 59. The parties file this joint letter and hereby state:

[**Positions Of Plaintiffs**]

Plaintiffs' position is that neither document ECF 58 or ECF 58.1 contains financially sensitive information or trade secrets that warrants sealing. In an effort to accommodate ADMIS' concern Plaintiffs do not object to a subsection of Appendix C  - the formula for the parties' "give up income" - being redacted, however do oppose the entire sealing of both documents.

Plaintiffs Kumaran and NRCM (both *Pro-Se*) in the abundance of caution, initially filed the already redacted document under seal (*ECF31*). Plaintiffs provided proper judicial notice to Kadlec who raised no objections. Kadlec chose not to make an appearance and chose not to object to the R&R on October 6, 2020 thereby waiving his objections. Kadlec waited over eight months to notify NRCM of any concerns about the use of *ECF58.1*. Plaintiffs dispute that the document contains any sensitive or commercial information that could rise to the level of trade secrets. ECF58.1 was filed in consideration of a Complaint that disputes the arbitrability with ADMIS and that relates to District Court jurisdiction of claims related to a registered futures Association under Section 22 of the CEA.  ECF58.1 is therefore a judicial document.
Plaintiffs have therein disputed NFA's rights to administer the Arbitration, and have also challenged the validity of the Protective Order under its' Federally protected statutory rights under 9 U.S.C. 1 el seq. and other statutes. Plaintiffs documented to the Court they intended to move to overturn or challenge the validity of the Arbitration procured Protective Order. *First* they have argued it was procured improperly without the opportunity for oral argument. (*ECF1* ¶258, *ECF*30). *Second* they have objected it is a blanket, umbrella order that required "no good cause" showing. (*See* ECF30.3) Courts in this District have long objected to blanket gag-orders. *See Lugosch*, 435 F.3d at 119–20.  Doe v. Rensselaer Polytechnic Inst., No. 120CV01359BKSCFH, 2020 WL 6586290, at *2 (N.D.N.Y. Nov. 10, 2020)
"The common law right of public access to judicial documents is firmly rooted in our nation's history." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). A presumption of public access is essential for judicial documents because "the monitoring of the

judicial function is not possible without access to documents that are used in the performance of Article III functions." Standard Inv. Chartered, Inc. v. FINRA, 347 Fed.Appx. 615, 616 (2d Cir. 2009) (quotation marks and emphasis omitted); see also Lugosch, 435 F.3d at 123 ("[O]nce [documents submitted to support or oppose a motion] come to the attention of the district judge, they can fairly be assumed to play a role in the court's deliberations."). The presumption of access is "based on the need for federal courts to have a measure of accountability and for the public to have confidence in the administration of justice." United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995).

Plaintiffs dispute that any harm can come from releasing the document. ECF 58.1 is already "heavily-redacted" with all financial data whited out. There is no competitive information (such as rates, pricing and commercial terms) included in this document. Court's routinely consider commercially sensitive data to be narrowly tailored to mean non-public "royalties", "fees", "licenses" and "costs". However since this is not included in the redacted version ECF58.1. No competitive harm can be argued, since none of the actual prices, rates and fees are disclosed.

In this District and in accordance with Judge Wood's Individual Rules 4(a)(ii), the standard of sealing is high. Rule 4(a)(ii) states "there is a strong presumption of public access to federal court filings under the common law and the First Amendment." *See Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 120–21 (2d Cir.2006) (for judicial documents, "a strong presumption of access attaches, under both the common law and the First Amendment"). Once First Amendment protection extends to a court filing, "continued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Id.* at 124; *see also In re Parmalat Sec. Litig.,* 258 F.R.D. 236, 244 (S.D.N.Y.2009) (sealing requires "particular and specific demonstration of fact showing that disclosure of an already redacted document would result in an injury sufficiently serious to warrant protection; broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test")

Plaintiffs argue ADMIS has failed to meet the high standard of good cause showing in why an already heavily redacted document should be placed under seal or meets the higher value standards of narrowly-tailored sealing. The party seeking to maintain the judicial documents under seal bears the burden of showing that higher values overcome the presumption of public access. see DiRussa v. Dean Witter Reynolds, Inc., 121 F.3d 818, 826 (2d Cir. 1997).

