UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Samantha Siva Kumaran, et al.,

                              Plaintiffs,

-against-

National Futures Association, et al.

                              Defendants.

1:20-cv-03668 (GHW) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court is a motion by Plaintiff Samantha Siva Kumaran ("Kumaran") for reconsideration of the Court's February 18, 2021 Order (2/18/21 Order, ECF No. 68) granting the motion by Defendant Tom Kadlec ("Kadlec") to seal certain portions of the Guaranty & Fee Agreement (the "G&F Agreement") filed at ECF No. 58-1.[1] (*See* Kumaran 3/4/21 Motion, ECF No. 69.) For the reasons set forth below, Kumaran's motion is GRANTED IN PART and DENIED IN PART.

"[A] party may move for reconsideration and obtain relief only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, No. 19-CV-03376, 2021 WL 922756, at *11 (2d Cir. Mar. 11, 2021) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013)). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be

---

[1] The redacted version of the G&F Agreement is filed at ECF No. 65-1.

expected to alter the conclusion reached by the court." *Id*. (quoting *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019)).

Here, Kumaran contends that the Court's statement that "the Amended Complaint does not reference or quote the material that he is seeking to file under seal" is factually incorrect. (Motion at 1 (emphasis omitted).) She asserts that the Amended Complaint references and quotes from Sections 1 and 2.2 of the G&F Agreement, as well as the Recitals. (*Id*. at 2-3.) Kadlec opposes Kumaran's motion and argues that her statements as to what is quoted or referenced in the Amended Complaint are not correct. (Kadlec Letter Response, ECF No. 70.) In reply, Kumaran focuses to a large extent on Section 2.2, which relates to a personal guaranty given by Howard Rothman and Robert Boshnack, and Exhibit B, which is the form of Guaranty Agreement executed by them. (Kumaran Reply, ECF No. 78.) In her reply, she includes as Exhibit A "sample paragraphs" from her Amended Complaint that refer to Section 2.2 and/or the guaranty. (Kumaran Reply Ex. A, ECF No. 78-1.)

Upon further review, the Court finds that certain portions of the Amended Complaint cited by Kumaran do in fact refer to the content of Section 2.2 of the G&F Agreement such that the Court will reconsider whether redacting some or all of Section 2.2 is warranted. *See, e.g., Rollag v. Cowen Inc.*, No. 20-CV-05138 (RA), 2020 WL 4937462, at *3 (S.D.N.Y. Aug. 24, 2020) (denying sealing request when information already in public domain and noting that "once 'the genie is out of the bottle,' courts 'have not the means to put the genie back.'") (quoting *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004)). In addition, insofar as Exhibit B to the G&F Agreement is the Guaranty Agreement that implements Section 2.2, the Court will reconsider the redaction of that Agreement.

To the extent that Plaintiff seeks reconsideration because the Amended Complaint cites to Section 1 of the G&F Agreement (which in turn refers to Section 6), that request is denied. Section 1 is not redacted. The fact that it refers to Section 6 of the G&F Agreement does not divulge the content of the redactions, which were made only to Section 6.2 in any event. Similarly, the Court finds that the allegations cited by Plaintiff regarding the redacted portions of the Recitals do not divulge the specific contents of those portions such that the proverbial cat is out of the bag. Thus, the Court will not reconsider its sealing decision with respect to the Recitals.

The Court acknowledges that the use of the word "reference" in its 2/18/21 Order may have caused confusion. To clarify, a passing reference or mere mention of a section of the G&F Agreement that is under seal is not the same as divulging the specific content that has been placed under seal. Moreover, several of Kumaran's arguments suggest a misunderstanding regarding the impact of placing certain information under seal. To be clear, the fact that certain sections of the G&F Agreement have been redacted does not prevent Plaintiffs from citing to or relying on the substance of that information in litigating their case, as long as any discussion of the content or substance of redacted material also is redacted and subject to an appropriate sealing request. Thus, Plaintiffs are not prejudiced in any way by the fact that certain information has been placed under seal. Moreover, if, in the future, the Court finds that discussion of the subject matter of redacted information is necessary to resolve the issues in this case, it may reconsider whether sealing is justified.

Accordingly, it is hereby Ordered that Kumaran's motion is GRANTED IN PART and DENIED IN PART. The Court will reconsider the motion to seal with respect to Section 2.2 and Exhibit B of the G&F Agreement only. No later than March 26, 2021, Kadlec shall file a letter indicating what,

if any, portions of Section 2.2 and Exhibit B he still seeks to seal and setting forth the basis for such sealing in light of the Court's findings herein.

**SO ORDERED.**

Dated:     New York, New York
           March 19, 2021

_____
STEWART D. AARON
United States Magistrate Judge