# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMANTHA SIVA KUMARAN, <br> Et al <br> *Plaintiffs,* <br> -against- <br> NATIONAL FUTURES ASSOCIATION, LLC <br> Et al., <br> *Defendants,* | Case No: 1:20-CV-03668–GHW-SDA <br> Judge: Hon Gregory H. Woods <br> Magistrate Judge: Stewart D. Aaron <br> <br> **ORAL ARGUMENT REQUESTED** <br> **EMERGENCY MOTION** <br> **FOR STAY FOR SEVEN (7) DAYS** |

EMERGENCY MOTION TO STAY FOR SEVEN (7) DAYS

Dear Judge Woods;

Pursuant to Individual Rules 1.E and Local Rule 6.1 and ECF72(a), I am writing related to the proceedings in this case 20-CV-3668 and related cases 20-CV-3871 and 20-CV3873. Over the weekend, it was brought to my attention that attorney who is counsel of record for NRCM has to return to hospital for some medical procedures this week on Monday, Wednesday and Friday. It was unforeseen that these new events would arise precisely the week of a filing deadline on June 30, 2021. Previously I was aware he had been in the hospital for another procedure on June 17, 2021 (See ECF88 filed under sea 20-CV-3873). As can be seen from the letter this was not an unimportant event.

Since that procedure discharged him, we did not think it would impede the current schedule. Shortly, after however, Mr. August has had to return to the hospital for further events this week. I was not aware of this schedule till this weekend. He was only notified on Friday June 25, 2021. He notified the Court on Sunday June 27, 2021.

As pertains to my own request, because of numerous concurrent filings in related cases, that I have had to make, as well as the above developments, I am respectfully seeking a stay (or seven (7) days) or as otherwise permitted so that I can meet the above deadlines without further prejudice to my rights, and that counsel can return from the hospital.

## CURRENT MOTIONS AND REQUESTS

In letter motion today, the Court has denied what could be a very prejudicial ruling for a very short extension for Mr. August to return from his hospital procedures on Friday. Since I am also impacted by this request I am therefore in my individual capacity seeking an emergency stay and/or a short extension so that I may supplement the pleadings and complete the workload, without prejudice to the case.

A significant portion of need for this request is the cumulative and unstoppable workload in related cases, that have also impacted my ability to maintain the schedule at hand. This has now been compounded by the recent events above. This motion documents the good cause showing for the stay and the schedule that has resulted in it being impossible to meet.

## GOOD CAUSE AND EXPLANATION IS BELOW

On April 30, 2021, originally Plaintiff (individual) had previously requested an scheduling order to file its opposition in this case on June 14, 2021. This scheduling extension was sort due to the extraordinary workload in related case 20-CV-3871. The source of the issue had become that while NFA and Kadlec had filed their MTD on March 15, 2021 there was still ongoing motion practice in the Vision case, and also the ADMIS case, including filings due in the Related Cases 3873 which happened on March 29, 2021 and as well on March 16, 2021 in 3871.

Because of the concern in overlapping and concurrent filings in related cases, in that letter I had written to Judge Aaron to indicate clearly that in order to attend to the motions in this NFA case, we had requested a no other workload in other related proceedings between May 1, 2021 to June 16, 2021 which would give Plaintiffs 6 weeks to attend to and file our responses. My letter stated as follows

(20-CV-3668 ECF83) We remain confident we can complete with merit, our oppositions to the NFA Motion to Dismiss in the above time frame, **provided there is no overlapping motion practice in related case**

This request was made on April 30, 2021 and it was made with the honest and good faith intention that there would be no interruptions and interference in related cases so we could have 6 weeks to file a substantial opposition to two separate motions to dismiss from the NFA

Shortly before Plaintiff (Pro-Se) had documented to the Court, that Magistrate Aaron's scheduling had led to an impossible sequence of back-to-back scheduling primarily for Pro-Se Plaintiff and that I was not being permitted more than 3 days to 7 days to respond. This letter was documented to the Court on April 20, 2021 (20-CV-3871, ECF61)

Below is a schedule that was included as documented to the Judge in the April 20, 2021 letter

Issue #1 - Schedule has Become Too Aggressive and Is Prejudicing Plaintiffs' ability to keep up

As a first matter Plaintiffs respectfully seeks to alert the Court to the almost impossible schedule that *Pro-Se* Plaintiff has had to meet in March 2021.

