USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/29/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
                                                      :

SAMANTHA SIVA KUMARAN, et al.,       :
                                                      :

                      Plaintiffs,      :                1:20-cv-3668-GHW
                                                      :

                 -against-          :                ORDER
                                                        :

NATIONAL FUTURES ASSOCIATION, LLC,  :
                                                      :

                      Defendants.    :

------------------------------------------------------------------ X

GREGORY H. WOODS, District Judge:

On June 28, 2021, Magistrate Judge Aaron denied Plaintiff's request for an extension of time for Plaintiffs to respond to Defendants' motions. Dkt. No. 90. He noted that he had already "granted two extensions of time for Plaintiffs to respond to Defendants' motions, which have been pending since March 15, 2021," and that Plaintiffs "have not shown the necessary exigent circumstances to warrant a third." *Id.* Judge Aaron reasoned that "the request was not promptly made and does not justify the relief sought." *Id.* He further noted that Plaintiff NCRM "has made multiple filings in a related case during the same period, including on and after June 18, 2021." *Id.*

On June 29, 2021, Plaintiff Kumaran submitted an emergency motion for a stay for seven days. Dkt. Nos. 93 and 94 (Plaintiff filed the motion twice on the docket of this case). She also filed this motion on the docket in two related cases: at Dkt. No. 74 in Case. No. 1:20-cv-3873l and at Dkt. No. 83 in Case No. 1:20-cv-3871. Although the motion is titled an "Emergency Motion for Stay," Ms. Kumaran's motion could also be construed as an objection to Judge Aaron's decision denying the request for an extension of time for Plaintiffs to respond to Defendants' motion to dismiss, because that is the effect of the relief requested from this Court. Ms. Kumaran wrote:

> In letter motion today, the Court has denied what could be a very prejudicial ruling for a
> very short extension . . . . Since I am also impacted by this request I am therefore in my

individual capacity seeking an emergency stay and/or a short extension so that I may supplement the pleadings and complete the workload.

Dkt. No. 94 at 2. For the reasons that follow, Plaintiff's request is DENIED.

An objection directed at non-dispositive matters decided by the assigned magistrate judge, such as scheduling requests, will not be "modified" or "set aside" unless the Magistrate Judge's ruling was "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "Under this highly deferential standard, magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." *Williams v. Rosenblatt Securities, Inc.*, 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017) (citing *Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 511 (S.D.N.Y. 2013)); *see also Marotte v. City of New York*, 2017 WL 11105223, at *1 (S.D.N.Y. Oct. 6, 2017) ("Magistrate judges are afforded broad discretion in resolving non-dispositive disputes, including matters of scheduling."). "A court abuses its discretion when "(1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*, 14-cv-8175-LGS, 2018 WL 745994, at *1 (S.D.N.Y. Feb. 6, 2018) (quoting *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 169 (2d Cir. 2001)). "The party seeking to overturn a magistrate judge's decision thus carries a heavy burden." *McFarlane v. First Unum Life Ins. Co.*, 16-cv-7806-RA, 2017 WL 4564928, at *2 (S.D.N.Y. Oct. 12, 2017) (quoting *State Farm Mut. Auto. Ins. Co. v. Fayda*, 14-cv-9792, 2016 WL 4530890, at *1 (S.D.N.Y. Mar. 24, 2016)).

Here, Judge Aaron's denial of Plaintiff's request for an extension of the briefing schedule was well within the range of permissible decisions. This case was referred for general pre-trial and dispositive motions. Dkt. No. 27. A request for an extension of the briefing schedule is a matter of scheduling and is not dispositive. And "magistrate judges are afforded broad discretion in resolving

non-dispositive disputes, including matters of scheduling." *Marotte*, 2017 WL 11105223, at *1. Ms. Kumaran has not made any arguments that Judge Aaron's denial of the request for an extension rests on an error of law or a clearly erroneous factual finding; it does not. In his order denying the request, Judge Aaron reasoned that Defendant's motion has been pending since mid-March and that he had already granted Plaintiffs two extensions. Denying a request for an extension is well within the range of permissible decisions under these circumstances.

The Court notes that to the extent this request pertains to the motions currently pending before Judge Woods in the related cases, the deadline for Plaintiff's responses is not until July 14, 2021—more than seven days from today.

For the reasons articulated above, Plaintiff's request for an emergency stay for seven days is DENIED. The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 93 and 94 in Case No. 1:20-cv-3668; Dkt. No. 74 in Case. No. 1:20-cv-3873; and Dkt. No. 83 in Case No. 1:20-cv-3871.

SO ORDERED.

Dated: June 29, 2021
New York, New York

_____
GREGORY H. WOODS
United States District Judge