```
┌─────────────────────────────┐
│ USDC SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #:_____     │
│ DATE FILED:  7/16/2021      │
└─────────────────────────────┘
```

Plaintiffs are admonished for filing multiple memoranda of law that vastly exceed the Court's page limits. Nonetheless, Plaintiffs' request for leave to file excess pages, which the Court construes as covering each of the previously filed memoranda, is GRANTED *nunc pro tunc*. In the future, Plaintiffs must make any request for additional pages prior to the filing deadline. In addition, Defendants are granted leave to file reply memoranda not to exceed 20 pages. If Defendants need additional pages beyond 20, they may seek leave from the Court. SO ORDERED.

Dated: July 16, 2021

40 Foley Square
New York, NY 10007

Re: *Kumaran  vs. National Futures Association - 1:20-Cv-03668*-GHW-SDA

### NUNC-PRO-TUNC  LETTER MOTION SPECIFIC EXCESS PAGES (KADLEC) ECF98

Dear Judge Aaron;

      I represent Nefertiti Risk Capital Management, LLC. Please respectfully accept this nunc-pro-tunc letter motion for specific excess pages of 41 pages for the brief by NRCM against Defendant Tom Kadlec in his individual capacity filed timely on June 30, 2021. I am sending this letter in today, as we needed to meet the very tight deadlines first as outlined below and also other health circumstances:

- NRCM and NAM and NHC had **two** separate Reply filings on July 14, 2021.
  Total of 14 days (7 days is permitted for each reply under Local Rule 6.1)
- NRCM also met (albeit with some strain) the June 30, 2021 deadline.
- As the Court knows I was in the hospital for a substantial part of the two weeks from June 27 until Jul 7[1].

Today is the first day after meeting the July 14 2021 deadline that I am able to send this letter which has been in draft while completing the other briefs. By separate letter I will send my good cause for the NFA briefs. This letter addresses the request for Defendant Kadlec. (ECF98)

### GOOD CAUSE REASONS ARE FOR THE 41 PAGES FOR DEFENDANT KADLEC

1.    At the time of writing the initial letter motion request for excess pages for NRCM on Sunday June 27, 2021 I did not know the exact length of the brief and was hopeful, that with a short extension, NRCM would (if needed) file an edited response or we would have time to shorten the memoranda.

2.    Since I had just been admitted back to the hospital I apologize if the letter motion dated June 27, 2021 was not properly specific on pages and in short form as I was concerned on the scheduling and I was legitimately requested to go back to the hospital on Monday morning which was not foreseen.  The Court denied both requests.

3.    The Court's order stated they needed a specific page request. Because of the emergency medical situation both Plaintiffs filed their response combined and Defendants Kadlec's motion was 41 pages. This is of similar length to the motion to dismiss filed by Wiggins Chou on December 1, 2020 in related case 20-CV-3871 of 40 pages.

4.    My practice as the Court knows is a small one-person firm, and I typically serve small business in corporate law. I have worked with Ms. Kumaran (and her other company The A Star Group, Inc / Timetrics) since 1996 and have over 25 years of loyalty to her businesses. As such I pride my law firm on helping smaller business gain access to preserve their rights in Court.

5.    Even though my practice does not have the roster say of Jenner Block, I have had an illustrious career as in-house counsel for many firms such as NBC Universal, Webster Hall Digital and Watchitoo and my background is in contract law, and some media and IP laws.  I pride my law firm in being able to service small businesses (especially woman-owned businesses) in the NYC metropolitan area.

---

[1] A separate letter under seal will be provided.

6.      As such, I do have not have a day-to-day practice that frequently appears in Federal Court and am learning as quickly as possible to make sure I do not miss a step. To that end, while I am registered as a law firm, I do not regularly practice in Federal Court and it is taking me longer than I originally anticipated to get some of this done.

7.      I respectfully also seek the Courts awareness of the inequity in the size of law firms and the size and resource of a  single-company Plaintiff  NRCM versus a Fortune 100 company of ADMIS in in opposition.

8.      To that end, as a small law-firm attorney to the relevant protocols, I respectfully request some accommodation closer to the *Pro-Se* standards or in pages. As it was granted in the ADMIS case 20-CV-3873 in the motion to compel, I respectfully request to join the *Pro-Se* standards for this brief as was permitted prior.

9.      Good cause is also needed because the Court did not grant us the two extensions. In order not to prejudice NRCM's rights and because of the fact I was in the hospital, I determined it was in the best interests of preserving my clients interests to join the brief. My decision was no disrespect to the Court, and I am now able to write specifically on the size of the page count (at 41 pages) and the reasons.

10.      I also respectfully remind the Court that Vision Defendants through their counsel Wiggins Chou, filed a 40 page motion to dismiss which the Court permitted so the 41 pages is not so dissimilar for this particular brief.

