**VIA ECF/EMAIL**
Honorable Judge Stewart D. Aaron
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Kumaran et al  vs. National Futures Association et al  1:20-Cv-03668*-GHW-SDA

Dear Hon Judge Aaron:

Plaintiffs write related to Defendant Kadlec's Reply Memorandum dated August 13, 2021. (ECF110).  Plaintiffs object to the following arguments which were raised for the first time in Reply, and document that they were both (a) not mentioned or briefed at all in their original MTD and (b) raise new defenses in Reply that Plaintiffs should have been able to brief. We therefore respectfully request that unless the Court orders a Sur-Reply, Plaintiffs object to the inclusion or consideration of the following  sections. We again notice that this is not the first time this particular law firm has filed an outbound motion, and then in Reply added several new items – in many sections targeted at *Pro-Se* Plaintiffs' trade secrets. Plaintiffs specifically object to the following sections as new arguments:-

## A - Trade Secret Claims (Pg.13-14)

### (i)    New Argument 1 - (ECF110 - Pg. 13  middle)

*Defendant Kadlec raised for first time that Plaintiffs' fail to plead Kadlec's acquisition of trading and hedging strategies*

Plaintiffs object to this argument as Kadlec failed to include this in the original MTD  (ECF77) and Plaintiffs never defended or responded to this. Defendant Kadlec's only argument related to the trade secrets in the MTD (ECF77 Pg13-14) was that the pleading did not set forth specific allegations as to the trade secrets either its (a) information or (b) value (citing only to *Elsevier*) and also that Plaintiff did not allege that Kadlec is using their trade secrets, but rather that High Ridge is using them  *(See* Kadlec MTD, ECF77 at 14).  Defendant Kadlec raised <u>no argument</u> about failure to plead acquisition and therefore this argument should be rejected . The law in the Second Circuit is clear that arguments or requests for relief raised for the first time in reply briefs **may not be considered**. See ABN Amro Verzekeringen BV v. Geologistics Americas, Inc., 485 F.3d 85, 100 n.16 (2d Cir. 2007) ("[W]e decline to consider an argument raised for the first time in a reply brief."). A court does not consider issues raised in a reply brief for the first time because if a party raises a new argument in a reply brief the opposing party may not have an adequate opportunity to respond to it." Sacchi v. Verizon Online LLC, 2015 WL 1729796, at *1 n.1 (S.D.N.Y. Apr. 14, 2015)

It is clear from the Kadlec's MTD (ECF77) and Plaintiffs Opposition to Kadlec Brief ECF106 Pg. 37-38)[1]  – there was no argument about acquisition least of all specifically related to Kumaran's trading and risk management strategies which in Reply, for the first time, have now been delineated as a line item. Plaintiffs have not been afforded the opportunity to defend any improper acquisition argument and this argument should not be dispositive if Plaintiffs have never been able to respond. Specifically, Kumaran is the owner of the trading and risk strategies asserted and Kumaran has not

---

[1] See Plaintiffs Opposition Pg. 38 top - noting specifically that no such arguments were raised, and Plaintiffs specifically stated that Kadlec waived and failed to raised any improper acquisition argument

had the opportunity to defend an "improper acquisition argument of her trading and risk management strategies". Kadlec elaborates to all sorts of new and irrelevant arguments such as "reverse engineering". Further Kumaran can readily defend these arguments, and if the Court is to use them in any way, Kumaran specifically seeks leave to reply to Pg. 13 in Sur-Reply as they were expressly not raised in the MTD.

### (ii)    New Argument 2 - (ECF110 - Pg. 14 middle)

*Defendant Kadlec raised for first time that Plaintiffs' fail to plead Kadlec's (as opposed to ADMIS) acquisition of trading and hedging strategies, and raises new arguments on NRCM's improper mean related to the privacy policy.*

Plaintiffs also object to the arguments raised on Pg.14 related to improper acquisition of NRCM's customer account or Kadlec's acquisition. No such argument was raised in the MTD. Specifically, Kadlec for the first time in Reply, raises a plethora of arguments about ADMIS' privacy policy and "improper acquisition" of NRCM's customer account – none of which were contained in the original outbound MTD, and therefore they have not be responded to. Plaintiffs again in their Opposition argued these arguments had been waived. (ECF106 Pg.38) If however, the Court is to use any of the arguments briefed for the first time on Pg14 of Reply, both NRCM and Kumaran respectfully seek leave to respond and should be entitled to respond to these arguments about ADMIS' privacy policy and improper acquisition of NRCM's account. Kadlec notes that ADMIS's FAC in related case 20-CV-3873 ¶113-¶138 [2] also contains several arguments about being defrauded in the Privacy Policy however, Defendant Kadlec never moved to dismiss on these arguments in ECF77 and therefore including them for the first time in Reply is prejudicial. It is well settled that arguments may not be raised for the first time in a reply brief as that tactic denies the plaintiff the opportunity to respond. *See e.g.* [United States v. Yousef, 327 F.3d 56, 115, 171 (2d Cir.2003)](). Further these arguments were also never even briefed in Plaintiffs Opposition or MTD so they are clearly raised for the first time in Reply.

