**VIA ECF**
Honorable Judge Gregory Woods
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Kumaran et al  vs. National Futures Association et al  1:20-Cv-03668*-GHW-SDA

LETTER MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS TO REPORT AND RECOMMENDATIONS

Dear Hon. Judge Gregory Woods,

Pursuant to FRCP 6(b), Local Rule 6.1 and Individual Rules of Practice for Pro-Se 1.C and for Civil Litigants 1.E, Plaintiffs respectfully seek an extension of thirty (30) days to file their objections to Magistrate Judge's Order dated September 16, 2021 (ECF113, September 16 Order). This motion is timely filed pursuant to Ind Rules 5.C.

- The current due date is September 30, 2021
- Plaintiffs respectfully **seek until October 30, 2021** and in no event earlier than October 16, 2021 consistent with Individual Rule5.C for Pro-Se litigants.
- NFA Defendants consent to the **October 30, 2021**date.
- Kadlec Defendant consents to a October 14, 2021 date.

**Background and Good Cause**

On Thursday September 16, 2021 Judge Aaron issued a Report and Recommendation (ECF113) pertaining to two dispositive Motions to Dismiss filed by Defendants in this case. Pursuant 28 U.S.C. 636 (b)(1) Plaintiffs must file objections within 14 days. Under this Court's Individual Rules 5.C a *Pro-Se* Plaintiff is ordinarily allowed four weeks 28 days to oppose a motion which would provide until October 14, 2021.

The primary reason for extension, is the September 16 Order coincides with a previously arranged deadline for Plaintiffs to respond to dispositive motions in related case 20-CV-3871. As detailed below, Plaintiffs have an existing briefing schedule to respond to two other dispositive motions to dismiss between the period September 17, 2021 – October 19, 2021. This would make it practically impossible and of significant prejudice to Plaintiffs to properly review and respond to the substantial issues of law in this case 20-CV-3668 in the same overlapping period of time. As has been objected to in the past, there have been repeated instances of overlapping motions for Plaintiffs, specifically designed to coincide, which would in turn not allow for proper objections, and which have resulted in problems and delays to complete proper responses, and ultimately has harmed Plaintiffs in having the right amount of time to enforce their rights.

*Good Cause – Overlapping Briefing in Related Case*

The overlapping motion deadlines do not allow sufficient time consistent with Local Rules and Individual Rules 5.C, for a Pro-Se Plaintiff to file three simultaneous motions to have the allocated 14 days or 30 days in two actions, all due at the same time. Under Local Rule and Individual Rules, the Court usually allows for a *Pro-Se* four weeks per motion. Therefore for the three separate motions Plaintiff Kumaran should ordinarily be allowed 90 days (or twelve weeks) to respond to all the three separate motions. As such, it would be of substantial prejudice if Plaintiffs now have to address oppositions or objections to three (3) dispositive motions over the exact same overlapping 30 days. The Court should also note that the 20-CV-3871 are over 80 pages in length (more than 3 times the length) and are both dispositive Motions to Dismiss. (*See* 20-CV-

Page 2

3871 ECF69, ECF86, ECF87, ECF94, ECF96, DCF97, ECF99). In addition, in this instant action 20-CV-3668, the September 16 Order was over 37 pages, and there are four defendants which will all need to be addressed.

*Other Good Cause – Substantive Issues of Law*

Other good cause is that the September 16 Order is subject to FRCP 72(b) and is dispositive and Plaintiffs seek a reasonable amount of time to properly object to the findings, as well as point out specific oversights in the application of law and compliance with Federal statutes. Rule 72(b) applies a *de novo* review standard to objections to a magistrate judge's report and recommendation." *In re Comverse Tech., Inc. Derivative Litigation,* No. 06–CV–1849, 2006 WL 3511375, at *2 n. 1 (E.D.N.Y. Dec. 5, 2006). The Court should also note that this case involves in depth review of the Commodities Exchange Act, dozens of NFA and CFTC rules, and case law dating back to 1985 (including applicable statutes for the amendments to the CEA from 1983). Judge Aaron's Order has also leaned into precedent from other districts such as the 3rd Circuit and 7th Circuit and also used multiple cases not previously cited by any of the Defendants in their prior motions to dismiss. In other words, he has raised brand new issues of law that were never briefed in the original motions that Plaintiffs seek fair opportunity to respond to.

The case also includes separate and distinct areas of law on motions related to RICO and DTSA and civil claims against Defendant Kadlec in his capacity as CEO of ADMIS. Ordinarily and in accordance with Individual Rules 5.C Plaintiff would have four weeks on each motion, bringing the reasonable contemplated time for a Pro-Se Plaintiff to oppose a motion to be twelve weeks (about 90 days) for 3 separate motions.

NRCM also has to attend to over 80 pages of motions to dismiss in related case 20-CV-3871, as well as a separate Motion to Compel Arbitration in related case. In the interests of efficiencies NRCM intends to join and combine its arguments with Plaintiff Kumaran, therefore NRCM seeks to abide by the same time limits permitted herein. We are requesting that due to the complex issues of law that are necessary to be addressed, a reasonable extension is granted. We do not seek an excessive amount of time, and only a **thirty (30) day extension** given the overlapping schedule in related case until October 30, 2021.

