**VIA ECF**
Honorable Judge Gregory Woods
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Kumaran et al  vs. National Futures Association et al  1:20-Cv-03668-GHW-SDA*

Dear Judge Woods,

Plaintiffs respond to Defendant NFA, Wahls's and Kiela's letter motion for extension filed last night at ECF125 for file their Reply on **November 15, 2021**. In email confer with Defendants yesterday evening, we consented to their request. In addition in the same email chain, Plaintiffs requested that the briefing schedule to file their Reply is set for **December 21, 2021**. (Exhibit 1) Defendants NFA, Wahls and Kiela also consented to that request. It is not clear why Defendants did not include our request in their letter which they stipulated to, to save time, but we do so now.

We therefore respectfully  request a briefing schedule of

　　　　Defendants NFA's Opposition: ----------------→ November 15, 2021

　　　　Plaintiffs Reply ------------------------------------→ December 21, 2021

Good cause is given by

　　　　1.　　　The primary reason is that this would allow Plaintiffs to file timely *two* other dispositive motions, by Pro-Se Villa which was 35 pages and Defendants Vision at another 51 pages totaling over 80 pages which are pending in related case 20-CV-3871 and due to be filed on November 30, 2021, and we are genuinely trying not to seek any extensions on that prior briefing schedule. It would be significantly prejudicial to have these filing deadlines overlap and Plaintiffs instead to start their Reply in this case on December 1, 2021. There are two separate motions and both are dispositive motions. There would be prejudice in not being able to respond to them carefully.

　　　　2.　　　Plaintiff Kumaran also has a prior commitment the week December 3 to December 12, and intended to be out of the office for a week. As per the email chain attached, Plaintiff Kumaran was previously scheduled to be out of the office the first week in December because her youth

daughter has two solo violin Carnegie Hall recitals after winning an American Protégé International Youth Music Competition for Piano and Strings  in First Place (2019/2020). The recitals are both scheduled for that week and have been delayed several months in advance due to  Covid 19.

3.      Based on a December 1, 2021, start date this request would be consistent with Judge Woods' scheduling under Rule 1C whereby a Reply motion from a *Pro-Se* Plaintiff is generally permitted fourteen (14) days, (and if permitted the week off in December for a previous commitment which was booked in advance) this would allow us, under normal rules until December 21, 2021. As indicated in the email chain, Defendants NFA also consent to this schedule.

In response to Defendant's letter about exhibits, we do want to take the opportunity to correct the record to avoid any misunderstanding. As indicated in the cover filed on October 18, 2021, the Supplemental Exhibit, which was attached to the October 18 filing, was in response to either (a) "new arguments" in the R&R that were not briefed and part of the original Motion to Dismiss filed by NFA or (b) arguments that NFA raised for the first time in Reply, both of which had not afforded Plaintiffs ability to respond. Second Circuit precedent is clear that an argument not raised in the MTD is waived and arguments raised in Reply may not be considered. ABN Amro Verzekeringen BV v. Geologistics Americas, Inc., 485 F.3d 85, 100 n.16 (2d Cir. 2007). Since the arguments were not contained in the original Motion to Dismiss, Plaintiffs assert under Second Circuit guidance, those arguments should not be part of the Court's determination, as they include matters outside of the original briefing papers.

While we included arguments in the Motion (and not Reply) so as to give Defendants fair opportunity to voice our concerns, we do not agree with NFA's statements that there were 20 page of single line briefings. Neither did we use 1.5 line spacing. This is an exaggeration to sway the Court. The Supplemental Exhibit (as we made clear) contained arguments that had been waived by Defendants failure to raise them in the original Motion to Dismiss. This briefing is now expanding the original briefs to essentially become a Second Motion to Dismiss for NFA on arguments that they may have missed. Plaintiffs have raised a legitimate concern that they are using this to bolster a new set of arguments that were missed in the briefings.

Second, we did tabulate for ease of reference, a list of Affirmative Steps (Exhibit 1) and Material Facts (Exhibit 2) that were materially overlooked in the R&R. There was no new information in the table, that had not already been contained in the Complaints, as each item is accompanied by

the FAC reference.  These facts were already contained in the FAC, and are not "single line briefings" but a summary of material facts in the Complaint the Court overlooked in its application of fraudulent concealment and the doctrine of equitable tolling which was of significant prejudice to Plaintiffs.

