**IN THE UNITED STATES DISTRICT COURT**
**SOUTHTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| SAMANTHA SIVA KUMARAN, | ) | Case No: 1:20-CV-03668–GHW-SDA |
| Et al | ) | Judge: Hon Gregory H. Woods |
| *Plaintiffs,* | ) | Magistrate Judge: Stewart D. Aaron |
| | ) | |
| -against- | ) | **PLAINTIFF KUMARAN'S** |
| | ) | **MEMORANDIM FOR SANCTIONS** |
| NATIONAL FUTURES ASSOCIATION, LLC | ) | **AGAINST DEFENDANTS NFA,** |
| Et al., | ) | **WAHLS, KIELA, AND** |
| Defendants, | ) | **GREGORY BOYLE, ZACHARY** |
| | ) | **SCHAUF AND JENNER BOYLE** |

**<u>MEMORANDUM  OF LAW</u>**

**<u>PLAINTIFF KUMARAN'S MEMORANDUM  OF LAW FOR SANCTIONS
AGAINST DEFENDANTS NFA, WAHLS, KIELA AND
ATTORNEYS GREGORY BOYLE, ZACHARY SCHAUF AND JENNER BLOCK
(ECF 129)</u>**

# TABLE OF CONTENTS

A.  FED. R. CIV. P. 11 …………………………………………………………………….…Pg. 1

B. PROCEDURAL BACKGROUND ON INFRINGING PLEADING ECF129……………Pg. 2

C.  SUMMARY OF INFRINGING CONDUCT…………………………………………..Pg. 4

D.  APPLICATION OF RULE 11…….…………………………………………...…………Pg. 9

E.  RULE 11 SAFE HAVEN ………………………………………………………...….Pg. 15

F. FRAUD ON THE COURT…………………………………………………….....….Pg. 16

G. SERIOUSNESS OF SANCTIONS……………….…………………………………Pg. 17

H. FRIVOLOUS CLAIMS IN LEGAL POSITION AND BAD  FAITH……………...…….Pg. 21

I.    SANCTIONS SHOULD BE IMPOSED PURSUANT TO 28 U.S.C. § 1927
     AND THE COURT'S INHERENT POWERS …………………………….…………………Pg. 21

J.  CONCLUSION …………………………………………………….....……………….Pg. 26

# TABLE OF AUTHORITIES

**CASES**

*Ades v. 57th St. Laser Cosmetica, LLC*, 2013 WL 2449185, *12, 2013 U.S. Dist. LEXIS 79864, *35 [S.D.N.Y., June 6, 2013, No. 11 Civ. 8800(KNF) ] )

*Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 [1st Cir.1989]

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 369 F.3d 91, 98 (2d Cir. 2004)

*Baba–Ali v. State of New York*, 19 N.Y.3d 627, 634, 951 N.Y.S.2d 94, 975 N.E.2d 475 [2012]

*Bobcar Media, LLC v. Aardvark Event Logistics, Inc.*, Slip Copy No. 16-CV-885 (JPO), 2019 WL 422613, at *3 (S.D.N.Y. Feb. 4, 2019)

*Bobcar Media, LLC*, 2019 WL 422613, at *3

*Browning Debenture Holders' Comm. V. DASA Corp.*, 560 F.2d 1078, 1089 (2d Cir.1977)).

*CDR Creances S.A.S. v. Cohen*, 23 N.Y.3d 307, 318–21, 15 N.E.3d 274, 282–84 (2014)

*Centauri Shipping Ltd. v. W. Bulk Carriers KS*, 528 F.Supp.2d 197, 200 n. 3 (S.D.N.Y.2007)

*Chambers v. NASCO*, 501 U.S. 32, 50 (1991)

*Cont'l Cas. Co. v. Marshall Granger & Co., LLP*, No. 11 Civ. 3979 (CS), 2017 WL 1901969, at *7 (S.D.N.Y. May 9, 2017)

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990)

*DAG Jewish Directories, Inc. v. Y & R Media, LLC*, 2010 WL 3219292, *1, 2010 U.S. Dist. LEXIS 82388, *1–4 (S.D.N.Y., Aug. 12, 2010, No. 09 Civ. 7802(RJH)

*Dow Chem. Pac. Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 344 (2d Cir.1986)

*Dow Chem. Pac. Ltd.*, 782 F.2d at 344

*Eisemann*, 204 F.3d at 396

*Enmon v. Prospect Capital Corp*, 675 F.3d 138 (2d Cir. 2011)

*Fishoff v. Coty Inc.*, 634 F.3d 647, 654 (2d Cir.2011)

*Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1327–29 (2d Cir.1995)

*Hargrove v. Riley*, 2007 WL 389003, *11, 2007 U.S. Dist. LEXIS 6899, *37–39 [E.D.N.Y., Jan. 31, 2007, No. CV–04–4587 (DGT) ]

*Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 246, 64 S.Ct. 997, 88 L.Ed. 1250 [1944]

*Herzlinger v. Nichter, No. 09 Civ. 00192(JSG)(PED), 2011 WL 4585251, at \*5 (S.D.N.Y. Sept. 8, 2011), adopted by 2011 WL 4575126 (S.D.N.Y. Oct. 3, 2011).*

*Hoatson v. N.Y. Archdiocese, No. 05-Civ-10467 (PAC), 2007 WL 431098, at \*9 (S.D.N.Y. Feb. 8, 2007)*

*Id. at 337 (quoting Sierra Club, 776 F.2d at 390)*

*In re Spa Chakra, Inc., No. 09-17260 (SMB), 2013 WL 3286241, at \*8–9 (Bankr. S.D.N.Y. June 27, 2013)*

*In re Sun Prop. Consultants, Inc., No. 8-16-72267-LAS, 2021 WL 3375831, at \*3–4 (Bankr. E.D.N.Y. Aug. 2, 2021)*

*Ipcon Collections LLC, 698 F.3d at 63; Perez, 372 F.3d at 325; McLeod, 995 F. Supp. 2d at 145*

*Keller v. Mobile Corp., 55 F.3d 94, 99 (2d Cir.1995)*

*Koschak v. Gates Constr. Corp., 225 A.D.2d 315, 316, 639 N.Y.S.2d 10 [1st Dept.1996]*

*Mahoney v. Yamaha Motor Corp. U.S.A., 290 F.R.D. 363, 368 (E.D.N.Y. 2013)*

*McMunn v. Memorial Sloan–Kettering Cancer Ctr 191 F.Supp.2d at 445, 462*

*Morley v. Ciba–Geigy Corp., 66 F.3d 21, 25 (2d Cir.1995)*

*Nemeroff v. Abelson, 620 F.2d 339, 348 (2d Cir.1980)*

*New York v. Operation Rescue Nat'l, 80 F.3d 64, 72 (2d Cir.1996)*

*O'Malley v. N.Y.C. Transit Auth., 896 F.2d 704, 706 (2d Cir. 1990)*

*Pannonia Farms, Inc. v. USA Cable, No. 03 Civ. 7841 (NRB), 2006 WL 2872566, at \*5 (S.D.N.Y. Oct. 5, 2006)*

*Passlogix, Inc. v. 2FA Tech., LLC, 708 F. Supp. 2d 378, 393 (S.D.N.Y. 2010)*

*Pennie, 323 F.3d at 87, 323 F.3d 86, 90 (2d Cir.2003).*

*Perpetual Sec., Inc. v. Tang, 290 F.3d 132, 142 n. 4 (2d Cir.2002)*

*Reichmann v. Neumann, 553 F.Supp. 2d 307, 320 (S.D.N.Y. 2009)*

*Rezende, 2011 WL 1584603, \*6, 2011 U.S. Dist. LEXIS 45475, \*18*

*Sanchez v. Litzenberger, 2011 WL 672413, \*8, 2011 U.S. Dist. LEXIS 18528, \*21 [S.D.N.Y., Feb. 24, 2011, No. 09 Civ. 7207(THK) ]*

*Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 334, 336, 337-338 (2d Cir.1999)*

*Shangold v. Walt Disney Co.*, 2006 WL 71672, *1, 2006 U.S. Dist. LEXIS 748, *1–4 (S.D.N.Y., Jan. 12, 2006, No. 03 Civ. 9522(WHP)), affd. 275 Fed.Appx. 72 (2d Cir.2008)

*Skywark v. Isaacson*, 1999 WL 1489038, *14, 1999 U.S. Dist. LEXIS 23184, *50–51 [S.D.N.Y., Oct. 14, 1999, No. 96 Civ. 2815(JFK) ], affd. 2000 WL 145465, 2000 U.S. Dist. LEXIS 1171 [S.D.N.Y., Feb. 9, 2000] ).'

*Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012)

*Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 387, 389 (2d Cir.2003)

*Tantaros v. Fox News Network LLC*, No. 17 Civ. 2958, 2018 WL 1662779, at *3 (S.D.N.Y. Mar. 16, 2018)

*United States v. Seltzer*, 227 F.3d 36, 40 (2d Cir.2000) (quoting *Oliveri*, 803 F.2d at 1272)

*Young v. Suffolk Cty.*, 922 F. Supp. 2d 368, 396 (E.D.N.Y. 2013)

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS MOTION FOR SANCTION PURSUANT TO RULE 11 AND 28 U.S.C. § 1927

### ARGUMENT

### A. Fed. R. Civ. P. 11

The purpose of Fed. R. Civ. P. 11 "is to deter baseless filings" and "streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990) (citing Advisory Committee Note on Fed. R. Civ. P. 11, 28 U.S.C. App., p. 576). It does so by "[imposing] an 'affirmative duty on each attorney that among other things,  [to ensure their factual contention are either supported by evidence or contains defenses or legal contentions that are warranted under law and/or are non-frivolous] and reasonable inquiry is made in a pleading' before actually signing it." *Hoatson v. N.Y. Archdiocese*, No. 05-Civ-10467 (PAC), 2007 WL 431098, at *9 (S.D.N.Y. Feb. 8, 2007) (quoting *O'Malley v. N.Y.C. Transit Auth.*, 896 F.2d 704, 706 (2d Cir. 1990))

Under Rule 11(b), an attorney who presents "a pleading, written motion, or other paper" to the court "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that the filing: (1) "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;" (2) contains "claims, defenses, and other legal contentions" that are "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;" (3) contains factual contentions that are either supported by evidence or "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;" and (4) contains "denials of factual contentions" that "are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."[6] Fed. R. Civ. P. 11(b)(1)-(4). This "require[s] litigants to '**stop-and-think**' before initially making legal and factual contentions ... and emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable ...." Fed. R. Civ. P. 11 advisory committee note to 1993 amendment.

Counsel, therefore, "must undertake [a] reasonable inquiry to ensure that papers filed are well-grounded in fact, legally tenable, and not interposed for any improper purpose." *Mahoney v.*

*Yamaha Motor Corp. U.S.A.*, 290 F.R.D. 363, 368 (E.D.N.Y. 2013) (quoting *Young v. Suffolk Cty.*, 922 F. Supp. 2d 368, 396 (E.D.N.Y. 2013)).  *In re Sun Prop. Consultants, Inc.*, No. 8-16-72267-LAS, 2021 WL 3375831, at *3–4 (Bankr. E.D.N.Y. Aug. 2, 2021)

### B. PROCEDURAL BACKGROUND ON INFRINGING PLEADING ECF129

On September 16, 2021 Magistrate Judge Aaron issued a Report and Recommendation on Defendants' Motion to Dismiss Plaintiffs first amended complaint. (ECF113, or the "Order"). The Order relates to a First Amended Complaint that was filed on January 15, 2021 (ECF57 and various exhibits attached or incorporated to the pleading[1]). Defendants NFA, Wahls, Kiela and joined by Kadlec[2], (collectively "NFA" for purposes of this memorandum) represented by Mr. Gregory Boyle and Mr. Zachary Schauf, through the law firm Jenner Block, (collectively "Boyle" for purposes of this Memorandum) filed a Motion to Dismiss at ECF74 on March 15, 2021. The motion was joined in part by Defendant Kadlec and his counsel Mr. Daryl Schumacher and filed at ECF77 also on March 15, 2021.  The Court afforded each counselled Defendant **sixty (60) days** *each* to file their motions to dismiss without any overlapping motions and interrupted.

The Court maintained a hard-deadline to file our opposition to the MTD which was filed on June 30, 2021, giving us, with concurrent filings in related cases, about **ten (10) days** to devote our efforts to this filing.[3] Nonetheless Plaintiff met the deadline and filings were made on June 30, 2021 at ECF99 – ECF101. Because of the pleadings were filed many of the references to the paragraphs had not been completed and were left as ¶XX. On July 20, 2021 the Court allowed a same-day deadline to up-date the pleading to fix the references -and the correct filings to be corrected at ECF106, ECF 107 and ECF108.  The Court accepted our amended and corrected briefs ECF106 and ECF108 which apply to NFA Defendants and ECF107 which apply to Defendant Kadlec.

The Court, also accepted a lengthier filings, including a statement that because Plaintiff is Pro-Se, it had accommodated some lenience in the additional length of the pleading.

---

[1] see e.g. ECF1.1, ECF1.4, and ECF31, ECF 58.1  G&F Agreement that were filed under seal.

[2] In ECF130 Defendant Kadlec joined all of NFA's brief. Mr. Schumacher did not join or contribute to the pleading.

[3]  In Related Cases 20-Cv-3871, there was extensive motion practice in case 20-CV-3871 including an Oral Telphonic conference on April 30, 2021 and we had requested six weeks (45 days) to respond to the MTD, with an interrupted period of time in June 2021. Instead, on June 7, 2021 Judge Aaron issued another parallel Order, this time in Related-Case 20-CV-3873 ECF63 which resulted in several motions practice in that case number which were due to be filed by June 22, 2021. Instead of having the allocated amount of time to respond to the Opposition to the Motions to Dismiss,

Memorandum of Law – Page 3

On August 15, 2021 Defendants completed their Reply briefs at ECF109 (for Kadlec Defendant) and ECF110. Defendant Kadlec again joined in part substantial parts of Defendant NFA's motion. The Motion to Dismiss was ripe for ruling.

On September 16, 2021, with only a month to review the extensive pleadings,  Judge Aaron issued a ruling, to dismiss the Complaint for two main grounds: (a) on the statute of limitations and (b) that Plaintiffs did not plead monetary damages that were not speculative. (ECF113 17-24).  What was apparent in the substantial first impression areas of law, Judge Aaron did not reach the merits of the case on several areas of law that are material and relevant to a private right of cause of action brought under 7 U.S.C. 25(b). Specifically, the core issues that were not touched upon include **bad faith**, **fraud** and the substantial **aiding and abetting c**laims. Therefore majority of the substantive issues that were briefed in the original MTD's (ECF74 and ECF77) and Plaintiff's Oppositions (ECF106-108) were overlooked. Instead the main finding (discussed later below) was related to the application of equitable tolling and fraudulent concealment on the Statute of Limitations. [4]

His Order was filed on September 16, 2021, the day before Plaintiff had another filing scheduled to start in related case on September 17, 2021.

Accordingly this Court graciously adjusted the scheduling to allow Plaintiffs to file their objections on October 18, 2021 (ECF124), which they did timely. As carefully itemized in the Objections (ECF124) to the Report and Recommendation was focused issues in compliance with FRCP 72 to cite solely to Judge Aarons' Order. Pursuant to FRCP 72 -

> Parties may not raise new arguments in their objections that were not raised before. *Gonzalez v. Garvin*, No. 99-cv-11062, 2002 WL 655164, at *2 (S.D.N.Y. Apr. 22, 2002). "A proper objection requires reference to a specific portion of the magistrate judge's recommendation; if a party makes only conclusory or general objections or simply reiterates his original arguments," then the Court again "need only satisfy itself that there is no clear error." *Pacheco v. Chickpea at 14th St. Inc.*, No. 18-cv-251, 2019 WL 3554460, at *1 (S.D.N.Y. Aug. 5, 2019); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y.

---

[4] Plaintiffs as CTA's have alleged they were fraudulently induced into the NFA Arbitration (despite extensive due diligence to learn the nature of their claims) and after affirmative steps of concealment by NFA and Kadlec, did not learn of the material facts or NFA's involvement in the fraud and CEA violations until February 26, 2019. Therefore they had no knowledge of their CEA claims until 2019. Also there is an inherent conflict of interest in the statutes 7 U.S.C. 25(c) which requires claims be brought in District Court, and NFA's own member rules, which conflict, and require claims be brought in Arbitration. Plaintiffs have alleged NFA went further, to intentionally induce the Arbitration, knowing that facts could be revealed and documents with their signatures that would show they were also liable for violations under Section 22. All the foregoing warrant equitable tolling and equitable estoppel. It was not until November 19, 2019 that the Arbitration Panel ordered a stay, ruling that the CEA claims against NFA could not continue in parallel – under 7 USC 25(b), and Plaintiffs argue the claims should be tolled till that date November 19, 2019.

> 2008) ("Reviewing courts should review a report and recommendation for clear error
> where objections are merely perfunctory responses, argued in an attempt to engage the
> district court in a rehashing of the same arguments set forth in the original petition."
> (internal quotation marks omitted)).

In compliance with the above, Plaintiffs filed a comprehensive Objection to the Order to the critical issues overlooked which was filed timely at ECF 124 on October 18, 2021. The Court granted NFA and Boyle ( as counselled Defendants) a similar extension of two weeks and their Opposition was filed on November 15, 2021. (ECF129 and ECF130) Plaintiffs had another overlapping deadline due on December 14, 2021 (20-CV-3871 – ECF114, ECF115, ECF116.) Replies in this action originally had been scheduled the following week December 21, 2021.[5] Due to the exposures in NYC to Covid / Omicron, by both Plaintiff and their counsel were inadvertently out of the office and scheduling was adjusted. (ECF132, ECF133). Plaintiff Kumaran returned to the office on January 3, 2022. (ECF135, ECF136) Reply briefings are now scheduled for January 18, 2022. (ECF134)

### C  SUMMARY OF INFRINGING CONDUCT

Upon return, Plaintiff Kumaran began a thorough review of the filings that were pending at ECF129. What was supposed to be an easy Reply memorandum, Plaintiff then recognized that the Opposition Papers filed on November 15, 2021 by Defendants NFA, Wahls, and Kiela contained several and egregious fabrications of the Order and far exceeded the boundaries of a FRCP 72 motion. The pleading was signed by counsel of record Mr. Gregory Boyle and also names Zachary Schauf filed on behalf of Jenner Block.[6]

In the original objection Motion (ECF124)) Plaintiffs[7] itemized the following subset of issues:

- Issues 1A – 1K  - related to the statute of limitations;

- Issue  2A – 2F  - related to 7 USC 25(b) damages and individual claims against Wahls. Kiela and Kadlec, and certain Compliance Rules including 2-26 and 2-29

- Issues 3A – 3E – related to registration violations, Bylaws 301(a)-(e) and NFA 2-2(i)

---

[5] Over the holidays Plaintiff Kumaran notified the Court that due to rise in Omicron cases in NYC that there had been an exposure and both Plaintiff Kumaran, and subsequently her attorney also reported positive tests and were effectively taking a short leave with Plaintiff Kumaran returning to the office on January 3, 2021.

