<u>**VIA ECF**</u>
Honorable Judge Gregory Woods
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Kumaran et al  vs. National Futures Association et al  1:20-Cv-03668*-GHW-SDA

## NOTICE RE: ECF143, ECF144, ECF145

Dear Hon. Judge Woods,

I respectfully write to notice I amended the filing for ECF123 and accidentally uploaded a duplicated version of Kadlec's Reply to the NFA Reply and this has been corrected, which was done at 11.16am. I just saw a motion from Mr. Schumacher at 11.05am and I realized the error and corrected it. I have not reviewed the rest of his motion.

Additionally, Plaintiffs did not want to miss the January 18, 2022 deadline. We therefore respectfully notice the Court we fully intend to send a letter and Motion for Excess Pages (as we did not have time to file it last night) by the end of the day (Nunc Pro Tunc), and apologize this could not have been also done by midnight and/or the ability to amend the filing.

Despite Mr. August still being mostly out of the office, he also intends to notify he will be back next week, and both Plaintiffs were concerned with the January 18, 2022 deadline and needed to preserve our issues on time. However we do intend fully to file a Nunc Pro Tunc letter by today with full explanation in the Motion for Excess Pages, which should address Mr. Schumacher's concerns.

Also I notice that I accidentally uploaded the incorrect document. **Therefore I will strike the incorrect filing of ECF143 and it has been corrected promptly to ECF145.**

I respectfully request till the end of the day, to file the Motion for Excess pages (which we intended to do yesterday) but we were concerned by the midnight deadline. This will also address our other concerns that Mr. Schumacher has still not responded to the Rule 11 notice on whether he intends to withdraw his pleading that states he intends to join ECF129. Since Mr. Schumacher has until January 31, 2022 to notify us of his intentions under the 21 day period, we believe his motion is premature as will be explained in our motion for excess pages.

Page 2

One of the reasons for the excess pages, is that Mr. Schumacher has not notified us of his intentions with his own decision to join ECF129. Therefore we needed to respond separately to his own CEA 22 issues. Under the 11.C Notice that was sent to Mr. Schumacher on January 10, 2022 he has until January 31, 2022 to notify us. Therefore we believe his letter is premature.

While I have not read Mr. Schumacher's motion yet, the Court should also be noticed he has also introduced multiple new arguments in ECF130 (never briefed in ECF77 or ECF110)

- Mr. Kadlec has included new arguments in his Opposition papers. See e.g. ECF130 pg17-18, arguing for the first time 17 C.F.R. § 1.55. **There was no briefing on 17 C.F.R. § 1.55** and the risk disclosure document requirements, anywhere in the Motion to Dismiss ECF77/ECF74 or in any of the Reply paper ECF109/ECF110 and they are not in the R&R. Plaintiffs will need to respond to these **new and material issues,** and they are again improperly raised and placed. These rules or defenses were not before Judge Aaron and not part of the consideration of the original filings.

- **Plaintiffs therefore respects that that issue ECF130 at 17 and reference to 17 C.F.R § 1.55 be struck.** In the alternative, if the Court is entertaining new arguments, Plaintiffs respectfully have the full and fair opportunity to respond to them.

- As another example, ECF130 at 1 Kadlec's commences his Reply with an argument on the incorrect application of Bylaw 301 to the word "disbarred". Kadlec admits this argument was raised 100 times in the FAC. This is correct. But the issue is Kadlec never moved to dismiss on the application of "disbarred" in his outgoing motions. It is expressly clear in ECF77 and ECF110 (or by joining NFA's brief ECF74), that Kadlec used another word "expelled" and that they only argued "**expulsion**" or "**cause of expulsion**" using only Bylaw 301(a)(ii)(d). As now included in ECF130 at 1, Kadlec now is arguing on the application of "disbarred" which are new issues that are a clearly waived issue. The application of disbarred is clearly contradictory to other facts, as NFA has already made a public announcements in **ECF57.4** that Vision was "effectively disbarred". Further since they were not briefed in Kadlec's MTD, they arguments are also new and not argued before Judge Aaron. Since these are new briefings, Plaintiffs will respectfully need to respond to them if they are included in these new late dated Objections reports. The application of VFM's being disbarred was again not briefed by Kadlec in his original papers in ECF77 or ECF110.

- We also object that Kadlec joins NFA's brief to improperly group Bylaws 301(a)-(e). We have objected to this as it contains a complete mischaracterization to the Court there is only "**one single threshold**" for Bylaws 301(a)-(e) to apply. (ECF129 at 17, Issue #23). This is misinformation and contains a critical mis-citation of the applicable rules and bylaws. If Defendant Kadlec continues to join this pleading, we respectfully need to know, so we can tailor our response to incorrect applications of the law and rules that were also "new arguments".

**These are all raised in Reply arguments, or new arguments, and Defendants should not procure an advantage to not allow Plaintiffs to respond to these "unbriefed" arguments.**

All this will be explained in our Motion For Excess Pages. I am sorry we could not file the letter for excess pages last night or in advance, but this is an <u>extraordinary amount of work</u> to complete these filings by midnight. We have had four(4) motions in the last two weeks alone including in related case 20-CV-3871. We are concerned by the gamesmanship of Defendants that the overlapping deadlines have become so overwhelming, we have no time to properly respond or protect our rights. That said we did everything we could to make sure that the Replies were timely filed.

We do respectfully notice we intend to file the Motion for Excess pages by the end of the day and respectfully seek consideration (given the extraordinary amount of errors in ECF129 that had to be filed at ECF140/ECF141) this has increased tremendously our requirements to respond to this filing to counter an onslaught of new statements. This was no disrespect to the Court. It was a practical issue that we were running out of time, to meet the 12:00am deadline, which I apologize for. [1]

The Court is also aware Defendants seek to use the fact both Plaintiffs have been out sick, to their procedural advantage and we therefore respectfully request no briefs are struck, and if any brief is struck it is ECF129 as filed at ECF140/ECF141 and we have the right to respond to new arguments. We also still awaiting Mr. Schumacher's response to the letter dated January 10, 2022.

Finally I respectfully acknowledge an upload error last night on my account, and have rectified it promptly. I will email ECF Help Desk to strike ECF143 which was loaded accidentally as duplicate.

Thank you.
Respectfully submitted,

//SSK//
Samantha S. Kumaran
Individual Pro-Se Plaintiff

Cc: Brian M. August, Esq
Counsel for NRCM

---

[1] Mr. August is also still mostly out of the office, recovering (expected back in next Monday). Despite being unwell, he also worked very late so that we could make the filing deadline.