```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
SAMANTHA SIVA KUMARAN, et al.,                                    :
                                                                  :
                                     Plaintiffs,                  :      1:20-cv-3668-GHW
                                                                  :
                      -against-                                   :      ORDER
                                                                  :
NATIONAL FUTURES ASSOCIATION, LLC, et                             :
al.,                                                              :
                                                                  :
                                     Defendants.                  :
                                                                  :
----------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/25/2022

GREGORY H. WOODS, District Judge:

On January 13, 2022, Plaintiff Kumaran filed a motion for sanctions under Rule 11. Dkt. No. 140. In determining a Rule 11 motion for sanctions, the Court "must adhere to the procedural rules which safeguard due process rights." *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 58 (2d Cir. 2000). Rule 11 contains a safe-harbor provision, which provides that a Rule 11 motion "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). The safe-harbor provision requires the motion for sanctions to be served on the allegedly offending party twenty-one days before it is filed with the court, which "gives the subject the opportunity to withdraw the potentially offending statements before the sanctions motion is officially filed." *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 389 (2d Cir. 2003). "The safe-harbor provision is a strict procedural requirement." *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012).

Kumaran has not complied with Rule 11's safe-harbor provision. On January 10, 2022, Kumaran sent Defendants a letter notice of sanctions, along with a proposed motion for sanctions and a memorandum of law. Having served these materials, Kumaran was required under the safe-

harbor provision to wait twenty-one days before filing or presenting the motion to the Court. Instead, Kumaran presented the motion to the Court that very day by attaching the proposed motion and memorandum of law as exhibits to a letter filed on ECF.  Dkt. No. 137.  Three days later, Kumaran formally filed the motion for sanctions and memorandum of law on ECF.  Dkt Nos. 140–41.  "A motion that fails to comply with the safe harbor provision of Rule 11 must be denied." *Castro v. Mitchell*, 727 F. Supp. 2d 302, 306 (S.D.N.Y. 2010) (collecting cases).  Accordingly, because Kumaran failed to wait twenty-one days before presenting and filing her Rule 11 motion for sanctions to the Court, the motion for sanctions is denied.

       The Clerk of Court is directed to terminate the motion pending at Dkt. No. 140.

       SO ORDERED.

Dated:  January 25, 2022  
New York, New York

                                      GREGORY H. WOODS  
                                      United States District Judge