**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SAMANTHA SIVA KUMARAN, | ) |
| Et al | ) Case No: 1:20-CV-03668–GHW-SDA |
| *Plaintiffs,* | ) Judge: Hon Gregory H. Woods |
| | ) Magistrate Judge: Stewart D. Aaron |
| -against- | ) |
| | ) **PLAINTIFFS** |
| NATIONAL FUTURES ASSOCIATION, LLC | ) **MOTION TO RECONSIDERATION** |
| Et al., | ) **OF ORDERS ECF151 and ECF152** |
| | ) **PURSUANT TO RULE 59(E), 60(A)** |
| *Defendants,* | ) **60(B) and LOCAL RULE 6.3** |
| | ) |

Pursuant to FRCP 59(e), 60(a) and 60(b) and Local Rule 6.3, Plaintiffs Kumaran and NRCM, by and through their undersigned Counsel respectfully seek reconsideration of Orders ECF152 and ECF151. This appeal is timely filed within fourteen (14) days from the date the Orders were entered. Plaintiffs also filed concurrently to this motion, for the good cause reasons herein their motions for nunc-pro-tunc excess pages for ECF145 (NFA) and ECF 142 (Kadlec).

Respectfully submitted,

//SSK//                                                    //BMA//

Samantha S Kumaran                          Brian M. August
*Pro-Se* Plaintiffs                                *Counsel* for NRCM, NAM and NHC
                                                            Augustlaw NYC
                                                            100 Willoughby Street, #9E
                                                            Brooklyn, NY 11201

## TABLE OF CONTENTS

**Legal Standard for Reconsideration** ……………..……….……………………Pg. 1

**I - Court Failed to Look at All Relevant Facts**………………………...…………..Pg. 2

**II - Court's Order is Manifestly Unjust As It Has Permitted Fraud on the Court**…... Pg. 4

**III - Court Failed To Apply Accurate Comparison of July 16, 2021 ECF102 Order** .. Pg. 5

**IV - Court Permitted Inequitable Standards to Allow New Arguments in Reply
and then expand them in Opposition to an Objections**…………………………..Pg.7

**V - Court has permitted ongoing expansion of the Motion to Dismiss**…………….Pg.11

**VI - Plain Error That Pages Requested to Respond to Infringing Conduct** …………..Pg. 14

**VII - The Order Should Be Reconsidered Because Local Rule 6.1 Was Not Followed** Pg. 16

**VIII - Court Overlooked facts surrounding filing of this Reply Motion** ………………Pg. 19

**IX - The Order Should Be Reconsidered Because Local Rule 12(f) was Not Applied** ...Pg. 22

**X - Inapplicable Standards for Striking an Entire Pleading and Not Just Excess Pages**Pg.24

Page iii

## TABLE OF AUTHORITIES

*Almeciga v. Ctr. for Investigative Reporting, Inc., 185 F. Supp. 3d 401, 435 (S.D.N.Y. 2016)*

*Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).*

*Burns v. Rovella, No. 3:19-CV-553 (JCH), 2021 WL 4263372, at *8 (D. Conn. Sept. 20, 2021)*

*Carcello v. TJX Cos., Inc., 192 F.R.D. 61, 64 (D. Conn. 2000)*

*Corines v. Am. Physicians Ins. Trust, 769 F. Supp. 2d 584, 593 (S.D.N.Y. 2011)*

*Dow Chem. Pac. Ltd. v. Rascator Maritime S.A., 782 F.2d 329, 344 (2d Cir.1986)*

*Dow Chem. Pac. Ltd., 782 F.2d at 345*

*E.E.O.C. v. Bay Ridge Toyota, Inc., 327 F.Supp.2d 167, 170 (E.D.N.Y.2004)*

*Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000)*

*Enmon v. Prospect Capital Corp, 675 F.3d 138 (2d Cir. 2011)*

*Evergreen Mut. Funds Fee Litig., 240 F.R.D. 115, 117-19 (S.D.N.Y. 2007)*

*Fields v. Merrill Lynch, No. 03 Civ. 8363, 2004 WL 626180 (S.D.N.Y. Mar. 30, 2004)*

*Gayle v. Harry's Nurses Registry, Inc., No. 07-cv-4672, 2012 WL 4174401, at *1 (E.D.N.Y. Sept. 18, 2012)*

*Gssime v. Nassau Cty., No. 09-CV-5581 JS ARL, 2014 WL 810876, at *2 (E.D.N.Y. Feb. 28, 2014).*

*Gurrieri v. Cty. of Nassau, No. 216CV6983ADSSIL, 2018 WL 6590564, at *7–8 (E.D.N.Y. Dec. 14, 2018)*

*Hegger v. Green, 91 F.R.D. 595, 598 (S.D.N.Y. 1981).*

*Helen Cross v. Colvin, 16-CV-0111, 2016 WL 7011477, at *4 n.3 (N.D.N.Y. Dec. 1, 2016)*

*Hirsch v. Complex Media, Inc., No. 18 Civ. 5488 (CM), 2018 WL 6985227, at *9 (S.D.N.Y. Dec. 10, 2018)*

*Holmes v. Fischer, 764 F.Supp.2d 523, 532 (W.D.N.Y.2011)*

*House v. Sec'y of Health & Human Servs., 688 F.2d 7, 9 (2d Cir. 1982)*

*Illiano v. Mineola Union Free Sch. Dist., 585 F.Supp.2d 341, 357 (E.D.N.Y.2008)*

*Jackson v. Jackson, 276 F.2d 501, 503 (D.C.Cir.1960)*

*Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A., 596 F. Supp. 2d 821, 829 (S.D.N.Y. 2008)*

*Keller v. Mobile Corp.*, 55 F.3d 94, 99 (2d Cir.1995)

*Lucio v. New York City Dep't of Educ. & Marie Douyon*, No. 12 CIV. 247 (DAB), 2013 WL 12084546, at *3 (S.D.N.Y. May 16, 2013)

*Lucio v. New York City Dep't of Educ.*, 575 F. App'x 3 (2d Cir. 2014)

*Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 41 (2d Cir. 1982)

*Lynch v. Southampton Animal Shelter Found. Inc.*, 278 F.R.D. 55, 63 (E.D.N.Y.2011)

*Marc Rich & Co. A.G. v. United States*, 739 F.2d 834, 836–37 (2d Cir.1984)

*McDonough v. Smith*, 15-CV-1505, 2016 WL 5717263, at *8-9 (N.D.N.Y. Sept. 30, 2016)

*Metrokane, Inc. v. The Wine Enthusiast*, 160 F.Supp.2d 633, 642 (S.D.N.Y.2001)

*Passlogix, Inc. v. 2FA Tech., LLC*, 708 F.Supp.2d 378, 394 (S.D.N.Y.2010)

*Perez Id*, 2020 WL 5362356 (S.D.N.Y. Sept. 8, 2020)

*Perez v. U.S. Immigr. & Customs Enf't*, No. 19CV3154PGGJLC, 2020 WL 4557387, at *4 (S.D.N.Y. Aug. 6, 2020) report and recommendation adopted, No. 19 CIV. 3154 (PGG), 2020 WL 5362356 (S.D.N.Y. Sept. 8, 2020)

*Piazza v. Eckerd Corp.*, 02-CV-0043, 2003 WL 23350118, at *2 n.9 (W.D.N.Y. Aug. 22, 2003)

*Roe v. City of N.Y.*, 151 F.Supp.2d 495, 510 (S.D.N.Y.2001)

*Roe v. City of New York*, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001)

*Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 153 (2d Cir.2008)

*Spinelli v. Sec'y of Dep't of Interior*, No. 99 Civ. 8163, 2006 WL 2990482, at *4 (E.D.N.Y. Oct. 19, 2006)

*Wong v. Bd. of Educ.*, 478 F. Supp. 3d 229, 242–43 (D. Conn. 2020)

*Zargary v. City of New York*, No. 00 Civ. 897, 2010 WL 329959, at *1-2 (S.D.N.Y. Jan. 26, 2010)

Page 1

## MEMORANDUM FOR RECONSIDERATION OF ORDER EC152 and ECF151

Pursuant to FRCP 59(e), 60(a) and 60(b) and Local Rule 6.3, Plaintiffs Kumaran and NRCM, by and through their undersigned Counsel respectfully seek reconsideration of Orders ECF152 and ECF151. This appeal is timely filed. Plaintiffs also filed concurrently to this motion, for the good cause reasons herein their motions for nunc-pro-tunc excess pages for ECF145 (NFA) and ECF 142 (Kadlec).

