UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/10/2022
```

-------------------------------------------------------------- X
                                          :

SAMANTHA SIVA KUMARAN, et al.,        :
                                          :

                        Plaintiffs,       :               1:20-cv-3668-GHW
                                          :

           -against-              :                ORDER
                                          :

NATIONAL FUTURES ASSOCIATION, LLC, et :
al.,                                        :
                                        :

                      Defendants.      :
                                        :
-------------------------------------------------------------- X

GREGORY H. WOODS, District Judge:

On January 25, 2021, the Court denied Plaintiff Kumaran's motion for sanctions because she failed to comply with the safe harbor provision of Rule 11. Dkt. No. 151. The same day, the Court granted Defendants' motions to strike Plaintiffs' reply briefs to Plaintiffs' objections to Magistrate Judge Aaron's September 16, 2021 Report and Recommendation. Dkt. No. 152. On February 10, 2022, Plaintiffs filed a motion for reconsideration of those orders "[p]ursuant to FRCP 59(e), 60(a) and 60(b) and Local Rule 6.3." Dkt. No. 154.

Federal Rule of Civil Procedure 59(e) provides that a "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Such a motion "may be granted 'only if the movant satisfies the heavy burden of demonstrating an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Levitant v. Workers Comp. Bd. of N.Y.*, No. 16-CV-6990, 2019 WL 5853438, at *1 (S.D.N.Y. Nov. 8, 2019) (quoting *Fireman's Fund Ins. Co. v. Great Am. Ins. Co.*, 10 F. Supp. 3d 460, 475 (S.D.N.Y. 2014)). Importantly, a Rule 59(e) motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or

otherwise taking a second bite at the apple." *Id.* (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)).

"[T]he standard for granting a Rule 59(e) motion 'is strict, and . . . will generally be denied.'" *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (quoting *Ursa Minor Ltd. v. Aon Fin. Prods., Inc.*, No. 00-CV-2474, 2000 WL 1279783, at *1 (S.D.N.Y. Sept. 8, 2000)). Rule 59(e) "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Id.* (quoting *Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 685 (M.D. Fla. 1996)). "The standards governing a motion for reconsideration under Local Rule 6.3 are the same as those under Federal Rule of Civil Procedure 59(e)." *Abrahamson v. Bd. of Educ. of Wappingers Cent. Sch. Dist.*, 237 F. Supp. 2d 507, 510 (S.D.N.Y. 2002).

Federal Rule of Civil Procedure 60(a) allows a court to "correct a clerical mistake or a mistake arising from oversight or omission." Fed. R. Civ. P. 60(a). "A motion under Rule 60(a) is available only to correct a judgment 'for the purpose of reflecting accurately a decision that the court actually made.'" *Hodge ex rel. Skiff v. Hodge*, 269 F.3d 155, 158 (2d Cir. 2001) (quoting *Truskoski v. ESPN, Inc.*, 60 F.3d 74, 77 (2d Cir. 1995)). Rule 60(b) provides relief on various grounds including "mistake," "newly discovered evidence," "fraud . . ., misrepresentation, or misconduct by an opposing party," and "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quotations omitted). A "Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided." *Maldonado v. Loc. 803 I.B. of T. Hlth. & Welfare Fund*, 490 F. App'x 405, 406 (2d Cir. 2013) (summary order).

Plaintiffs' motion does not meet the standard for relief under any of the cited Rules. As to the Court's order denying Plaintiff's Rule 11 motion for sanctions, the Court held that Plaintiff failed

to comply with the safe harbor provision of Rule 11. "A motion that fails to comply with the safe harbor provision of Rule 11 must be denied." *Castro v. Mitchell*, 727 F. Supp. 2d 302, 306 (S.D.N.Y. 2010) (collecting cases). Plaintiff does not refute that she failed to comply with the safe harbor provision of Rule 11, nor does she refute that her motion must therefore be denied. Nevertheless, Plaintiff contends that the Court should have ruled on the merits of her request for sanctions. Plaintiff's failure to comply with the safe harbor provision prevents the Court from ruling on the merits of the motion because the motion must be denied.

Similarly, Plaintiffs' challenge to the Court's order striking Plaintiffs' reply briefs is insufficient. Plaintiffs do not grapple with the fact that, as outlined in the previous order, Plaintiffs violated the Court's clear orders regarding the page limit for their reply briefs. Instead, Plaintiffs argue that they submitted two letters which notified the Court that the replies would contain additional briefing. Dkt. No. 154 at 6 (citing Dkt. Nos. 137, 139). These letters did not state that Plaintiffs would be violating the Court's order by submitting briefing in excess of the page limits, nor do the letters request leave to file excess pages. Further, Plaintiffs argue that the reply briefs contained requests for additional pages and explained why those pages were necessary. Dkt. No. 154 at 14–15. However, a reply is not a motion. Plaintiffs are aware of this. As the Court previously observed, and as Plaintiffs acknowledge, Plaintiffs' reply briefs indicated that Plaintiffs intended to file a motion for leave to file excess pages. Plaintiffs did not submit such a motion until February 9, 2022. Dkt. Nos. 155, 156.

Despite Plaintiffs unsubstantiated protestations to the contrary, the Court already considered these filings in ruling on Defendants motion to strike. The Court is not required to cite to every single document it has read and considered in ruling on a motion. The Court did not expressly address these filings because they do not excuse Plaintiffs' failure to seek leave to file excess pages prior to filing their replies. Plaintiffs arguments regarding why they felt they needed excess pages are

3

inapposite.  Plaintiffs are well aware that they must comply with the Court's orders regarding page

limits and that they must request leave to file excess pages if they wish to exceed those pages limits.

Magistrate Judge Aaron previously admonished Plaintiffs "for filing multiple memoranda of law that

vastly exceed the Court's page limits" and directed Plaintiffs to "make any request for additional

pages prior to the filing deadline."  Dkt. No. 102.  Plaintiffs do not offer a sufficient rationale for

why they failed to request additional pages prior to the filing deadline.  The Court has reviewed the

remainder of Plaintiffs' arguments and concludes that Plaintiffs have not met the standard for relief

under any of the rules pursuant to which this motion was brought.

For these reasons, Plaintiffs' motion for reconsideration is denied.  This holding should not

be read to indicate that the Court has taken any position on the propriety or merit of Defendants'

opposition to Plaintiffs' objections.

Because the Court denies Plaintiffs' motion for reconsideration of its order granting

Defendants' motion to strike Plaintiffs reply briefs, Plaintiffs' motions for leave to exceed the page

count for the reply briefs, Dkt. Nos. 155 and 156, are denied as moot.

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 154, 155, and

156.

SO ORDERED.

Dated:  February 10, 2022
New York, New York

_____
GREGORY L. WOODS
United States District Judge

4