IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMANTHA SIVA KUMARAN | |
| et al | Case No:1:20:CV:03668-GHW-SDA |
| *Plaintiffs,* | Related Case:  1:20:CV 03873 |
| | Related Case: 1:20:CV 03871 |
| -against- | |
| | **MOTION AND MEMORDANDUM** |
| National Futures Association , | **TO SUBSTITUTE** |
| et al | **SUCCESSOR IN INTEREST** |
| *Defendants.* | **AS NAMED PLAINITFF** |
| | **PURSUANT TO FRCP 25 (c)** |

**MOTION AND MEMORDANDUM TO SUBSTITUTE SUCCESSOR IN INTEREST
AS NAMED PLAINITFF PURSUANT TO FRCP 25 (c)**

Dated: May 6, 2022

Respectfully submitted,

//SSK//

Samantha S. Kumaran

Individual Plaintiff

<u>**TABLE OF CONTENTS**</u>

I – INTRODUCTION...............................................................................................Pg.1

II - STATEMENT OF FACTS..............................................................................Pg.2

III- GOVERNING LAW...............................................…………………………..Pg.2

A -  Substitution of Parties Under Federal Rules of Civil Procedure 17(a)………………….Pg.7

B – Substitution of Parties Under Federal Rules of Civil Procedures 25(c)………………….Pg.7

C – Rule 17(a) allows Kumaran to Substitute as the Real Party of Interest………………….Pg.12

IV – CONCLUSION………………………………………………………………………….Pg.13

# TABLE OF AUTHORITES

*Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997)

*Advanced Mktg. Group, Inc. v. Bus. Payment Sys., LLC*, 269 F.R.D. 355, 359 (S.D.N.Y. 2010)

*Assets Recovery Ctr. Invs., LLC v. Smith*, No. 13CV253CBACLP, 2017 WL 10088188, at *2 (E.D.N.Y. Aug. 18, 2017)

*Banyai v. Mazur*, No. 00-cv-9806(SHS), 2009 WL 3754198, at *3 (S.D.N.Y. Nov. 5, 2009)

*Cody v. Charter Commc'ns, LLC*, No. 17 Civ. 7118 (KMK), 2020 WL 3639935, at *7 (S.D.N.Y. July 6, 2020)

*Cortlandt St. Recovery Corp. v. Hellas Telecommunications, S.a.r.l*, 790 F.3d 411, 420–25 (2d Cir. 2015)

*Doe v. Cahill*, No. 20 CIV. 3908 (KPF), 2021 WL 3501196, at *3 (S.D.N.Y. Aug. 9, 2021)

*Dollar Dry Dock Sav. Bank v. Hudson St. Dev. Assoc.*, No. 92 Civ. 3737, 1995 WL 412572, at *4 (S.D.N.Y. July 12, 1995)

*Fashion G5 LLC v. Anstalt*, No. 1:14-CV-5719-GHW, 2016 WL 7009043, at *2 (S.D.N.Y. Nov. 29, 2016)

*FDIC v. Tisch*, 89 F.R.D. 446, 448 (E.D.N.Y. 1981)

*Ferring B.V. v. Allergan, Inc.*, No. 12 CIV. 2650, 2017 WL 4083579, at *6 (S.D.N.Y. Sept. 14, 2017)

*Gen. Elec. Capital Corp. v. Eastern Bus. Sys.*, No. 15-cv-6924 (SJF) (AYS), 2016 WL 3582061 (E.D.N.Y. June 28, 2016)

*Glob Auto, Inc. v. Hitrinov*, No. 13-cv-2479, 2015 WL 5793383, at *5 (E.D.N.Y. Sept. 30, 2015)

*House of Europe Funding I Ltd. v. Wells Fargo Bank, N.A.*, No. 13 Civ. 519 (RJS), 2015 WL 5190432, at *2 (S.D.N.Y. Sept. 4, 2015)

*Koehler v. Bank of Bermuda Ltd.*, 2002 WL 1766444, at *2 (S.D.N.Y. July 31, 2002)

*Levin v. Raynor*, No. 03-cv-4697 (GBD) (THK), 2010 WL 2106037 (S.D.N.Y. May 25, 2010)

*Negrin v. Kalina*, No. 09 Civ. 6234, 2013 WL 5925916 (S.D.N.Y. Nov. 5, 2013)

