**VIA ECF/EMAIL**
Honorable Judge Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Courtroom #12C
New York, NY 10007

Re:     *Kumaran et al vs. National Futures Association et al*  20-CV-3668-GHW-SDA

**LETTER MOTION TO STAY OR EXTEND KADLEC'S AMENDED COMPLAINT**

Dear Hon Judge Woods,

Plaintiffs write related to the recent Order ECF185 dated June 2, 2022 and amending the complaint against Defendant Kadlec. First, Plaintiff Kumaran respectfully writes to stay amending the Complaint and any claims against Kadlec until resolution of the NRCM and ADMIS Arbitration. This is consistent with Order ECF63 in 20-CV-3873 which has already stayed Kumaran's claims against ADMIS.  In addition, because the claims against Kadlec are almost identical to those against ADMIS, Kumaran respectfully requests to transfer Kadlec to the ADMIS case 20-CV-3873, and address those claims with ADMIS at the same time. Likewise, NRCM also writes to stay its claims pending resolution of the arbitrability of similar claims against ADMIS. In accordance with the law of this Court, and prior rulings in 20-CV-3873, it would not make sense to have parallel actions against Kadlec and against ADMIS proceeding in two different courts at the same time. The Supreme Court has recently held that "adequacy refers to the 'public stake in settling disputes by wholes, whenever possible.' " *Republic of Phil. v. Pimentel,* 553 U.S. 851, 128 S.Ct. 2180, 2193, 171 L.Ed.2d 131 (2008) (quoting *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 111, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968)). "[T]his factor concerns the 'social interest in the efficient administration of justice and the avoidance of multiple litigation.' " *CP Solutions PTE Ltd. v. Gen. Elec. Co.,* 553 F.3d 156, 160 (2d Cir.2009)

In addition, Plaintiffs also notify the Court they intend to file a Local 6.3 clarification motion regarding some of the issues related to Kadlec from the recent Order. Specifically, among other items, Plaintiffs will be seeking clarification on the fraud claims which were brought under the CEA, which were addressed in Judge Aarons Order ECF113 and omitted from discussion against Kadlec in ECF185. Accordingly we will be seeking clarification under Local Rule 6.3 and FRCP 59(e) related to the claims for fraud under the CEA which were specifically discussed in Judge Aarons Order e.g. ECF113 at 32 note 37. Since both Plaintiffs have a private right of action against Kadlec for fraud under the CEA, which was not opposed in any of Judge Aaron's prior orders, and were accepted in the prior Orders, Plaintiffs respectfully request resolution of that issue is made first.  Therefore, in the alternative, Plaintiffs also respectfully request to defer amending the Complaint against Kadlec, until the Local Rule 6.3 motion for clarification is filed, which is due to be filed on June 16, 2022. There are other items related to Kadlec's claims that are also to be include in that 6.3 motion.

Finally, in the alternative, if the Court is to proceed on "parallel claims" in the two actions in both Arbitration and Federal Court, Plaintiffs respectfully seek an extension until August 5, 2022 to amend the Complaint. This is 60 days which is in keeping with the amount of time for a large RICO complaint to be filed. Plaintiffs do not object in advance that Defendant Kadlec's time to respond will also be 60 days.

**Supporting Argument**

As the Court is aware, in related case 20-CV-3873 Plaintiff Kumaran already has similar (if not identical) claims of fraud, DTSA, RICO and state law claims already pending against ADMIS. Kadlec is the CEO and President of ADMIS. By order ECF63 in 20-CV-3873 on June 7, 2021 and adopted on February 18, 2022 this Court stayed Kumaran's claims against ADMIS pending resolution of any potential arbitration between NRCM and ADMIS.  The

Court has already ruled ECF63 at 10 that "..*[G]iven the significant factual overlap between any claims Kumaran may have as an individual and NRCM's claims against ADMIS, the Court, in its discretion will stay any such claims pending the outcome of the arbitration between NRCM and ADMIS.*"

