**VIA ECF/EMAIL**
Honorable Judge Gregory Woods
United States District Court
Southern District of New York
500 Pearl Street, Room 12C
New York, NY 10007

Re:     *Kumaran et al vs. National Futures Association et al*  20-CV-3668-GHW-SDA

Dear Hon Judge Woods,

      I write in response to the letter filed on behalf of Defendant Kadlec which the Court ruled on without waiting for Plaintiff to respond to. First, counsel Mr. Schumacher did not attach all the emails relevant to the chain, and they were aware I was out of the office this afternoon, and did in fact respond to their emails. (See Exhibit 1). They notably waited until I was out, and then filed a response that did not contain all the relevant emails.

      Second, Plaintiff should also be able to avail herself of her own procedural rights, including due process rights, as well as those to have full and fair opportunity to present her claims, and file motions permitted under the civil rules. Any complaint would be the first complaint with the benefit of opinion of the Court, and such complaints and amendments are freely given. (Rule 15(a)). Further Plaintiff also is entitled to due process rights. Those rights include being entitled to attorney-client privilege. Mr. Kadlec is represented by counsel. Plaintiffs do not contact Mr. Kadlec directly asking him directly to discuss his communications with his attorney. Simply because I am also a Plaintiff on the docket, that has set up an unfair window into Defendants ability to "guess" who wrote filings, and also falsely accuse one persons filings to be the other, and contact the client directly.

      At the Court's direction Plaintiffs have to file joint pleading and letters. Even the first amended complaint and the other briefings such as the MTD have been filed by joint signature. The Court, by order of Judge Aaron required that form, despite my own objections and a pending appeal which is not resolved at 20-CV-3871 ECF75 and ECF84 that a Pro-Se Plaintiff should not be required to share an index number and filings with counselled clients. Instead, the record now shows that ADMIS and Villa have turned this inequitable procedure into a constant requirement to disclose information about who authored filings, and violate basic due process requirements.

      More importantly, there have been several privileged communications related to Mr. Schumacher. I do not believe I should have to divulge them in this docket, and once again to refute these accusations, I am again being required to violate that privilege and my own due process rights are being violated. Notably Schumacher does not mention his exp-parte communications with Kostus over the Thursday and Friday or on other dates. It is also clear from the docket that Schumacher did not contact me or copy me on the emails until I had to ask him to. (See ECF188 Exhibit 1-4, <u>without copy to me</u>). Mr. Kostus did discuss with me Schumacher's conversations, and I do not believe under attorney-client privilege I have to disclose all his comments.

      What I can tell the Court is, Kostus advised me of acrid statements, personal attacks and threats against Kostus by Schumacher to try to force counsel to resign from this case. I was directly told by Kostus that Schumacher has been using their ex-parte communications to personally insult me to undermine my relationships with counsel. I was told that ADMIS were trying to force counsel off the cases without my own due process rights being served.

      Because the Court has set up a procedure where the Client and its Counsel should appear together and put in no safe guards to protect privilege, I am now objecting to have to repeatedly disclose these communications. This is inconsistent with my own rights to due process. I have a right to attorney-client privilege – as do the corporations. I also have a right to plead my own case and protect my own interests. The Corporations have a right to attorney-client privilege. Defendants are repeatedly, by virtue of these submissions, requesting I disclose these communications. I do not know why Mr. Kostus has not returned Schumacher's calls in the last few days. I suspect its because of the improper dialog above. Mr. Kostus was very clear with me, the communications with ADMIS' counsel were

inappropriate and designed to prejudice counsel with threats that bad things would happen to his career if he stayed on the case. [1]

