```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------  X
                                                              :
SAMANTHA SIVA KUMARAN, et al.,                                :
                                                              :
                                  Plaintiffs,                 :     1:20-cv-3668-GHW
                                                              :
                -against-                                     :     ORDER
                                                              :
NATIONAL FUTURES ASSOCIATION, LLC, et                         :
al.,                                                          :
                                                              :
                                  Defendants.                 :
                                                              :
-----------------------------------------------------------------  X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/31/2022

GREGORY H. WOODS, District Judge:

On May 31, 2022, The Honorable Stewart D. Aaron entered an order (the "May 31 Order") denying Ms. Kumaran's motion to substitute herself for Nefertiti Risk Capital Management, LLC ("NRCM") as NRCM's successor in interest. Dkt. No. 184. On June 14, 2022, Ms. Kumaran filed objections to the May 31 Order under Federal Rule of Civil Procedure 72(a). Dkt. No. 203. Defendants filed their oppositions on August 11, 2022. Dkt. Nos. 225, 227. Ms. Kumaran replied on August 25, 2022. Dkt. No. 237.

An objection directed at non-dispositive matters decided by the assigned magistrate judge will not be "modified" or "set aside" unless the magistrate judge's ruling is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "[M]agistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." *Williams v. Rosenblatt Securities, Inc.*, 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017) (citing *Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 511 (S.D.N.Y. 2013)). "A magistrate's ruling is contrary to law if it 'fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Thai Lao Lignite*, 924 F. Supp. 2d at 512 (quoting *Moore v. Publicis Groupe*, 2012 WL 1446534, at *1 (S.D.N.Y. Apr. 26, 2012)). A magistrate judge's order is clearly

erroneous where "'on the entire evidence,' [the district court] is 'left with the definite and firm conviction that a mistake has been committed.'" *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). "The party seeking to overturn a magistrate judge's decision thus carries a heavy burden." *McFarlane v. First Unum Life Ins. Co.*, 2017 WL 4564928, at *2 (S.D.N.Y. Oct. 12, 2017) (quoting *State Farm Mut. Auto. Ins. Co. v. Fayda*, 2016 WL 4530890, at *1 (S.D.N.Y. Mar. 24, 2016)). A motion to substitute parties is non-dipositive. *Grant v. Witherspoon*, No. 19-cv-2460, 2020 WL 71052, at *1 n.1 (S.D.N.Y. Jan. 3, 2020); *see also Essani v. Earley*, No. 13-cv-3424, 2017 WL 3432192, at *1 n.1 (E.D.N.Y. Aug. 9, 2017).

Federal Rule of Civil Procedure 25(c) provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). "Rule 25(c) substitution is a procedural mechanism designed to facilitate the continuation of an action when an interest in a lawsuit is transferred and does not affect the substantive rights of the parties." *Travelers Ins. Co. v. Broadway West Street Assocs.*, 164 F.R.D. 154, 164 (S.D.N.Y. 1995) (citing cases).

"Substitution of a successor in interest . . . under Rule 25(c) is generally within the sound discretion of the trial court." *Organic Cow, LLC v. Ctr. For New England Dairy Compact Rsch.*, 335 F.3d 66, 71 (2d Cir. 2003) (quoting *Prop-Jets, Inc. v. Chandler*, 575 F.2d 1322, 1324 (10th Cir. 1978)); s*ee also Software Freedom Conservancy, Inc. v. Best Buy Co.*, Inc., No. 09-cv-10155, 2010 WL 4860780, at *2 (S.D.N.Y. Nov. 29, 2010) ("[G]ranting substitution of one party in litigation for another under Rule 25(c) is a discretionary matter for the trial court." (alteration in original) (quoting *In re Chalasani*, 92 F.3d 1300, 1312 (2d Cir. 1996)). A court may not permit substitution "in the absence of a transfer of interest." *In re Chalasani*, 92 F.3d at 1312. Therefore, "a determination that a party is, in fact, a successor-in-interest is a prerequisite to substitution under Fed. R. Civ. P. 25(c)." *Levin v. Raynor*, No. 03-cv-4697, 2010 WL 2106037, at *2 (S.D.N.Y. May 25, 2010).

"The decision to order substitution or joinder is to be made by considering how the conduct of the lawsuit will be most facilitated." *Patsy's Italian Rest., Inc. v. Banas*, No. 06-cv-0729, 2008 WL 495568, at *2 (E.D.N.Y. Feb. 20, 2008) (quoting *FDIC v. Tisch*, 89 F.R.D. 446, 448 (E.D.N.Y. 1981)). The "primary consideration in deciding a motion pursuant to Rule 25(c) is whether substitution will expedite and simplify the action." *In re Rates-Viper Patent Litig.*, No. 09-cv-4068, 2011 WL 856261, at *1 (S.D.N.Y. Mar. 10, 2011) (quoting *Banyai v. Mazur*, No. 00-cv-9806, 2009 WL 3754198, at *3 (S.D.N.Y. Nov. 5, 2009)). Thus, substitution is inappropriate where it "would serve only to add duration, costs, and complexity to an action . . . [and] would prolong rather than bring the litigation nearer to its conclusion." *Advanced Mktg. Group, Inc. v. Bus. Payment Sys., LLC*, 269 F.R.D. 355, 359 (S.D.N.Y. 2010).

Having reviewed Ms. Kumaran's objections, the Court concludes that Ms. Kumaran has not demonstrated that the May 31 Order was clearly erroneous or contrary to the law. In the May 31 Order Judge Aaron assumed, without deciding that NRCM's interest was properly transferred to Ms. Kumaran. *See* May 31 Order at 9. Nevertheless, Judge Aaron held that:

> The Court finds that permitting Kumaran to substitute in place of NRCM will not facilitate the conduct of the three related actions, but instead will bring added burdens to them. The Court's own experience with Kumaran as a pro se litigant bears out the additional burdens that will exist by having her appear on behalf of NRCM, in addition to herself, given, for example, her prolix filings. Although the Court "appreciate[s] the extent to which [Kumaran] must identify with the corporation's cause of action—in both a personal and financial sense[,] . . . [i]n light of the enormous complications her unschooled participation would bring to the conduct of the complex litigation before the court," *see Finast Metal Prods., Inc. v. United States*, 12 Cl. Ct. 759, 761 (1987), the Court cannot conclude that her substitution would expedite or simplify these actions.

*Id.* at 10–11.

The Court finds that Ms. Kumaran has not established that Judge Aaron abused his discretion in determining that her substitution would not expedite or simplify these actions. Judge

3

Aaron's assessment of the anticipated burden is not clearly erroneous.[1] Accordingly, Ms. Kumaran's objections to Judge Aaron's order are overruled.

    SO ORDERED.

Dated: August 31, 2022  
New York, New York

                                            GREGORY H. WOODS  
                                        United States District Judge

---

[1] His assessment is consistent with Judge Vyskocil's observation in a separate case in which Ms. Kumaran was a plaintiff that "Kumaran is a sophisticated repeat-plaintiff who has used her *pro se* status as a sword to abuse the judicial process." *Kumaran v. Northland Energy Trading, LLC*, No. 19-cv-8345, 2022 WL 704704, at *1 (S.D.N.Y. Mar. 9, 2022).