```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/23/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Samantha Siva Kumaran, et al.,

                        Plaintiffs,

-against-

National Futures Association, et al.

                        Defendants.

1:20-cv-03668 (GHW) (SDA)

ORDER

**STEWART D. AARON, United States Magistrate Judge:**

       Before the Court is a motion by Plaintiff Kumaran to sever the claims against Defendant Kadlec and transfer those claims to the District of Connecticut, which Plaintiff NRCM joins. (Pl.'s 5/17/2023 Mot., ECF No. 256; 5/19/2023 Letter, ECF No. 258.) Also before the Court is Plaintiffs' request for an extension of time to comply with Judge Woods' April 28, 2023 Order requiring Plaintiffs to either file an amended pleading or inform the Court that they do not plan to amend the Complaint no later than May 26, 2023. (*See* 5/19/2023 Mot. for Extension, ECF No. 257; 5/19/2023 Letter; *see also* 4/28/2023 Mem. Op. & Order, ECF No. 254, at 41.)

       Pursuant to Federal Rule of Civil Procedure 21, a court may "sever any claim against a party." Fed. R. Civ. P. 21.[1] "Severed claims become entirely independent actions to be tried, and judgment entered thereon, independently." *Hedgeye Risk Mgmt., LLC v. Dale*, 343 F.R.D. 367, 370 (S.D.N.Y. 2023) (internal alterations omitted). "Deciding whether to sever is 'committed to

---

[1] Motions to sever and motions to change venue are not listed among the types of relief in 28 U.S.C. § 636(b) that are expressly dispositive. *See Salgado v. NYS Dep't of Corr. & Cmty. Supervision*, No. 13-CV-01108 (RJA) (MJR), 2018 WL 1663255, at *2 (W.D.N.Y. Apr. 6, 2018). Accordingly, the undersigned has the authority to rule on the pending motions by issuing the instant Order, rather than by issuing a Report and Recommendation.

the sound discretion of the trial court.'" *Id*. (quoting *State of New York v. Hendrickson Brothers, Inc.*, 840 F.2d 1065, 1082 (2d Cir. 1988)); *see also Salgado*, 2018 WL 1663255, at *3 ("Courts have broad discretion to sever a party or a claim from a pending action.") (citing *German v. Federal Home Loan Mortgage Corp.*, 896 F. Supp. 1385, 1400 (S.D.N.Y. 1995)). "In the Second Circuit, courts consider five factors to determine if severance is appropriate: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." *Hedgeye Risk Mgmt.*, 343 F.R.D. at 370.

      Here, Plaintiffs' claims against Defendant Kadlec have been dismissed and Plaintiffs have been granted leave to replead certain claims against Defendant Kadlec. (*See* 4/28/2023 Mem. Op. & Order at 24 n.12.) However, Plaintiffs have not yet amended their pleading and, thus, there are no active claims for the Court to assess. Moreover, the Court already has determined that entry of judgment under Federal Rule of Civil Procedure 54(b) is not warranted as to any of Plaintiffs' claims. (*See id*. at 24-25.) The current motion to sever Plaintiffs' claims against Defendant Kadlec, which are the only claims that can be repleaded, and thereafter to presumably seek entry of judgment on the remaining claims, is just another way to seek the relief the Court already has denied. Accordingly, Plaintiffs' motion to sever is denied. *See Charalambopoulos v. Grammer*, No. 3:14-CV-2424-D, 2016 WL 5942225, at *5 (N.D. Tex. Oct. 13, 2016) (denying motion to sever when plaintiff was "essentially attempting through means of a Rule 21-based severance to obtain Rule 54(b) relief"). Plaintiffs' alternative request that the Court "sever

2

Defendant Kadlec's claims and transfer them to Related Case 20-CV-3873" (Pl.'s 5/17/2023 Mot. at 25) is denied for the same reason.[2] Further, as Defendant Kadlec points out (Kadlec Letter Response, ECF No. 260), the Court denied a similar request more than two years ago, finding no basis for such relief. (*See* 1/11/2021 Order, ECF No. 53.)

In addition, Plaintiffs' motion to transfer is denied without prejudice. Plaintiffs' current motion seeks transfer of claims only against Defendant Kadlec. (Pl.'s 5/17/2023 Mot. at 12.) However, because the Court denies the motion to sever, Plaintiffs would need to seek transfer of the entire action to the District of Connecticut.

Finally, Plaintiffs' motion for an extension of time is granted in part and denied in part. Plaintiffs must inform the Court no later than May 26, 2023 whether they intend to file an amended pleading or do not plan to amend the Complaint. If Plaintiffs choose to file an amended pleading, the deadline for them to do so is extended until June 7, 2023.

**SO ORDERED.**

Dated:   New York, New York
         May 23, 2023

_____
STEWART D. AARON
United States Magistrate Judge

---

[2] Notably, as the Court previously explained, it is Plaintiffs' own litigation choices that have created the inefficiencies of which they now complain. (*See* 4/28/2023 Mem. Op. & Order at 25.)