USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/17/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Samantha Siva Kumaran, et al.,

                  Plaintiffs,

-against-

National Futures Association, et al.

                  Defendants.

1:20-cv-03668 (GHW) (SDA)

ORDER

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court is a motion by Plaintiff Nefertiti Risk Capital Management, LLC ("NRCM")[1] to compel arbitration in the Commodity Futures Trading Commission ("CFTC") Reparations forum against Defendant Kadlec. (Mot. to Compel Arb., ECF No. 270.) For the reasons set forth below, the Court finds that NRCM has waived any right to arbitrate its claims against Kadlec. Accordingly, NRCM's motion is DENIED.

**I.**    **Legal Standards**

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq., "creates a body of federal substantive law of arbitrability applicable to arbitration agreements . . . affecting interstate commerce." *Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 121 (2d Cir. 2010). Section 2 of the FAA provides, in relevant part, that "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of

---

[1] Although Plaintiff Kumaran purports to compel arbitration "in her capacity solely as successor-in-interest to claims brought by NRCM", the Court reiterates that NRCM, while now dissolved, remains a plaintiff in this action and Plaintiff Kumaran cannot assert claims as successor in interest. (*See* 5/31/2022 Order, ECF No. 184, at 11; *see also* 8/31/2022 Order, ECF No. 238 (affirming 5/31/2022 Order).) Nor can she, proceeding *pro se*, litigate claims belonging to NRCM. (*See* 5/31/2022 Order at 11-12.)

such contract or transaction, . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Generally applicable contract defenses . . . may be applied to invalidate arbitration agreements in accordance with § 2 of the FAA." *Sanders v. Forex Cap. Markets, LLC*, No. 11-CV-00864 (CM), 2011 WL 5980202, at *5 (S.D.N.Y. Nov. 29, 2011). When determining a motion to compel arbitration brought under the Federal Arbitration Act, courts apply a standard akin to that applied on motions for summary judgment. *See Bensadoun v. Jobe–Riat*, 316 F.3d 171, 175 (2d Cir.2003); *Dubois v. Macy's East. Inc.*, 338 Fed. App'x 32, 33 (2d Cir.2009).

"[T]he Second Circuit's test for waiver of an arbitration agreement is somewhat in flux." *Lawrence v. NYC Med. Prac., P.C.*, No. 18-CV-08649 (GHW), 2023 WL 4706126, at *12 (S.D.N.Y. July 21, 2023). "Prior to May 23, 2022, courts considered three factors 'in determining whether a party has waived its right to arbitration by expressing its intent to litigate the dispute in question . . . (1) the time elapsed from when litigation was commenced until the request for arbitration; (2) the amount of litigation to date, including motion practice and discovery; and (3) proof of prejudice.'" *Id*. (quoting *La. Stadium & Exposition Dist. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 626 F.3d 156, 159 (2d Cir. 2010) (citations omitted)). However, as Judge Woods previously explained, "in *Morgan v. Sundance, Inc.*, the Supreme Court determined that the Eighth Circuit was wrong to 'condition a waiver of the right to arbitration on a showing of prejudice' because 'the FAA's policy favoring arbitration does not authorize federal courts to invent special, arbitration-preferring procedural rules,' and '[o]utside the arbitration context, a federal court assessing waiver does not generally ask about prejudice.'" *Id*. (quoting *Morgan*, 142 S. Ct. 1708, 1712-13 (2022)).

The Second Circuit has not yet had occasion to address the impact of *Morgan* on its arbitration waiver analysis. As Judge Woods thoughtfully has explained, there are "two possible post-*Morgan* arbitration waiver tests in this Circuit." *Lawrence*, 2023 WL 4706126, at *12; *see also Herrera v. Manna 2nd Ave. LLC*, No. 20-CV-11026 (GHW), 2022 WL 2819072, at *7-8 (S.D.N.Y. July 18, 2022). The first possible test is the general test for contractual waiver under applicable state law. *See id*. (applying New York law). The second possible test is the Circuit's prior test for waiver of the right to arbitrate, but stripped of its prejudice requirement, such that courts would consider only the first two *La. Stadium* factors. *See id.*

## II. Application

The Court finds that application of either possible test results in a finding of waiver here. *See Lawrence*, 2023 WL 4706126, at *13 ("Although at some point 'courts may be forced to interpret whether *Morgan* instructs courts to adopt general waiver analysis, or instead instructs courts to strip any prejudice requirement from their existing analysis of waivers of the right to arbitration under the FAA,' there is no need to do so today.") (finding same result under either possible test) (quoting *Herrera*, 2022 WL 2819072, at *8).

