# MEMORANDUM ENDORSED

**October 31, 2023**

<u>**VIA ECF/EMAIL**</u>

Honorable Judge Gregory Woods
United States District Court
Southern District of New York
500 Pearl Street,
New York, NY 10007

<div style="float:right; border:1px solid black;">
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _11/2/2023_
</div>

      Re:    *Kumaran et al vs. National Futures Association et al* 20-CV-3668-GHW-SDA

            *Kumaran et al vs. ADM Investor Services et al* 20-CV-3873-GHW-SDA

<u>**LETTER MOTION FOR EXTENSION OF TIME TO FILE RULE 72(A) OBJECTIONS
REGARDING CONNECTICUT TRANSFER**</u>

Dear Hon Judge Gregory Woods,

      Plaintiffs respectfully seek a 14 day extension to file FRCP 72(a) objections to the Opinion and Order related to a transfer to Connecticut dated October 19, 2023. ("Connecticut Order"). That Order was issued "simultaneously" and by coincidence just a few hours before the same date filings of a TRO and PI that were filed also on October 19, 2023. An extension is requested from November 2 2023 until **November 16, 2023.**

      The request is necessary because the attached Arbitrations Order still provides for post-hearing submission until November 9, 2023. Attached to this letter in Exhibit 1 is the post-hearing scheduling. Plaintiffs would be significantly prejudiced if they did not have the necessary time to respond to the ongoing Arbitration orders which include some frivolous motions for sanctions including those against Kumaran individually (which were previously filed with the Court in the PI). Not only was the Arbitration conducted without any evidence, documents or discovery, multiple witness testimony was cut short to be "minutes". Given the volumes of testimony to review, good cause is also needed to properly review the proceedings which are to be vacated in their entirety.

      NFA Defendants take no position on the request.

      Mr. Kleinman confirmed his request also for 14 days in text message to Plaintiff Kumaran.

      Mr. Schumacher opposes the requests.

      Currently the FRCP 72(a) objections to the Connecticut Order are due fourteen (14) days after October 19, 2023 which makes the due date November 2, 2023 Given the concurrent Arbitration Schedule, which ends on November 9 2023, Plaintiffs seek a 14 days extension so that they are not prejudiced and can complete the filings and then respond to the objections on **November 16, 2023.**
.

Page 2

## BACKGROUND OF OVERAPPING MOTIONS

On October 19, 2023, Magistrate Judge Aaron issued an "Opinion and Order" relating to the motion to transfer these actions to Connecticut. These are three related cases 20-CV-3871 (now indexed at 22-CV-1653 in Connecticut), 20-CV-3668, and 20-CV-3873, which center on a common fraud, common facts and law which appears to order that this case proceed in two different Federal Court districts of both Connecticut and also New York. ("Connecticut Order").

In coincidental timing to the Connecticut Order, and probably unaware of urgency of matters proceeding in the Arbitration, on the same date, in the afternoon of October 19, 2023, Plaintiffs filed a preliminary injunctions and TRO seeking relief to enjoin the Arbitration because it is and was being conducted in material violation of the Federal Arbitration Act without one piece of evidence or discovery, witnesses, testimony etc. to purposefully prejudice Plaintiffs to lose. (See 20-CV-3668 Dkt. No. 273-275).  Among other things, Plaintiffs also argued that continuing an Arbitration, with an outright denial of any documents, discovery, witnesses and evidence was egregious and unconscionable as it was forcing a hearing knowingly eliminating discovery.

## ABTIRATION WAS CONDUCTED IN VIOLATION OF THE FEDERAL ARBITRATION ACT

There are now hundreds of pages of testimony to review making it not possible to respond to his FRCP72(a) motion in the timelines scheduled.

Other good cause for the adjusted schedule is that the denial of ALL DOCUMENTARY DISCOVERY, and outright cancelling the November 13 2019 discovery schedule and denial of all witnesses, evidence renders the Arbitration an outright violation of public policy and time is needed to vacate this Arbitration.

Robert Boshnack did not even bother to show up. Not one piece of testimony, not one email, and not one piece of documentary evidence to prejudice from proving any of the claims. Vacatur of any and all claims against Boshnack is subject to the District of Connecticut. Not S.D.N.Y.

Discovery was "cancelled" in its entirety, as retribution for "suing the NFA" and thus the egregiously one-sided hearing was conducted in a manner to prevent Plaintiff from advancing even one of their claims. There were no facts and as dozens of documents were identified that could prove Plaintiffs claims, they were all denied from being discovered and witness testimony was cut short.

