November 3, 2023

<u>VIA ECF/EMAIL</u>

Honorable Judge Gregory Woods
United States District Court
Southern District of New York
500 Pearl Street,
New York, NY 10007

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 11/3/2023

The revised briefing schedule is approved. SO ORDERED.
Dated: November 3, 2023

Re:   *Kumaran et al vs. National Futures Association et al* 20-CV-3668-GHW-SDA
      *Kumaran et al vs. ADM Investor Services et al* 20-CV-3873-GHW-SDA

<u>**CONSENT LETTER STIPULATION ADJUSTING
BRIEFING SCHEDULE FOR COUNSEL MOTION TO WITHDRAW**</u>

Dear Judge Aaron and Judge Woods,

Counsel and I are aware of the filing deadlines in the Arbitration on November 9, 2023.

Therefore, by consent, Mr. Kleinman and I agree to the following schedule to brief his motion to withdraw. It is my intention to meet with Mr. Kleinman in person between November 21 – November 23 to see if this can be resolved.

    Oppositions:   November 27, 2023 (Monday after Thanksgiving)

    Replies:       December 4, 2023 (7 days later)

The Court should be advised that Plaintiffs had previously agreed to and planned to switch counsel in Connecticut and had set a date of February 1, 2024 to make that switch due to various business considerations, as well as the time needed to get new counsel up to speed, or comply with local admission rules. So any withdrawal prior to that date is what is unexpected. Plaintiffs had fully consented to a change in counsel after February 1, 2024. Since Mr. Kleinman is not licensed in Connecticut we had also agreed to change counsel in CT and were waiting for all actions to be transferred to that District.

We had however not agreed to change counsel until the pending motions in 20-CV-3668 had been resolved or in any manner that prejudices the cases. We therefore had not agreed to find new counsel midway through all the motions outstanding in SDNY or prior to February 1, 2024. Counsel and I are planning to meet and discuss to see if we can resolve this without motion practice in the Court.

Mr. Kleinman's firm is also on a 100% contingency. So any representation to the Court that fees had not been paid is incorrect. Plaintiffs had also offered Kleinman's firm hybrid compensation and his

firm declined to take fees. So, without limitation, in particular the arguments made in the letter that fees were outstanding is incorrect. Plaintiffs continue to stand by their prior agreements to switch counsel on or after February 1, 2024, and also change counsel in the District of Connecticut.

Respectfully submitted,

/s/ Samantha S Kumaran
Individual Plaintiff
212-431-5098
samantha@timetricsrisk.com