```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SAMANTHA KUMARAN, et al.,                      :
                                               :
                          Plaintiffs,          :         1:20-cv-3873-GHW
                                               :         1:20-cv-3668-GHW
                 -v -                          :
                                               :              ORDER
ADM INVESTOR SERVICES, INC., et al.,           :
                                               :
                          Defendants.          :
------------------------------------------------------------------ X
```

```
                                                  USDC SDNY
                                                  DOCUMENT
                                                  ELECTRONICALLY FILED
                                                  DOC #: _____
                                                  DATE FILED: 11/6/2023
```

GREGORY H. WOODS, United States District Judge:

On October 19, 2023, Plaintiffs filed an emergency motion for a temporary restraining order and a motion for a preliminary injunction. Dkt. Nos. 214, 218, 219.[1] On October 20, 2023, Magistrate Judge Aaron issued a report and recommendation recommending the motions be denied. Dkt. No. 220 (the "R&R"). Plaintiff Kumaran and Plaintiff NRCM filed separate objections to the R&R on October 22, 2023. Dkt. Nos. 221, 222. For the reasons that follow, the Court adopts the R&R in its entirety.

When a party timely objects to a magistrate's report and recommendation, a district court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, "[t]he purpose of the Federal Magistrates Act was to promote efficiency of the judiciary, not undermine it by allowing parties to relitigate every argument which it presented to the Magistrate Judge." *Johnson v. Artus*, No. 07-cv-5905 SAS FM, 2009 WL 1505177, at *1 (S.D.N.Y. May 28, 2009) (quoting *Vega v. Artuz*, No. 97-cv-3775 LTS JCF, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (internal quotations omitted)). Where "the party . . . simply reiterates her original arguments, the Court reviews the

---

[1] Plaintiffs filed the same motions in 20-cv-3668. As Judge Aaron noted, it is unclear why they did so, because the remaining claims in 20-cv-03668 are not subject to the arbitration. All docket number references are to 20-cv-3873 unless otherwise specified.

report and recommendation only for clear error." *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 416 (S.D.N.Y. 2014) (quoting *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007)).

Plaintiffs' objections merely reiterate the arguments raised in the original motion for a temporary restraining order.  Like the motion for a restraining order, both sets of objections argue, broadly, that Plaintiff Kumaran's trade secret claims are non-arbitrable and that the arbitration is unconscionable because Plaintiffs have been denied discovery.  *Compare* Dkt. No. 214 *with* Dkt. Nos. 221, 222.[2]  Plaintiffs' objections do not respond to any of the conclusions in the R&R.  Instead, the crux of Plaintiffs' objections is that Judge Aaron "overlooked" Plaintiffs' original arguments.  *See, e.g.*, Dkt. No. 221 at 4, 6, 8.

Accordingly, the Court has reviewed the R&R for clear error and finds none.  *See, e.g, New York City Dist. Council of Carpenters Pension Fund v. Forde,* 341 F. Supp. 3d 334, 337 (S.D.N.Y. 2018) (reviewing a report and recommendation for clear error where the "objections are a rehash of arguments from their initial motion").

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 214, 218, and 219.  The Court of Clerk is also directed to terminate the motions pending at 20-cv-3668 Dkt. Nos. 293, 297 and 301.

SO ORDERED.

Dated:  November 6, 2023
New York, New York

GREGORY H. WOODS
United States District Judge

---

[2] Though Plaintiff Kumaran and Plaintiff NRCM filed separate objections, all of the arguments in Plaintiff NRCM's objections are contained within Plaintiff Kumaran's objections.