Plaintiffs also argue that ADMIS have not met the high standards of good cause required to seal the *entire* already redacted document.(*See* ECF30.3).The details of the working relationship and arrangement between the parties lie at the very heart of the litigation. If the public is to understand the nature of the dispute and the reasons for the court's rulings, access to the judicial documents is essential. *See* <u>Under Seal v. Under Seal</u>, 273 F. Supp. 3d 460, 472 (S.D.N.Y. 2017)

The fact that business documents are secret or that their disclosure might result in adverse publicity does not automatically warrant a protective order. *see also Salomon Smith Barney, Inc. v. HBO & Co.,* 98 Civ. 8721, 2001 WL 225040, at *2 (S.D.N.Y. Mar. 7, 2001) (denying motion to remove documents from the public court file where "[the movant]'s real concern is the possibility of public embarrassment.")

In the spirit of cooperation, Plaintiffs raise no objection to the narrowly-tailored specific give-up formula of Appendix C being redacted, but do oppose the entire document being sealed.

**Plaintiffs Response to Kadlec's Argument:** NRCM disagrees with Kadlec's position that it breached the Confidentiality Order. *First*, in compliance with Court rules and with respect to third party confidentiality concerns, it filed the judicial document under seal. ECF58.1 is a judicial

document. *Second*, under Section 7 of the CO, Plaintiffs are entitled to dispute the confidentiality of any document. *Third*, Plaintiffs have a statutory and constitutional right to object to jurisdiction of Arbitration under the FAA (9 U.S.C. 1 el seq) and this District has jurisdiction in any dispute of arbitrability and over the NFA. Since the Complaint was filed to dispute the Arbitrability, any use of ECF58.1 was used in relation to the Arbitration and therefore was not a breach. *Fourth*, Plaintiffs have a statutory right and intend to move to challenge the confidentiality order. *Fifth,* ADMIS' position is incorrect – the Arbitration is "not ongoing" it has been permanently stayed unless the Court orders NRCM to return to Arbitration and jurisdiction of arbitrability is therefore before this Court.

Plaintiffs further argue that Kadlec waived his right to object in accordance with the R&R *ECF33*. Kadlec was on full notice of the filing under seal, had been served with the Complaint and on his own decision, chose not to make an appearance to protect his interests during the Motion for Reconsideration. Plaintiffs (at the time both *Pro-Se*) filed their Initial Complaint on May 8, 2020 seeking to enjoin the Arbitration. Kadlec was timely noticed and executed a waiver of service. Kadlec at no time objected to the use of *ECF31* or notified Plaintiffs of any breach of the Confidentiality Order. During reconsideration motion, Plaintiffs (*Pro-Se*) notified Kadlec, documented his right to appear, invited his comment and filed *ECF31* (now *ECF58.1*) under seal, respecting the confidentiality of the third parties in accordance with local rules. Kadlec chose not to appear and never notified Plaintiffs of any breach. On October 6, 2020, the Court issued a Report and Recommendation granting reconsideration and requiring all parties to object, timely. The Court ordered "Any objection to a R&R must be filed with the Clerk of the Court within 10 days of service and failure to file objections within this period waives the right to appeal." *See* 28 U.S.C. § 636(b)(1)(C) (West 2006); Fed.R.Civ.P. 72; *Beverly v. Walker,* 118 F.3d 900, 901 (2d Cir.), *cert. denied,* 522 U.S. 883, 118 S.Ct. 211, 139 L.Ed.2d 147 (1997). Kadlec at his own decision failed to appear, failed to raise any objection about the use of ECF31 in the R&R or as a judicial document in the Complaint. Kadlec's failure to object timely is a waiver to his right to object now or to appeal. Neither did Kadlec notify Plaintiffs at any time after the R&R or prior to the Amended Complaint or upon retaining Mr. August, that he or ADMIS had any concerns about *ECF58.1* or any alleged breach of Confidentiality Order. Instead Kadlec has waited <u>eight and half months</u> since notice of this action on May 8, 2020. Given the extraordinary delay and his full notice of this action, his objections are further barred by laches. Finally, Plaintiffs in good faith filed the document under seal, and complied with Local Rules and Judge Woods' Individual Rules of Practice, fully affording Defendants opportunity to respond. Plaintiff went the extra step, at its own expense, filing a motion to file it seal. (ECF30). His objections are therefore moot.

**Positions of Defendant National Futures Association ("NFA")**

NFA take no position on whether ECF No. 58-1 should be filed under seal.