- **March 1, 2021** - Filing of Two Oppositions to Motion to Compel Arbitration ADMIS (3873 – *ECF*37, *ECF*38)
- **March 4, 2021** – Motion for Reconsideration NFA (03668 – *ECF*69) – Time interval 3 days
- **March 15, 2021** – Filing of Amended Complaint Vision and Villa (3871-*ECF*48) – Time interval 11 days
- **March 18, 2021** – Reply Letter Due to Kadlec (Filed a week earlier, 03668-*ECF*78 ) – Time Interval 3 days
- **March 25, 2021** – Reply Opposition to Motion For Costs for Villa (Filed a week late ECF52) Time Interval 6 days

> • **March 29, 2021** – Affidavits and Exhibits for Motions to Compel, ADMIS (3871 - *ECF*43) Time Interval 5 days
>
> • **April 1, 2021** – Correction to deficient ECF Filing Vision (ECF Time Interval 2 days
>
> • **April 2**, **2021** – Good Friday – letter to the Court prior to a Meet and Confer to arrange the Motion to Intervene.

I advised the Court on April 20, 2021 ECF61

> There is a legitimate concern that the workload cannot become procedurally impossible to a point where Plaintiff can no longer enforce its rights by the scheduling and is missing deadline. These filings have had less than 7 days in between and sometimes 3 days between them and are at a point of *procedural impossibility* to Plaintiff *Pro-Se* to adequately protect its rights and enforce its motions. While Plaintiff has been mindful to not ask for further extensions, Plaintiff (*Pro-Se*) has become legitimately concerned the scheduling is being used to created procedural advantage to Defendants as Plaintiffs humanly cannot meet any further filing obligations without some reasonable time interval – and it has reached a point to where errors are being made – and deadlines missed. While Plaintiff is *Pro-Se* and usually Courts grants some lenience – to allow a reasonable time to read and understand the law – there is a point where it could prejudice the case if no time is allotted. At this speed Plaintiff has in opposition six counsel from three large law firms, and cannot have its fundamental rights preserved to have the case adjudicated on the merits, hampered by an impossible schedule

The Court was thus alerted to the ongoing concerns or potential prejudice to its rights in keeping an nearly procedural impossible schedule between the filing dates in related procedures. (supra)

I again pointed out to the Court both in oral conference on April 30, 2021 and in the joint letter on April 26, 2021 that the scheduling with so little time between filings was significantly prejudicial to the case, and we would consider seeking a stay in related cases so we could complete the NFA filings in this case. (See Transcript ECF73)

My April 27, 2021 letter notified the Court of conflicts in the scheduling stated

> In email on April 26, 2021 Plaintiff has sought relief that it stay its responses and focus on the NFA Complaint between May 1, 2014 and June 14, 2021. Defendants appear to agree. However they now impose 5 weeks to respond to ECF60, and then seek to impose "Local

Rules" for Plaintiff to respond which are seven days on June 5, 2021. Again this is an ongoing attempt to procure procedural advantage. **Plaintiffs is seeking a stay of its responses in this action, until the NFA Response is filed on June 14, 2021**. (*See* 20-CV-03668). At this time, Plaintiffs raises a legitimate concern that its rights can no longer be adequately preserved. Plaintiffs cannot respond to motions in overlapping cases, without serious prejudice to its rights. Defendants have already acquired 11 months of preparation time and inequitable procedural advantage while Plaintiff has 11 days to amend the Complaint.

Specifically and despite what I at least thought was a clear documented concern and procedural request to have no overlapping procedures in related cases between the window May 1, 2021 and June 16, 2021, since then, there has been anything but a receding of workload in the related cases,

Since I had specifically acknowledged in letters to the Court we needed the 6 weeks without related proceedings, it was somewhat surprising that multiple new orders were issued and filings due in this short window. So as to document transparently the Court can see clearly, instead of having the 6 weeks we requested, the following filings had to be made, (primarily by Plaintiff Pro-Se). Therefore while the request was made in good faith, it was made, with an inherent request that we could properly protect our interests without having to undertake related case filings.