## OTHER GOOD CAUSE ON THE LAW

1.      The MTD addresses complex issues of Federal and different State laws  and case law, as well as several contracts with conflicting provisions. This case involves the reversal of a previous wrongful dismissal before this District Court, and therefore an extended discussion is required.

2.      Plaintiffs' research in this regard has been thorough and extensive to afford it a full right to defeat the motion. This will permit the Court to properly review the facts and arguments of law, and more quickly resolve this motion.

3.      The dispositive motion contains multiple areas and topics of complex Federal law and State Law, Securities /Commodities Exchange Act Fraud, Defend Trade Secrets Act, RICO and numerous regulatory statutes, contracts and most importantly fraud and conversion claims and which require careful briefing before the Court so as not to overlook critical aspects of the FAC. Some of these issues were improperly summarized in the MTD.

4.      The dispositive motion covers five (5) defendants and 13 causes which Plaintiffs argue all have merit and span a lengthy period of time in events dating back to 2014.

5.      The brief against Defendants Kadlec, includes two significant counts under the federal statutes of RICO 18 USC  1962(c) and (d) and the Defend Trade Secrets Act which required substantial briefing in law.

6.      To prevent any injustice or confusion between Kadlec's claims and his different roles that would prejudice a fair adjudication this requires a careful distinction of the actions and events so as not to obfuscates key case law t and thus prejudice Plaintiffs' rights.

7.      Kadlec has appeared in two capacities and therefore there required separate analysis on both his role as an NFA Board Member and liability under the CEA, as well as his role as a private actor. This required additional pages to delineate these issues and claims.

8.      An abbreviation of pages should not serve as a grant of rights for Defendants to oversimplify the claims and procedural "brevity" should not permit a washing over or inaccurate commingling of key facts and events that Defendants intentionally bundled in their motion to create an inaccurate review.

9.      Kadlec is the key bridge between the causes against the NFA where is actions are imputed and between his individual actions as CEO of  ADMIS. Helping the Court understand those differences will assist in the ruling on this important motion.

10.      Because of the time constraints, while we could have erased some of the "duplicity' between the NFA state law claims and the Kadlec state law claims, there were several duplicated arguments (contributing to several pages of length) where if we had more time, we could have simply eliminated some pages.

11.      However given the deadline to file, and as documented the back-to-back deadlines in other cases leaving us little time that are consistent with Local Rules to allow for motions, and also because of my medial issues coinciding with the deadline. I did not have time to delete several pages of duplicate arguments

12.      We trust, no harm is done by this, as the same arguments are presented twice, however resulted in additional pages.

This is a **_dispositive_** motion, and therefore Plaintiff  NRCM respectfully requests, in light of the recent health emergency, to join the *Pro-Se* standards and join the briefs.  Finally as stated supra, even though I am a licensed attorney I do not practice routinely in Federal Court (See bullet 4 above) and work primarily on small business contract laws and claims and therefore seek some quasi Pro-Se lenience as I too am a small firm (without the size of resources of ADM) that is not supported by several associates and paralegals. There is inequity in law firm size between myself and opposing counsel.

Plaintiff believes these important issues of law and fact should adequately be presented to the Court. Plaintiffs have invested substantial and time and effort in the proceeding and would like a fair adjudication on all substantial issues violating its rights presented. In order for this Court to receive a complete presentation and analysis of the issues raised and the critical issues each argument needs to be properly enunciated.  Plaintiffs efforts are in good faith to both file timely and to seek leave from the Court to file excess in consideration of its Kumaran's *Pro-Se* status, and the dispositive nature which would cause prejudice if arguments were not properly reviewed.

Plaintiffs have also met several concurrent reconsideration deadlines in the Related Case 20-CV-3873 and 20-CV-3871 which the Court notes I also met, despite just being released from the hospital, which have been also taking up substantial time, and also left little time to edit. Extensions have not been granted on any filings, despite coinciding with unforeseen health issues. As we originally requested if we had a another week or so, NRCM would have been able to condense down its version. NRCM is also still willing to do so. It would not change any of the law before the Court. This brief is again of similar length to the one filed by Ms. Chou and Wiggins filed at 40 pages on behalf of Vision Defendants in December 2020. Given the extraordinary circumstance of the recent hospitalization, on my end in order to preserve my clients rights, and to meet the time deadlines in all cases,I had joined Ms. Kumaran's brief.

Therefore for the good cause reasons above, NRCM through its counsel Mr. August respectfully seeks leave for the <u>specific number</u> of 41 pages for Defendants Kadlec's opposition to the Motion to Dismiss filed timely on June 30, 2021 at ECF98. I apologize if this letter could not be filed sooner, as Judge Woods set an additional briefing schedule for NRCM's filing deadlines on July 14, 2021.

A separate letter will be sent for the relief for briefs filed against the NFA, Wahls and Kiela. Thank you in advance.

Page 4


Respectfully submitted,

//BMA//

Brian August Esq
AugustLaw NYC
100 Willoughby Street #9E
Brooklyn NY, 10129
917-664-4465

*Counsel* for NRCM