### B - Fraud – Page 18

Plaintiffs also object to arguments raised for the first time in Reply on Pg.18 arguing a nouveau defense that Kadlec's personal involvement in the fraud was distinct from ADMIS' conduct. However, these arguments were clearly not raised in their MTD. Instead Kadlec chose on his own volition to join NFA's motion. (*See* ECF 77 at 15). Specifically without limitation:-

### (iii)    New Argument 3 -  about debt (ECF110 - Pg. 18 Para 2)

Kadlec raises new arguments citing to *Lodato*, regarding whether an officer of liable for debts of a corporation.  Plaintiffs oppose this argument, as there was no mention in either the MTD or the Opposition about being held liable for debts in a corporation and again this is a new argument that has not been responded to.  Kadlec never argued or raised anything related to his liability for debts.

### (iv) New Argument 4 -  about negligent failure to acquire knowledge (Pg. 18 Para 2)

Defendant Kadlec also appears to acknowledge he is raising new arguments as he briefs (for the first time in Reply Pg.18), the nouvelle argument of "negligent failure to acquire knowledge of a falsehood." Clearly this was never briefed in the outbound MTD and certainly not briefed anywhere in Plaintiffs Opposition MTD. Kadlec also failed to distinguish his arguments from ADMIS in his

---

[2] See also 20-CV-3668 FAC 100 n 54, Kadlec also misstates that the FAC incorporates the entire complaint. The relevant section incorporates ¶113-¶138 of ADMIS FAC. Nonetheless none of these arguments were raised or briefed in the original MTD and Plaintiffs object to them being raised now in Reply without opportunity to respond.

outbound MTD, voluntarily joining NFA's motion (See ECF 77 at 15). It is apparent that Plaintiffs Opposition to the MTD, they only had the opportunity to respond to Kadlec's own adhesion to NFA's MTD, and raising all these new arguments in Reply is prohibited. Kadlec never raised any distinct arguments from ADMIS, instead joining NFA's argument that ADMIS had knowledge of the fraud, and therefore Plaintiffs were not afforded an opportunity to respond and he has waived those defenses. Therefore Plaintiffs seek that these new arguments are rejected by the Court. (*See Saachi Id*)

Plaintiffs also note this is not the first time counsel for ADMIS and Kadlec, Kopecky Schumacher, who are admitted Pro-Hac Vice, have augmented their reply briefings, demonstrating a pattern to file sparse initial motions and then load their Reply with new arguments to prevent any response. (See also 20-CV-3783 ECF45, ECF50, ECF63). If the Court is to regard any of the "new arguments" specifically those above, Plaintiffs respectfully seek the right to Sur Reply to the issues above which all were not briefed in the MTD or its Opposition. If the Court deems it necessary to include "new arguments" Plaintiffs respectfully seek not less than 7 days to file a Sur Reply and preferably 14 days.

In addition, Plaintiffs seek to correct the record in letter dated July 19, 2021 from Kadlec related to the briefing schedule in this motion. (ECF104). In that letter they criticized page counts. However, Plaintiffs also document that Defendant Kadlec failed to outline other inequities. It is clear that all Defendants have had a headwind of a full 60 days to file a Motion to Dismiss (<u>uninterrupted</u>) and another 45 days (<u>uninterrupted</u>) to respond in Reply for a total of over 105 days. (more than *five* times the regular amount). In comparison, Plaintiffs have had less than 21 days (including by a *Pro-Se* Plaintiff) to properly respond to the NFA and Kadlec motions, as documented with the overlapping motions schedule. A list of overlapping motions was provided in prior correspondence to the Court. (*ECF*94).

In conclusion, if the Court is considering use of any of the new arguments in Kadlec's Reply, Plaintiffs respectfully seek leave to permit a Sur Reply to limited issues above, Plaintiffs respectfully seek no less than seven (7) days and preferably fourteen (14) days to complete this.

In the alternative, Plaintiffs document their objections above, that Defendant Kadlec clearly raised the above four (4) issues for the first time in Reply and the Court should disregard them in any final analysis as they were raised without opportunity to respond and were clearly not raised in their MTD. It is settled by the Second Circuit, that arguments raised for the first time in replying in further support of a motion are generally deemed waived. *See Connecticut Bar Association v. United States of America,* 620 F.3d 81, 91 n. 13 (2d Cir.2010). Thank you.

Respectfully submitted.

//SSK//                                              //BMA//

Samantha Siva Kumaran                Brian M. August
                                                         AugustLaw NYC
                                                         100 Willoughby Street, #9E
                                                         Brooklyn, NY 11201
                                                         bmaugust@gmail.com
                                                         *Counsel* for Nefertiti Risk Capital Management, LLC