*Previous conflicts in scheduling have been documented.*

Plaintiffs also duly note that Judge Aaron's order, was issued directly (on September 16, 2021) the day before significant other motion practice in 20-CV-3871 for Plaintiffs scheduled to start on September 17, 2021. This ruling was scheduled to coincide with the above extensive briefing schedule which would cause significant prejudice to Plaintiffs to be able to properly protect their rights, and oppose and file its necessary R&R objections by September 30, 2021. In fact 28 U.S.C. 636 (b) and Individual Rules contemplates 14 days and Individual Rules 1E for *Pro-Se* litigants allows for 28 days. This in turn would allow Plaintiffs less than 1 week to file a Motion to Dismiss in related case. Plaintiffs in related case 20-Cv-3871 have briefings starting on September 17, 2021 to be filed over the next four weeks (absent any extensions) and this Order was issued on September 16, 2021 to notable coincide with yet another substantive volumes of motion practice and limit our ability to enforce our rights to objections.

*Overlapping Dispositive Motion is Prejudicial*

Plaintiffs have documented this is not the first time, Plaintiffs have objected to the Court that the Magistrate Judge has simultaneously issued overlapping orders to directly coincide with Plaintiffs briefing schedule – which in turn would make it prohibitive to object to a Report and Recommendations and also prejudice Plaintiffs in properly responding to material motions of dismiss to be responded to. For example, it was documented in emergency motion to stay to the Court on June 28, 2021 (ECF93), that Plaintiffs had arranged for an uninterrupted briefing schedule between June 7, 2021 – June 30, 2021 to file a MTD in this case. (See 20-CV-3871 ECF83, ECF93 Pg 13-16). The Court then issued dispositive orders in related case **on exactly the same date** June 7, 2021 in 20-CV-3873 so that Plaintiffs objections were due in the same overlapping time period, making it nearly procedurally impossible to meet the deadlines and file and protect is rights. (ECF93, Pg.13-16 documenting intentional overlapping schedules). This resulted in part with a motion for Emergency Stay, as multiple motions had to be filed within the same 7 days period. Notably, Plaintiffs in this scenario had two R&R objection due in 14 days, and a MTD to file in less than 21 days. (*See* 20-CV-3873 - ECF63, 20-CV-3871 ECF 72, ECF 75, ECF 76, 20-CV-3668 -ECF93) Plaintiffs have been

prejudiced in the prior orders - to have less than the required amount of time to respond to material Orders on June 7, 2021 while on the same date, granting firm deadlines in related cases to overlap, thereby to restrict Plaintiffs ability to file proper R&R objections and protect its interests.

Plaintiffs have documented concerns to this Court that overlapping procedures in this and related cases, are being issued to notably coincide to prevent Plaintiffs (including a *Pro-Se* Plaintiff that typically needs more time to respond) to properly enforce their rights or have the required times under Federal Rules to respond to motions. In this instance, Magistrate Judge was well aware that Plaintiffs had *two* material dispositive motion briefing schedule for two other motions starting September 17, 2021. It is therefore noted this order was issued on September 16, 2021 which means, if no extension is granted, there would be deliberate prejudice in time to object to the R&R without prejudice to its rights in related cases. Plaintiffs have also objected to a potential abuse in discretion to override normal FRCP response times and intentionally set overlapping motion practice, which has left Plaintiffs with almost no time to properly complete a Motion to Dismiss and several other motions. Notably Defendants in this action were provided over 105 days to a motion and Plaintiffs less than 21 days.

*No Prejudice to Defendants*

Since this is a dispositive motion there would be no prejudice to Defendants as there are no outstanding motions or other pending scheduling matters. All Defendants have consented in part to the extension. Plaintiffs are objecting in full to the R&R and seeking complete de novo review on all issues. In this instance, we are requesting a reasonable thirty (30) day extension to file our objection to the R&R from the due date of September 30, 2021 until October 30, 2021 so that we may properly protect and enforce our rights. (Not an excessive extension). Further consistent with Individual Rules 5.C, Pro-Se Kumaran would ordinarily be entitled to thirty days until October 16, 2021 to file her responses. In this case the extension would only be 14 days.

Concomitantly Plaintiffs will file a letter in 20-CV-3871 to clarify and address the two motions to dismiss and one motion to compel in related case (all concurrently), so that they have sufficient time to handle now four(4) potential overlapping motions (including opposition to a motion to compel arbitration). It would be of significant prejudice to not have time to properly object to a potentially and wrongly produced ruling, while simultaneously handling a motion to dismiss in related case.

*Conclusion*

In conclusion, for the good cause reasons herein, Plaintiffs respectfully seek an extension of thirty days until October 30, 2021 to file their objections. Plaintiff Kumaran's objections are also consistent with Individual Rule 5.C which would be October 16, 2021 and Plaintiff therefore would seek extension would only be 14 days. Our request for extension is not extensive and is for only thirty (30) days to properly research the law and address multiple new issues raised in the September 16 Order.

**September 30, 2021    -------> October 30, 2021 (Saturday) which allows for November 1, 2021**

This motion is filed timely pursuant to Pro-Se Individual Rules 1.C and Civil Individual Rules 1.E and well in advance of the two business days required. We thank you in advance.


Respectfully submitted,


Samantha S Kumaran                                         Brian M. August
*Pro-Se* Plaintiffs                                        *Counsel* for NRCM
                                                           Augustlaw NYC
                                                           100 Willoughby Street, #9E
                                                           Brooklyn, NY 11201