We also point out that we provided the exhibits in advance, for the purpose that the Court could resolve these issues with proper argument (and so as not to prejudice either side) by ruling on unbriefed issues. Plaintiffs stand by the original contention that the Report and Recommendation considered "new arguments raised in Reply" or issues that were clearly not previously before the Court in ECF74, ECF106, ECF110 which is not the intent of this de novo review.

Plaintiffs also want to take this opportunity to defend NFA' comments in equity. The Court in equity should also take note of the *extraordinary time benefits* that have been given to *counselled* Defendants Jenner & Block for NFA, Wahls and Kiela. First, Defendants were granted a full 60 days to file their Motion to Dismiss (without overlapping briefs). While Plaintiffs had to respond to significant filings in both oppositions in 20-CV-3873 and 20-CV-3871, as such, thereby only having a total of less than 14 days to file our NFA Oppositions.[1] Plaintiffs even filed a Emergency Motion to Stay outlining that overlapping motions which did not give us time to respond, which disclosed the schedule where we frequently had less than 7 days to respond to motions. ECF93. This was of significant prejudice to Plaintiffs. In addition NFA, then requested a 45 day period to file their Reply bringing a total of 105 days (compared to *Pro-Se* Plaintiffs 14 days, with three overlapping motions).

Second, while we acknowledge we requested a short extension to file our objections on October to be consistent with Judge Woods rules for Pro-Se Plaintiffs (Rule 1C) to file our objections – nothing over and above the *Pro-Se* Rules of 14 days was granted. Nonetheless, Jenner & Block have also requested a full 14 days being treated with more than the same lenience as a *Pro-Se* Plaintiff. Therefore as the Court tallies fairness in pages, there is a clear record that Jenner & Block have been afforded every lenience in additional time, and even far more, than that allowed to a *Pro-Se* Plaintiff under Rule 1C.  As we have always cooperated in page length and additional time we readily consented to any extension,  we do however want to alert the Court the email chain did also agree to

---

[1] The Court is aware that on June 7, 2021 the Magistrate issued another order in 20-CV-3873 which had a 14 day objection period, to coincide with the filing of the Opposition to the MTD due on June 30, 2021 so that Plaintiffs had less than 14 days to respond to three dispositive motions. A record of overlapping briefs is contained in ECF93 in the Emergency Stay.

a filing schedule for Plaintiffs on December 21, 2021 and we hereby also respectfully request that time frame so we have time to respond in full.

We remain concerned that this briefing has become almost a "Second Motion to Dismiss" by NFA, Wahls and Kiela, and request that the Court should adhere to the strict 12(b)(6) standards, that if an argument was not briefed or raised in the Motion to Dismiss, it should be waived. "Failure to meaningfully engage with the [Plaintiffs'] arguments amounts to a waiver of their opportunity to respond. *See* Felske v. Hirschmann, No. 10-CV-8899, 2012 WL 716632, at *3 (S.D.N.Y. Mar. 1, 2012). These briefings are going far beyond what was contained in the original outgoing papers. Jenner & Block have all the advantage of being a well-equipped law firm with dozens of associates and paralegals and we have had to make a much tighter time frame as *Pro-Se.*

Further NFA cannot proffer new set of facts and theories as to who is liable. A court "may not properly dismiss a complaint that states a plausible version of the events merely because the court finds that a different version is more plausible." *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 184 (2d Cir. 2012). Doe v. Syracuse Univ., 341 F. Supp. 3d 125, 128 (N.D.N.Y. 2018). "The role of the court at this stage of the proceedings is not in any way to evaluate the truth as to what really happened, but merely to determine whether the plaintiff's factual allegations are sufficient to allow the case to proceed." *Doe v. Columbia Univ.*, 831 F.3d 46, 59 (2d Cir. 2016). We assert all the law and facts to plausibly prove our case to withstand this motion to dismiss, and respectfully remind the Court there are Judicial Arbitral Panel orders still pending in this Court, demonstrating a plausible inference of facts, that these documents exist to prove our case. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984)

We appreciate the Court's time and acceptance of the schedule that all parties agreed to, and thank the Court in advance, and respectfully request the briefing schedule as above. Thank you.

Respectfully submitted,
//SSK//                                          //BMA//
Samantha Siva Kumaran               Brian M. August, Esq
Individual Pro-Se Plaintiff              Counsel for NRCM