[6]The filing notes that Mr. Kadlec in his individual capacity in ECF130 joined the NFA brief (ECF 129) for Section 22 claim. Counsel for Kadlec, Mr. Daryl Schumacher did not join, or sign or contribute to the pleading.

[7] The objections ECF124 were joined by NRCM in the interests of efficiency but Plaintiff Kumaran. Likewise Kadlec joined the NFA briefs in the interests of efficiencies. NRCM's motion was filed against Kadlec ECF125 and ECF130 which are not part of subject matter of this motion. Kumaran also joined NRCM's motion in the interest of efficiencies.

Memorandum of Law − Page 5

- Issues 4A − 4E − related to Fraud Claims under Section 22 which grant a private right of action to traders under the implied rights of action under 7 USC 25(b)

- Issues 5A − 5C − related to NFA's role under 7 USC 21(b)(10) as Administrators of an Arbitration and acting concurrently Co-Defendants under 7 USC 25

- Issues 6A − 6B − related to State Law, and Immunity and Supplemental Jurisdiction

Nearly all the issues before the Court are *__first impression issues__* of law − regarding the important rights of CTA's and traders, to have their regulator (with whom their membership is mandatory) enforce the compliance rules. At the heart of this case is the Congressional statute 7 USC 25(b). Courts such as *Sam Wong,* 735 F.2d at 677. *Minpeco, ID* 693 F. Supp. 58, 62 (S.D.N.Y. 1988) have held in the application of **7 USC 25(b)**

> *The Commodity Exchange Act, which embodies the statutory model of exchange self-regulation, mandates that we strike a balance that does not insulate exchange officials from answering serious questions posed by injured traders. To do otherwise would drastically curtail the private right of action deemed essential to the regulatory framework established by Congress. . . .*

Plaintiffs brought six (6) claims under the CEA Section 2. They were Counts 1 and 2 which related to NFA's bad faith failure to enforce several Complaint Rules that are required under 7 USC 21 (see ¶57-¶76); Count 3 for fraud (which is the implied private right of action under Section 22); Counts 4 and 8 − which is private right of action for aiding and abetting liability delineated in 7 USC 25(b), and also Count 13 − related to NFA's conflicted role in the Arbitration as an Arbitrator (as well as Co-Defendant) and conflicts in the Federal Statute 7 USC 25(c) which gives jurisdiction to this case in District Court while Plaintiffs as registered members were mandated to Arbitrate CEA 22 claims leading to conflict.

Judge Aaron however never reached the merits of the case on nearly all the foregoing CEA 22 claims. Instead, the main reason for dismissal is he (incorrectly as argued by plaintiffs) failed to apply the doctrine of equitable tolling and equitable estoppel, arguing for the first time, that a September 29, 2017 email by broker Trey Lazzara (ECF57.12) gave Plaintiffs knowledge of the CEA Violations and unlawful conduct of the NFA (which in fact grouped together all the regulators NFA, CFTC and CME). Plaintiff argued carefully in **Issue 1C** that the R&R's reliance on that email was a plain error. Neither NFA nor Kadlec in their briefing of ECF74 and ECF77, had referred to that Sep 29 2017 email as in anyway being indicative of a CEA 22(b) violation or adequate notice that NFA, CFTC and CME had

acted in bad faith or failed to enforce its rules under 7 USC 25(b) **Issue 1C** was probably the core and most central issue to the Court n the Objections to the Report and Recommendations. as on which it led to wrongful dismissal of all six (6) claims [8]. The main objection raised in Issue 1C (ECF124) stated that the Report's suggestion that a CTA should have filed claims against all three regulators NFA, CFTC and CME on September 30, 2017, without the material facts needed to assert bad faith or plead a claim,  was irresponsible – and no reasonable investor or party could have construed that Sep 27, 2019 email in isolation - to suggest that all the regulators NFA, CFTC and CME were parties to any unlawful conduct or fraud – which is required under the CEA to plead bad faith.

**In Opposition to Issue 1C – NFA and Kadlec are silent. (ECF129 and ECF130)**

Since they offer no rebuttal to Issue 1C, Defendants therefore conceded (by waiving their defense) there was a plain error in the use of this emails. Therefore on the central issue of law and fact in the objections (see Issue 1A -1E) main reason for the wrongful dismissal was argued as related

---

[8] Issue 1C in ECF124 states:  No reasonable investor of ordinary intelligence would construe that email, to be notice **_all the regulators_** had committed a fraud (or had in bad faith caused a CEA violation). Second, it ignores the other facts, i.e. on Sep29 Plaintiffs email to Lazzara indicated they were not in fact aware of a scheme, but were diligently inquiring about what the relationship was. Material facts show they only uncovered their trade secrets were disclosed on October 12, 2018 (¶611)). Third, and the most glaring error of all, it also ignores the simultaneous emails on dates Sep 27 and 29, from Plaintiffs **to the NFA** (See ¶715, ¶613-¶619 ECF1 Exhibit4[8]) showing Plaintiffs due diligence and NFA's affirmative steps to conceal. The Report also errs to ignore other facts, incorporated in the FAC (Exhibit 12) that the only public notice related to NFA's approvals of ADMIS/HRF was an aged 2014 transfer of Vision customers. Taken together, Plaintiffs had no ability to construe from ECF57.12 that had anything to do with an ongoing relationship as NRCM was formed in 2016[8].  Other facts show no other <u>public notice</u> of such a "relationship approved" by the NFA, CFTC and CME sufficient to show bad faith causation. Facts show NFA and Kadlec intentionally concealed material facts of the G&F Agreements (ECF31) until **November 12, 2019.** to prevent CEA causation being known. Other facts, show the Sep29 email was not sufficient to show regulators committed fraud and ignores Plaintiffs calls to the CFTC and CME in May 2018. (¶282, incorporating 3873ECF15.5 ¶39-42). Both these calls suggested that the regulators were not parties to a fraud. Further, most telling is the Reports omission that on March 25, 2018 NFA, pretended they knew nothing about it, and as part of the fraudulent concealment, stated they would implement "compliance investigation" _only_ if they brought their claims at the NFA Arbitration for $9,500 and thereby intentionally inducing Plaintiffs to prevent bringing their CEA claims. Therefore putting all the facts together, it is clear that NFA and Kadlec, by their own affirmative steps, fraudulently concealed their role in the CEA violations for 25(b).

The Reports suggestion is irresponsible - that Plaintiffs as registered CTA's, based one partial snippet of a sentence on Sep 29, 2017 grouping "NFA, CFTC and CME" to having approved a "non-descript" and  "non-public relationship", Plaintiffs should have run into Federal Court on September 30, 2017 and brought suit against _all regulators_ for fraud. This is nonsensical. The R&R fails to apply any of the due diligence Plaintiffs undertook to obtain the material facts to plead a claim for bad faith under 25(b). Therefore the Court made a plain error that an edited clip, without review of all the facts was sufficient that Plaintiffs could bring a cause of action for bad faith under 7 USC 25(b).

to not applying the fraudulent concealment of equitable tolling related to both the Sep 29 email and fraudulent concealment NFA and Boyle had no defense to incorrect dismissal of all six(6) CEA claims Judge Aaron's Report based on the Sep 29 email. As such Issue 1C was waived.

Instead, it appears  as no legitimate defense to Issue 1C could be raised, NFA and Boyle have attempted another legal strategy to procure an unfavorable outcome to Plaintiff. Instead they have resorted to plain misrepresentation of the core facts and issues. As is clearly itemized in the Exhibits the pleading contains multiple false statements and fabrications of the Report and Recommendations that is subject to review in this briefing. Attached hereto in **Exhibits 1, and Exhibit 7A-7B-7C) are over fifty (50) false statements of infringing conduct** that demonstrates a consistent pattern of dishonest and frivolous conduct that was designed to prejudice Plaintiff in this action – presumably because Plaintiff is *Pro-Se* – it is with the hope the District Judge will just cut and paste from *counselled* pleadings. Among the many deficiencies and sanctionable conduct in the Opposition ECF129, it is also noted, that despite the express reference to the "corrected" and amended motions in R&R at 12 (ECF 106 and ECF108) NFA and Boyle continued intentionally and flagrantly cite to an outdated pleading ECF99. As outlined in the Safe Harbor Rule 11(c) letter, the filing demonstrated in black and white that multiple of the factual statements and legal arguments contained in ECF129, as well as purported quotes and references to both the Report and Recommendations (which is an Order at the Court) were blatantly untrue. Not only was the R&R fabricated, multiple of Plaintiffs' own quotes and references from Plaintiffs' own pleadings were flagrantly misquoted. It was really astonishing to find counsel engage in a complete fabrication of the Recommendations made by Judge Aaron. This can be viewed as nothing short of fraud on the Court, and a filing made for improper attempt to prejudice a Pro-Se litigant and violates the code of conduct of attorney under Rule 11. As itemized in detail in Exhibit 1 and 7A, 7B and 7C.