## ARGUMENT- LEGAL STANDARD FOR RECONSIDERATION

The Second Circuit has explained that, under Rule 59(e), district courts may alter or amend judgment to correct a clear error of law or prevent manifest injustice. Rule 59(e) covers a broad range of motions, and the only real limitation on the type of the motion permitted is that it must request a substantive alteration of the judgment, not merely the correction of a clerical error, or relief of a type wholly collateral to the judgment. *Schwartz v. Liberty Mut. Ins. Co.,* 539 F.3d 135, 153 (2d Cir.2008). Rule 60(a) permits the correction of "not only clerical mistakes, but also inadvertent errors" when correction is necessary "not to reflect a new and subsequent intent of the court, but to conform the order to the 'contemporaneous intent of the court.' " *Marc Rich & Co. A.G. v. United States,* 739 F.2d 834, 836–37 (2d Cir.1984) (quoting *Jackson v. Jackson,* 276 F.2d 501, 503 (D.C.Cir.1960)). Rule 60(a) "(r)elief may be had from the clerical mistakes of the court, clerk, jury or party." 6A Moore Federal Practice P 60.06(3) at 4057 (2d Ed.) Hegger v. Green, 91 F.R.D. 595, 598 (S.D.N.Y. 1981).

A plaintiff may file a Motion for reconsideration pursuant to Rule 60(b) and in the alternative also seek relief pursuant to a Rule 59(e) Motion. See In re Evergreen Mut. Funds Fee Litig., 240 F.R.D. 115, 117-19 (S.D.N.Y. 2007)  (allowing a plaintiff to bring a  Rule 59  motion and in the alternative a  Rule 60  motion, where each was based on different theories of relief); *Zargary v. City of New York, No. 00 Civ. 897, 2010 WL 329959, at *1-2 (S.D.N.Y. Jan. 26, 2010)  (same).* Relief under  Rule 59(e)  on the basis of correcting a clear error or preventing manifest injustice. See  Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 41 (2d Cir. 1982));  Fields v. Merrill Lynch, No. 03 Civ. 8363, 2004 WL 626180 (S.D.N.Y. Mar. 30, 2004)  (finding that a timely motion for reconsideration will be treated as a  Rule 59(e) motion).

Rule 60(b) of the Federal Rules of Civil Procedure also permits the Court to relieve a party from an order in the **event of mistake**, inadvertence, **excusable neglect,** newly discovered evidence,

1

Page 2

**fraud,** or in exceptional or extraordinary circumstances. Fed. R. Civ. P. 60(b); *House v. Sec'y of Health & Human Servs.,* 688 F.2d 7, 9 (2d Cir. 1982). Specifically, Rule 60(b) provides that relief may be granted for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) **fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;** (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

To prevail on a Rule 59(e) motion for reconsideration, the movant must demonstrate that the court "overlook[ed] 'controlling decisions or factual matters' " that, if examined, "might reasonably have led to a different result." *Corines v. Am. Physicians Ins. Trust*, 769 F. Supp. 2d 584, 593 (S.D.N.Y. 2011) (quoting *Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000)). Here the Court's decision in ECF152 overlooked the clearly uncontroverted fraud on the Court by NFA Defendants own brief at ECF129 and the reasons for the request for additional pages were to counter NFA's own flouting of the rules. Furthermore not allowing Plaintiffs valid arguments that speak to the merits of the case, will reasonably alter the outcome of the case, because the issues before the Court are *first impression* rulings of law – and these are substantial and complex regulator laws, that NFA has applied incorrect arguments, on the central issues of law (such as the material difference in having sufficient facts to plead a cause of action between USC 25(b) and USC 25(a). (See e.g. ECF145 Pg. 15-23).

### I – 59(e), 60(b) – Court Failed to Look at All Relevant Facts

The first area of reconsideration in ECF152 is that the Court reviewed an incomplete set of facts leading up to the filing and manifest to its decision, failed to consider the relevant filings made between January 10, 2022 – January 13, 2022. It is noted that ECF152 made absolutely no reference to ECF137-ECF141 which were the primary documented cause of Plaintiffs having to seek relief of additional pages. The Court overlooked all of Plaintiffs prior writings to the Court that notified the Court for clarification and relief that Plaintiffs Reply papers, were not just to an objections but an expanded "Opposition" that contained fraud on the Court. (Notably the Court's Order refers only to ECF134 and then skips to ECF142). But by overlooking the events that occurred between January 3,

Page 3

2022 and January 18, 2022 the Court's Order is manifestly unjust and overlooks key facts, that Plaintiff contacted the Court on no fewer than three (3) times, as well as uploading a Notice of Sanctions that documented that NFA Defendants had flouted numerous procedural bars and gone as far as to commit fraud on the Court. (See ECF138, ECF140, ECF141). Plaintiffs letters were not insubstantial, but attached detail and now unopposed 50 item list exhibit of fraud on the Court, with fully supporting law t**hat the Court has not yet reviewed on the merits.** Therefore not only did ECF152 use an incomplete record, it overlooked the material events and facts (of prejudice to plaintiffs) that provided the Court advance notification and requests for relief that initially led to the filing of excess pages.

Plaintiffs also seek reconsideration that the Court then failed to apply just and equitable procedures, to not correct or address **on the merits**, that Defendants' own infringing conduct, documented fraud on the Court, and their own expanded briefings that had vastly exceeded the authorities and permissible procedurals rules in their opposition under Rule 72(b). This is a manifest error, not just under Rule 59(e) – because consideration of the response required to ECF141/ECF142 for fraud on the Court provided itself good cause for expanding the Reply brief, to address dozens of infringing and sanctionable items #1-#50 which were attached, showing how each of the infringing statements required additional response. The Court's oversight of ECF137 – ECF141 is manifestly injustice in that it is notably allowing NFA Defendants to a flout the Court's procedures and engage in fraud and misrepresentation to procure a procedural advantage and failed to apply equitable consideration between the parties, **on what caused the infringing and excess pages in the first place.** Plaintiff incorporates by reference Exhibit 1 and Exhibits 7A-7C filed at ECF141.

The Court's error is manifest in other regards too. By intentionally excluding the full record of what transpired, ECF137-141 – seeks to unfairly and prejudicially portray Plaintiffs as (without reason) disregarding a Court's prior order. However, it fails to consider the reasons on the record, and then failed to apply equitable procedures to hold Defendants accountable for their own disregard of the Court rules and without offering any ruling on the merits of the fraud on the Court caused manifest prejudice to plaintiffs in having to respond to wholly improper.

In reaching its Order ECF152, the Court's analysis was erroneous in Plaintiffs requests for additional pages to respond to the egregious violations of Federal Rules of Procedure by NFA to (a) insert new arguments in opposition (b) flagrantly misquote the R&R; (c) impute false statements to

Page 4

the pleadings (d) not quote verbatim from the Order (e) rehash the MTD but also embellishing them to appear Judge Aaron found conclusions from their original MTD that did not exist (See Sanctions #1-#50). Concomitantly to this reconsideration, Plaintiffs have also attached their Nunc-Pro-Tunc Letter for Motion for Excess Pages which carefully itemizes in Section III each of the procedural rules flouted by NFA Defendants in their responses to not comply with FRCP 72 which justified excess pages.

### II – Court's Order is Manifestly Unjust As It Has Permitted Fraud on the Court

The Court's order is also manifestly unjust, because it excluded equitable standards to strike infringing statements of fraud on the Court in ECF141 in (ECF129/ECF130) that were carefully itemized. Essentially the Court's ruling is permitting Defendants to continue with fraud, and without addressing the **merits of the misrepresentations and bad faith** which were squarely pointed out an itemized in detail, instead punishing Plaintiffs for responding to and correcting the record. A Rule 11 sanctions motion is a serious filing on the docket. While the Court found a "technical procedural" error that Plaintiffs attached the notice so as to advise the Court that the Reply brief had to respond to additional arguments, and thus counted towards presenting the notice to the Court, the Court in manifest injustice then applied absolutely no ruling on the merits of the infringing statements and thus allowing clear procedural misconduct to occur on behalf of NFA Defendants. The Court not only failed to apply the Federal Rule of Procedure equally under 72(b), 60(b) but it wholly ignored the 28 U.S.C. § 1927. For instance whether or not Plaintiff attached the sanctions

Fraud on the Court should not be tolerated by the Court under any circumstance. Especially now that it has been documented and pointed out carefully on the record with line by line evidence and supporting documents that NFA Defendants have manipulated the Judicial Order – the Court's decision to not encompass on the merits any of the bad faith conduct to take procedural advantage of their own bars and then to berate Plaintiffs for correcting the record is not consistent

Plaintiffs also seek consideration under Rule 60(b). Where a fraud upon the court is shown by clear and convincing evidence, courts consider five factors in fashioning an appropriate sanction: "(i) whether the misconduct was the product of intentional bad faith; (ii) whether and to what extent the misconduct prejudiced the injured party; (iii) whether there is a pattern of misbehavior rather than an isolated instance; (iv) whether and when the misconduct was corrected; and (v) whether further

misconduct is likely to occur in the future." *Passlogix, Inc. v. 2FA Tech., LLC,* 708 F.Supp.2d 378, 394 (S.D.N.Y.2010). Here, all five factors weigh in favor of imposing sanctions on plaintiff: plaintiff's misconduct was the product of intentional bad faith; her misconduct prejudiced defendants; the misconduct was part of an extended and troubling pattern of fabrications and denials; the misconduct has not been corrected; and further misconduct would be likely to occur if the case were to proceed. *Almeciga v. Ctr. for Investigative Reporting, Inc., 185 F. Supp. 3d 401, 435 (S.D.N.Y. 2016)*

The Court's error in ECF151 and ECF152 is that it <u>failed to analyze the merits of the infringing conduct</u> and apply any standards of bad faith and how it injured or prejudiced Plaintiffs in having to respond.  Further the ruling in ECF152 is manifestly unjust because the Court has now set a bar and a standard that fraud is accepted by this Court by the NFA and Kadlec and has also set a procedurally inequitable standard that it has permitted (without consequence) misrepresentations, expanding briefings, misquoting the R&R and using inequitable procedure to include new arguments in Reply, and again more inequitable procedures to allow new arguments in Opposition, and that if Plaintiffs respond – their own motions are struck. This is a manifestly unjust.