*Organic Cow, LLC v. Center of New England Dairy Compact Research*, 335 F.3d 66, 71 (2d Cir. 2003)

*Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 193 (2d Cir.2003)

*Patsy's Italian Rest., Inc. v. Banas*, No. 06-cv-0729 (RER), 2008 WL 495568, at *2 (E.D.N.Y. Feb. 20, 2008)

*Prop-Jets, Inc. v. Chandler*, 575 F.2d 1322, 1324 (10th Cir. 1978)

*In Re Rates - Viper Patent Litig.*, 2011 WL 856261, at *1 (S.D.N.Y. March 10, 2011)

*SEC v. Collector's Coffee Inc.*, 451 F. Supp. 3d 294, 297 (S.D.N.Y. 2020)

*Software Freedom Conservancy, Inc. v. Best Buy Co.*, 2010 WL 4860780, at *2 (S.D.N.Y. Nov. 29, 2010)

*Tardiff v. Cahill*, No. 21-2111, 2021 WL 7186856 (2d Cir. Oct. 28, 2021)

*Travelers Ins. Co. v. Broadway W. St. Assocs.*, 164 F.R.D. 154, 164 (S.D.N.Y. 1995)

*United States ex rel. Reliable Constr. PM, Inc. v. Land Frog, Inc.*, No. 13-CV-7351, 2015 WL 740034 (E.D.N.Y. Feb. 20, 2015)

*United States Sec. & Exch. Comm'n v. Collector's Coffee Inc.*, 451 F. Supp. 3d 294, 297 (S.D.N.Y. 2020)

*Va. Elec. & Power Co. v. Westinghouse Elec. Corp.*, 485 F.2d 78, 83 (4th Cir.1973)

Substitution FRCP25(c), Page 1

## MOTION AND MEMORANDUM OF LAW

Pursuant to Fed. Rules of Civ. Proc 17(a) and 25(c), Plaintiff Kumaran respectfully moves this Court to substitute dissolved LLC, Nefertiti Risk Capital Management, LLC ("NRCM") with the real party of interest Samantha S. Kumaran ("Kumaran") and allow Kumaran to proceed as successor-in-interest for any remaining claims accruing to NRCM. Incorporated by reference herein to this memorandum is the affidavit of Samantha Kumaran dated May 6, 2022 ("Kumaran Declaration#4), which contains a statement of facts relevant to this motion.

## I - INTRODUCTION

Since the inception of this case, there has been much confusion on who the real party of interest is regarding NRCM. Nefertiti Risk Management Capital LLC ("NRCM") was a single member LLC and originally thought to be a sole proprietor. It has no other members or shareholders. It has completed being dissolved at New York State, and Kumaran, as the sole member, and seeks to enforce any remaining claims as Successor-In-Interest. Kumaran has chosen to represent herself Pro-Se.  This motion finally ends the ambiguity related to NRCM.

The issue of NRCM being dissolved has been before this Court for a long time and since inception. Since the very first Complaint in this action on May 18, 2020 Plaintiff listed that NRCM is no longer operational– and stated it was no longer conducting business. (ECF1). Shortly thereafter on July 30, 2020 NRCM terminated its membership from the NFA. On September 29, 2020 NRCM was filed to be dissolved. The filing at New York State lagged by months due to increased volume due to Coronavirus filings.  Finally, on March 2, 2022 the filing was completed. NRCM has been dissolved and has no interest in this litigation. All assets, liabilities and interests belong to Kumaran. Thus, since filing of the notice of dissolution, and in fact for several years prior, Kumaran has assumed responsibility for all of NRCM's legal and financial obligations, including any liability that may arise from NRCM's activities that are the subject of this litigation. (Affidavit at ¶247)

## II - STATEMENT OF FACTS

On July 30, 2020 Nefertiti Risk Capital Management, LLC, a New York Limited Liability Corporation withdrew its membership from the NFA as it is no longer operational. (Kumaran Declaration#4 at ¶179 (Exhibit 20).) On September 29, 2020 Kumaran filed a Notice of Dissolution with New York State Division of Corporations (Id at ¶182, Exhibit 22). The notice was sent with accompanying money order and was sent certified mail (Id at ¶185, ¶186, Exhibit 23 and 24). On September 30, 2020 Kumaran in her individual capacity, filed a First Amended Complaint ("FAC") for her own claims which also included two claims as Successor-In-Interest. (Id at ¶187).  The FAC stated that "NRCM has been dissolved and has asserted no claims here". (Id at ¶187, ECF15 ¶24). Kumaran brought two claims as Successor-In-Interest on behalf of NRCM – Counts 12 and 13 (ECF15 at ¶375-¶396). The FAC also stated that "Kumaran, individually, is the successor-in-interest to all assets, liabilities, and all affairs of NRCM" (ECF15 at ¶390).