Since the claims against Kadlec are substantially similar to, if not identical to the claims against ADMIS, and the Court has already ruled that Kumaran's claims against ADMIS are stayed, with supporting law showing why a stay is needed, a stay in this action of Kadlec's claims is also warranted. The Court already ruled in ECF63 that "A discretionary stay is particularly appropriate where there is significant factual overlap between the remaining claims and the arbitrated claims." *Katsoris*, 237 F. Supp. 3d at 110-11 (citing, *inter alia*, *Moore v. Interacciones Glob., Inc.*, No. 94-CV-04789 (RWS), 1995 WL 33650, at *7 (S.D.N.Y. Jan. 27, 1995) ("It is well-settled that claims are appropriately stayed when they involve common issues of fact and law with those subject to arbitration or when the arbitration is likely to dispose of issues common to claims against both arbitrating and non-arbitrating defendants.")). "In such cases, a stay is warranted in part because the prior litigation or arbitration is likely to have preclusive effect over some or all of the claims not subject to arbitration." *Id*. at 111 (citing *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 846 F.3d 35, 55 (2d Cir. 2017) ("It is settled law that the doctrine of issue preclusion is applicable to issues resolved by an earlier arbitration.")).

Plaintiffs therefore respectfully seek leave from the Court, for the same reasons infra, that the claims against Kadlec are also subject to the same stay. The law supporting this stay, and that claims against ADMIS and Kadlec are brought together, are identical, and were already ruled upon in 20-CV-3873. (Id).

Therefore the Court proceeding on claims against Kadlec on the same fraud, RICO, DTSA, and other state law claims, would not be consistent with the related case. Any decision to proceed on the claims against Kadlec without ADMIS, and while and during the resolution of any claims NRCM has against ADMIS, would contradict the prior Order of this Court and law of the circuit to both res judicata and collateral estoppel. (*See Avon Cosmetics (FEBO) Ltd. v. New Hampton, Inc.,* 1991 WL 90808, *4 (S.D.N.Y.1991) (providing that "the facts and circumstances of this case are such that a judgment rendered in Avon's absence exposes [defendant] to a substantial risk of double liability, or at the very least, a substantial risk of double litigation over the same subject matter. Due to basic principles of res judicata and collateral estoppel the Court cannot shape the relief to reduce or eliminate this risk without Avon as a party to this action.").*Glob. Disc. Travel Servs., LLC v. Trans World Airlines, Inc., 960 F. Supp. 701, 708–09 (S.D.N.Y. 1997)*

Therefore Plaintiffs respectfully request that any complaint against ADMIS and Kadlec are brought at the same time. The law Judge Aaron 20-CV-3873 ECF63 at 8 "T*here is significant factual overlap between any such claims and NRCM's claims such that a stay of the entire action pending arbitration is warranted."*

Additionally, for ease of the Court's resolution, Plaintiffs respectfully seeks to transfer the non-CEA individual or overlapping claims against ADMIS/Kadlec to the ADMIS action 20-CV-3873. Further it was ordered that all other claims are still stayed pending resolution of the potential Arbitration.

## NRCM Arbitration Not Resolved

Finally both Plaintiffs argue that since both NRCM's reconsideration and both Plaintiffs' certification for appealability motions are pending and there is still no definitive answer on the Arbitration – in the alternative, both Plaintiffs also request to defer the filing of any Amended Complaint against Kadlec (that will substantially overlap any claims against ADMIS) until the outstanding motions of reconsideration and certificate of appealability in 20-CV-3873 are resolved. The Court has already ruled, that claims against NRCM and ADMIS are to be staged first. (see ECF97). Proceeding on NRCM's (and Kumaran's) claims against Kadlec in this action, while having NRCM's claims be subjected to several motions against ADMIS in 20-CV-3873, could also result in Res

Judicata and Collateral Estoppel. Judge Aaron has already ruled to that effect.[1] (*ECF*63 Id). For the above reason NRCM also seeks to stay its amended complaint against Kadlec to be filed together with Kumaran's and after any potential Arbitration. (See ECF63– Judge Aaron ruling that the Arbitration may have a preclusive effect and that claims related to NRCM and ADMIS should proceed first)

Since the NRCM Arbitrability matter is still not resolved – and the case in 20-CV-3873 has several pending motions in related case 20-CV-3873 (*See ECF*118, *ECF*119, *ECF*121) which may impact the decisions on the arbitrability of claims – and whether NRCM's claims for instance may under 7 U.S.C. 25(c) return to Court - and the Court has not ruled on the threshold issues such as appealability of any arbitration, for the reasons Judge Aaron stated in ECF63, both Plaintiffs seek to stay filing a complaint against ADMIS and Kadlec, until resolution of those issues, as it will impact how a complaint against Kadlec and ADMIS is formed. This action for claims brought by NRCM, also directly overlap claims being brought in the Arbitration (See Section #1).