I also offer several other concerns to the Court about violation of my own due process rights. The corporations are also entitled to not just attorney-client privilege and sanctity in those filings, but also a fair review before the Court allows counsel to be relieved. That has not happened in two prior instances. For instance, no fair due process rights were observed with Mr. MacMull's attempts to be relieved, only two hours after he sent an invoice and just a day after he stated he was prepared to schedule oral argument. For instance, the Court reviewed a 1-sided affidavit and did not allow full briefing on the facts of that matter.[2] I have now reviewed appropriate legal standards, and it is clear that was an abuse of discretion, and the Court was required to review the facts in the Corporate Plaintiffs affidavits. Second Circuit standards do not allow counsel to be relieved based on false facts, especially when the Court is made fully aware of were disputed on an affidavit.[3] I repeatedly told the Court that the information in the affidavit was incorrect – and that I wanted to place my own affidavit together with emails, and documents to prove with facts, that the statements in Paragraph 9 of an affidavit by MacMull were incorrect. The Court refused basic due process rights to have those facts reviewed prior to making any ruling. It also "sua sponte" transferred MacMull's motion to other actions, when he had made no such motion. The improper 1 sided and incomplete ruling is bellied by the facts, the Court has still not reviewed, that MacMull is still appeared in numerous other matters, including the Appeal in NAM/NHC and ADMIS case.

If the Court was "correct" in its decision, then further review shows that MacMull is in fact still working with Plaintiffs and their corporations in the Northland matter, which is in appeal with filings made in 21-797 just last week and also as recently as yesterday - Wednesday June 8, 2022.[4] Therefore the Court's ruling of irreconcilable differences and other fictitious statements made by MacMull were demonstrably untrue and the Court relied on 1 sided facts. The hasty decision of the Court, did not allow any reasonable time for Kostus to reappear which he did. The rushed decision also did not allow any reasonable time, for client and MacMull to speak about anything. And MacMull would not have resigned but for Kostus being in the hospital and not disclosing his whereabouts. In short, these decisions are prejudicing the Plaintiffs and Corporate Plaintiffs, and not consistent with the applicable standards of law.

In Mr. August's affidavit, the Court also failed to review the 30-40 emails in December – February 2022 where August made no indication whatsoever to the clients he was medically imposed, and in fact had been in remission from cancer for six months. The Court again did not review the facts. While I do sympathize that August played up he has cancer, the facts show that August was actively portraying to others he was fine and back at work and was in remission. Further the Court did not review the facts that Mr. August had cancer over 20 years ago, and had also fully recovered so this had been part of his life. August had always maintained a work schedule and there was no indication to plaintiffs he was not able to work. A simple look at his Facebook page shows active socializing, visits to upstate NY, and no indication of a significant decline in lifestyle.

These are important now, because it is clear the cohesive strategy of ADMIS, Villa and Kadlec is to laden their filings with attacks on counsel or Plaintiffs relationships with counsel and repeated attempts to pierce attorney-client privilege. Plaintiff is again asserting her own due-process rights and basic statutory rights to have a separate Index number, and not share any docket numbers with counsel. (See 20-CV-3871 Appeal Pending at *ECF*75 and ECF 84) The Court's failure to impose that basic fundamental right under 28 U.S.C. 1654 is a violation of the Plaintiffs and Corporate plaintiffs' basic statutory rights for an individual to plead and argue her own case and now share a docket with counsel for the corporate plaintiffs where Plaintiff is also a client. Furthermore, it has and is leading to enormous prejudice to Plaintiffs and corporate Plaintiffs, as it gives defendants a window into a repeated piercing the

---

[1] The Court is also aware in a filing made on May 17, 2022 that Mr. MacMull also advised Plaintiff Kumaran for the first time, of some inappropriate or concerning ex-parte communications between Doyle and Kostus. Neither of us were copied on those.

[2] The Court then stated on the record, which was completely unfounded, this inferred that his decision was based on the merits of the case. This was completely unfounded, and also totally unsupported by the documents that Plaintiff could submit.

[3] *See, e.g., Weinberger v. Provident Life & Cas. Ins. Co.,* No. 97–cv–9262, 1998 WL 898309, at *1 (S.D.N.Y. Dec.23, 1998) ("it is appropriate for a Court considering a counsel's motion to withdraw to consider in camera submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw.");

[4] The Second Circuit Appeal dockets in 21-797 is a public filing system that can be readily verified by the Court in the recent activities. So is the appeal docket 22-893 for the ADMIS and NAM/NHC matter.