### A. Contractual Waiver Analysis

"Under New York contract law, waiver requires 'a clear manifestation of an intent . . . to relinquish [a] known right." *Lawrence*, 2023 WL 4706126, at *13 (quoting *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J.*, 448 F.3d 573, 585 (2d Cir. 2006)).[2] "Waiver may be

---

[2] Because "there is no federal common law on the subject of waiver[,]" the Court applies state law to the issue of waiver under this test. *See Herrera*, 2022 WL 2819072, at *7 n.7. The applicable arbitration agreement does not contain a choice of law provision. (*See* Arbitration Agreement, ECF No. 270-1.) The Court applies New York law because NRCM was a New York corporation and NRCM cites New York law in support of its motion. (*See, e.g.*, Mot. to Compel Arb. at 1.) The other possible choice would be to apply

3

established by affirmative conduct or by a failure to act that evinces the intent to abandon the right." *Id*. Although "waiver should not be lightly presumed and must be based on a clear manifestation of intent to relinquish a contractual protection . . . waiver may be proven by undisputed acts or language so inconsistent with [the party's] purpose to stand upon his [or her] rights as to leave no opportunity for a reasonable inference to the contrary." *Id*. (internal citations and quotation marks omitted). "As it relates to arbitration and the waiver thereof by conduct, the specific inquiry is whether the proponent of arbitration, by his [or her] actions, has elected to proceed and/or resolve the otherwise arbitral dispute between the parties in a 'judicial arena.'" *Worbes Corp. v. Sebrow*, 78 Misc. 3d 1212(A), 184 N.Y.S.3d 591 (Sup. Ct. Bronx Cty. 2023) (quoting *Spirs Trading Co. v. Occidental Yarns, Inc.*, 73 A.D.2d 542, 542, 423 N.Y.S.2d 13, 15 (1st Dep't 1979)). The mere fact that a party, particularly a defendant, "who would otherwise be entitled to arbitration participates in a judicial action or avails itself of a remedy accorded to it by a court is not, in and of itself, a waiver." *Id*. Rather, "the lynchpin of waiver as it relates to otherwise arbitral claims, is a party's use of the judicial process to the extent which is clearly inconsistent with its later claim that the parties were obligated to settle their differences by arbitration[.]" *Id*. (internal quotation marks omitted).

The Court finds that NRCM's conduct to date evidences a clear manifestation of an intent to relinquish any right to arbitrate against Kadlec. Prior to filing this action and two related

---

the law of Illinois, where Kadlec and ADMIS are based. However, the waiver standard is similar under Illinois law and the result would be the same. *See Bishop v. We Care Hair Development Corp.*, 316 Ill.App.3d 1182, 1191 (2000) (noting that, even though "there is a presumption in Illinois law against waiver," a contractual right to arbitrate can be waived as with any other contract right "when a party's conduct is inconsistent with the arbitration clause, thus indicating an abandonment of the right to arbitration").