Plaintiff also documents the Arbitration was "cut-short" to 3.5 days instead of 5 days as Plaintiffs had absolutely no discovery or evidence to prove even one single one of their claims. Even basic witness testimony was cut off, and Plaintiff was denied the right to proper testimony. A brief example of the outrageous misconduct shows how new facts emerged and whenever incriminating information was uncovered testimony was cut short to prejudice Plaintiffs. (To be filed under seal).

Despite full knowledge by opposing counsel that Mr. Lazzara (a key defendant) was unavailable for the hearing due to a medical issue, counsel never notified the parties in advance that Lazzara was unavailable for the hearing and there was no continuance granted. Lazzara's testimony was cut short to not more than 1.5 hour of questioning as he waited to the day of the hearing, to state he has a "medical issue" that prevented him from testifying. Instead, not only was no discovery conducted at all on Lazzara and no evidence presented, Plaintiffs, were denied the right to question Lazzara despite his

name being mentioned 576 times in the complaint. Accordingly, none of the claims against Lazzara could be pursued.

One-sided experts (only Respondents) were called, who turned out to be former employees of Vision and Howard Rothman. Therefore, they should have been denied (as they were biased) and had a conflict of interests as they formerly worked for Vision. All NRCM's rights to witnesses, experts, were denied "in their entirety". Disputed facts (which can be proven to be false) were allowed, without NRCM's ability to strike or cross-examine the witness, or question the legitimacy of the documents were allowed and one-sided hearsay.

In supposed closing arguments, NRCM was supposed to be allocated 45 minutes. To purposefully stop Ms. Kumaran presenting their claims, the Arbitrators (again) cut off and interrupted NRCM's closing arguments at 38 minutes so no claims could be presented and the end of the speech just silenced. Moreover, they cut the hearing short to 3.5 days, to disallow material testimony and have refused to refund the additional 5 days hearing fees.

This is perhaps the most egregious misconduct in an Arbitration that this Court may ever have seen to purposefully deny <u>all</u> documentary evidence to prove claims and then force a loss of all their rights. Plaintiff Kumaran also files under seal a brief excerpt showing how testimony was cut off.

Opposing counsel even conceded that "we didn't have a presentation of evidence." That is correct. Plaintiffs had no ability to present any evidence. Opposing counsel also admitted that there has been "no evidence" and also admitting that there was no presentation at all on majority of the claims including the trade secrets, unfair competitions and any of Kumaran's claims in anyway shape or form.

The Arbitration filings end on November 9, 2023 and Plaintiffs respectfully seek until November 16, 2023 to file the objections to the Connecticut Order. Given the above, Kumaran's individual claims were not even raised in the arbitration and will be continuing in the District of Connecticut, so careful thought needs to occur prior to responding to the Connecticut Order.

One-sided experts (only Respondents) were called, who turned out to be former employees of Vision and Howard Rothman. Therefore, they should have been denied (as they were biased) and had a conflict of interests as they formerly worked for Vision. All NRCM's rights to witnesses, experts, were denied "in their entirety". Disputed facts (which can be proven to be false) were allowed, without NRCM's ability to strike or cross-examine the witness, or question the legitimacy of the documents were allowed and one-sided hearsay.

Accordingly, Plaintiffs respectfully seek a 14 day extension until November 16, 2023 so that the Arbitration filings can be completed first by November 3, 2023 and November 9, 2023. Plaintiffs would be **significantly prejudiced** if they did not have the necessary time to respond to the ongoing Arbitration orders which include some frivolous motions for sanctions including those against Kumaran individually. (All of which are likely to be vacated). Plaintiffs seek until November 16, 2023 to file their FRCP 72(a) objections. Thank you in advance.
Respectfully submitted,

/s/ Samantha S Kumaran
Individual Plaintiff
212-431-5098
samantha@timetricsrisk.com

Application granted.  For congruence with the deadline for the Corporate Plaintiffs to submit any objections, the deadline for Plaintiff Kumaran to submit her objections to the opinion and order at Dkt. No. 209 is extended to December 4, 2023.  Plaintiff Kumaran is reminded to adhere to the page limits prescribed by Rule 3(H) of the Court's Individual Rules.  The Clerk of Court is directed to terminate the motion pending at Dkt. No. 226.

SO ORDERED.

Dated: November 2, 2023
New York, New York

_____
GREGORY H. WOODS
United States District Judge