With regard to ECF No. 58, an email chain between James Koutoulas and Bob Dubuque, NFA does not believe it is necessary to seal the document. NFA does have rights to confidentiality and/or privileges with regard to NFA Executive Committee business, deliberations, communications and information, and NFA's position with regard to sealing this particular document does not waive any rights to confidentiality and/or privilege with regard to other documents that might reflect protected NFA Executive Committee information.

Page 4

**Positions of Defendant Thomas Kadlec**

Defendant Kadlec takes no position with respect to the email submitted as ECF 58.

Defendant Kadlec objects to Plaintiffs' use and disclosure of ECF 58-1. As the Court is aware, ADM Investor Services, Inc. ("ADMIS") and Nefertiti Risk Capital Management, LLC ("NRCM") are parties to a pending NFA arbitration. The Arbitration Panel in that case entered a confidentiality order, which Plaintiffs submitted to the Court as ECF 30-1 (the "Confidentiality Order"). During the discovery phase of the NFA arbitration, ADMIS produced ECF 58-1 to NRCM as "confidential," and the Confidentiality Order therefore precluded Plaintiffs from using it in this action. (*See,* Confidentiality Order, ECF 30-1, ¶2.) By using and attempting to file ECF 58-1 in the public domain, Plaintiffs have already violated the Confidentiality Order.

Plaintiffs chose to knowingly violate the Confidentiality Order believing there would be no consequences for their violation—a surprising approach given that NRCM is now represented by counsel. The Court should not allow Plaintiffs to disclose ECF 58-1 to the public and further violate the Confidentiality Order.

The Arbitration Panel decided that Plaintiffs were prohibited from using documents exchanged in discovery for any purpose other than the arbitration proceeding. Even if the Court disagrees with that approach, the Court should nonetheless honor the Confidentiality Order because orders of arbitration panels must be afforded the same deference as judicial orders. *See City of Newark v. Law Dept. of City of New York*, 754 N.Y.S.2d 141 (N.Y. Supp. 2002) (refusing to overturn the confidential designation assigned to documents by the arbitration panel's order). Furthermore, pursuant to the Federal Arbitration Act, the Arbitration Panel's Confidentiality Order is not reviewable by the District Court until the Arbitration Panel issues a final decision in the arbitration proceeding. *Michaels v. Marifourm Shipping, S.A.*, 642 F.2d 411, 413 (2nd Cir. 1980). Indeed, parties to arbitrations may not seek district court review of interlocutory arbitration orders. *See, Bancol Y Cia. S. En C. v. Bancolombia S.A.*, 123 F.Supp. 2d 771, 772 (S.D.N.Y. 2000).

In addition, Defendant Kadlec requests that the Court seal the document because it contains competitively sensitive information. The public's right to access judicial documents may be overcome upon a showing of good cause. *See, Uni-Systems, LLC v. United States Tennis Association, Inc.*, 2019 WL 3753780 *2 (E.D.N.Y. 2019). In determining whether good cause exists, courts must weigh the private interest advanced against the public interest in judicial documents. *Id* at *3. Here, Defendant Kadlec's and ADMIS's interests outweigh the public's interest in ECF 58-1 because the document contains non-public and competitively sensitive information. In particular, Exhibit C to ECF 58-1 lays out the formula for the parties' "give up income." Other portions of ECF 58-1 illustrate the manner in which the parties agree to share income and expenses, as well as which expenses ADMIS is allocating to High Ridge. In short, the information contained in ECF 58-1 contains competitively sensitive information that could unfairly damage ADMIS's competitive position in the FCM marketplace.

Page 5

Sincerely,

/s/
Gregory M. Boyle
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
(312) 923-2651
GBoyle@jenner.com
*Counsel for National Futures Association*

/s/
Martin Doyle
Kopecky Schumacher Rosenburg LLC
120 North Lasalle Suite 2000
Chicago, Illinois 60602
(312) 380-6633
mdoyle@ksrlaw.com

*Counsel for Thomas Kadlec*

Sincerely,

/s/
Samantha S. Kumaran et al.
119 WEST 72ND ST., #204
New York, NY 10023
646-221-4363
samantha@timetricsrisk.com
*Pro se Plaintiff*

/s/
Brian August, Esq
AugustLawNYC
100 Willoughby Street 9E
Brooklyn, NY 11201
(917) 664-4465
bmaugust61@gmail.com
www.augustlawnyc.com

*Counsel for NRCM*