Instead the following transpired:

**ADMIS Case 20-CV-3873**
- First we had an incumbent motion reply to file which was due on **May 7, 2021** (20-CV-3873 ECF45) which also required reply on **May 21, 2021** (20-CV-3873 ECF53). The overload and lack of alignment in the related case schedule is also what cause the NAM motion to intervene to be filed on **May 10, 2021**. As stated supra, the scheduling in these cases has left less than sometimes 3 days between filings. None of these filings were not contemplated as part of the original scheduling order for June 16, 2021.

- Judge Aaron then issued a material order in related case on May 21, 2021 (20-CV-3873 ECF51). That order required ADMIS to file all the Arbitration proceedings on the docket no later than May 26, 2021.

- Since those filings contained confidential and proprietary trade secrets of Plaintiffs, that result in Plaintiff (myself Pro-Se) having to take emergency action and stop all work, to file an immediate motion for protective order (20-CV-3873 ECF58) on **May 25, 2021**

- In addition I had to review the entire arbitration record and supply the redactions in short order at on **May 26, 2021** 20-CV-3873 (ECF59) and 20-CV-3873 (ECF60).

- The Court should also note that motion for sealing was not futile as the motion was granted and therefore an urgent and important filings (20-CV-3873 ECF64).

This left us several weeks behind schedule. The Court can see, that despite being *Pro-Se*, I have been diligent and timely in meeting every deadline and certainly not being dilatory to move the cases along. I do respectfully ask the Court to note I am one-person litigant and these back to back deadlines are not easy even for a large law firm to make. The filings and orders sometimes have **4 day turnarounds** (See supra). I have no one helping me and these are important motions that are critical to preserve my rights, and again, it is important my rights are not prejudiced.

The Court should note that there must have been no less than 80 hours work attending to the above motions in the ADMIS case, making it procedurally impossible for me to attend to the current NFA case and the 3668 case concurrently.  There has been no indication I am delaying or being dilatory, and several motions have been granted in part.

**3871 – Vision Case**

Again despite a clear request for haetus in orders and filings of 6 weeks from May 1, 2021 to June 16, 2021 in related case, again in Related Case 20-CV-3668 (so we could complete the motions to dismiss against NFA and Kadlec), Magistrate Judge Aaron continued with an aggressive and full-time schedule also concurrently in the related case 20-CV-3871

- On **May 14, 2021** Plaintiff Kumaran had to file a letter response to an Order Issued on April 30 (See 20-CV-3871, ECF70)

- On **May, 26, 2021** Defendants filed an opposition letter (20-CV-3871 ECF71).

- Without waiting for a Reply from Plaintiff the Judge Aaron ruled on that Order on **May 28, 2021** (20-CV-3871 ECF72) – This order then needed to be reconsidered

**June 4, 2021 Extension – Due to Above Workload**

Because of the extraordinary workload in 20-CV-3873 (Supra) and 20-CV-3871 (supra) which set back Plaintiff (especially myself), I then requested on June 4, 2021 a second extension to move the deadline in this case 20-CV-3668 to June 30, 2021 – noting again that this time we were 2 weeks behind schedule because of all the filings. (20-CV-3668 ECF86)

I included in the letter the following on June 4, 2021

> *When Plaintiffs determined the original schedule of June 16th 2021* ***it was with the understanding there would be no overlapping motion practice in related cases****. (ECF83). Since then the Court ordered in related case 20-CV-3873, all Arbitration records to be filed publicly on May 21 2021. (See 20-CV-3873 ECF51). As such Plaintiffs had to rapidly prepare and file a motion to seal related confidential and financially sensitive data by May 25, 2021. (See 20-CV- 3873 ECF55, ECF56). That motion was time sensitive and urgent to prevent immediate and irreparable injury of financial records were filed publicly In addition Plaintiffs had to check all*

> *the Arbitration filings that spanned nearly 18 months to check for the records and redact sensitive information. That was also completed May 26, 2021 (ECF58 and ECF59). In addition there has been other motion practice related to NAM and NHC (3873 – ECF62). This also contributed to being about two weeks behind. \*See 3668 - ECF87, Pg2*

My understanding when I sought that extension is that there would no further related case motion practice. I also notified the Court I am undergoing a relocation due to the city reopening in the fall. However it was made clear that the overlapping filings in related cases had left us two weeks behind schedule. (20-CV-3668 ECF 87 Bullet 1). I also clearly explained to the Court that because of the workload above, there has been little time to focus on the NFA Motion (See also ECF87 Good Cause - Bullet 1). The Court then granted the extension until June 30, 2021.