- Defendants have altered, misquoted and materially fabricated an Order of Report and Recommendations by Magistrate Judge Aaron (ECF113) on over a dozen times, inserting words and conclusions that were never stated in the R&R, that you willfully imputed to him including making incorrect references to said Order. For example but without limitation they state Judge Aaron ruled that "rigorous audits would not have unearthed an illegal oral agreement" R&R at 22. The black and white text shows no such ruling occurred.

- Defendants have attempted to materially deceive the Court, over five times, that Plaintiffs did not bring six valid causes of action under 7 U.S.C. 25(b)(3) for aiding and abetting liability and

fraud and pretend they were raised for the first time, when the black and white text of the filings at ECF 106, ECF 107 and ECF 108 show they were brought under Section 22.

- Defendants have over a half a dozen times, flagrantly attempted to deceive the District Judge that several of my arguments were raised "for the first time" or brought under a wrong section of the rules – when such statements are false and can be proven as factually untrue and fraud on the Court - by a clear and plain comparison to the originally filed Complaint and Opposition briefings.

- Defendants have falsely represented to the Court over a dozen times, core findings and representations made either by the R&R or by myself – for instance making false statements that I complained about the "Arbitrators" or the "Panel" - so that the District Judge would be polarized against the Pro-Se Plaintiff and not review the briefs and cut and paste from their filings. No such allegations were made against an Arbitrator or the Panel and falsifying pleadings is fraud on the Court.

- Defendants have deliberately used old pleadings and incorrect citations that are drawn from outdated pleadings (See referencing ECF99 instead of ECF 106 and ECF108), with the intent to deceive the Court on the relevant paragraphs that were intended to be review for resolution on central issues of law. This is despite the clear fact that Judge Aaron used the corrected pleadings at ECF 106 and ECF108.

- Defendants have deliberately referenced incorrect NFA Rules of Arbitration. Instead of using NFA Member Rules of Arbitration found at https://www.nfa.futures.org/rulebook/rules.aspx?Section=6 – they have mislead the Court to use incorrect set of NFA Customer Rules of Arbitration found at https://www.nfa.futures.org/rulebook/rules.aspx?Section=5 with the knowledge that as customer they are applied to a different set of arbitraton rules. This was done to deceive the Court and for improper purpose on the relevant facts of law. ECF129 Pg. 23 n.12.

- Defendants have spent pages of their opposition, on issues that are not subject to this motion on Objections or the R&R – instead engaging in fact-free freewheeling and rehashing your Motion to Dismiss (which as you know under a FRCP 72 motion) they are not permitted to do. Going further than just rehashing your MTD (which they are not permitted to do) they have also augmented multiple new arguments (for example inserting arguments for the first time whether NFA knew that High Ridge Executives were exceeding their authority). There was no such argument raised in the Motion to Dismiss (ECF74) or the Reply (ECF109), or ruled on by Judge Aaron (ECF113), Accordingly neither was it raised in the Objections motion.

- Their out-of-control pleading has bombarded the Court with new arguments and new legal theories, when it is clear Judge Aaron never ruled on – for instance ' "Knowledge" (ECF at 108, at 8-12 33)  "Conscious Avoidance" (ECF 108 at 39-42, ECF 107 at 13-14) or "Knew or Should Have Known" (ECF 106 at 13, ECF 108 at 32). Yet they are inappropriately and on

multiple occasions rehashed in their filing ECF129 – going as far as to lie about Judge Aarons finding.

> See e.g. ECF 129 at Pg. 19
>
> Magistrate Judge Aaron found that he did not need to reach this question because Plaintiffs pled no non-conclusory facts showing that more rigorous audits would have *unearthed* High Ridge's alleged fraud or secret oral agreement. Id (R&R at 22)(emphasis added by NFA)

This is fraud on the Court. There was no such finding in the R&R at 22.

- Not only have they engaged in a completely new MTD, worse, they have deceived the Court, to impute these new arguments, to Judge Aaron, often times citing to completely inaccurate reference (See e.g Pg. 20 pretending their quote came from R&R at 20, but no such finding or quote never exists). Not only were these issues of law not reached by Judge Aaron, they have fabricated findings by the Magistrate (that never existed) to support a fictional narrative and to deceive the District Court on your version of the fact which is also prohibited under a 12(b)(6) motion.

This can only be for improper purpose, when considered in conjunction with the abundant and excessive **fifty (50)** fraudulent and infringing statements made to the Court The filing and mis-statements were intended to prejudice the Court against me, so that it would "frustrate the Court" looking at an outdated pleading in ECF99 – which did not have the correct paragraph references and were marked with a simple ¶XX – and were expressly by Judge Aarons Order at 12 as superseded by corrected filings at ECF 106 and ECF 108 – which does have several corrected paragraph references and were what Judge Aaron referred to in his Order. This conduct was bad faith because in your attempt to frustrate the Court, to have them review an outdated pleading, it was designed to procure a ruling in Defendants' favor, without a proper review on the merits of the case. This violated Rule 11(b)(1)(2) and (3) and is also violates the rules for motion practice under FRCP 72. A detail of Exhibit 1, and Exhibits 7A-7B-7C, outlined over fifty (50) misstatements and factual errors.

### D – APPLICATION OF RULE 11 TO THIS MOTION

While Rule 11(a) requires "[e]very pleading, written motion, and any other paper" filed with the court be signed by at least one attorney of record individually (or by a party personally if the party is unrepresented), Rule 11(b) makes clear that an attorney who files, submits or later advocates the pleading, written motion or other paper, is certifying that the requisite inquiry under Rule 11(b) was made to the best of the person's knowledge, information, and belief formed after an inquiry reasonable under the circumstances, even if the person did not sign the paper. Fed. R. Civ. P. 11.

Boyle, Schauf and its law firm Jenner Block, failed to make even the slightest attempt to conform with

the strict requirements of opposing an Objections motion – which by their own admission states

> "A proper objection requires reference to a specific portion of the magistrate judge's recommendation; if a party makes only conclusory or general objections or simply reiterates his original arguments," then the Court again "need only satisfy itself that there is no clear error." *Pacheco v. Chickpea at 14th St. Inc.*, No. 18-cv-251, 2019 WL 3554460, at *1 (S.D.N.Y. Aug. 5, 2019); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." (internal quotation marks omitted)).

Instead they attempted to play fast and loose with the Court, to intentionally violate the

procedures and go as far as to fabricate a Magistrate Judge's Order to procure an favorable ruling on

the case and to divert the Court from basing its review on the legitimate fraud and legal issues

presented against the NFA – but by deceiving the District Judge that various legal conclusions were

made by Judge Aaron (which weren't as is shown in the black and white errors made) and to malign

and prejudice a Pro-Se Plaintiff – with the hope to discredit Plaintiff in the eyes of Federal Court –

going as far as to quote from old and superseded pleadings, incorrect rules, filing legal argument on

rules and laws that they know don't even apply to this case (such as linking to a Customer Set of Rules

of Arbitration while elsewhere they have asserted that Member Rules of Arbitration). This is to

confuse the Court or belittle Plaintiff, that she was confused on the rules – when in harsh reality – it

is the NFA, Boyle and Schauf that knowingly mislead the Court on incorrect Arbitration Rules – and

also intentionally mislead the Court on other material rules such as Bylaw 301(c), Bylaw 301(a)-(e).

There are *dozens* of misquotes from the Report and Recommendations – several mis-

references to supposed findings and incorrect rules – and the filing did not conform with the

Opposition of an Objections Report – brazenly and arrogantly deviating from the focused Objections

Issues raised, to pound the Court with its own frivolous and "nouveau" version of a MTD not just

rehashing previous issues – but adding on more and more unbriefed issues – clearly waived in ECF74

and pretending Judge Aaron ruled on. Boyle, Schauf and NFA Defendants have impaled the Court

with a smattering of "new arguments" in Opposition – with the hope that Pro-Se Plaintiff would not

have the opportunity to counter them – given the tight limits – and strict page counts in Reply.

The foregoing opposition brief submitted to the District Court – was entirely not supported

by the Order, or the previous filings on the record (ECF106-ECF108), and was clearly not colorable

and was done in bad faith. The reasons for the infringing filing appear to be to have the District Judge

improperly cut and paste from counselled briefs, (discredit *Pro-Se* Plaintiff)) without reviewing in detail the facts in the original pleadings or R&R, and to distract the Court from applying the letter of law and discussing the central issues. Much of the pleading was designed to confuse the Judge (as well add cost and burden to the process) to abuse their position as counsel to create mis-citations, relying on the fact that because Plaintiff is *Pro-Se*, the Court may not refer back to see what Magistrate Judge actually ruled. This would create a ruling based on fictional and fabricated narrative. Plaintiff has demonstrated in black and white in the Exhibits 1 and 7A-7B-7C that Defendants and their counsel committed fraud on the Court. This violates Rule 11(b) and is intended to defeat the essence of the truth seeking process – which is inherent in a Court's review of these allegations that gave a private right of action under 7 USC 25(b) and the dozens of *first impression* laws and rules that are at issue here – and need the Court's review properly and fairly – not based on a stream of fabrications from the Order.

Therefore Plaintiff files this brief against the parties who engaged in the filing of this brief, and files its timely before  Replies are due on January 18, 2022 and requests the infringing parties withdraw or correct the pleading timely. This sanction motion is not just against attorneys who filed and signed the papers and but any party who joined the papers and had the full opportunity to file his own independent brief and correct numerous misstatements.