Further under Rule 59(e) it will manifestly impact the outcome of this case on the merits because instead of addressing the source of excess pages – or fraud on the Court - the Court struck valid and material arguments on several *first impression* areas of law (See Good Cause #1-#6 attached in the motion for excess pages – which shows this case involves multiple first impression complex areas of regulatory laws). Accordingly the arguments were briefed for the first time by NFA and Kadlec, are now being allowed to stand and Plaintiffs, who simply in good faith responded to each of the novel and complex first impression areas of law, will be prejudiced that the Court has no ability to view both sides of the argument.  The Good Cause arguments on first impression areas of law are summarized infra in Section IX Pg. 23-24.

### III – Court Failed To Apply Accurate Comparison of July 16, 2021 ECF102 Order

The Court also incorrectly applies a comparison to the June 30, 2021 filing which was also being completed concurrently to three other filings in 20-CV-3873 and 20-CV3871 which were all filed on July 14, 2021. The Order referred to in ECF152 is ECF102 dated July 16, 2021[1]. The Court

---

[1] In June 30, 2021 Plaintiffs were again given less than 10 days to file a response to a motion to dismiss because the Court (which is now a documented pattern of Local Rule 6.1 violations) set forward not just one but **three overlapping briefings** that were set in related case on June 7, 2021. (See 20-CV-3873 ECF63, ECF71, ECF72.) Because the Court entered several overlapping Orders, that had three separate motions due to be responded to by June 21, 2022, they only had 10

Page 6

also should note that Plaintiffs have filed Reply memoranda in this District before without issues. (see Reply filed on July 14, 2021 – only 2 pages excess required – when Defendants comply with their own rules for a narrowly focused objections).  The Court again does not consider a complete record of the facts, that review the differences in this filings of this Reply and the one from June. The difference is manifest, because, unlike the filing in June 30, 2021 Plaintiff Kumaran however **did contact the Court on two occasions,** on January 10, 2022, and again on January 13, 2022  each time seeking clarification on how it should proceed, and noticing that the letters specifically explained to the Court that it would additional response to infringing items and notifying the Court of a Sanctions Motion (ECF137, ECF139). Specifically Kumaran notified the Court that the response would need to be expanded stating in ECF137

> EC137 states Accordingly, and in conjunction with the attached Exhibits**,** Plaintiffs seeks clarification that it should still proceed with the January 18, 2022 Reply brief **(which will also contain dozens of objections to the infringing filing at ECF129)**

 On each occasion the Court did not respond. Plaintiff in each case made a good faith attempt to reach out and communicate with the Court, to explain that the briefing expanded on issues beyond an "opposition" and had not heard back from the Court in time for its filing. The Court's order ECF152 afforded no consideration of those facts, that the Court failed to respond to several letters and requests seeking clarification, wholly ignoring all the relevant filings on the docket.

The Court also failed to hold any equitable standards and guidance on how these expanded briefings  are treated by the other Courts.  See <u>Perez v. U.S. Immigr. & Customs Enf't</u>, No. 19CV3154PGGJLC, 2020 WL 4557387, at *4 (S.D.N.Y. Aug. 6, 2020), <u>report and recommendation adopted,</u> No. 19 CIV. 3154 (PGG), 2020 WL 5362356 (S.D.N.Y. Sept. 8, 2020), holding that when [Party's] reply notified in the memorandum it was responding not just to a Reply, but also in opposition to motion for additional [impressible arguments], the appropriate Page limit, was increased by 25 pages to respond to new arguments of 25 pages to oppose new motion and 10 pages for Reply to 35 pages.  Here Plaintiffs specifically itemized to the Court in advance of filing a timely response, that the briefing by NFA Defendants and Kadlec had vastly expanded the boundaries of an objections motion. Therefore under this standard they would be allowed 25 pages plus the 15 pages to a total of

---

days to file their MTD. The Court then denied any extensions, leaving Plaintiffs insufficient time to properly respond to the Motions and resulted in two extensions and motion for emergency stay being denied. As outlined elsewhere herein, there has been a consistent record of documentation of the Court not fairly applying Local Rule 6.1 to protect their interests.

Page 7

40 pages). It was evident that NFA Defendants filed not just an response to the objections but vastly expanded the briefing to both fabricated statements and a new motion to dismiss (see e.g. Sanction #37-#42 – inserting numerous new arguments that were never before Judge Aaron, see e.g. Sanctions #1-#6 - falsely imputing findings to either Plaintiffs or Judge Aaron, see e.g. ECF141.1 Sanction #12 – whereby NFA failed to refer to even the most material Arbitration Rule 2(a)(1) by referring to customer rules which are "voluntary" and member rules which are "mandatory" which is the central argument in this proceeding).

Court's have held that when a party expands the briefing to new arguments and/or to a motion practice outside of what was originally contemplated or permitted, the Court must adjust the page limitations accordingly to afford equity in the parties ability to respond. Further case law, shows that Courts have looked to the actual content of the opposition, before imposing page limits.. See *Wong v. Bd. of Educ., 478 F. Supp. 3d 229, 242–43 (D. Conn. 2020)* holding that Plaintiffs 40 pages brief was not considered a 10-page "reply" because it had to respond to other materials that were not properly placed in opposition, and the ten-page limit for a reply memorandum thus **is inapplicable**. Further granting Plaintiffs opportunity to refile the brief to not **have to respond to any new arguments – and thus without prejudice to plaintiffs.**

### IV – Court Permitted Inequitable Standards to Allow New Arguments in Reply and then expand them in Opposition to an Objections

Plaintiffs also file this motion under Rule 59 (e.) because the Court permitted inequitable standards and it is manifestly unjust as it continues to not apply strict 12(b)(6) standards to Defendants, to permit them to **repeatedly continue to enter all these new arguments** in Reply (with the hope the Court will quickly adopt them in Reply only, without fair briefing). The Court's decisions in ECF151 and ECF152 are material to the outcome to resolution of this case on the merits and to knowingly allow Defendants to violate the procedural bars on **when and which** arguments can be raised - that they explicitly all waived in their MTD ECF74 and ECF77. There is now clear documented procedural violations and bars, where counsel for both Defendants overlooked and waived numerous arguments in their motions to dismiss. (See for example they expressly waived their statute of limitations defenses for Counts 3, 4, 8 and 12 in ECF74 and ECF77). Instead to "get around" the express waivers, they have now engaged in fraud and misrepresentations to the Court to pretend Plaintiffs did not identify them as CEA Section 22 claims in the briefs. But this is fraud on the Court.

Page 8

The Court's error in ECF152 was to ignore the good cause supporting reasons that Plaintiffs' Motion ECF141 demonstrates that the facts in the pleadings asserted by NFA and Boyle completely lack a colorable basis and were bad faith and required to prevent manifest injustice the ability to respond.

> e.g. Item #1– ECF129 Pg.10 n4 – "Plaintiffs also argue for the first time, three additional counts in their FAC – Counts 3, 4 and 8 – were CEA claims. (emphasis added by NFA)

But a black and white reading of Plaintiffs Opposition briefs ECF 108 at 1, 38, 42, ECF107at 1, 13, 30-31, and ECF 106 at 49 shows that Plaintiffs did not argue for this for the first time. Therefore good cause for the additional pages is that Plaintiffs had to be able to respond to these untruths. These statements and others above are utterly devoid of factual and legal support and were intended to prejudice Plaintiffs (Pro-Se) and to unfairly prejudice the Court to just rule in favor of NFA without checking the pleadings. Quite clearly NFA have liability under Federal Statute 7 U.S.C 25(b) under Counts 3, 4 and 8 for CEA claims of fraud and aiding and abetting fraud (claims that the R&R reached no conclusion on the merits of) – and this last attempt to mislead the Court, was to pretend and mislead the District Judge that it was raised for the "first time" in the Objections report. Allowing one-sided untruthful statements is manifestly unjust and also constitutes a motion under 59(e) and 60(b).