On November 13, 2020 I filed a motion at the NFA to extend the stay, which sought to amend the November 19, 2019  former Panel that had made the stay "permanent <u>unless lifted within 12 months</u>. To preserve NRCM's claims, I requested that the stay be extended "while" the NFA Arbitration continue. The motion was filed in my capacity as **successor-in-interest**. **(Exhibit 25, Id at ¶193)**. On November 23, 2020 ADMIS, High Ridge Futures, Boshnack, Rothman, Lazzara and Lazzara Consulting and all remaining arbitration defendants, collectively represented by Mr. Doyle, filed a motion to oppose extending the stay while the NFA matter continued and instead moved to that "Respondents request that the Panel deny Ms. Kumaran's Motion to Extend the Stay and enforce its November 18, 2019 Order by <u>deeming this arbitration permanently stayed and dismissing the case.</u>" (Exhibit 26, Id at ¶194).  In that filing counsel Respondents stated they intend to hold me, Ms. Kumaran individually liable for all ADMIS' legal fees under the ADMIS Customer Agreement, as Successor-in-Interest. (Id at ¶195). On November 25, 2020 I responded to ADMIS' letter, also stating the "Respondents request is essentially to seek a final order of termination on my rights, without any hearing, without any adjudication in an arbitration that as of today has no proper panel or Chairperson." (Exhibit 27, Id at ¶196). On December 1, 2020 ADMIS filed a Motion to Compel Arbitration (ECF22). That motion

did not dispute or oppose that Kumaran was the legitimate successor-in-interest and acknowledged that Kumaran was the legitimate Successor-In-Interest to NRCM.(Id at ¶197)

Because a prior order had stated that NRCM must appear by counsel, even though it had been thought to be dissolved, NRCM appeared by counsel. At that time, NRCM had no further business. (Id at ¶199-200). On March 1, 2021 both Kumaran and NRCM opposed the motion to compel Arbitration and also cross-moved to prevent Arbitration. (ECF37 and ECF38). On March 29, 2021 Kumaran supplied three affidavits related to facts involving the Arbitration (ECF43, ECF43.29, and ECF43.28)

On February 9, 2021 Kumaran verified the FAC as true. (ECF35, Exhibits 1-4). On February 10, 2021 the Court issued an Order that by consent NRCM was added back as a Plaintiff to "preserve any claims it has". (ECF36) Kumaran made the motion Pro-Se. (Id at ¶204). No counsel were on the call. (¶36). ADMIS consented to the oral motion and that NRCM had preserved its claims. (ECF60).  On June 7, 2022 Judge Aaron issued an Order that stated that to the extent Kumaran is Successor in Interest, those claims are subject to Arbitration.

On February 23, 2022 I called New York State to inquire why the finalization of the dissolution of NRCM that was filed on September 29, 2020 had taken so long. They advised me they were still in arrears in the filings due to Covid 19. I provided my DOS # and they asked me to call back. (Id at ¶212). On February 24, 2022 I emailed them copies of the money order and older forms sent on September 29, 2020. On February 24, 2022 I again called New York State to inquire why the finalization of the dissolution of NRCM had not been completes. (Id at ¶213) On February 26, 2020 I spoke to another representative on the phone, I was told that New York State were more than six(6) months in arrears in processing forms. (Id at ¶214). The agent at New York State Division of Corporations stated that they do not retain records for more than 12 months, so any prior filings or letters had been deleted from their system. (Id at ¶215). I was advised that the prior filing had a mismatch on the date I used of December 15, 2015 and that their date in their records was December 14, 2015, which may have delayed its processing.(id at ¶216). I was also told that I needed to include a facsimile number on the form for return correspondence as they do not use