In addition, regarding the claims being brought jointly against ADMIS and Kadlec, Plaintiffs both also seek resolution of the pending 1292(b) certification motion. For these reasons, both Plaintiffs respectfully request to stay amending the Complaint against Kadlec until ruling on the foregoing motions, and a decision to transfer Kadlec to the ADMIS action and a final decision on the Arbitration. This will reduce inefficiencies in the Court, specifically as regards to NRCM's claims that are subject to multiple motions that are pending on whether or not the NRCM Arbitration will continue.

### NAM and NHC to Join the Complaint

Both Plaintiffs also argue that to the extent that NAM and NHC are also granted intervention in 20-CV-3873 and their claims are also brought in this action, they also intend to join Kadlec in the complaint. Likewise – if NAM and NHC are to be bringing their own claims against ADMIS and Kadlec – Kumaran and NRCM seek resolution on that motion, so that any amended complaint, that includes both ADMIS and Kadlec may be brought concurrently. Filing a complaint prematurely, would increase burden on the Court, and on Defendants, and if results from any reconsideration or clarification motions were to alter that pleading it would also multiple costs for Plaintiffs and Defendants.

### Pending Appeal in 20-CV-3873  - Combined Pleading Standards

Plaintiffs also seek resolution on the form of the filings of a combined Complaint, which would combine a Pro-Se Complaint with counselled filings. There is an outstanding appeal in case 20-CV-3871 on the combined pleading standards. In prior Order by Judge Aaron, Magistrate Aaron ruled that Pro-Se sections may be separated by counselled sections, and causes of action delineated. There was also argument that a Pro-Se filing should not be commingled with corporate plaintiffs. *See* 28 U.S.C. § 1654, (e.g. *Iannaccone v. Law*, 142 F.3d 2dCir.1998 holding that a *Pro-Se* must plead their own action and must unequivocally discharge counsel).[2] That Appeal to the District Judge is docketed at 20-CV-3871 ECF75 and ECF84 and had been pending for over a year. A ruling on that Appeal would have material forbearance on any potential combined amended Complaint and Plaintiff therefore.

In addition, Plaintiffs reconsideration and clarification motions in this action 20-CV-3668 are due on June 16, 2022 (due within 14 days) and June 30, 2022 (Local Rule 59(e) due within 28 days). Since Kadlec's claims related to CEA 22 have direct bearing on the amended complaint, Plaintiffs also respectfully seek resolution on those motions prior to filing any further pleadings. Also, in the upcoming Local 6.3 motion, Plaintiffs will seek clarification on the complaint length and combined filings with Corporate Plaintiffs prior to filing an amended

---

[1] *Zilong Wang*, 2020 WL 4937481, at *8 (stay appropriate when alleged fraudulent investment scheme formed basis for all claims). *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 846 F.3d 35, 55 (2d Cir. 2017) ("It is settled law that the doctrine of issue preclusion is applicable to issues resolved by an earlier arbitration.")).
[2] Section 1654 does not itself confer any right to "hybrid representation". *United States v. Wolfish, 525 F.2d 457, 462–63 (2 Cir.1975),* Accord, United States v. Hill, 526 F.2d 1019 (10 Cir.1975), United States v. Daniels, 572 F.2d 535 (5 Cir.1978). Thus, a party seeking to assert his statutory right of self-representation must clearly and unequivocally discharge any lawyer previously retained. *See* Wolfish, supra, 525 F.2d at 462.