attorney-client privilege veil, and improper communications on who wrote what when, which style of English is used between an attorney or client, and even go as far as Mr. Kadlec to find out dates on which documents were discussed. It would be outrageous if in reverse, Plaintiff Kumaran started contacting Mr. Kadlec <u>directly</u>, asking for information on when he spoke to his counsel. This is unacceptable. I was also told that Schumacher has called Kostus asking for privileged information on my own individual claims, what "expert witnesses" I am using and what my legal strategy is for trial. I now understand they had engaged in settlement discussions without my involvement. Schumacher is apparently using these ex-parte communications to pry into Kumaran and Kostus' privileged communications <u>without me present on the call</u>, asking questions about damages, and what experts we are using, <u>purposefully excluding me from the calls</u>. This is unacceptable. The basic fundamental rights of due process are being violated. Mr. Kostus has been forthright about being uncomfortable with the dialog, as Schumacher is <u>purposefully not including all parties on the calls</u> when he knows full well Kostus does not represent my interests. I am concerned the Defendants are manipulating the Court's violation of 28 USC 1654 to prejudice Plaintiffs in a breach of attorney-client privilege.

Mr. Kostus also advised me (under attorney-client privilege) that based on his extensive litigation experience, the Court is not properly or fairly managing its dockets with Ms. Villa. This is clearly allowing Defendants to prejudice Plaintiffs with unfair and inequitable rules. He said he has not seen a proceeding where one Pro-Se Defendant is allowed to flood the docket with improper letters sometimes made daily or weekly, not follow any of the Court's rules and then the Court only applies rules to the Pro-Se Plaintiff. I do know, and again am being required to divulge attorney-client privilege, that the Court's inability to control Ms. Villa has had a profoundly negative impact and prejudiced corporate Plaintiffs filings – which is part of the combined tactics of Defendants – to use Villa as a front person for their transgressions of attorney-client privilege, knowing she may not be subject to Rule 11 sanctions. The recent filings in 20-CV-3871 show that Villa has again committed fraud and misrepresentation to the Court.

On the other parts of Mr. Kadlec's letters. They are all again patent attempts to violate my basic due process rights. Kadlec is alleged to be an active part of a fraud against CTA's and start-ups to conceal numerous material financial arrangements, purloining of fees and dissemination of their trading records to their competitors. (and the Court notably does not again discuss any <u>facts</u> related to Kadlec's fraud and omission in the Corporate Documents in its Order) Kadlec to this date participates with Vision in their ongoing use and profit from misappropriated confidential information. The Court for instance, reviewed not one fact of the fraud claims, with specific dates and times of Kadlec's material omissions made directly to Kumaran. The Court failed to review one fact, related to the signature of Kadlec on the G&F Agreements (filed at 20-CV-3668 ECF31 and ECF82), or the ADMIS Corporate disclosures. The Court applied not one of the applicable standards of law of fraud related to the control person and the joint maker of the statements. See *Janus Cap. Grp., Inc. v. First Derivative Traders, 564 U.S. 135, 131 S. Ct. 2296, 2298, 180 L. Ed. 2d 166 (2011)* The Supreme Court has held for fraud and deception under 10(b) which is analogous to CEA 180.(1).(A) the maker of a statement is the person or entity with ultimate authority over the statement, including its content and whether and how to communicate it.(id). *See Blank v. TriPoint Glob. Equities, LLC, 338 F. Supp. 3d 194, 209–10 (S.D.N.Y. 2018)*

The Court offered no ruling on the merits of several claims against Kadlec, notably the fraud and aiding and abetting fraud claims. Neither did the Court apply any of the relevant standards of pleading, for instance, in "substantial assistance" or Kadlec's material omissions, and concealments, Neither did the Court even once, refer to any of the relevant facts of Kadlec's signatures on several documents, and it is clear from the Order, that the basic standards of law, under the Second Circuit for the standard of review of "fraudulent intent" were not reviewed de novo and were not even applied at all. Therefore as a start, I object to Defendants' letter that interprets the Courts Order as stating the claims were baseless. There was no such ruling. Instead the Court omitted any review of the facts, including those that Kadlec and NFA successfully conspired to and did use the NFA Arbitration to withhold documents to close to two years, to attempt to run the clock on the statute of limitations. All of these facts are ignored in the Order that was issued just a few hours after I spoke to the Court about the Court's application of 9 U.S.C. 4 where the Court is required to conduct evidentiary hearing and preliminary discovery on NFA and Kadlec's role in the fraud.