actions, NRCM initiated arbitration before the National Futures Association ("NFA") against multiple defendants in the related actions, including ADM Investor Services, Inc. ("ADMIS"), but not against Kadlec, the President of ADMIS. (*See* NRCM Arb. Claim., 20-CV-03873 ECF No. 57-2.) In both related actions, the Court granted the defendants' motions to compel arbitration before the NFA with respect to NRCM's claims. (6/7/2021 Order, 20-CV-03873 ECF No. 63; 8/4/2022 Order, 20-CV-03871 ECF No. 237.) NRCM not only opposed arbitration in those actions, but in the action against ADMIS, filed objections with Judge Woods, which were overruled, and also moved for reconsideration of Judge Woods' decision, which was denied. (*See* 6/22/2021 Mot. for Reconsideration, 20-CV-03873 ECF No. 72; 2/18/2022 Tr. at 43-39 (overruling objections); 5/4/2022 Mot. for Reconsideration, ECF No. 118; 4/28/2023 Mem. Decision & Order, ECF No. 201 (denying motion for reconsideration).) Thus, while there, NRCM appeared unhappy with the course of NFA arbitration and belatedly sought to litigate; here, NRCM appears unhappy with the course of litigation and now seeks to arbitrate in yet another forum.[3] NRCM's use of the judicial process to date is inconsistent with its current claim that its disputes with Kadlec must be arbitrated and appears to the Court to be a deliberate maneuver to seek a more favorable forum. Accordingly, the Court finds that NRCM has waived any right to arbitrate.

B. **Modified Second Circuit Test**

The Court also finds that NRCM has waived its right to arbitrate under the modified Second Circuit test, which looks at "(1) the time elapsed from when litigation was commenced

---

[3] NRCM's gamesmanship is further evidenced by its desire to arbitrate in a different forum than the one it originally chose. However, because I deny NRCM's motion to compel arbitration, I do not address the parties' arguments regarding the appropriate forum. (*See* Mot. to Compel Arb. at 3 ("NRCM selects the CFTC Reparations to arbitrate its dispute with NFA Board Member Defendant Kadlec."); Kadlec Opp. Mem. at 8-9 (arguing that NRCM's claims are not eligible for CFTC Reparations).)

until the request for arbitration; and (2) the amount of litigation to date, including motion practice and discovery." *La. Stadium*, 626 F.3d at 159.

First, significant time has elapsed since NRCM commenced this litigation. NRCM filed this action on May 11, 2020, more than three years ago. (*See* Compl., ECF No. 1.) Plaintiffs argue that there has been no waiver because the Commodities Exchange Act § 22 claims (brought against Kadlec in his capacity as an NFA board member) were properly before the Court and were not decided until the April 28, 2023 decision by Judge Woods. (Pls.' Reply Mem., ECF No. 278, at 2-4.) Even accepting that argument, it does not excuse NRCM's delay with respect to claims against Kadlec in his capacity as President of ADMIS, which mirror the claims NRCM first asserted against ADMIS in NFA arbitration beginning in April 2018. (*See* NRCM Arb. Claim, 20-CV-03873 ECF No. 57-2.) The Court reiterates that it was Plaintiffs' strategic choice to bring claims against Kadlec in a separate lawsuit.

Second, while discovery has yet to commence, this case has been heavily litigated with motions to dismiss, motions for reconsideration, and now a pending motion to strike Plaintiffs' amended pleading. Such "protracted litigation" warrants a finding of waiver. *Katsoris v. WME IMG, LLC*, 237 F. Supp. 3d 92, 100 (S.D.N.Y. 2017); *see also La. Stadium*, 626 F.3d at 159-60 (plaintiff waived right to arbitrate by waiting eleven months to move to compel arbitration while defendants filed procedural motions, submitted lengthy letters and began work on motion for judgment on the pleadings, though discovery had not yet begun).[4] Accordingly, the Court finds

---

[4] In reaching its decision here, the Court has considered cases applying the Second Circuit's prior test to the extent they discuss elements other than prejudice. *See Boustead Sec., LLC v. Leaping Grp. Co.*, No. 20-CV-03749, 2023 WL 2481109, at *3 n.7 (S.D.N.Y. Feb. 14, 2023) ("[T]he Court considers cases applying the Second Circuit's prejudice analysis good law to the extent they discuss grounds for or against waiver independent of prejudice.").

that NRCM has waived any right to arbitrate under this test as well.

For the foregoing reasons, NRCM's motion to compel arbitration is DENIED.

**SO ORDERED.**

Dated:     New York, New York
           August 17, 2023

_____
STEWART D. AARON
United States Magistrate Judge