> *We remain confident we can complete with merit, our oppositions to the NFA Motion to Dismiss in the above time frame,* **provided there is no overlapping motion practice in related case and will seek a reasonable pause in other cases from May 1, 2021 – June 16, 2021** *so we can properly address this motion.  \*See 3668 - ECF83, Pg1*

However this time the Court stated the extension would not be renewed except for "*exigent circumstances.*" Plaintiff therefore previously requested in its first motion that it requested "no overlapping filings" in Related Cases, and had now three times indicated to the Court, that the overlapping filings were impossible, Plaintiff reasonable expected that no further motion practice would be need so it could complete the current filings by June 30, 2021.

### **More Orders and Filings in Related Cases**

However with little sequential planning or seeming protocol of the scheduling obstacles in related cases (with one Pro-Se litigant on the other side) and motion that we needed the full time (without interference or cross motions in related cases) the Court then issued another order on June 7, 2021.

N/A
N/A
N/A

Page 9

Shortly after on June 7, 2021 in the ADMIS another material order on the Motion to Compel Arbitration (20-CV-3873 ECF73)

**This Order 20-CV-3873 (ECF63) came out AFTER we had filed a motion for extension on June 4, 2021 and was not contemplated in my forecast of scheduling, and request.**

When Plaintiff made its requests to the Court for the extension of time, it was on each occasion with a request to stay the parallel proceedings and to have no overlapping schedules in deadlines.

If I had known there would be more and more motion practices and filings required in related cases I would not have sought such a short extension of 14 days, These new orders then materially impacted my schedule because as seen below they both needed reconsideration.

**Further Good Cause for Stay**

**Both Orders in Related Cases Required Reconsideration and Appeal to the District Judge**

Also unforeseen and exigent circumstances are that despite the request for 6 weeks of un-encumbered time to file the oppositions, both Orders in Related Cases 20-CV-3873 (*ECF*63) and 20-CV-3871 (*ECF*72), needed to reconsidered or appealed.

Under Federal Rules of Civil Procedure Rule 72(a) and also Local Rule 6.3 Plaintiffs only have 14 days to file any objections to these motions. The two problematic motions were issued first on May 28, 2021 in 20-CV3871 and again on June 7, 2021 in 20-CV-3873.

Therefore Plaintiffs objections and reconsiderations were due within 14 days. Because the materiality of the content in the Orders ECF63 (ADMIS) and Order ECF72 (Vision) and the

material prejudice to deadlines, I timely filed a motion for reconsideration in 20-CV-3871 on June 11, 2021. (ECF 75 and ECF76). As can be seen from the original request for extension none of these motions were contemplated at the time.

The Court should also respectfully note, that the Plaintiff Kumaran (Pro-Se) motion was not frivolous or unnecessary. The motion was granted in part very quickly, as there was an apparent error in the order, and therefore this motion practice was necessary to preserve my rights (ECF77 – issued on June 14, 2021 ).

The motion filed by Plaintiff Pro-Se in *ECF*75 and *ECF*76 was a proper full 25 page motion, which reasonably took a substantial amount of time and left little time in this case.

This also thus impeded in the original schedule to complete the NFA motion.

**Unforeseen Medical Issues by Counsel**

The same week, to be honest unknown to me, Mr. August had a surgical procedure on June 17, 2021 and was discharged the next day. (See 20-CV-3668 ECF88) I spoke to Mr. August on the 18th, to alert him to the fact that because of the deadline in this NFA case, we needed to seek an extension on the reconsideration motion on the second motion. It was only during this call that I became aware that he had just been released from the hospital.

At my direction, (and despite being unwell), Mr. August did upload a <u>timely filed</u> request for extension to file the second reconsideration motion for NRCM in the related case on June 18, 2021 (20-CV-3873 EC65). Because all procedures have been before Judge Aaron it was loaded to his name instead of the District Judge.