## D.II - Type of Sanctions to be Awarded: Factors Considered

Rule 11(c) provides that if "the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c) (emphasis added). As stated above, the decision whether to impose sanctions lies within the discretion of the court. *Ipcon Collections LLC*, 698 F.3d at 63; *Perez*, 372 F.3d at 325; *McLeod*, 995 F. Supp. 2d at 145. "[D]ecisions to impose Rule 11 sanctions must be made with restraint ...." *Pannonia Farms, Inc. v. USA Cable*, No. 03 Civ. 7841 (NRB), 2006 WL 2872566, at *5 (S.D.N.Y. Oct. 5, 2006). Accordingly, the imposition of sanctions must be exercised with caution. *Mealus,* 2015 WL 4546023, at *4. Factors a court considers when determining whether sanctions should be imposed include:

(1) whether the improper conduct was willful, or negligent;

(2) whether it was part of a pattern o[f] activity, or an isolated event;

(3) whether it infected the entire pleading, or only one particular count or defense;

(4) whether the person has engaged in similar conduct in other litigation;

(5) what effect it had on the litigation process in time or expense;

(6) whether the responsible person is trained in the law; and

(7) what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case.

*Citing to Bobcar Media, LLC v. Aardvark Event Logistics, Inc.*, Slip Copy No. 16-CV-885 (JPO), 2019 WL 422613, at *3 (S.D.N.Y. Feb. 4, 2019) (quoting *Cont'l Cas. Co. v. Marshall Granger & Co., LLP*, No. 11 Civ. 3979 (CS), 2017 WL 1901969, at *7 (S.D.N.Y. May 9, 2017)). *See also* Fed. R. Civ. P. 11 advisory committee note to 1993 amendment.  Any sanction imposed must be measured by what is necessary to deter repetition. Rule 11(c)(4) provides that: [a] sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation. Fed. R. Civ. P. 11(c)(4).

Accordingly, the sanction to be imposed "may, but need not, include payment of the other parties' expenses", *Cooter & Gell*, 496 U.S. at 393, 110 S.Ct. 2447, but should be commensurate with what is necessary "to punish and to deter future similar conduct" as opposed to compensating the moving party. *Bobcar Media, LLC*, 2019 WL 422613, at *3 (quoting *Tantaros v. Fox News Network LLC*, No. 17 Civ. 2958, 2018 WL 1662779, at *3 (S.D.N.Y. Mar. 16, 2018)). "[T]he purpose of Rule 11 sanctions is to deter rather than to compensate." Fed. R. Civ. P. 11 advisory committee note to 1993 amendment. "Rule 11 is not a fee-shifting statute." *Cooter & Gell*, 496 U.S. at 409, 110 S.Ct. 2447. *See also Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 369 F.3d 91, 98 (2d Cir. 2004) (per curiam) ("Rule 11 is not a fee-shifting mechanism and does not create an entitlement to attorney's fees." (internal quotation marks and citation omitted)).

Prong [1]  whether the improper conduct was willful

ECF129 – and the *extensive* list of fifty-two (52) infringing items in Exhibits 1 and 7A-7B-7C can lead to no other conclusion that Boyle, Schauf and Jenner Block's conduct was willful and intended. This was not an isolated "error" or "typo" but a consistent legal strategy to misquote, fabricate the Order to divert the Magistrate's true findings and provide incorrect references and was

done solely for improper purpose.  They are aware Plaintiff is Pro-Se and the because the Sep 29 2017 email, which was the sole basis of dismissal to not correctly apply the doctrine of equiable estoppel under fraudulent concealment, and the primary argument (Issue 1C) could not be defended,  the strategy was to engage in frivolous misrepresentation so that the Court would likely to cut and paste from a counselled briefs. This was  done to intentionally misrepresent other facts (that were not subject to the Order) to give the appearance the Judge had reached conclusions that had not been arrived at and to hope by discrediting a *Pro-Se* Plaintiff – without the time and needed page count to respond, they could use the above misrepresentations to secure an favorable ruling in Defendants favor (conceal the central issue of law)  – with the hope the Court will simply not verify that the facts were false. Providing false facts to the Court not just violates Rule 11(b) but is fraud on the Court.

Prong [2]  whether it was part of a pattern of activity

As can be seen from the Exhibit 1 and Exhibit 7A-7B-7C and the repeated activity was not an isolated "typo" but was flagrantly done throughout the brief – on multiple issues of law and fact.

Prong [3] whether it infected the entire pleading or only one particular count of defense

Given the rampant conduct - in a final attempt to avoid a ruling on the merits – especially that could demonstrably prove that NFA have engaged in fraud, or avoiding and abetting fraud, as well as demonstrable violations of scores of compliance violations and failing to uphold the CEA, the legal strategy of NFA and Boyle has gone too far. What is apparent from ECF129, rather than act in good faith to have a fair game dispute on issues of law, the infringing conduct as documented in Exhibit 1 and 7A-7B-7C herein, has infected the entire pleading. It was also done for improper purpose because they knew the briefing was against a Pro-Se Plaintiff – and the Court may be more inclined to copy from counselled briefs. For instance it is expressly clear in ECF74 that, NFA and Boyle, waived a statute of limitations defense for Counts 3, 4, 8 and 13. But they have fabricated to the Court, that 7 USC 25(b) – Section 22 claims were never brought – even though the black and white pleadings ECF106-ECF108 show they were brought under Section 22.

And to deceive the Court further as outlined in the fifty two (52) items attached hereto in Exhibit 1 and 7(A)-7(B)-7(C), Defendants have gone as far as to misrepresent the actual pleadings that contained the relevant factual paragraphs the Order ECF113 referred to. (NFA and Boyle attempt to frustrate the Court by constantly referring to ECF99 and outdating filing that has no references so as to deliberately prejudice Plaintiff from the benefit of the Courts review of material facts).

As documented in Exhibits 1 and 7A-7B-7C, other bad faith and frivolous conduct, includes repeated attempts to persuade the Court that Plaintiffs' arguments were never raised before Judge Aaron when the plain text and black and white language of the pleadings and briefs, show they were raised. And on dozens of occasions, they have not just rehashed the MTD but augmented arguments that they themselves never raised before the Court, and were never touched upon in the Order, to add volumes an volumes of multiple new arguments, so that Plaintiff would be prejudiced in not having sufficient place to respond. In a Reply brief for Objections, Plaintiffs should have no need to be responding to all together "new arguments" which were not before Jude Aaron. (see e.g. Item #22). Most importantly as outlined above, they have repeatedly misquoted Judge Aaron's finding – to the point of citing to completely fabricated page numbers and references. (e.g. Exhibit 1 #6, #30, #43, #52, #14, #15 ). This opposition thus violates their Rule 11(b) ethical duties as attorneys and has been done for improper purpose to prejudice a Pro-Se Plaintiff and overload the Court with confusing references, incorrect citations and create a diversion from the central arguments (on which Plaintiff could legitimately succeed).

The 52 examples are not just on one single issue, but to meet *Prong [3]* pervade the entire pleading. They have also improperly  - as sophisticated  knowledge that under FRCP 72 it is not permitted to do "rehash" arguments from the MTD which they state on ECF129 -   instead taken advantage of the briefing on the objections only to launch a collateral amount of rehashed and augmented MTD – (on issues not before the Court in the R&R) and use their last remaining brief to reconstruct their MTD. This is entirely improper. Recognizing Plaintiff Kumaran is Pro-Se- the simple strategy is divert the Court on a "what they wanted Judge Aaron to rule" on the multiple issues he never even reached the merits of – fraudulently imputed them to the Order to make it appear as though the Magistrate Judge ruled as so – and then extrapolated that to a rehash of the MTD . (See e.g.Exhibits 1, 7A-7B-7C). By this diversion, it is with the hopes to make the Court not thoroughly read the brief, and hope the Court will simply "rely on counselled" pleadings (without validating facts).

Fraud on the Court is a serious charge. It is when counsel intentionally knows he is signing pleadings that are not true and not supported by fact, in an attempt to mislead the Court to rule on pleadings that are supported.

Prong (4) whether the person has engaged in similar conduct in other litigation

The Court should also note that Gregory Boyle has been accused of fraud on the Court in the Troyer II case. There opposing was not a Pro-Se Plaintiff, but using the same tactic, it appears a same charge was made against Gregory Boyle in Troyer vs. NFA for waiting to the last pleading to raise contradictory arguments and manipulate facts. Regardless, it should raise a red flag. In this instant case, Plaintiff has documented (with black and white evidence) the fraud on the Court, and excessive attempt to go as far as to misquote Judge Aaron's order – with the hope that because Plaintiff is Pro-Se the Court will simply rely on a counselled brief and not check the facts.

Prong (5) what effect it had on the litigation process in time or expense;

This has substantially driven up time and expense for plaintiff, and was done while overlapping briefings are done, so that it would be even harder with filings deadlines, for Plaintiff Pro-Se to counter adequately.

Prong (6) whether the responsible person is trained in the law;

Clearly Boyle, Schauf and Jenner Block are well trained in the law and are experienced counsel from an accomplished law firm. They know and understand full well the boundaries of a FRCP 72 motion. They know that Plaintiff on the other hand is Pro-Se. Therefore as can clearly be demonstrated in Fraud#1-#52, this was done intentionally, was done in bad faith, and was done to procure an unfair procedural advantage and to create an dismissal using improper low-ball tactics, to take advantage of Plaintiff *Pro-Se* status, and to assume that a *Pro-Se* Plaintiff could not document or protect its arguments from this magnitude of dishonest fabrications of the R&R.

Prong (7) what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case.