The Court's error in ECF151 and ECF152 was also manifestly unjust to not properly apply 18 U.S.C. 1927 and analyze the wrongdoing **on the merit**s of material prejudice to Pro-Se Plaintiff**.** In Enmon v. Prospect Capital Corp, 675 F.3d 138 (2d Cir. 2011). The Second Circuit upheld the imposition of inherent and Section 1927 sanctions where a party and his attorneys filed frivolous pleadings and were found inter alia, imposing baseless objections, **and misleading the Court as to relevant facts**. Id. at 144-148. (emphasis added)

Specifically in ECF151 the Court applied only the 21 days safe-harbor period however, failed to include a proper analysis of Rule 11(c) – and as applies to 11(c)(3) and also to ECF152 – as it did not equitably consider the impact to the content of the Reply brief which was required to counter misrepresentations to the Court. The Court's error in application of the law is that Second Circuit requires this Court review the merits of the bad faith and fraud on the Court (which is a highly specific factual finding of Boyle's infringing conduct – to present to the Court misleading and falsified facts that are the opposite of which were found by the Court and Judge Aaron) Therefore reconsideration is request as the Court equitably failed to include what caused Plaintiffs to exceed the page limitations,

in response to both bad faith and non-colorable arguments used to flout procedures by NFA defendants.

The Second Circuit has "restrictively" interpreted the bad faith standard, *Eisemann,* 204 F.3d at 396, requiring a *" 'high degree of specificity in the factual findings of the lower courts.' " Id.* at 396 (quoting *Dow Chem. Pac. Ltd. v. Rascator Maritime S.A.,* 782 F.2d 329, 344 (2d Cir.1986)) (emphasis in original). The type of conduct found to constitute "bad faith" and merit sanctions in this Circuit includes: resubmitting a motion that had previously been denied; **bringing a motion based on 'facts' the opposite of which were previously found by the court;** making several insupportable bias recusal motions and repeated motions to reargue; **continually engaging in obfuscation of the issues,** hyperbolism and groundless presumptions in addition to insinuating that the court was biased; and waiting until the eve of trial before making a jury demand. (emphasis added) *11 Keller v. Mobile Corp.*, 55 F.3d 94, 99 (2d Cir.1995) (internal quotation marks omitted); *see also Dow Chem. Pac. Ltd.*, 782 F.2d at 345 ("The appropriate focus for the court in applying the bad-faith exception to the American Rule is the conduct of the party in instigating or maintaining the litigation, for an assessment of whether there has been substantive bad faith as exhibited by, for example, its pursuit of frivolous contentions, or procedural bad faith as exhibited by, for example, its use of oppressive tactics or its willful violations of court orders.")

Specifically in applying Rule 11.C, the Court failed to address e.g. Pages 21-25 of ECF141 where Plaintiffs also sought relief to strike the infringing conduct or at a minimum request Defendants to refile the brief removing the #52 misstatements that were identified to the Court.

Under Rule 11.C Advisory Committee notes to the 1993 amendments. Rule 11 also gives the court the power to initiate sanctions proceedings *sua sponte.* Fed.R.Civ.P. 11(c)(3). In these rarer cases, however, the 21–day safe harbor does not apply and the court may impose sanctions without providing opportunity to withdraw the misstatement. Here the Court failed to apply any equitable relief to plaintiffs for the infringing conduct (either in the form of removing the infringing conduct, or extending the January 18, 2022 deadline, responding to two letters to the Court ECF137, ECF139 seeking clarification). The Court's application of fraud on the Court therefore was manifestly unjust in its ruling – in not applying the merits of the infringing conduct – it then prejudiced Plaintiffs for responding. Allowing the fraud on the Court to continue, and permitting infringing conduct (without redress) to prejudice Plaintiffs,

Page 10

Plaintiffs documentation of fraud on the Court was not insubstantial. The Court's ruling in ECF151/ECF152 is manifestly unjust as it is now deleting valid good faith arguments on the merits (See Good Cause #1-#6 NFA and Good Cause #1-12 on Kadlec on complex and novel issues of regulatory statutes) and instead allowing documented mistruths and misinformation under Rule 60(b) and when plaintiffs corrected the black and white record that arguments were waived in the  MTD, and now misrepresented to the Court. In equity the Court should have applied that their own pleading was struck again allowing one sided briefings of misinformation to the Court to continue, or requested both parties to contain the filings to the required briefings. Allowing one party to expand the rules and enter dozens of frivolous arguments is objected to the Court's permission for Defendants to violate procedures and manifestly unjust. The Court also erred to not afford any ruling on the merits or acknowledge Plaintiffs rights to respond.

**e.g. Sanctions #6**

ECF 129 at Pg. 19 Magistrate Judge Aaron found that he did not need to reach this question because Plaintiffs pled no non-conclusory facts showing that more rigorous audits would have *unearthed* High Ridge's alleged fraud or secret oral agreement. Id (R&R at 22)(emphasis added by NFA)

Plaintiffs response:

This is fraud on the Court as rhere was no such statement in the R&R at 22 let alone in italics on the word "unearthed". Likewise there is no mention of *unearthing* secret oral arrangements, anywhere in the report, secret or otherwise. It is in black and white in the report. Therefore this statement (which refers to R&R at 22) is not remotely a fair characterization of the Report – and is a misrepresentation to what Judge Aaron truly ruled on. This was done in bad faith to mislead the Court on the core issues. Plaintiff is also being prejudiced to have to respond to these fabrications.[2]

**e.g. Sanctions #22**

ECF29 Pg. 18 n. 9 To the extent that Plaintiffs argue (*for the first time*) that High Ridge exceeded its role as an introducing broker, NFA discusses that argument below. (emphasis added by NFA)

Plaintiffs response:

The statement is not even colorable and is clearly bad faith, because Judge Aaron himself, drew on this conclusion and NFA have knowingly presented false facts to the Court. (See R&R at 8 "Plaintiffs contend that Boshnack and others in the Vision Risk Group were prohibited from performing any services as an FCM", see also ECF 106 32-34, (¶263-¶266, ¶381-¶394, ¶430-¶455,456-¶468,¶469-¶507). There is no factual support this was briefed "for the first time" and the insertion of these statements not only were not briefed in the MTD but required correction.

The Order ECF151/152 are also manifestly unjust as they allow the conduct to go unchecked and fail to equitably account for the flagrant misquotations and expansion beyond the boundaries of a FRCP 72 motion – that requires NFA and Kadlec Defendants to quote "verbatim" from the pleadings  - and

Page 11

failed to allocate any consideration that the opposition briefings ECF129/ECF130 were violated in the first instance by NFA and Kadlec Defendants – not just in fabricating findings – but as discussed below – repeatedly violating the procedural bars that **they waived arguments in their Motion to Dismiss.** In determining whether the excess pages were warranted or explained, and/or denying the relief sought in ECF140/CF141 the Court was also required to rule on the merits or make some consideration on the merits of the infringing conduct.

**V – Court has permitted ongoing expansion of the Motion to Dismiss**

Plaintiffs also seek reconsideration pursuant to Rule 59(e), because Plaintiffs will be prejudiced and there is manifest injustice because the Court in not taking remedial actions against Defendants both NFA and  Kadlec's) ability to expand the briefings on waived arguments from ECF74 and ECF77 has already caused prejudice to Plaintiffs. For instance, Defendants own flouting of the procedural bars happened before Judge Aaron for instance on Bylaw 301(a)(ii)(d), by only injecting multiple arguments in Reply that were relied upon that are material to resolution of this case on the merits.  As another example of procedural bars being taken advantage of by Defendants despite it being unequivocally clear that NFA and Kadlec Defendants moved to dismiss on only Bylaw 301(a)(ii)(d) and were on full notice in the Complaint that Plaintiffs argued on Bylaws 301(a)-(e) with specific references to Bylaws 301(c) (e) and NFA 2-2 (i) - NFA Bylaws 301 (a)-(e) (¶792, ¶798, ¶67, ¶102, ¶291, ¶362, ¶674), specifically mentioning NFA Bylaw 301(c) (e.g. ¶296) and also NFA Bylaw 301(e), the Court is now allowing "brand new arguments in Opposition" without consideration of the ruling on the merits for Plaintiffs to respond to this.

As explained in the Good Cause #1-#6, this case is not a simple case. It covers not just one, but dozens of first impression area of law is also argued in Good Cause #3 ECF145 Pg.36-38 requiring **specifically 3 pages** as this includes complex and novel issues of law for which there **exists no precedent.** Plaintiffs required expanded briefing and specifically notified the Court in ECF145 at 36 that NFA and Kadlec misconceived the applications of Bylaws 301(a)-(e) to misrepresent that they all have "a single threshold". (Sanctions ECF141.1 #23- #27 incorporated by reference.) Since these arguments **were never briefed before Judge Aaron,** Plaintiffs objected to them, notified the Court in ECF145 and ECF142 that additional pages were being used to counter these "new arguments" that had not been briefed and for why the expanded argument was needed that if the Court is to use them

Plaintiffs required to respond. Likewise there is an entire new argument that sets precdent on the conflicts in the NFA Member Rules (Noting the Court gives no consideration that Defendants cite to materially erroneous rules and laws as admitted) that conflict with Federal Statute 7 U.S.C 25 See ECfl45 Pg. 15-23) NFA only briefed that for the first time in their Opposition which warrants reply.