email. (Id at ¶217). I was also advised to refile the forms as "expedited" and to use a Credit Card as opposed to a Money Order – so that payments could be traced to the date it was charged. (Id at ¶218). On February 28, 2022 I refaxed the dissolution notice with the corrected date on the form to show December 14, 2022, and paid an additional $25 fee to expedite dissolution. (Exhibit 29) (Id at ¶219) On March 1, 2022 the Court held a telephonic conference regarding Mr. August withdrawing as counsel for NRCM. (ECF95). In oral conference on that date, the Court stated that it would issue a stay of these proceedings so that counsel could withdraw and allow 30 days to replace counsel. (Id at ¶221). On March 2, 2022 the Court's order staying these actions was entered into the docket . (ECF96) The Court's order stayed all three (3) actions. (Id at ¶222) On March 2, 2022 on the same date, after the entry of the Court Ordered stay, New York State finally listed NRCM as dissolved, even though the process had been started in September 29, 2020. (Exhibit 30) (Id at ¶223). Because these actions were stayed I could not notify or communicate with the Court to notify them of the change. (ID. at ¶224) The Court's March 2 2022 (ECF96) stated in part that

> If no attorney enters an appearance on behalf of the Corporate Plaintiffs by that date, the Court may dismiss their claims for failure to prosecute. See Glob Auto, Inc. v. Hitrinov, No. 13-cv-2479, 2015 WL 5793383, at *5 (E.D.N.Y. Sept. 30, 2015) (explaining that "[d]istrict courts in this Circuit have exercised their discretion to dismiss an action for failure to prosecute where a corporate plaintiff fails to obtain counsel after being directed to do so and being warned of the consequences of inaction"); see also United States ex rel. Reliable Constr. PM, Inc. v. Land Frog, Inc., No. 13-CV-7351, 2015 WL 740034 (E.D.N.Y. Feb. 20, 2015); Negrin v. Kalina, No. 09 Civ. 6234, 2013 WL 5925916 (S.D.N.Y. Nov. 5, 2013). )(Id at ¶225)

Therefore in compliance with the Court's order, and because there was no ability to address the dissolution during the stay, I appointed counsel for NRCM along with NAM and NHC to enter an appearance in compliance with ECF96 on April 1, 2022 until the successor-in-interest motion was resolved. (ID at ¶226) The Court's order was express in its directive that unless counsel appears for the entities by this date, their claims may be dismissed. (Id at ¶227)

On April 1, 2022, as soon as the stay was removed, I filed a letter to the Court in 20-CV-3873 at ECF102, notifying this Court of the dissolution, stating that I would be filing an affidavit shortly.

(Id at ¶228). On April 4, 2022 I phoned New York State Division of Corporations to inquire if there were any further wind up procedures needed for single member LLC. (Id at ¶229). I spoke to Agent #61676 and was advised that since it was an LLC and not a corporation, Business Law 703 did not apply, and since I was the only member (a single member pass through). Therefore a consent letter from the Department of Finance was not required and no other procedures were required since a one person disregarded LLC does not need consent. Therefore no further paperwork was needed as NRCM was now dissolved. (Id at ¶230). On April 4, 2022 in oral conference in this action 20-CV-3873 I also alerted the Court that NRCM had been dissolved and I was planning to file an affidavit to that end shortly. (Id at ¶231).

On April 5, 2022 I spoke again to New York State Division of Corporation and the Finance Department. I spoke to Agent #63600 and was again advised that a Certificate of Dissolution is not needed for a single member LLC, and it is only used for large corporations. I was told there is nothing further to file and that New York Bus. Law 703 does not apply to LLC's. (Id at ¶232). As such, there is no further business obligation or filing, since I am a single-member LLC and NRCM no longer exists. (Id at ¶233) I have also individually lost substantial amounts of money and capital as a result of the fraud, and continue to absorb exorbitant financial damages. (Id at ¶241) All interests in NRCM including liabilities that are remaining, as NRCM is now dissolved, are transferred or revert to me in my individual capacity. (Id at ¶242) On April 11, 2022 I received a letter from the NFA regarding the Arbitration (Id at ¶243). That email states "until Ms. Kumaran asks NFA to proceed with NRCM's claims against ADMIS at NFA, the stay will remain in place." (Id at ¶244). I, in my individual capacity, have assumed all further interests and responsibilities, including any assets or liabilities, regarding the defrauded and dissolved NRCM. (Id at ¶245) I, in my individual capacity, continue to advocate the prior interests of NRCM in any arbitration, and accordingly seek to do so in this Court.(Id at ¶246). Thus, since filing of the notice of dissolution, Kumaran has assumed responsibility for all of NRCM's legal and financial obligations, including any liability that may arise from NRCM's activities that are the subject of this litigation. (Id at ¶247)