Complaint. As the Court is aware in related case 20-CV-3871 there is a current appeal which has been pending for 12 months, on how an "omnibus" complaint has to be filed with separate sections. The Court in accordance with Local Rule 6.3, Plaintiffs respectfully seeks clarification and guidance of the Order on the length that is permitted in comparable RICO claims in the Southern District and Eastern District that have been permitted. In prior correspondence with the Court and Judge Aaron, Plaintiffs specifically sought permission on the specific length of a RICO complaint. The RICO Section of the Vision complaint is approximately **40 pages and causes of action 80 pages.** (see 20-CV-3871). Other comparable RICO filings in this District have permitted fraud and RICO filings of length between 132 and 360 pages.[3] This motion for clarification on length is due to be filed on June 16, 2022 are completed and resolved.

Therefore, as will be sought in the Local 6.3 motion, Plaintiffs will seek consent from the Court to file a complaint for RICO of 150 pages, which is comparable to other RICO Complaints in this District. This also supports good cause in resolution of these issues prior to filing a Complaint.

### In The Alternative

Finally – in the alternative, if the above relief is not granted – and the NRCM and ADMIS Arbitration claims are to proceed in parallel with this action - Plaintiffs respectfully seek 60 days to adequately amended the Complaint to be in compliance with the various rules and to properly amend the pleading. Therefore Plaintiffs request a 60 days to file with a date of August 5, 2022, upon clarification on the appropriate length approved, and transfer of Kadlec to the ADMIS case to amended the Complaint. Since ADMIS case is stayed pending resolution of the Arbitration, and there are several motions pending, Plaintiffs respectfully urge the Court to apply a cohesive approach so that the issues of the NRCM and ADMIS Arbitration are resolved first, and the complaints are stayed as consistent with ECF63. 20-CV-3873 Plaintiffs motion to consolidate the three actions will also be forthcoming.

Defendants have been consulted on this letter: They do not consent with their explanation that they have not heard back from Mr. Kostus in email and request that I advise them of our attorney-client privileged communications.[4] Plaintiff is not obligated to forward attorney client communications or divulge our daily communications. Plaintiff has spoken to Mr. Kostus and the relief requested in this motion was confirmed. There were several privileged communications with regards to ECF185 that we are under no obligation to disclose to opposing counsel. Kumaran notes that Schumacher appears to be referring to Kostus' response in 20-CV-3873 and the order for Kostus' to reimburse Schumacher's attorney's fees. Plaintiff Kumaran is currently unaware of those arrangements, communications or emails – and has not been copied on any of them. Those do not impact the separate relief sought in this motion CV-3668 and are not in anyway related to this motion in this action. The Local Rule 6.3 motions in this action are currently due on June 16, 2022 and Plaintiffs seek to defer any complaint against Kadlec until clarification on several aspects of ECF185 Order and for the reasons stated above. Thank you.

Respectfully submitted,
//SSK//
Samantha S. Kumaran
samantha@timetricsrisk.com

Counsel for NRCM
David S Kostus
dskostus@gmail.com

---

[3] *In re Global Crossing Ltd. Securities Litigation,* 313 F. Supp. 2d 189 (S.D.N.Y. 2003) held that a **counselled** securities fraud complaint containing 840 separate paragraphs and **spanning 326 pages**—which the court described as an "enormous mountain" of a pleading—complied with Rule 8. See *U.S. v. Priv. Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.,* 793 F. Supp. 1114 (E.D.N.Y. 1992) (Plaintiff sought leave to submit a Supplemental Exhibit and Court founds that the newer **70 Page exhibit document** also integrated with the **132 page counselled Complaint**, satisfies Rule 8(a) with respect to providing notice to each defendant of the particular racketeering acts he is alleged to have committed). See In Touch Concepts, Inc. v. Cellco P'ship, 949 F. Supp. 2d 447, 452 (S.D.N.Y. 2013), aff'd, 788 F.3d 98 (2d Cir. 2015), aff'd, 788 F.3d 98 (2d Cir. 2015) approving a counseled Plaintiffs' 175–page, 862–paragraph RICO complaint.

[4] Mr. Schumacher is aware that Mr. Kostus already approved the relief sought for NRCM in this letter motion on Friday June 3, 2022.