For those reasons, and others, Plaintiff has a right to file its own reconsideration and clarification motions, on this and the NFA CEA 22 claims which are currently due on June 16, 2022. By separate motion, Plaintiff seeks an extension until June 30, 2022 to file this – in part due to ongoing problems between Kostus and Schumacher which are now again prejudicing the case, as well as, having a reasonable amount of time to review the record and file a motion.

  Schumacher's other comments are ill-founded. First, transferring a Defendant 15 months ago has no bearing on the present. The cases are in completely different postures, let alone the superseding Court order on June 7, 2021 (ECF63) that Kumaran's claims against ADMIS are stayed in 20-CV-3873 and Kadlec offers no supporting law, that Kumaran's claims should not equally be stayed against its CEO. The letter at ECF188 provides no legal argument – and what happened 15 months ago, does not reflect current rulings, or any ability to make a renewed motion. Schumacher instead uses this as another opportunity to attack Kostus, when Schumacher also as an Officer of the Court, knows full-well that Kumaran's claims against ADMIS are stayed and the consistent law in this circuit is to stay all non-arbitrable claims. Schumacher's failure to provide one piece of case law defies his argument. It is non-sensical, and a violation of circuit precedent to have claims go on in parallel and res judicata prevents this. Further having disjointed claims against ADMIS and Kadlec would violate Kumaran's procedural rights and the basic fundamental provisions of 9 U.S.C. 3. When it suits Kadlec they want inequitable rulings between different actions which is materially prejudicial to Plaintiffs. The Court must resolve the Arbitration first. That is the law of the Orders of this Court. Proceeding in piecemeal litigations, across different actions, with different parties in different forums, is not consistent with the Supreme Court and Second Circuit guidance (see ECF187). Again Kadlec offers no legal argument or case law to oppose this. Further Plaintiffs request for an extension until June 30, 2022 is not unreasonable. These are serious complex claims, with cases of fraud and RICO, CEA 22 and Plaintiff Kumaran is *Pro-Se*. Reasonable due process rights should be allowed for plaintiff to file and plead its claims and have a full and fair hearing on the merits.

  It would be procedurally impossible for Plaintiff to file an amended complaint in now a week, and Plaintiff has also indicated in its clarification motion, for Kadlec, seeks to request clarification on the permitted length of a RICO filing, having provided examples to the Court of complex RICO filings of permitted length of 132 – 360 pages. Plaintiff therefore reasonably requests in clarification motion, the Court permit a length of 150 pages for its omnibus RICO complaint, and again ruling on the 28 U.S.C. 1654 motions pending so that Pro-Se Plaintiffs are separated to preserve her fundamental statutory rights.

  Any decision contrary would clearly materially prejudice Plaintiffs. I assert this is Kadlec's intent to obscure the fraud he is participating in. Notably one of the other reconsideration points are the valid 6(b) claims which are legitimate Section 22 claims that also will be submitted in the clarification motion. It would be manifestly unjust to proceed in an rushed complaint, without ruling on the Local 6.3 motion, and a full and fair review of the many outstanding motions, including those in 20-CV-3873, and certification for interlocutory appeal, which are all part of Plaintiffs fair due process rights.

  Plaintiff takes this letter very seriously and will be submitting an affidavit shortly on the comments made by Kostus. I respectfully request the Court grant Plaintiffs requests in ECF187 and at a minimum allow for the Local 6.3 motions be heard and ruled upon first, which are part of Plaintiffs due process rights under Federal Rules of Civil Procedure. Plaintiff also seeks an extension until June 30, 2022 to file its reconsideration and clarification motions and that any complaints against Kadlec are deferred until all outstanding motions are ruled upon, including those in 20-CV-3873, including the certification for interlocutory appeal, and the outstanding appeal in 20-CV-3871 ECF75 regarding separating *Pro-Se* filings into a separate action or index from the counselled filings and separate complaints.

  Further consistent with 20-CV3873 ECF63, Plaintiff respectfully requests all claims against Kadlec be stayed pending resolution of the Arbitration, as well as all outstanding motions and appealability questions related to the same. Further Plaintiff is seeking resolution on the Local 6_3 motions prior to amending its complaint.

  Respectfully submitted,
  //SSK//
  Samantha S. Kumaran
  Individual Pro-Se Plaintiff