Instead Judge Aaron on Monday June 21, 2021 denied that motion requesting stating we needed to re-upload the letter to the District Judge. (ECF66). Therefore we believe this Court

received the refile request on Monday June 21, 2021 (ECF67) Again it was denied. (20-CV-3873 ECF68)

Because of Mr. August' health, instead, I had to substantially contribute to the motion that had to be filed in very rapid order. Again Plaintiffs in good faith, and certainly not dilatory conduct had to meet extraordinary and at this point unreasonable scheduling deadlines in related cases being overlapping. On June 21, 2021 with substantial requirement of my own time and assistance, and in large part because Mr. August was not doing well health wise, which was unforeseen and I believe exigent circumstances, we completed the two motions for reconsideration to the District Judge (20-CV-3873 ECF69, ECF70)). <u>Both motions again were timely filed</u>.

However these ongoing filings in the related cases have now materially prejudiced Plaintiffs in this case 20-CV-3668. Again none of the motions in the 20-CV-3873 and 20-CV-3871 case were projected at the time the June 4, 2021 extension was requested. Neither was there any anticipation that Mr. August would have the serious type of health surgical procedures now documented to the Court.

Diligently, Plaintiff (Pro-Se) did work the overtime to meet both the reconsideration filing in 3871 (ECF75, ECF76) which was filed on June 11, 2021. The filing was not without merit, as the Court can see the filing was in fact granted . (ECF77)

In summary, there have been no less than **3 substantial Reconsideration motions** filed in a short window of 10 days on June 11, 2021 and June 21, 2021 in both Related Cases

    Vision 20-CV-3871 ECF75, ECF76 – Filed on June 11, 2021
                                  (Granted in part, Pending before District Judge)
    ADMIS 20-CV-3873 ECF69,ECF70 – Filed on June 21, 2021
                                    (Pending before District Judge)

None of these motions were forecast or on the horizon when ECF86, ECF87 was granted, and Plaintiff had specifically requested a haetus in filings and motions in related cases, so that, and for the sole reason, I could complete the oppositions to the Motion to Dismiss.

Therefore, I am respectfully appealing to the District Court that this schedule has become not just impossible, but has and is now resulting in substantial prejudice to Plaintiffs and myself individually as we have requested just a few short days more, to complete the NFA oppositions and it was denied.

If not for the above extraordinary motions for reconsiderations (which some of which have already been granted), these exigent circumstances may not have arisen.

## ADDITIONAL HEALTH ISSUES

On top of the various filings and next-to-impossible deadlines, it also became unforeseen that Mr. August was advised to take it easy. However my understanding was that I had anticipated being home until the June 30, 2021 motion was filed.

However I just was advised on the weekend Sunday June 27, 2021 that Mr. August has to return to the hospital this week Monday, Wednesday and Friday for ongoing procedures for which I had no prior knowledge till Sunday. Promptly, Mr. August notified the Court of his unforeseen medical issues and therefore requested just a few days so he could return from the hospital to complete the motions.

Also promptly I also wrote a letter to District Judge seeking a conference call to discuss the schedule and if I could stagger the filings, given that counsel has had to return to the hospital. (20-CV-3668 ECF89)

Instead Mr. August's motion was again denied. My letter was deemed moot. I believe my request was to reasonable stagger the filings or permit the filings to be a few days apart, was no unreasonable.

Concurrently again, in related case, even more filings became due and are pending further interrupting in the completion of this critical motion (See recent filings in 20-CV-3871 ECF79, EC80, ECF81, ECF82).

Therefore, because of the seriousness of not missing the next deadline, and the exigent circumstance of counsel for NRCM being largely in the hospital (after quite a serious procedure), I am requesting this emergency relief of a seven (7) day emergency stay of this proceeding and all related proceedings, so this recent development does not materially prejudice me or NRCM in this upcoming motion.

I am also respectfully seeking the Court's review on the extensive motions Plaintiff (*Pro-Se*) Kumaran has completed in all cases over the last 3 months, and seek with stay, so that there is no prejudice to me, in not being able to properly address the filing by myself.