Plaintiff defers to the Court's judgement on Prong [7] but notes the inequity in size, resource of *Pro-Se* Plaintiff who has suffered significant damages and Defendants and their all-star legal team who are flaying fast and loose with the Court and committed fraud on the Court, to divert the Court from the central issues of law.

## E.  RULE 11 – SAFE HAVEN NOTICE

Plaintiff has also complied with the Safe Haven Rule 11 notice. Plaintiff on **January 10, 2022** served both a notice of motion of sanction in compliance with Rule 11(c)(2) and has accompanied it with a request the pleading within (21) days. Rule 11 and principles of due process require that "the subject of a sanctions motion be informed of: (1) the source of authority for the sanctions being

considered; and (2) the specific conduct or omission for which the sanctions are being considered so that the subject of the sanctions motion can prepare a defense." *Schlaifer Nance & Co. v. Estate of Warhol,* 194 F.3d 323, 334 (2d Cir.1999). "Indeed, only conduct explicitly referred to in the instrument providing notice is sanctionable." *Id.* (citation omitted); *accord Storey v. Cello Holdings, L.L.C.,* 347 F.3d 370, 389 (2d Cir.2003). The safe-harbor provision is a strict procedural requirement. *Perpetual Sec., Inc. v. Tang,* 290 F.3d 132, 142 n. 4 (2d Cir.2002); *see also Hadges v. Yonkers Racing Corp.,* 48 F.3d 1320, 1327–29 (2d Cir.1995) Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd., 682 F.3d 170, 175 (2d Cir. 2012)

Rule 11(c)(2) requires only the service of "[a] motion" or "[t]he motion." *See id.* It does not require the service of a memorandum of law or affidavits, *Star Mark Mgmt., Id* 682 F.3d 170, 176 (2d Cir. 2012). However to avoid any deference that notice was not properly served Plaintiff has also drafted the memorandum of law so that no disadvantage (which was intended in the bad faith conduct) is not placed upon Plaintiffs by the Court's reliance on offending claims and misstatements in the pleading. **However to avoid any ambiguity in the Safe Harbor notice of sanction, Plaintiff also went the additional step to file a proposed draft of the memorandum of law.**

## F - THE COURT SHOULD IMPOSE APPROPRIATE SANCTIONS FOR DEFENDANTS' LITIGATION MISCONDUCT AND FRAUD ON THE COURT

Defendants and their counsel was not just frivolous and misleading statements. As carefully documented in #1-#52 they have gone as far as to fabricate a ruling by a Magistrate judge and have done so in black and white and an easily verifiable manner. This is fraud on the Court. "The essence of fraud on the court is when a party lies to the court and his adversary intentionally, repeatedly, and about issues that are central to the truth-finding process.'" *Passlogix, Inc. v. 2FA Tech., LLC*, 708 F. Supp. 2d 378, 393 (S.D.N.Y. 2010) (internal quotation marks omitted). That is exactly what has happened here. Defendants and their agents, and counsel made repeated false and misleading statements to Plaintiffs and the Court in ECF129 to mispresent (a) excerpts from a Court Order ECF113 to impute either statements never uttered by Judge Aaron, or legal issues never raised by Judge Aaron (e.g. Items #6, #14 and #15); (b) statements made by Plaintiffs; (c) legal arguments correctly raised in the original briefs ECF106, ECF108; and (d) engaged in an all-out rehashing of a MTD on conclusions never drawn by Judge Aaron, to deceive the Court that such issues were already ruled on.

Each of the **Misconduct #1-#52** was done with intent – to try to persuade the Court to ignore valid arguments – using incorrect citations - or misquote the FAC, so that the Court would cut and paste from *counselled* pleadings, and to unfairly discredit a Pro-Se Plaintiff (who has more merit worthy arguments). It was also done to conceal the true objections to the Order, and divert the Court on a list of "unbriefed" issues to play into a false narrative that is not the subject matter of this narrowly focused Issues that were carefully put forward in ECF124 (Issues $1-6$).

NFA and Boyle are well aware of the rules that an Objections to a Report and Recommendations is not an opportunity to file a third motion to dismiss on brand new arguments or rehash issues that Judge Aaron never ruled on. But they overloaded their brief – with an entire new proposition. Defendants' misconduct amounts to fraud on the Court and requires meaningful sanctions.

## G - SERIOUSNESS OF SANCTIONS FOR FRAUD ON COURT

Plaintiff's motion reflects the seriousness of Boyle's, Schauf's, Jenner Block's and NFA's conduct. Court's have held that fraud on the court involves willful conduct that is deceitful and obstructionistic, which injects misrepresentations and false information into the judicial process "so serious that it undermines ... the integrity of the proceeding" (*Baba–Ali v. State of New York,* 19 N.Y.3d 627, 634, 951 N.Y.S.2d 94, 975 N.E.2d 475 [2012] [citation and quotation marks omitted] ). It strikes a discordant chord and threatens the integrity of the legal system as a whole, constituting "a wrong against the institutions set up to protect and safeguard the public" (*Hazel–Atlas Glass Co. v. Hartford– Empire Co.,* 322 U.S. 238, 246, 64 S.Ct. 997, 88 L.Ed. 1250 [1944]; *see also Koschak v. Gates Constr. Corp.,* 225 A.D.2d 315, 316, 639 N.Y.S.2d 10 [1st Dept.1996] ["The paramount concern of this Court is the preservation of the integrity of the judicial process"] ).

The federal courts have applied the clear and convincing standard in determining whether the offending party's actions constitute fraud on the court (*see e.g. Aoude v. Mobil Oil Corp.,* 892 F.2d 1115, 1118 [1st Cir.1989]). Characteristic of federal cases finding such fraud is a systematic and pervasive scheme, designed to undermine the judicial process and thwart the non-offending party's efforts to assert a claim or defense by the offending party's repeated perjury or falsification of evidence (*id.* at 1118). Fraud on the court warrants heavy sanctions, including the striking of an offending party's pleadings and dismissal of the action.

As demonstrated in the attached Exhibits 1 and 7A-7B-7C, with black and white evidence of misconduct, to thwart the judicial process, the filing by Boyle and NFA Defendants ECF129 shows a deliberate attempt to divert the Court from the primary issues of law that were briefed in the legitimate objections frilled by a Pro-Se Plaintiffs and without conscience to flagrantly misquote Judge Aarons' Order. Because of both the page limitations, and time constraints, the conduct of Boyle, Schauf, Jenner Block and NFA was to thwart Pro-Se Plaintiff from responding to volumes of fraud on the Court **including falsification of both the pleadings and the Magistrate Judge Orders.**

The Court may for example in its inherent power, strike their opposition brief or strike their defenses for various infringing defenses. For example, in *McMunn v. Memorial Sloan–Kettering Cancer Ctr.,* plaintiff commenced suit against her former employer. Following discovery, defendant moved to dismiss citing "improper conduct of the plaintiff" (191 F.Supp.2d 440, 443 [S.D.N.Y.2002] ). The court found plaintiff "lied at her deposition ... intentionally and in bad faith, and that her false testimony directly and irrevocably destroyed potentially critical evidence" (*id.* at 448); plaintiff "repeatedly lied and misled [defendant] in an intentional effort to prevent it from deposing [a material witness]" (*id.* at 452); and plaintiff "intentionally spoiled relevant evidence" (*id.* at 454). Accordingly, the court dismissed plaintiff's claim, finding "a lesser penalty ... would be ineffective as a sanction for [plaintiff's] dishonest behavior, which pervades every aspect of this case" (*id.* at 462). In *Shangold v. Walt Disney Co.,* 2006 WL 71672, *1, 2006 U.S. Dist. LEXIS 748, *1–4 (S.D.N.Y., Jan. 12, 2006, No. 03 Civ. 9522(WHP)), *affd.* 275 Fed.Appx. 72 (2d Cir.2008), plaintiffs, authors who had submitted story proposals to a publisher owned by defendant, sued defendant claiming that defendant published a book similar to plaintiff's 1995 story (*id.*). Defendant established the plaintiffs' 1995 submission contained several references to a "Palm Pilot," a device which was not in existence when plaintiffs allegedly submitted their story proposal (2006 WL 71672, *5, 2006 U.S. Dist. LEXIS 748, *14). Accordingly, the court found plaintiffs intentionally fabricated the basis for their lawsuit, and bolstered that fabrication with perjury (*id.*). In dismissing plaintiffs' action, the court noted "no sanction short of dismissal [would] suffice to deter future misconduct" (2006 WL 71672, *5, 2006 U.S. Dist. LEXIS 748, *15).

If the defects are not cured, Plaintiffs may seek full striking of the original MTD, Plaintiffs may also seek sanctions in the form of striking in its entirety ECF129 and any other remedies permissible under similar fraud on the Court sanctions motions. For instance, In *DAG Jewish Directories, Inc. v. Y*

& R Media, LLC, 2010 WL 3219292, *1, 2010 U.S. Dist. LEXIS 82388, *1–4 (S.D.N.Y., Aug. 12, 2010, No. 09 Civ. 7802(RJH)), plaintiff sought to enjoin defendants from using their company trade name, or misrepresenting themselves as affiliated with plaintiff in an effort to *320 attract customers (id.). The court ordered a preliminary injunction. Thereafter, plaintiff moved for contempt against defendants, submitting a contract allegedly used by defendants that included plaintiff's trade name, in violation of the court's order (2010 WL 3219292, *2, 2010 U.S. Dist. LEXIS 82388, *6). The court held a full evidentiary hearing in which it found the contract submitted by plaintiff was a blatant forgery (2010 WL 3219292, *4, 2010 U.S. Dist. LEXIS 82388, *10–12), and concluded "nothing less than outright dismissal would deter similar misconduct" (2010 WL 3219292, *5, 2010 U.S. Dist. LEXIS 82388, *17).