As for Bylaws 301 (a)-(e) - Defendants not only their waived arguments in their Motion to Dismiss, both Kadlec and NFA have now expanded the briefing in opposition to Objections, to procure unchallenged legal arguments that go far beyond the required briefings. As substance for the Court's review, Defendant Kadlec also went beyond the required briefing opening on page 1 with a brand new argument on whether Vision was "barred" But a careful read of Kadlec's brief ECF77 show no such argument was raised. Therefore Plaintiffs reasons for the additional pages was requested in the brief ECF142 - **4 pages (ECF142 - Pages 6 – 9) to respond to these previously unraised arguments.** ECF142 notified the Court that ECF130 also contains multiple new arguments in Reply or that were not briefed before Judge Aaron. The Court therefore makes a plain error to note that throughout ECF142 and ECF145 Plaintiffs document the reasons for the excess pages.

ECF152 also is unjust as it overlooked that Plaintiffs also noticed the Court that they object to the ongoing use of numerous late-dated arguments, arguments waived in the original motions to dismiss, and multiple new laws and regulations that were waived by Kadlec and NFA in outgoing motions and requested that the Court should strike these. ECF151 and ECF152 is materially unjust and prejudicial, as it continues to allows Defendants to escape their own procedural bars to stay on point to an opposition, and in a similar fashion to seek procedural advantage on arguments that Kadlec waived in his MTD(ECF77). Kadlec started his ECF130 brief with previously unbriefed arguments about the word "disbarred". The Court's order is unjust as it takes no consideration of the procedural bar to do this, and permits Defendants again to enter "one-sided" arguments never contained in their MTD. (ECF77)  **(a) Barred 100 times:** In ECF130 at 1, front and center highlighted to the Court, Kadlec reminds the Court that Plaintiffs pled in their FAC Vision was "disbarred" more than 100 times. This is correct. On Pg. 1 Kadlec states

"Plaintiffs refer to the disbarments more than 100 times in the FAC and made those allegations the centerpiece of Defendants' alleged wrongdoing." ECF130 at 1

But this is precisely the case in point. ECF74 and ECF77 in the original motion to dismiss never raised this issue. Plaintiffs objected that Defendants ability to expand on a waived issue, that

Page 13

despite being on notice that "disbarred" were and are still allowed to get multiple shots at a motion to dismiss.   ECF 152 Order to strike Plaintiffs <u>valid rebuttal and opposition to new and waived argume</u>nts that are now repeatedly being briefed for the first time in Replies or Objections is inherently a procedural violation is unjust. On the merits, this argument could readily be disputed. Plaintiffs attached to ECF142 Exhibit 1, which was documented proof of contradictory facts, that NFA in its publicly announcements had admitted "Vision was effectively disbarred" which required expanded briefing – as none of these issues were contained in the original briefing. (*See* ECF57.4 showing NFA's use of the word "barred".) The analysis would result in erroneous conclusions of laws, and inaccurate applications of the Bylaws, if the Court were not to apply the correct subdivisions of NFA Bylaws 301(a)-(e) and it would continue to prejudice. Further on Bylaws 301(a)-(e) the Court's decision to allow NFA intentionally misrepresent the thresholds (*See* ECF145 at 36-38) – which have no legal support or justification also violates Rule 11 because counsel have no legal support for their argument that "one single threshold" applies to all Bylaws 301(a)-(e) and this misrepresentation was intended to mislead the Court by improperly "lumping" the bylaws together on an wholly inaccurate and erroneous application of the law. This again was raised for the first time in Opposition. Further NFA went as far as to act in bad faith to misrepresent to the Court that Plaintiffs failed to raise 2-2(i) which was also expressly contained in the briefs. (See Sanctions #31) **<u>On the merits,</u>** the argument is germane to the Court's resolution of the issues and has allowed NFA and Kadlec to routinely expand their MTD's as Bylaws 301(a) and 301(c) do not **<u>all</u>** require any such threshold of whether Vision was barred and Plaintiffs corrected the record on the inaccurate application of material rules and statutes. Striking valid arguments on the merits to correct unopposed mistakes in honest applications of the laws and rules, will prejudice Plaintiffs in a ruling on the merits and Court's have allowed a party to expand the page briefing when such conduct occurs. See <u>Perez Id</u>, 2020 WL 5362356 (S.D.N.Y. Sept. 8, 2020)) holding that when [Party's] reply notified in the memorandum it was responding not just to a Reply, but also in opposition to motion for additional [MTD], the appropriate Page limit, was increased by 25 pages to respond to new arguments of 25 pages to oppose new motion and 10 pages for Reply to 35 pages. This alone would allow an additional 40 pages.  See also Gurrieri v. Cty. of Nassau, No. 216CV6983ADSSIL, 2018 WL 6590564, at *7–8 (E.D.N.Y. Dec. 14, 2018) allowing [unforeseen] excess pages in Reply, the Plaintiffs' reply arguments are appropriate, considering they did not introduce new bases for relief and simply responded to the

Page 14

arguments in the Defendants' opposition. *See also Gayle v. Harry's Nurses Registry, Inc.*, No. 07-cv-4672, 2012 WL 4174401, at *1 (E.D.N.Y. Sept. 18, 2012) ("Plaintiffs did not have an obligation to anticipate in their opening papers the specific arguments Defendants raised in their opposition; their response to those arguments was properly raised in their reply. Defendants' motion to strike is therefore denied."). See *Wong v. Bd. of Educ., 478 F. Supp. 3d 229, 242–43 (D. Conn. 2020)* holding that Plaintiffs 40 pages brief was not considered a 10-page "reply" because it had to respond to other materials that were not properly placed in opposition, and the ten-page limit for a reply memorandum thus **is inapplicable**. Further granting Plaintiffs opportunity to refile the brief to not have to respond to any new arguments – and thus without prejudice to plaintiffs.

The Court's ruling was also manifestly unjust in holding a difference in procedural standards and did not take into consideration, that Defendants, vastly expanded their briefing to include not just new motion to dismiss arguments, but also vastly deviated from the acceptable standards for a FRCP 72. (See Good Cause #1-#6 infra) as well as engaged in fraud on the Court. The Court overlooked in its Order EC152, that Plaintiffs also included in the filing itself ECF145 and ECF142, on no fewer than three (3) occasion a request for additional pages and on each occasion explained what the pages are for to respond to "expanded" arguments and waived arguments. See also <u>Burns v. Rovella</u>, No. 3:19-CV-553 (JCH), 2021 WL 4263372, at *8 (D. Conn. Sept. 20, 2021) holding where one party's brief did not comply with procedural rules and <u>expanded the briefing,</u>  the need to file additional pages in their Reply is appropriate in these circumstances.

## VI – Plain Error That Pages Requested to Respond to Infringing Conduct

The Court also makes a plain error to exclude the material fact that Plaintiffs briefs contained (inherent in the Reply filings themselves) several documented requests and explanations for additional pages to specifically explain to the Court the reasons for additional pages and that they needed in order to correct the infringing conduct. ECF152 is not a complete portrayal of relevant facts in that it states Plaintiffs had not "made any request for additional pages prior to the deadline". However this is not correct and not a complete portrayal of the facts as Plaintiffs included in part their requests prior to the deadline not just in the letters ECF137 and ECF139 but also in part in the **ECF145 and ECF142 itself** – explaining why such pages were being included, and therefore did not wholly ignore the Court's requirements.  The Court included at ECF152 that Plaintiffs had not yet explained

Page 15

their need for additional pages. This is not correct as there were several explanations for leave for excess pages contained in ECF145 and ECF142 explaining good cause that why the expanded sections were needed.   There was a request for excess pages contained

- See e.g. ECF145 at 5 NFA Defendants are not permitted in an FRCP 72 motion as they were not in any Objections and in the alternative, of the Court is now to allow these in this Objections briefing (which requires additional pages), Plaintiffs responded to new and unbriefed arguments.
- e.g. ECF142 at 8 n 6 Plaintiffs also respectfully request additional pages to respond to these ongoing new arguments that were not in ECF77 or ECF110 and not before the Court previously.
- See e.g. ECF145 at 47 "Plaintiffs also seek relief in additional pages from the Court for the extraordinary additional effort to respond to numerous new arguments and out of scope filings. (ECF141.1 #1-#52). The misquoting was far beyond the normal bounds and authorities of an FRCP 72 motion and Plaintiffs thus incorporate by reference the sanctions #1-#52 for all arguments that were frivolous and intended to distract the Court on arguments so it would not reach the core arguments
- ECF142 at 15   Plaintiffs respectfully request additional pages to brief new and unpresented issues raised in ECF130 that were not before Magistrate Judge Aaron. Instead Kadlec injects an entirely new set of arguments, that were expressly not briefed in ECF110 or ECF77 related to whether 17 CFR § 1.55 also needed to be complied with – which are specific wording requirements for a "Risk Disclosure Document".
- e.g ECF145 at 47 "As the Court can see this case involves almost all first impression cases. This requires additional briefing. A separate motion for leave for excess pages will be filed concurrently as the statutes and laws argued are of significance and had to be responded to thoroughly to preserve our own arguments to the multiple new arguments raised in opposition."