On April 1, 2022 Kumaran notified the Court that NRCM dissolution had been completed at the New York Stat (ECF102). Plaintiff Kumaran notified it would be filing an affidavit to that end shortly. (id). The Court was notified again on April 4, 2022 that NRCM had been dissolved and that Ms. Kumaran would be filing shortly its notice of affidavit that it can continue to asserts its rights. Therefore this Affidavit and motion is hereto submitted. In accordance with the Affidavits filed NRCM's dissolution has been completed. Accordingly consistent with its rights as successor-in-interest, and a Pro-Se, Ms. Kumaran no longer needs counsel in Federal Court and seeks to terminate counsel's representation in this action of NRCM.

Therefore, since Kumaran is the sole successor-in-interest and the sole member of a dissolved pass through entity, Plaintiff Kumaran respectfully moves this Court for an Order pursuant to FRCP 25(c), permitting substitution of Nefertiti Risk Capital Management, LLC so that Plaintiff Kumaran, who is appearing Pro-Se, and who is the sole successor-in-interest, advocate the claims and interests remaining of the dissolved LLC as the rightful party in interest. This request does not impact the other corporate entities Nefertiti Asset Management, LLC and Nefertiti Holding Corporation, who continue in operations and registration, who must and shall remain represented by counsel. It is well accepted that a successor-in-interest of a dissolved LLC can assert the rights and claims of its predecessor LLC.

In the alternative, Plaintiff Kumaran respectfully requests and Order from the Court, that Plaintiff Kumaran may be joined as a party in her capacity of as sole successor-in-interest to also advocate the interests of NRCM and thus appear alongside counsel, so that both Kumaran and counsel may advocate for NRCM and the dissolved LLC's interests.

### III- GOVERNING LAW

A -  Substitution of Parties Under Federal Rules of Civil Procedure 17(a)

Rule 17(a) of the Federal Rules of Civil Procedure requires that an action "be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). This rule "ensures that only a person who possesses the right to enforce a claim and who has a significant interest in the

litigation can bring the claim." *Cortlandt St. Recovery Corp v. Hellas Telecommunications, S.a.r.l.*, 790 F.3d 411, 420 (2d Cir. 2015) (citations, alteration and internal quotation marks omitted).  See also Schreiber, 407 F.3d at 48 n. 7 (quoting *Va. Elec. & Power Co. v. Westinghouse Elec. Corp.*, 485 F.2d 78, 83 (4th Cir.1973)); see also *421 Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 193 (2d Cir.2003) ("[A]n action must be brought by the person who, according to the governing substantive law, is entitled to enforce the right." (internal quotation marks omitted)).

It has been clear from the inception of this litigation, that the real party in interest to any claims related to the dissolved LLC NRCM is Samantha S. Kumaran.

### B – Substitution of Parties Under Federal Rules of Civil Procedures 25(c)

In turn,  substitution of parties upon transfer of an interest is governed by Federal Rule of Civil Procedure 25(c), which provides:

> If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party.