Below is a table of completed filings in Related Cases with little to no interruption to schedule

**EXTENSIVE SCHEDULE MET BY PLAINTIFF PRO-SE**

April 20, 2021 –Letter outlining scheduling conflicts - 3871 (Specifically outlining concerns with overlapping schedule)

April 20, 2021 – NAM motion to intervene 3871

April 25, 2021 – Meet and confer in 3871

April 27, 2021 – Joint Letter to the Court 3871 ECF67, specifically requesting a stay in these proceedings to address the NFA Motion (See 20-CV-3871 ECF67 Page 2)

April 30, 2021 – Oral Conference in 3871 (specifically seeking a stay in oral transcript due to overlapping cases, See 20-CV-3871 ECF73 transcript at X))

May 7, 2021 – Motion to File Reply/Sur-Reply in 3873

> Plaintiffs was required a filing of several replies to the ADMIS motion to compel arbitration because Defendants filed an excessive 44 pages of "FRCP 803" objections to the Affidavits.

May 10, 2021 – NAM motion to Intervene 3873

May 14, 2021 – Response letter in 3871 to Judge's April 30 2021 order (4 days turn around)

May 21, 2021 – Reply Motion to SurReply Case 3873 ( 7 days turn around_)

May 25, 2021  - Motion to Seal filed in 3873 (4 day deadlines to complete)

May 26, 2021  - Three separate filings in 3873 on Arbitration filings1 day deadline to complete

May 28, 2021 – ORDER on intervention combined filing issued in 3871 (filed for reconsideration)

June 4, 2021 -  Letter motion to extend (due to above scheduling)  - 3668

June 7, 2021 – ORDER on motion to compel issued -  3873 (filed for reconsideration)

June 11, 2021 – 25 page motion for reconsideration #1 filed - 3871

June 14, 2021 – Order granting in part reconsideration #1 - 3871

June 21, 2021 – Two motions (15 page / 7 page) timely filed for reconsideration #2 and #3 - 3873

June 28, 2021 – Letter response due in -  3871

Given these extensive scheduling in related cases, the June 30, 2021 deadline is next to impossible without significant prejudice to me, Plaintiff Pro-Se has had to meet. I do believe in good faith, I did seek the relief in April (supra) that these deadlines in related cases could not continue to be overlapping without serious prejudice to the cases. This is now especially problematic given Mr. August's absence.

I hope the above record demonstrate no delay in prosecution, and that in good faith consideration of my timely prosecution of this case in all related case and this action, the Court will respectfully grant the leave requested.

**CONCLUSIONS**

For these reasons, and the extraordinary schedule of filings completed thus far, I am therefore respectfully requesting an emergency stay of seven (7) days so that I can properly complete the filings in the NFA case and other cases and not prejudice Plaintiffs rights.

I hope the Court will recognize the materiality of this motion as it is dispositive and Plaintiff has demonstrated to the Court extraordinary completion of the filings timely. I have not requested such an extraordinary measure before, and it is not for an extended time, but so that I can protect my rights, due to the numerous interfering circumstances above, that Plaintiff has considered to be critical to preserve its right. I also document that Mr. August schedule was not known to me until Sunday June 27, 2021 so this request could not have been filed sooner.

I respectfully seek this relief from the Court is all three(3) cases so that I am catch up on all the filings and also so that Mr. August can be released and also join the motions timely.

In the alternative, Plaintiff Kumaran respectfully seeks a short time extension over the next 5 days or not more than a week to complete the filings between now and over the July 5, 2021 holiday so that there is no prejudice to Plaintiffs from these recent developments. Because counsel is unwell (20-CV-3873) should not lead to a prejudice of Plaintiffs rights and entire case.

There would be significant prejudice to me, Plaintiff Kumaran if this motion or some relief is not granted. In the alternative Plaintiffs seeks to stagger the filings over the next weeks so that it can file the NFA motion first and the Kadlec motion a few days later.

I thank the Court for its consideration. There has been no misstep or wrongdoing from my own actions to effect this change in scheduling and so as to <u>avoid material prejudice</u>, I would respectfully appreciate the time to clean up the motions and file them professionally so there is no further prejudice. This would also allow counsel to return home. In the alternative I also seek an emergency status conference with the Court to address the issue.

This motion is filed timely in accordance with Your Honors Individual Rules 1.E.

Thank you in advance.

Respectfully submitted,

//SSK//

Samantha S. Kumaran