Here the misconduct does not even require an evidentiary hearing as the facts are in black and white when compared to the Orders and pleadings on the Record. A fact based review or the evidentiary standard applied by the federal courts is sufficient to protect the integrity of our judicial system, and discourage the type of egregious and purposeful conduct designed to undermine the truth-seeking function of the courts, and impede a party's efforts to pursue a claim or defense. Courts have adopted this standard and conclude that in order to demonstrate fraud on the court, the nonoffending party must establish by clear and convincing evidence that the offending "party has acted knowingly in an attempt to hinder the fact finder's fair adjudication of the case and his adversary's defense of the action" (McMunn, 191 F.Supp.2d at 445, citing Skywark v. Isaacson, 1999 WL 1489038, *14, 1999 U.S. Dist. LEXIS 23184, *50–51 [S.D.N.Y., Oct. 14, 1999, No. 96 Civ. 2815(JFK) ], affd. 2000 WL145465, 2000 U.S. Dist. LEXIS 1171 [S.D.N.Y., Feb. 9, 2000] ).

A court must be persuaded that the fraudulent conduct, which may include proof of fabrication of evidence, perjury, and  falsification of documents concerns "issues that are central to the truth-finding process" (McMunn, 191 F.Supp.2d at 445). Essentially, fraud upon the court requires a showing "that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense" (McMunn, 191 F.Supp.2d at 445, quoting Aoude, 892 F.2d at 1118).

Here Exhibits 1 and 7A-7B-7C,  the fraud on the Court does not even need an evidentiary hearing. Plaintiffs has provided clear and unrefuted evidence of false statements – directly contradicting the wording in Judge Aarons' Order – **not once – but over 50 times.**

Not once, but the plain black and white filings in the Orders, and in Plaintiff papers show a deliberate intent to mislead, deceive the Court on the issues of law – and to essentially lie to the District Court – to pull one over on a Pro-Se Plaintiff to secure a favorable ruling.

A finding of fraud on the court may warrant termination of the proceedings in the nonoffending party's favor (*see e.g. McMunn,* 191 F.Supp.2d at 462 ["(defendant) deserves the harsh sanction of dismissal"]; *Shangold,* 2006 WL 71672, *5, 2006 U.S. Dist. LEXIS 748, *15 [plaintiffs' fabrication of evidence warrants dismissal]; *Hargrove v. Riley,* 2007 WL 389003, *11, 2007 U.S. Dist. LEXIS 6899, *37–39 [E.D.N.Y., Jan. 31, 2007, No. CV–04–4587 (DGT) ] [same]; *DAG Jewish Directories,* 2010 WL 3219292, *5, 2010 U.S. Dist. LEXIS 82388, *17 [same] ). For "when a party lies to the court and [its] adversary intentionally, repeatedly, and about issues central to the truth-finding process, it can fairly be said that [the party] has forfeited [the] right to have [the] claim decided on the merits" (*McMunn,* 191 F.Supp.2d at 445). Therefore, once a court concludes that clear and convincing evidence establishes fraud on the court, it may strike a pleading and enter a default judgment.  *See also CDR Creances S.A.S. v. Cohen, 23 N.Y.3d 307, 318–21, 15 N.E.3d 274, 282–84 (2014)*

It is clear that NFA and Boyle's misquoting of the Report and Recommendations goes to the heart of the issues that Plaintiffs raised to prove their 7 USC 25 (b) claims. And with irony that the main issue of a tendency and pattern of committing fraud – is also before this Court in Count 3. (See ECF 108 at 1-38). Since the pattern of conduct, of committing fraud – is central to what is Plaintiffs will seek relief, as steep as striking the entire motion to dismiss, and as well, being able to move to discovery. Courts have held that Dismissal or Striking of Pleadings is most appropriate in cases like this one, where the conduct is particularly egregious, characterized by lies and fabrications in furtherance of a scheme designed to conceal critical matters from the court and the nonoffending party; where the conduct is perpetrated repeatedly and wilfully, and established by clear and convincing evidence, such as the documentary and testimonial evidence found here.  CDR Creances S.A.S. v. Cohen, 23 N.Y.3d 307, 321, 15 N.E.3d 274, 284 (2014)

Plaintiff will move for other remedies also.  It is accepted that the court may impose other remedies including awarding fees and awarding other reasonable costs incurred (See also, *Rezende,* 2011 WL 1584603, *6, 2011 U.S. Dist. LEXIS 45475, *18, *Sanchez v. Litzenberger,* 2011 WL 672413, *8, 2011 U.S. Dist. LEXIS 18528, *21 [S.D.N.Y., Feb. 24, 2011, No. 09 Civ. 7207(THK) ] ["Plaintiff will be required to reimburse Defendants for the expenses and fees incurred in rooting out Plaintiff's true

identity"] ), or precluding testimony (*Ades v. 57th St. Laser Cosmetica, LLC,* 2013 WL 2449185, *12, 2013 U.S. Dist. LEXIS 79864, *35 [S.D.N.Y., June 6, 2013, No. 11 Civ. 8800(KNF) ] ). In the rare case where a court finds that a party has committed fraud on the court warranting dismissal, the court should note why lesser sanctions would not suffice to correct the offending behavior (*see Dodson,* 86 F.3d at 39 ["one of the factors that should inform a trial court's decision [whether to dismiss] is the suitability of lesser sanctions"]). *CDR Creances S.A.S. Id 307, 322, 15 N.E.3d 274, 285 (2014).*

### H - FRIVOLOUS CLAIMS IN LEGAL POSITION AND BAD FAITH

Plaintiff is entitled to Rule 11 Sanctions against NFA and its agents and counsel for presenting frivolous claims or defenses in a pleading. "An attorney may be subject to sanctions under Rule 11 for presenting frivolous claims in a pleading." Fed.R.Civ.P. 11(b)(2) and (c). "[T]he standard for triggering the award of fees under Rule 11 is objective unreasonableness and is not based on the subjective beliefs of the person making the statement." *Storey Id, 347 F.3d 370, 387, 389 (2d Cir.2003).* (citation and internal quotation marks omitted). With respect to legal contentions, "[t]he operative question is whether the argument is frivolous, i.e., the legal position has 'no chance of success,' and there is 'no reasonable argument to extend, modify or reverse the law as it stands.' " *Fishoff v. Coty Inc.,* 634 F.3d 647, 654 (2d Cir.2011) (quoting *Morley v. Ciba–Geigy Corp.,* 66 F.3d 21, 25 (2d Cir.1995). *Star Mark Mgmt Id ,* 682 F.3d 170, 177 (2d Cir. 2012)

Plaintiffs has asserted **Exhibits 1, #1-#52,** meet that standard, because Boyle, Schauf, Block knew the argument was unsupported by both the facts, the Court Order and by precedent, yet proceeded with it – for the simple purpose  - to  discredit a Pro-Se Plaintiff to try to reach a favorable ruling, without the Courts actual review of Plaintiff's (Pro-Se) pleadings.

### I - SANCTIONS SHOULD BE IMPOSED UPON BOYLE PURSUANT TO 28 U.S.C. § 1927 AND THE COURT'S INHERENT POWERS

28 U.S.C. § 1927 provides that the Court may impose sanctions on any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously." The Court also has inherent authority to impose sanctions where appropriate. *See Schlaifer Nance,* 194 F.3d at 336 (citing *Chambers* v. *NASCO,* 501 U.S. 32, 50 (1991)). The standard in the Second Circuit for imposing both inherent and Section 1927 sanctions is the same and allows the imposition of sanctions where the challenged claim is without a colorable basis and is brought in bad faith. *Schlaifer Nance,* 194 F.3d at

336. While the Court may use its inherent powers to sanction an attorney, a party, or both, the Court may only impose sanctions pursuant to Section 1927 against an attorney. *Id* Here, the Court should use its inherent power to sanction Boyle, Schauf and Block and further impose sanctions against Boyle pursuant to Section 1927 because multiple of the Fraudulent Statements (Frauds #1-#44) lacked any **colorable** basis and Boyle carried on this conduct repeatedly and persistently throughout the Pleading for the bad faith purpose of trying to pull a disadvantage on a Pro-Se Plaintiff in the hopes of improperly.

A claim lacks any colorable basis where the claim "is utterly devoid of any legal or factual basis." *Schlaifer Nance,* l 94 F.3d at 337. Similarly, the Second Circuit will infer bad faith where an action is "so completely without merit as require the conclusion that they must have been undertaken for some improper purpose." *Schlaifer Nance,* I 94 F.3d at 338.

For example, this Court imposed inherent and Section I927 sanctions on an attorney where the plaintiffs claims were based on his own misrepresentations and because his attorneys "turned a blind eye to the inconvenient facts and documents presented" in the course of the suit. *In Reichmann v. Neumann,* 553 F.Supp. 2d 307, 320 (S.D.N.Y. 2009). The Court held that this action was not colorable because "minimal investigation" would have revealed the existence of [facts contradicting those they had included in their pleadings]. *Id* at 320. Indeed, the Court further held that it was this patent lack of any colorable basis also supported an inference of bad faith as to both Reimann and his attorneys based on their "stubborn refusal to acknowledge the authenticity of " [facts] and by his attorney's blind acceptance of his allegations. *Id.* at 321. In this case Boyle's contentions n ECF129 lack any support or colorable basis.