     Therefore pursuant to 60(a) and 59 (e) the Courts order contained an error that Plaintiffs did not show regard or document any request from the Court its reasons for additional pages prior to the deadline, as it was contained in the filings together with specific explanations therein, as well as in letter to the Court – so the issue was not wholly disregarded as suggested by ECF152.

## VII –  The Order Should Be Reconsidered Because Local Rule 6.1 Was Not Followed

     Further ECF152 notes that "as  of January 25, 2022 the Court has not yet received the motion". Local Rule 6. 1 is an important rule that provides parties an opportunity to be heard and respond to a motion and allows them fourteen (14) days to respond. Both Defendants filed their motions on January 19, 2022 and Plaintiffs had already notified the Court it was in the process of responding. Therefore in accordance with Local Rule 6.1 Plaintiffs had until February 2, 2022 to respond. Plaintiffs also notified the Court that they were also awaiting for Defendant Kadlec to notify them if he was withdrawing the filing on January 31, 2022. However Plaintiffs seek reconsideration because ECF152 then granted two motions to strike **without application of Local Rule 6.1**  and failure to

even allow Plaintiffs to respond to the motions which was of material prejudice to Plaintiffs and manifestly unjust.

The action was particularly unjust as Plaintiff Kumaran on more than one occasion had notified the Court in good faith, that because of the complexity of laws and rules, it was in the process of drafting a comprehensive motion for excess pages (See ECF146, ECF148), and also notified the Court that counsel was out due to Covid and that Plaintiff had family members also in middle of Covid for which the Court provides no allowance in the delay (ECF148).  The facts overlooked are that on January 19, 2022 in response to Kadlec's partial motion to strike, Plaintiff <u>promptly</u> wrote to the Court and stated it was being drafted as quickly as possible. Plaintiffs documented also that Kadlec had flouted rules and had injected multiple new arguments in Reply including new arguments on 17 CFR 1.55, and other new arguments on Bylaws 301(a). (ECF146) The record shows that Kadlec has also engaged misrepresentation to the Court in ECF130 (See e.g. ECF142 Pg.33-35 – in deliberately misrepresenting there were only 18 paragraphs related to misappropriation of trade secrets as opposed to the 89 paragraphs – specifically misleading the Court on the allegations of Kadlec's disclosures to Plaintiffs competitors under DTSA, in an attempt to deceive the Court that Plaintiffs did not allege paragraphs that show Kadlec' authorized disclosures of trade secrets in violation of the DTSA, and to seemingly escape liability for the well-pled allegations of prongs (2) disclosure and (3) use).

On January 19, 2022 after Plaintiff filed that letter, NFA Defendants in the late evening also filed a motion to strike pursuant to Local Rule 6.1 which allowed also Plaintiffs fourteen (14) days to respond. On January 20, 2022 Plaintiff wrote to the Court again promptly, and provided 1 pages notice stated specifically that in order not to file duplicate filings, it intended to ***<u>combine</u>*** its motion for excess pages with a response to NFA's motion to strike. (ECF148). Again Plaintiff notified the Court promptly that it was in the process of responding and because of NFA's motion under Local Rule 6.1 it would include a combined response so as to avoid duplicate responses.[2]

---

[2] The Court also ignores material facts that Plaintiff also noted to the Court on January 20, 2022 that it has children still with high fever from Omicron and was having to attend to ongoing medical issues that had to take precedent. The Court's order to not consider that in allowing the required 14 days response required under Local Rule 6.1 is also manifestly unjust and as discussed infra should be considered at the very least as excusable neglect. Plaintiff Kumaran not only contacted the Court promptly but has never indicated any lack of attendance in the past time meeting and responding to Court deadlines. This was the exception not the norm for which the Court gives no consideration – especially in light of the extensive commitment to timeliness in other motions.

Page 17

   ECF148 states In light of yesterday evening's filing **and so as to avoid duplicate response**s, I will be including a response to that letter in the motion. That is why I did not file my own response yesterday.

On January 25, 2022 Plaintiff was still working on the motions. (Under Local Rule 6.1 had until February 2, 2022, and the Court bears no consideration either that Kadlec also had until January 31, 2022 to file his reply to the Rule 11 sanctions which also attributed to why Plaintiffs was also awaiting this before responding). As can be seen from the careful and thorough completion of the motion for excess pages itself would take no less than forty (40) hours to prepare for each motion for Kadlec and NFA which is approximately eight (80) hours as specific explanation of the first impression and complex and regulatory laws were being explained to the Court. Instead on January 25, 2022 Defendants NFA wrote again to the Court stating they needed a three (3) week extension to respond to the sanctions motion. Plaintiff responded against quickly on January 26, 2022 at 06:28am (*ECF150*) which states -

   Because in large part of the infringing filing at ECF129, we are carefully crafting our good cause response for **letter motion for excess pages which is due within 14 days,** in accordance with Local Rule 6.1. Plaintiff also intends to meet the deadline. Plaintiffs are working on their good cause for exceeding the page limits in their comprehensive response in ECF145. The good cause includes the extraordinary deviations and frivolous conduct in ECF129 that went far beyond a routine objections motion, and attempted to sneak in a second motion to dismiss, for which Plaintiffs had the right to respond to.

However without acknowledgement of the letter filed ECF150 on the same day at 09:25am and 10:34am the Court entered the Orders ECF151 / ECF152 which stated by January 25, 2022 the Court had yet to receive the letter motion for excess pages, which Plaintiff had specifically notified the Court that morning in accordance with Local Rule 6.1 it was in the process of filing both an opposition to the motions and its combined response. (See ECF150, within 14 days).

   Plaintiffs therefore seek reconsideration under Local Rule 6.1 because NFA and Kadlec filed their motions to strike on January 19, 2022 – the Court was notified on three separate occasions, January 19, 2022 (ECF146), January 20, 2022 (ECF148) and again January 26, 2022 (ECF150) that a proper, careful and thorough showing of good cause was being drafted, that Plaintiffs intended to file within the fourteen (14) days allocated under Local Rule 6.1, and the Court without affording Plaintiffs the ability to respond, or enter their opposition, and explanation, ruled on the one-sided motions, especially without any consideration of the infringing statements in ECF129/EC130.

   While it was made clear that Plaintiffs were drafting as quickly as possible the Good Cause explanation given the pending motion for sanctions the originally infringing brief ECF129, was also

Page 18

clearly documented in ECF141 and ECF142/ECF145 which the Court's orders had not yet ruled on the merits on. Therefore the decision to not permit Plaintiffs the ability to file their opposition to the motion to strike, and complete the latter motions (given the detailed first impression areas of law) was an abuse of discretion and manifestly unjust. Not only did at last in some part, an explanation of good cause for additional pages was contained in the Reply themselves see ECF145 at 5 and 47, (to consider a brand new argument and almost "second motion to dismiss", Plaintiffs made several good faith attempts to communicate with the Court that they were in the process of drafting the motion. In essence, manifest injustice has occurred because NFA Defendant filed an infringing pleading that extended the bounds of an objections motion, and as a result Plaintiffs in attempting to respond have been prejudiced.

Further Pro-Se Individual Rules of Practice allow a Pro-Se Plaintiff **four weeks** to respond to that motion. While the Court has discretion on whether to extend Local Rule 6.1 Courts have viewed any decision by the Court to shorten the time period to respond, especially when it prejudices a parties rights is an abuse of discretion. Therefore this warrants reconsideration as the Court was aware, that a Good Cause motion was being prepared, the Court was also aware, that there had been infringing conduct in ECF129 that caused the additional pages. Further a request for motion for excess pages was included at the end of the filing, and because of pending sanctions motion, and additional efforts to respond to over 50 infringing statements, Plaintiffs had not included the separate motion in Reply.

Finally, the Court's order was unjust because it was clear that Plaintiffs motion was forthcoming and on January 13, 2022 because solely due to the overlapping schedules in 20-CV-3871 had also notified the court that it was being prejudiced by multiple overlapping deadlines and in related case also 20-CV-3871 Defendants are acquiring procedural inequity by requiring a Pro-Se Plaintiff to respond to upwards of five (5) motions over the same period of time. (See also recent filing on February 4, 2022 20-CV-3871 ECF130 -documenting a repeated pattern of non-compliance with Local Rule 6.1 to not afford Plaintiffs the required amount of time to respond to motions ot protect their rights).