"Rule 25(c) substitution is a procedural mechanism designed to facilitate the continuation of an action when an interest in a lawsuit is transferred and does not affect the substantive rights of the parties." *Travelers Ins. Co. v. Broadway W. St. Assocs.*, 164 F.R.D. 154, 164 (S.D.N.Y. 1995). accord *SEC v. Collector's Coffee Inc.*, 451 F. Supp. 3d 294, 297 (S.D.N.Y. 2020).  Moreover, "[s]ubstitution of a successor in interest or its joinder as an additional party[1] under Rule 25(c) is generally within the sound discretion of the trial court." *Organic Cow, LLC v. Center of New England Dairy Compact Research*, 335 F.3d 66, 71 (2d Cir. 2003) (quoting *Prop-Jets, Inc. v. Chandler*, 575 F.2d 1322, 1324 (10th Cir. 1978)) See also *Cody v. Charter Commc'ns, LLC*, No. 17 Civ. 7118 (KMK), 2020 WL 3639935, at *7 (S.D.N.Y. July 6, 2020) (quoting *Advanced Mktg. Grp, Inc. v. Bus. Payment Sys., LLC*, 269 F.R.D. 355, 358 (S.D.N.Y. 2010) (alteration and internal quotation marks omitted)). *Doe v. Cahill*, No. 20 CIV. 3908 (KPF), 2021 WL 3501196, at *3 (S.D.N.Y. Aug. 9, 2021), appeal withdrawn sub nom. *Tardiff v. Cahill*, No. 21-2111, 2021 WL 7186856 (2d Cir. Oct. 28, 2021)

---

[1] In the alternative, Kumaran, in the capacity as Successor-in-Interest, seeks to be joined as an additional party, so that Kumaran may also advocate for and argue the interests on behalf of NRCM.

The purpose of Rule 25(c) is to allow a case to continue even when an interest changes hands without requiring a new suit because the "successor in interest is bound by a judgment against its predecessor even if substitution is not effected." *Software Freedom Conservancy, Inc. v. Best Buy Co.*, 2010 WL 4860780, at *2 (S.D.N.Y. Nov. 29, 2010) (quoting *Koehler v. Bank of Bermuda Ltd.*, 2002 WL 1766444, at *2 (S.D.N.Y. July 31, 2002)). See also *United States Sec. & Exch. Comm'n v. Collector's Coffee Inc.*, 451 F. Supp. 3d 294, 297 (S.D.N.Y. 2020)

Given that NRCM has been dissolved and has ceased to exist and all liabilities and interests are owned by Samantha Siva Kumaran. The only remaining real party of interest to NRCM is Kumaran. NRCM has no funds, no active bank accounts, no operations, no business. ADMIS have stated they intend to hold Kumaran to the terms of the Customer Agreement under Paragraph 26. Since inception all membership units and interests are 100% owned individually by Kumaran. NRCM has no moneys and no active bank accounts with funds. ADMIS has consented that Kumaran is the Successor In Interest and intends to enforce the prior agreements against Kumaran. (See e.g. ¶26-¶28). Therefore FRCP permits Kumaran to rightfully transfer interest.

As would be expected given the purposes of the rule, substitution under Fed. R. Civ. P. 25(c) is common in cases where a party has ceased to exist, or where a party has transferred its interest in a litigation to a non-party. See, e.g., *Gen. Elec. Capital Corp v. Eastern Bus. Sys.*, No. 15-cv-6924 (SJF) (AYS), 2016 WL 3582061 (E.D.N.Y. June 28, 2016) (granting substitution of plaintiff's successor-in-interest by assignment); *Levin v. Raynor*, No. 03-cv-4697 (GBD) (THK), 2010 WL 2106037 (S.D.N.Y. May 25, 2010) (substituting defendant's successor-in-interest following merger); *Dollar Dry Dock Sav. Bank v. Hudson Street Dev. Assocs.*, No. 92-cv-3737 (SAS), 1995 WL 412572 (S.D.N.Y. July 12, 1995) (substituting plaintiff's assignee on ground that it was the "real party in interest"). *Fashion G5 LLC v. Anstalt*, No. 1:14-CV-5719-GHW, 2016 WL 7009043, at *2 (S.D.N.Y. Nov. 29, 2016)

Here it is clear that NRCM no longer exists. It is an on-paper only acronym that has no further activity and is in essence, at this point, an "alter-ego" in name only of Ms. Kumaran. All monies to advocate NRCM's claims are now funded by Kumaran, in her individual capacity. As

the beneficiary of NRCM's proceeds and the successor to its liabilities, Kumaran should be afforded the opportunity to substitute itself for its former single member LLC which is now simply an dissolved name-only alter ego and proceed in the place of NRCM. This of course will not impact the rights of NAM and NHC who continue their corporate interests represented by counsel.