### 1 – Color

"'A claim [or defense] is entirely without color when it lacks *any* legal or factual basis.' " *Id.* at 337 (quoting *Sierra Club,* 776 F.2d at 390). The Courts in In re Spa Chakra, Inc., No. 09-17260 (SMB), 2013 WL 3286241, at *8–9 (Bankr. S.D.N.Y. June 27, 2013) held that "Thus, as an initial matter, we note that a claim [or defense] that fails as a matter of law is not necessarily lacking *any* basis at all. A claim is colorable when it reasonably *might* be successful, while a claim lacks a colorable basis **when it is utterly devoid of a legal or factual basis**. The facst here show that NFA and Boyle intentionally misquoted not just Plaintiffs briefs, pleadings, NFA Rules and other material rules and laws, they went as far as to misquote Judge Aaron's Order – which was utterly devoid of a legal or factual basis.

Accordingly, judgment as a matter of law against a claim is a necessary, but not a sufficient, condition for a finding of a total lack of a colorable basis. *Id*. (internal quotation marks and citation omitted) (bold emphasis added, italics emphasis in original).

Plaintiffs' Motion demonstrates that the facts in the pleadings asserted by NFA and Boyle completely lack a colorable basis. This is just a handful of egregiously infracting statements.

e.g. Item #1– *ECF129 Pg.10 n4* - "Plaintiffs also argue for the first time, three additional counts in their FAC – Counts 3, 4 and 8 – were CEA claims. (emphasis added by NFA)

But a black and white reading of Plaintiffs Opposition briefs ECF 108 at 1, 38, 42, ECF107at 1, 13, 30-31, and ECF 106 at 49 shows that Plaintiffs did not argue for this *for the first time*. These statements and others above are utterly devoid of factual and legal support and were intended to prejudice Plaintiffs (Pro-Se) and to unfairly prejudice the Court to just rule in favor of NFA without checking the pleadings. Quite clearly NFA are liable under Counts 3, 4 and 8  for CEA claims of fraud and aiding and abetting fraud (claims that the R&R reached no conclusion on the merits of) – and this last attempt of fraud on the Court, is to pretend and mislead the District Judge that it was raised for the "first time" in the Objections report,

In *Enmon v. Prospect Capital Corp,* 675 F.3d 138 (2d Cir. 2011). The Second Circuit upheld the imposition of inherent and Section 1927 sanctions where a party and his attorneys filed frivolous pleadings and were found inter alia, imposing baseless objections, and **misleading the Court as to relevant facts. *Id.* at 144-148.** (emphasis added) for inter alia, imposing baseless objections, and **misleading the Court as to relevant facts. *Id.* at 144-148.** (emphasis added).

Here, the Court should impose sanctions against Boyle, Schauf and NFA pursuant to Section 1927 and its inherent authority because the over **fifty two (52)** fraudulent statements lacked any colorable basis of law and this patent lack of merit supports an inference of bad faith. As discussed at length above, there is no factual or legal basis for any of the claims set forth in the ECF129 and the clearly itemized fraudulent statements - oftentimes flagrantly misquoting a Magistrate Judge's Report or Recommendation to impute findings or rulings that were never even reached.

This was clearly for improper purpose – relying on the procedural advantage to a District Judge – they wanted to pull the wool over the Court's eyes – with the hopes the District Court would not read carefully a Pro-Se Plaintiffs pleadings and brief, and simply, assume, as they should, that under Rule 11 – an attorney would not have signed the pleadings that were so factually devoid and

fraudulent. But instead Boyle and NFA are taking advantage of the Court's potential leaning towards *counselled* briefs over *Pro-Se* briefs, and gone too far – to engage in repeated, persistent fraud on the Court to intentionally mislead the Court on relevant facts. (See Enmom ID). This lack of merit also supports an inference of bad faith.

## 2 – Bad faith

The bad faith element "is meant to strike a balance between the vigorous pursuit of litigation and the right to be free of litigation that is undertaken in 'in bad faith, vexatiously, wantonly, or for oppressive reasons.' " *United States v. Seltzer,* 227 F.3d 36, 40 (2d Cir.2000) (quoting *Oliveri,* 803 F.2d at 1272). "Bad faith can be inferred when the actions taken are 'so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose.' " *Schlaifer,* 194 F.3d at 338 (quoting *New York v. Operation Rescue Nat'l,* 80 F.3d 64, 72 (2d Cir.1996)). The Second Circuit has "restrictively" interpreted the bad faith standard, *Eisemann,* 204 F.3d at 396, requiring a *" 'high degree of specificity in the factual findings of the lower courts.' " Id.* at 396 (quoting *Dow Chem. Pac. Ltd. v. Rascator Maritime S.A.,* 782 F.2d 329, 344 (2d Cir.1986)) (emphasis in original). The type of conduct found to constitute "bad faith" and merit sanctions in this Circuit includes:

resubmitting a motion that had previously been denied; **bringing a motion based on 'facts' the opposite of which were previously found by the court;** making several insupportable bias recusal motions and repeated motions to reargue; **continually engaging in obfuscation of the issues,** hyperbolism and groundless presumptions in addition to insinuating that the court was biased; and waiting until the eve of trial before making a jury demand. (emphasis added) *11 Keller v. Mobile Corp.,* 55 F.3d 94, 99 (2d Cir.1995) (internal quotation marks omitted); *see also Dow Chem. Pac. Ltd., 782 F.2d at 345* ("The appropriate focus for the court in applying the bad-faith exception to the American Rule is the conduct of the party in instigating or maintaining the litigation, for an assessment of whether there has been substantive bad faith as exhibited by, for example, its pursuit of frivolous contentions, or procedural bad faith as exhibited by, for example, its use of oppressive tactics or its willful violations of court orders.").

Finally, " 'bad faith is personal,' " *Dow Chem. Pac. Ltd., 782 F.2d at 344* (quoting *Browning Debenture Holders' Comm. V. DASA Corp., 560 F.2d 1078, 1089 (2d Cir.1977)*). Here Plaintiffs is a Pro-Se and a whistleblower against the NFA. This was a targeted and willful attacked by NFA and its counsel Gregory Boyle against Plaintiff who has viable and merit to her claims, and their only

remaining defense was to copy incorrect facts, law and argument to discredit Plaintiff filings, and pretend ECF113 had findings that never existed. Bad faith must be "measured not only by the merits (or lack thereof) of the conduct at issue, but also by the attorney's purpose in pursuing that conduct." *Herzlinger v. Nichter,* No. 09 Civ. 00192(JSG)(PED), 2011 WL 4585251, at *5 (S.D.N.Y. Sept. 8, 2011), *adopted by* 2011 WL 4575126 (S.D.N.Y. Oct. 3, 2011). In re Spa Chakra, Inc., No. 09-17260 (SMB), 2013 WL 3286241, at *11 (Bankr. S.D.N.Y. June 27, 2013)

Under Rule 11, a court may sanction an attorney for, among other things, misrepresenting facts or making frivolous legal arguments. *Storey,* 347 F.3d at 388. Rule 11 contemplates that "ordinarily" opposing counsel will initiate sanctions proceedings. Advisory Committee notes to the 1993 amendments. In those situations opposing counsel must serve a notice of the sanctions claim on the accused attorney 21 days before moving for sanctions to give an opportunity to correct the asserted misconduct. Fed.R.Civ.P. 11(c)(2). Rule 11 also gives the court the power to initiate sanctions proceedings *sua sponte.* Fed.R.Civ.P. 11(c)(3). In these rarer cases, however, the 21–day safe harbor does not apply and the court may impose sanctions without providing opportunity to withdraw the misstatement.

For sanctions issued pursuant to a motion by opposing counsel [or Plaintiff Pro-Se], courts have long held that an attorney could be sanctioned for conduct that was objectively unreasonable. In *In re Pennie & Edmonds LLP,* we considered, for the first time, the appropriate standard for *sua sponte* sanctions. 323 F.3d 86, 90 (2d Cir.2003). In *Pennie,* the Second Circuit determined that the power of the court under Rule 11 to issue sanctions *sua sponte* without affording the offender the opportunity to withdraw the challenged document in the manner provided in the "safe harbor" provision of Rule 11(c)(1)(A), is akin to the court's inherent power of contempt. We reasoned that, like contempt, *sua sponte* sanctions in those circumstances should issue only upon a finding of subjective bad faith. *Id.* at 91. In *Pennie* the Court addressed only the "narrow issue" of an attorney permitting a client to submit a false affidavit. *Pennie, 323 F.3d at 87.* The nature of attorney misconduct does not change the contempt-like nature of *sua sponte* sanctions. Moreover, the district courts of this Circuit have already applied *Pennie* beyond the affidavit context. *Centauri Shipping Ltd. v. W. Bulk Carriers KS,* 528 F.Supp.2d 197, 200 n. 3 (S.D.N.Y.2007) (collecting cases).

## J - CONCLUSION

The filing at ECF129 was frivolous, bad faith, utterly not supported by fact or law, and was intended for improper purpose – to swing a ruling against a Pro-Se Plaintiff – without and has also cost Plaintiff a great deal to rectify. This Court should impose sanctions against Boyle, Schauf and Jenner Block and Defendants who filed that pleading pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927 and its inherent power.


Respectfully submitted,
//SSK//
Samantha Siva Kumaran
Individual Plaintiff

Dated: January 10, 2022