Page 19

## VIII – Court Overlooked facts surrounding filing of this Reply Motion

**(i)   60(a) Order cites to incomplete record of facts showing that Plaintiffs did not acquire any additional benefit of time and Local Rules extensions to file a Reply**

Plaintiffs have also argued that reconsideration is required due to an ongoing inconsistent application of Local Rule 6.1 and the Court's order improperly computes the time that Plaintiffs had to respond to ECF129/ECF130. As is also documented in related case 20-CV-3871 ECF130 due to procedural overlap in the two cases, Plaintiffs have argued material prejudice and manifest injustice as the Court is not allowing the full amount of time for two oppositions under Pro-Se standard, as well as there overlapping dispositive motions to dismiss in related case. Defendants entered their two Oppositions on November 15, 2021. However concurrent to the briefing schedule in this action, Plaintiffs were both required to respond to not one, two, but *three* dispositive motions in related case 20-CV-3871 which were all due on December 14, 2021. The original scheduling order only provided Pro-Se Plaintiffs seven (7) additional days to respond to both ECF129/ECF130 which were due on December 21, 2021. (ECF128). However due to circumstances out of Plaintiffs control, both Plaintiffs had to take 2.5 weeks (and then Mr. August took 2-3 weeks) out of the office in sequence due to Omicron over the holiday season. Plaintiff Kumaran returned to the office on January 3, 2022 and demonstrated no tardiness in attending to the motions.

ECF152 is therefore not a complete portrayal of the facts on the record as it excludes the <u>reasons for extensions</u> in the filings of ECF142/ ECF145 on January 18, 2022. ECF152 notes that Plaintiffs granted on December 31, 2021 an extension of time to file their Reply. (ECF131, ECF133) – however those extensions were due to Covid and not related to providing Plaintiffs additional benefit of time to prepare a response. In fact because of the Covid situation, Plaintiffs had less time to review and respond to the briefs than would ordinarily have occurred. No such consideration was provided by the Court and this is also manifestly unjust.

**(ii)   60(b) Plaintiffs Original Request to Respond to Fraud on The Court was Included in ECF145 and exceed pages**

In another manifest error, the Court overlooks completely the communications with the Court prior to the filing of the Replies on January 18, 2022 – contained in ECF137-ECF141 – and also that Plaintiffs sought relief from the Court for fraud on the Court that justified and contained an explanation for the additional pages in the filing (see Issue 1 supra)

Page 20

### (i)     59(e) - Plaintiffs response was more than just a Reply but contained both opposition to fraud on the Court and also opposition to a new Motion to Dismiss

The Court also failed to consider that the Reply papers were more than just a Reply – but contained oppositions to fraud on the Court and also opposition to essentially a brand new Motion to Dismiss. The Courts error to review the merits of what was required to oppose the expanded briefing by both parties. As argued supra, Court's have adjusted the page limits, when it becomes clear a party is essence responding to a second motion to dism*iss. (see Perez Id)*

### (ii)    Court's Order Failed to Take Into Consideration Pro-Se Standards

The Court's order ECF152 also failed to provide even one bit of consideration that Plaintiff *Pro-Se* lenience in its Order – and that some good cause showing should entitled to some deference or lenience in both timelines and page counts. In setting the initial orders and page limitations and scheduling, the Court has adopted the same harsh and strict deadlines to Pro-Se Plaintiff. As explained in the recent filing in 20-CV-3871 with the overlapping motions – the amount of time to respond to motions is now being shortened to less than what is permitted even under counselled pleading standard. In prior briefings (such as 20-CV-3873 *ECF37, ECF38 th*e Court has not imposed such a harsh page count on a Pro-Se Plaintiffs and the Court has adopted varying standards in different actions on when and when not to allow Plaintiff Pro-Se lenience. Abruptly and harshly removing such a standard – on the final briefing – which is manifest to the Court's understanding of the case and central arguments of law – unjust as this briefing closes the filings and nothing in ECF145/ECF142 was immaterial or redundant. As explained in the Good Cause – additional time as needed to explain the first impression areas of law that were also raised for the first time by NFA.

### (iii)   Absence Due to Covid - Court's Order Did Not Take Into Account the Fraud on the Court and request for additional pages contained in the Reply

The Court documents that it had granted an extension to Plaintiffs on December 31, 2022 but the Order ECF152 because it excludes the genuine (and atypical) justification that in this instance – despite a track record of numerous timely and diligent filings – for the first time in the 18 months procedure of this case – Plaintiff Kumaran had to take 2.5 weeks out of the office due to Covid and the well documented rise in Covid/Omicron cases in the NYC area over the same period these filings were due. This has not been a pattern of conduct and was a one-time isolated event. The Court again in manifest injustice, fails to apply any consideration of these facts or the excusable neglect that Plaintiffs own absence from the office

Page 21

Therefore the Court's decision to not allow for any time consideration to file its letter motion for excess pages – given the ongoing (at the time of the January 20, 2022 Plaintiff notified the Court of ongoing impact to the Covid) – to not allow a reasonable amount of time – well within the Local Rule 6.1 to complete the motion prior led to a ruling in a prejudicial manner. A court may consider a [Party's] severe illness when determining whether the failure to file opposition papers or remedy a complaint is excusable neglect. See Carcello v. TJX Cos., Inc., 192 F.R.D. 61, 64 (D. Conn. 2000); Spinelli v. Sec'y of Dep't of Interior, No. 99 Civ. 8163, 2006 WL 2990482, at *4 (E.D.N.Y. Oct. 19, 2006). When deciding whether illness constitutes excusable neglect, a court considers whether the [Party] mitigated the situation through communication with the Court or opposing counsel. See, e.g., Carcello, 192 F.R.D. at 64.

Here it is clear Plaintiff repeatedly communicated with the Court, and as late as January 20, 2022 notified the Court it did wish to incur prejudice for the [rare and unusual] very limited time it had to take out of the office during the Omicron outbreak. Instead Plaintiffs have suffered prejudice in both cases – 20-CV-3871 and 20-CV-3668 piling on multiple overlapping briefs and instead of allowing the Court to rule on the merits. The Court's order ECF152 is materially unfair as it allowed for no excusable neglect in the slight delay in completing this motion for excess pages – especially in light of the magnitude of infringing statements contained and documented to the Court in ECF140/ECF141. Again the Court's decision also not to rule on the merits of the infringing conduct which also contributed to the filing being expanded was also manifest unjust. See Also Lucio v. New York City Dep't of Educ. & Marie Douyon, No. 12 CIV. 247 (DAB), 2013 WL 12084546, at *3 (S.D.N.Y. May 16, 2013), aff'd sub nom. Lucio v. New York City Dep't of Educ., 575 F. App'x 3 (2d Cir. 2014) Plaintiffs did not disregard or disrespect the prior order ECF102 for Plaintiffs filing three (instead of two) memoranda of law. Plaintiffs respectfully request the Court examine not just the extraordinary circumstances above (including being out of the office, but also the sanctions motion and infringing conduct that foes to the heart of the Court's ability to resolve the case on the merits – that justified Plaintiffs arguing in response to the opposition on multiple new arguments.) Other key differences warranting equitably treatment in this filing –which includes an expanded opposition motion.

Page 22

## IX – The Order Should Be Reconsidered Because Local Rule 12(f) was Not Applied

Both motions to strike did not comply with FRCP 12(f). In order for a Court to strike pleading or part of pleading, Courts generally conduct an analysis on whether the filing also contains material or relevant material that is necessary for the Court's review. Motions to strike are governed by Rule 12(f) of the Federal Rules of Civil Procedure, which provides, in relevant part, that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)  *Hirsch v. Complex Media, Inc.*, No. 18 Civ. 5488 (CM), 2018 WL 6985227, at *9 (S.D.N.Y. Dec. 10, 2018) (quoting Fed. R. Civ. P. 12(f)). "[M]otions to strike are generally disfavored and will not be granted unless the matter asserted clearly has no bearing on the issue in dispute." *Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A.*, 596 F. Supp. 2d 821, 829 (S.D.N.Y. 2008) (internal quotation marks omitted). "To prevail in such a motion, defendants must demonstrate that (1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." *Roe v. City of New York*, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001) (internal quotation marks omitted). *Lynch v. Southampton Animal Shelter Found. Inc.,* 278 F.R.D. 55, 63 (E.D.N.Y.2011) (quoting *Roe v. City of N.Y.,* 151 F.Supp.2d 495, 510 (S.D.N.Y.2001)) "Resolution of a Rule 12(f) motion is left to the district court's discretion." *E.E.O.C. v. Bay Ridge Toyota, Inc.,* 327 F.Supp.2d 167, 170 (E.D.N.Y.2004). However, motions to strike are disfavored. *See Illiano v. Mineola Union Free Sch. Dist.,* 585 F.Supp.2d 341, 357 (E.D.N.Y.2008)..