(ii) Expedite Resolution

"[D]istrict courts within the Second Circuit have suggested that a primary consideration in deciding a motion pursuant to Rule 25(c) is whether substitution [or joinder] will expedite and simplify the action." In re Rates - Viper Patent Litig., 2011 WL 856261, at *1 (S.D.N.Y. March 10, 2011) (quoting Banyai v. Mazur, 2009 WL 3754198, at *3 (S.D.N.Y. Nov. 5, 2009)); See also Taberna Capital, 2010 WL 1424002, at *2 (quoting Banyai v. Mazur, No. 00 Civ. 9806, 2009 WL 3754198, at *3 (S.D.N.Y.2009) (collecting cases)); Dollar Dry Dock Sav. Bank v. Hudson St. Dev. Assoc., No. 92 Civ. 3737, 1995 WL 412572, at *4 (S.D.N.Y. July 12, 1995). ; see also Potvin, 891 F.3d at 416 ("a district court has considerable leeway to allow the substitution of parties in order to facilitate the conduct of the litigation" (internal quotation marks and citation omitted)).

Here there can be no doubt that substitution would greatly simplify this lawsuit as the source of confusion on NRCM has added a layer of discourse and confusion throughout this litigation, which was delayed the mater from reaching resolution. NRCM does not exist any more, and the only person carrying the burden and interest, including liabilities under the ADMIS agreement is Kumaran individually. This would also enable one party to advocate the interests of the remaining contractual obligations.

"The decision to order substitution or joinder is to be made by considering how the conduct of the lawsuit will be most facilitated." Patsy's Italian Rest., Inc. v. Banas, No. 06-cv-0729 (RER), 2008 WL 495568, at *2 (E.D.N.Y. Feb. 20, 2008) (citation omitted). see also FDIC v. Tisch, 89 F.R.D. 446, 448 (E.D.N.Y. 1981) The "primary consideration in deciding a motion pursuant to Rule 25(c) is whether substitution will expedite and simplify the action." In re Rates-Viper Patent Litig, No. 09-cv-4068 (LTS) (THK), 2011 WL 856261, at *1 (S.D.N.Y. Mar. 10, 2011) (quoting Banyai

v. Mazur, No. 00-cv-9806(SHS), 2009 WL 3754198, at *3 (S.D.N.Y. Nov. 5, 2009)). Thus, substitution is inappropriate where it "would serve only to add duration, costs, and complexity to an action ... [and] would prolong rather than bring the litigation nearer to its conclusion." Advanced Mktg. Group, Inc. v. Bus. Payment Sys., LLC, 269 F.R.D. 355, 359 (S.D.N.Y. 2010).

Here, clearly this substitution would considerably streamline and simplify this action. Having one party, advocating for the rights against the former ADMIS' contracts, under which ADMIS's agreement clearly states inure to the benefit of Kumaran, as both the representative, successor-in-interest and third party beneficiary would significantly expedite and simplify resolution of this action, and related actions.

(iii) Conduct will be facilitated

In addition a key consideration is how the conduct of the lawsuit would be most facilitated. see also FDIC v. Tisch, 89 F.R.D. 446, 448 (E.D.N.Y. 1981) ("The decision to order substitution or joinder is to be made by considering how the conduct of the lawsuit will be most facilitated....").

There are not one but two potential motion to compel arbitrations pending (including in 20-CV-3871) that Kumaran, individually will be handling without counsel. All prior history that has transpired in the initial Arbitration between May 2018 and November 2019 was solely handled by Kumaran. Continuing correspondence in that Arbitration in 2020-2021 extending the stay, and the recent communications in 2022 to the extent it continues will also be handled solely by Kumaran. And the recent April 11, 2022 directive, from the NFA, squares away clearly the Kumaran is the person of responsibility and individual person in that case. The Affidavit shows that Kumaran has assumed responsibility for all NRCM's fixed expenses and prospective liabilities..

Therefore the conduct of this lawsuit, especially as regards to NRCM, will be significantly streamlined, and there would be continuity in these actions as regards to the former business with ADMIS and the ongoing dispute with the Arbitration ADMIS has also argued to the Arbitration Panel that they intend to hold Kumaran individually liable under the terms of the ADMIS contact

and Kumaran has therefore inherited all rights and interest to the ADMIS Agreement that were previously owned by NRCM.