Here the Court did not provide any analysis or apply any of the rules applying whether  the information in the pleading would bear on the issues in the case.  First NFA and Kadlec motions to strike fail to identify any material that is immaterial or impertinent. In fact the opposite is true. They know that Plaintiffs arguments both material and relevant to avoid any genuine ruling on the merits continue to flout their own procedural excesses.  Notably, Defendants point to nothing in the briefs where the valid  arguments indicated show the Replies contain immaterial or impertinent. *See Lynch,* 278 F.R.D. at 63 ("Immaterial matter is that which has no essential or important relationship to the claim for relief, and impertinent material consists of statements that do not pertain to, and are not necessary to resolve, the disputed issues."). In fact any reasonable review of both ECF145 (see also Good Cause #1-#6) and ECF142 (see Good Cause #1-#10) showing that the Court's review of these items is the heart and central issues of the case and related cases. A fact is "material" for these

Page 23

purposes if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

      NFA and Kadlec's objections are again to prevent the Court resolving the case on the merits and instead using procedural gamesmanship to obtain an advantage to have valid arguments not reviewed – while they themselves obtain procedural advantage by injecting dozens of new and infringing arguments for the first time in Reply and Objections Report. Given that the Court did no analysis on the merits or the materiality or relevance of the arguments raised in ECF145 or ECF142 – the decision to strike (together with not allowing the Local Rule 6.1 14 days to reply to the motion) is manifestly unjust.

      Further Defendants did not identify in prejudice in responding to their own infringing conduct or absent striking the Reply. *See Holmes v. Fischer,* 764 F.Supp.2d 523, 532 (W.D.N.Y.2011) ("Rule 12(f) motions to strike are disfavored and not routinely granted, and it is the movant's burden to demonstrate prejudice by the inclusion of the alleged offending material."); *Metrokane, Inc. v. The Wine Enthusiast,* 160 F.Supp.2d 633, 642 (S.D.N.Y.2001) ("To have redundant, immaterial or impertinent matters striken from a pleading, the defendant must demonstrate that ... to permit the allegations to stand would result in prejudice to the movant." (internal quotation marks and citation omitted)). *Gssime v. Nassau Cty.,* No. 09-CV-5581 JS ARL, 2014 WL 810876, at *2 (E.D.N.Y. Feb. 28, 2014). Further Defendants' motion also identifies no prejudice to them in the filing. Specifically Plaintiffs have never opposed any extensions of time or additional pages to Defendants to respond to the lengthier filings. Therefore there has been no unfairness in their ability to request additional responses. Under Rule 12(f) the materiality applies to portions of the brief which have also been explained in the motion for excess pages. (At least these sections address *complex and novel first impression areas of law* – which are central to the Courts resolution on the merits)

      **ECF145 Pg.15-23** -**First Impression Issue** in Conflict between 7 U.S.C. 25(c), NFA Member Arbitration Rule 2(a)(1), 9 U.S.C. 1, and NFA Member Rule 17

      **ECF145 Pg. 38– 41 -  First Impression Issue** on the application of 7 USC 21(p) and NFA 2-26 and 2-29 / 7 U.S.C. 21, CFTC Federal Register of NFA Requirements, OIG Report, 7 USC 25 and  NFA Rule 2-26 and 2-29

      **ECF145  Pg36–  38 -  First Impression Issue** of NFA's failure to enforce registration requirements under ***all*** Bylaws 301(a)-(e) and 2-2(i) to allow participants to exceed their registration authority. No case law exists on the multiple nuances of each Bylaw and no case has ever been brought under 2-2(i).

      **ECF145 – Pg42– 44 -  First impression issue on** whether damages from [covered transactions] under 25(b) are accrued  to CTA's (who have no option but to be NFA

Members) as a result of NFA's failure to enforce 21(b)(10) which is NFA's requirement to enforce a fast, expeditious, and equitable Arbitration. No case law exists and no prior history has occurred.

**ECF145 - Pg3– 11 - First impression issue on** a CTA's private right of action for fraud under 7 USC 25(b) and 7 USC 6(b) implores a fiduciary duty on NFA to disclose pecuniary relationships such as guarantees and fees, when requested.

**ECF145 –Pg24–33   First Impression issue** under 7 USC 25(a)-(c) on the tolling under fraudulent concealment for claims that are required to be pled under the heightened pleading standards of bad faith, and whether CEA claims are tolled to the filing of claims in the Arbitration due to a conflict in Federal Statutes.

Similar Good Cause Items are provided for Kadlec's brief including also first impression issues on the application for 17 CFR 1.55 ECF142 which the Court has allowed to be briefed for the first in Opposition to an Objections and was never contained in their ECF77. Plaintiffs respectfully seek that these Good Cause Items above, on the all the first impression issues are reinstated so that the Court can rule on the merits, and not (again) have one-sided arguments from Defendants – either raised in their MTD Replies (ECF109/EC110) or only in Opposition for which Plaintiffs have had no opportunity to be heard. Alternatively, the Court could also strike the infringing conduct of Defendants (ECF129/ECF130) so there is no harsh penalty to one party for acting as a result of the infringing overreach of the oppositions.

### X – Inapplicable Standards for Striking an Entire Pleading and Not Just Excess Pages

Even if the Court had deemed the material infringing ECF152 not only misquotes both Defendants actual motions which were to strike <u>only the excess pages</u>, and at a minimum allow the originally allowed fifteen pages to standard. (See ECF147 Kadlec only sought to strike 15 pages, ECF 149 NFA also sought to strike 15 pages). Even if the conclusion were considered to be substantive, the proper course of action in this case would be to merely not consider any pages **beyond the allowed amount, not to strike the entire motion** as [Defendant] requests. *See Helen Cross v. Colvin*, 16-CV-0111, 2016 WL 7011477, at *4 n.3 (N.D.N.Y. Dec. 1, 2016) (Suddaby, C.J.) (noting that, "[b]ecause Plaintiff has exceeded the page limit, the Court will not consider the arguments contained in pages eleven through fifteen of her counsel's reply affidavit"). . *See McDonough v. Smith*, 15-CV-1505, 2016 WL 5717263, at *8-9 (N.D.N.Y. Sept. 30, 2016) (D'Agostino, J.) (striking pages fro memorandum of law that exceeded page limit set forth in local rules); *Piazza v. Eckerd Corp.*, 02-CV-0043, 2003 WL 23350118, at *2 n.9 (W.D.N.Y. Aug. 22, 2003) (disregarding pages 11-22 of defendant's reply brief because those pages exceeded the court's local rules requiring reply briefs to

not exceed ten pages). The Court's decision is manifestly unjust as at a minimum (in the alternative) it should have permitted the allowable amount of pages (fifteen) as the normal course of conduct is to only disregard the additional pages.

Therefore the Order ECF152 made an error that both parties sought to strike only the infringing material. Second, given the concurrent motion to strike Defendants infringing conduct in ECF129 (attached as Exhibit 1) as well as multiple expanded statements that exceed a Rule 72 motion, any decision to strike a response would be manifestly unjust. Third as indicated above, prior to striking a pleading, the Court is required to conduct an analysis of whether the information or arguments are material or relevant to the Court's resolution of the issues and would alter the outcome of the case. Given the number of first impressions issues of law – that would stem to the heart of the Court's resolution of the cases (all three related cases), Plaintiffs state in good faith, that the complexity of the case required Plaintiffs to carefully respond to all the new first impression arguments entered by NFA and Kadlec in their broad free ranging oppositions.

Further in cases where Defendants own conduct caused the infringement, Court's have usually required both parties to modify their briefs, or afforded the party to correct the brief to not respond to the infringing conduct. See *Wong v. Bd. of Educ., 478 F. Supp. 3d 229, 242–43 (D. Conn. 2020)* permitting both parties to modify infringing conduct, and allowing refiling without prejudice to either party. Where Parties responded to additional and extraneous material the Court ordered the parties to both refile the documents and instructed that they "will not contain any new arguments." and deeming the Reply inapplicable as it countered "new arguments".

Further, Plaintiffs to the extend Defendants feel they are prejudiced, do not oppose any Sur-Reply on the merits of any first impression and important rules, laws, and regulations raised by Plaintiffs. Additionally Plaintiffs have never opposed any excess pages by Defendants so that the Court can rule on this important motion – which contains significant complex and novel application of the commodities rules on the merits.

For the above reasons, as well as the filed Nunc-Pro-Tunc Motion For Excess Pages, Plaintiffs respectfully seek reconsideration of Orders 151 and 152.
Respectfully submitted,
//SSK//                                          //BMA//
Samantha S Kumaran                               Brian M. August, Esq
Pro-Se Plaintiff                                 Counsel for NRCM