Kumaran intends to protect and defend these interests vigorously, as the record shows she has done from inception of this lawsuit and throughout the former Arbitration, and therefore there would be no prejudice or delay or impact to this proceeding, In fact it should proceed more swiftly and efficiently without the discourse of a "non-existent" entity, that has no further purpose.

Any trial at any Arbitration would also be conducted by Kumaran individually. Therefore substitution will not impact the rights of the parties. Any relevant discovery that has already occurred or will occur in the future will be unaffected by the substitution. Substitution will "not affect the substantive rights of the parties," and any arguments that could have been used for or against [NRCM] can be used with Kumaran now in their place. Travelers Ins. Co., 164 F.R.D. at 164 (S.D.N.Y. 1995) (collecting cases). See also Ferring B.V. v. Allergan, Inc., No. 12 CIV. 2650, 2017 WL 4083579, at *6 (S.D.N.Y. Sept. 14, 2017) (where the lawsuit and conduct is best facilitated, the motion to substitute parties is granted.)

"The purpose of Rule 25(c) is to allow an action to continue unabated when an interest in a lawsuit changes hands, without initiating an entirely new suit." In re Rates—Viper Patent Litig., No. 09-CV-4068 (LTS), 2011 WL 856261, at *1 (S.D.N.Y. Mar. 10, 2011) (internal quotation omitted). Assets Recovery Ctr. Invs., LLC v. Smith, No. 13CV253CBACLP, 2017 WL 10088188, at *2 (E.D.N.Y. Aug. 18, 2017) Software Freedom Conservancy, Inc. v. Best Buy Co., Inc., No. 09 Civ. 10155(SAS), 2010 WL 4860780, at *2 (S.D.N.Y. Nov. 29, 2010) (quoting Moore's Federal Practice § 25.30). After substitution, "[t]he merits of the case and the disposition of the property are still determined with respect to the original parties." Software Freedom Conservancy, 2010 WL 4860780, at *2 (quoting Koehler, 2002 WL 1766444, at *2). See also In re Rates - Viper Pat. Litig., Id - holding that "substitution of [] for the now-dissolved [entity] is in the interests of judicial efficiency, continuity, and adjudication on the merits and granting motion to substitute nunc pro tunc in actions [related] actions."

### C – Rule 17(a) allows Kumaran to Substitute as the Real Party of Interest

The Court of Appeals has directed that a "Rule 17(a) substitution of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997); accord House of Europe Funding I Ltd. v. Wells Fargo Bank, N.A., No. 13 Civ. 519 (RJS), 2015 WL 5190432, at *2 (S.D.N.Y. Sept. 4, 2015).

The Second Circuit has also directed that substitution is warranted  for three reasons: First, "[t]he complaint's only pertinent flaw was the identity of the party pursuing those claims." *Id* at 20. In other words, the proposed amended complaint sought only to substitute one name for another; the factual and legal allegations of the complaint would remain unaltered. Second, there was no indication of "bad faith or ... an effort to deceive or prejudice the defendants." *Id* at 21. Finally, the proposed substitution did not threaten to prejudice the defendants, who had timely notice of the substance of the allegations, the relevant parties, and their claims. *Id. Cortlandt St. Recovery Corp v. Hellas Telecommunications, S.a.r.l*, 790 F.3d 411, 420–25 (2d Cir. 2015)

Plaintiff has met all the foregoing criteria, and substitution will not impact or impair any of the Complaints, motions, discovery or filings. Furthermore, all Defendants have had timely notice of the substance of the allegations, the relevant parties, and their claims and therefore there would not be no interruption of prosecution of this case.

## IV – CONCLUSION

For the foregoing reasons, Plaintiff Kumaran respectfully seeks leave for entry of an order under Fed R. Civ. P 25(c) and Rule 17(a)  to substitute Samantha Siva Kumaran., as successor in interest to plaintiff Nefertiti Risk Capital Management, LLC., as the named plaintiff in this action. In the alternative Plaintiff seeks leave to for an entry of joinder under FRCP25(C) and Rule 17 that Samantha Siva Kumaran, in the capacity as Successor-In-Interest, may be also named as a party and also advocate and pursue the dissolved NRCM's rights and claims..

Substitution FRCP25(c), Page 13

Respectfully submitted,

//SSK//

Samantha Siva Kumaran
Individual Plaintiff