USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/20/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Samantha Siva Kumaran, et al.,

                    Plaintiffs,

-against-

National Futures Association, et al.

                    Defendants.

1:20-cv-03668 (GHW) (SDA)

**REPORT AND RECOMMENDATION**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

**TO THE HONORABLE GREGORY H. WOODS, UNITED STATES DISTRICT JUDGE:**

## INTRODUCTION

Before the Court is a motion by Defendant Tom Kadlec ("Kadlec") to strike the Second Amended Complaint ("SAC") for failure to comply with the Court's June 2, 2022 Order, granting Plaintiffs limited leave to amend their prior pleading, and Federal Rule of Civil Procedure 8. (Mot. to Strike, ECF No. 266.) For the reasons set forth below, I respectfully recommend that the SAC be dismissed for failure to comply with Rule 8 and that Plaintiffs be given leave to file another amended complaint that conforms to the requirements of Rule 8.

## BACKGROUND

In the First Amended Complaint ("FAC"), Plaintiffs asserted claims against Kadlec for violations of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1831 *et seq.*, violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and state law claims for fraud, aiding and abetting fraud, misappropriation of trade secrets, conversion, aiding and abetting conversion and misappropriation, interference with economic advantage and civil conspiracy. (FAC, ECF No. 57, ¶¶ 807-970.) On September 16, 2021, the Court filed a Report &

Recommendation recommending that District Judge Woods grant Kadlec's motion to dismiss the FAC. (9/16/2021 R&R, ECF No. 113.) The Court recommended that Plaintiffs' DTSA and RICO claims be dismissed for failure to state a claim and that the Court decline to exercise supplemental jurisdiction over Plaintiffs' state law claims or, in the alternative, that Plaintiffs' state law claims be dismissed for failure to state a claim. (*Id*. at 26-35.) The Court further recommended that Plaintiffs be denied leave to amend their federal claims against Kadlec. (*Id*. at 35-36.) Plaintiffs filed objections to the R&R on October 20, 2021. (Kumaran Objs., ECF No. 123; NRCM Objs., ECF No. 124.)

On June 2, 2022, Judge Woods granted Kadlec's motion to dismiss. (6/2/2022 Mem. & Order, ECF No. 185.) Judge Woods adopted the R&R's recommendation to decline to exercise supplemental jurisdiction over Plaintiffs' state law claims against Kadlec, but also granted Plaintiffs leave to amend the DTSA, RICO and state law claims against Kadlec. (*Id*. at 14-15.) In granting leave to amend, the Court "specifically cautioned" Plaintiffs "to comply with Federal Rule of Civil Procedure 8, which requires a 'short and plain statement of the claim' and that '[e]ach allegation must be simple, concise, and direct.'" (*Id*. at 15 (quoting Fed. R. Civ. P. 8(a)(2), 8(d)(1)).) The Court went on to say that it "ha[d] serious concerns over whether Plaintiffs' prolix and rambling amended complaint, which is almost two hundred pages long and contains over a thousand paragraphs, complie[d] with Rule 8" and reminded Plaintiffs that "'[f]ailure to comply with Rule 8(a) may result in dismissal of a complaint, even if the pleader is proceeding *pro se*.'" (*Id*. (citing *Praseuth v. Werbe*, 99 F.3d 402 (2d Cir. 1995)).)

On August 15, 2022, Plaintiff Kumaran filed a motion for reconsideration of the Court's June 2, 2022 Memorandum Decision & Order. (8/15/2022 Mot. for Reconsideration, ECF No.

2

230.) While that motion was pending, on September 22, 2022, Plaintiff Kumaran filed a new action in New York Supreme Court against Kadlec asserting claims under New York law. (*See* Summons with Notice, 22-cv-08095, ECF No. 1-1.) Kadlec removed that action to this Court and Plaintiff Kumaran filed a motion for remand. (Mot. for Remand, 20-CV-08095 ECF No. 15.)

On April 28, 2023, Judge Woods granted Plaintiff Kumaran's motion for reconsideration in part, finding that the Court had jurisdiction over the state law claims pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332(a), and granting the motion to the extent it argued that the Court should not decline supplemental jurisdiction over those claims. (4/28/2023 Mem. Op. & Order, ECF No. 254, at 12-13.) However, Judge Woods then addressed the alternative recommendation that the state law claims against Kadlec be dismissed for failure to state a claim and concluded that they should be dismissed on the merits. (*See id*. at 13-18.) The Court reiterated, however, that Plaintiffs had been granted leave to amend the state law claims, in addition to the DTSA and RICO claims, against Kadlec. (*Id*. at 18 n.6.) Judge Woods also denied Plaintiff Kumaran's motion to remand the 20-CV-08095 case and consolidated that action with the instant action against Kadlec. (*Id*. at 8-10.) In doing so, the Court indicated that "[t]o the extent there are any allegations in the [22-CV-08095] case that Plaintiffs wish to add to [the instant] case, they would need to amend their complaint in [the instant] case to do that." (*Id*. at 41-42 n.24.)

## **LEGAL STANDARDS**

Pursuant to Federal Rule of Civil Procedure 8, pleadings must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(a). A complaint satisfies Rule 8 if it gives the defendant "fair notice of what the claim is . . . and the

grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Second Circuit has defined "fair notice" as "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial." *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995)). However, "[t]he statement should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 365 (1969)).

When a complaint does not comply with Rule 8, the court may, on its own initiative, dismiss the complaint in its entirety or strike portions that are redundant or immaterial. *See Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995); *see also Miles v. City of New York*, No. 14-CV-09302 (VSB), 2018 WL 3708657, at *4 (S.D.N.Y. Aug. 3, 2018) (citing Fed. R. Civ. P. 12(f)). Dismissal, however, is usually reserved "for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (quoting *Salahuddin*, 861 F.2d at 42). "When the court chooses to dismiss, it normally grants leave to file an amended pleading that conforms to the requirements of Rule 8." *Salahuddin*, 861 F.2d at 42.

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Despite this authority, the Second Circuit has held that "courts should not tamper

4

with the pleadings unless there is a strong reason for so doing." *Gittens-Bridges v. City of New York*, No. 19-CV-00272 (ER), 2020 WL 3100213, at *7 (S.D.N.Y. June 11, 2020) (citing *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976)). "Nevertheless, a district court may strike new factual allegations in an amended complaint when the allegations exceed the scope of the Court's permission to amend." *Desouza v. Off. of Child. & Fam. Servs.*, No. 18-CV-02463 (PKC) (SMG), 2019 WL 2477796, at *5 (E.D.N.Y. June 12, 2019) (citing *Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted." (collecting cases)); *see also Miles* 2018 WL 3708657, at *5 (S.D.N.Y. Aug. 3, 2018) (striking causes of action that fell outside scope of leave to amend).

## DISCUSSION

Kadlec moves to strike the SAC for failure to comply with the Court's June 2, 2022 Order and Rule 8. (Mot. to Strike at 1-3.) Despite multiple warnings that Plaintiffs' prior prolix and rambling pleadings flirted with the boundaries of what was acceptable under even the liberal standard of Rule 8, Plaintiffs appear to have made no effort to heed the Court's warnings.

The SAC, which like the FAC, is almost two hundred pages long and contains over a thousand paragraphs, is neither short nor plain. Among its more obvious deficiencies, the SAC repeats paragraph numbers and contains confusing and non-uniform headings (*see, e.g.*, SAC at pp. 6, 60) that add to the difficulty the adverse party would have in answering the pleading. It also purports to incorporate by reference allegations and exhibits from other cases that only adds to its length and ambiguity. (*See, e.g.*, SAC p. 1 (incorporating by reference "exhibits . . . filed on

the docket in related cases"), ¶ 533 ("Their acts of misappropriation and unfair competition are incorporated herein by reference from as also alleged in the Related Cases against ADMIS[.]").)

In addition, the SAC remains replete with ambiguous, vague and conclusory allegations. For example, the SAC sometimes refers to Kumaran or NRCM by name, but also uses the term "Plaintiff" with no indication of whether the singular term refers to Kumaran or NRCM. (*See, e.g.*, SAC ¶¶ 129, 182, 901) At other times, the SAC refers to "Plaintiffs" when the allegations, in fact, appear limited to only one plaintiff. (*Compare* SAC ¶ 23 ("At all times Plaintiffs have protected their trade secrets . . .") *with* SAC ¶¶ 13, 16-17 (alleging that Kumaran was the sole owner of the trade secrets).) More troubling, the SAC frequently uses the plural "Plaintiffs" in what the Court suspects is a deliberate attempt to obfuscate relevant distinctions between Kumaran and NRCM regarding, for example, the holder of the account with ADMIS.[1] (*See, e.g.*, SAC ¶¶ 79-80, 83.) At bottom, the SAC makes it is difficult to determine what claims Kumaran is asserting individually, what claims are being asserted by NRCM, and on what basis the claims are being asserted.

Plaintiff Kumaran's primary argument in opposition, which NRCM joined,[2] is that the Court previously accepted an almost identical pleading in a related case, 20-CV-03871, which has since been transferred to the District of Connecticut. (Pl.'s Opp. Mem. at 2-10.) The Court is aware that the same and other deficiencies also existed in prior pleadings in this and the related cases,

---

[1] Notably, in the related action against ADMIS, ADMIS pointed out that all of Kumaran's claims arise out of NRCM's relationship with ADMIS and alleged misuse of information relating to NRCM's account. (*See* ADMIS Mem., 20-CV-03873 ECF No. 22, at 9-10) and "reserve[d] the right to assert Ms. Kumaran's lack of standing at a later date as those arguments would not be appropriate in the context of [its] Motion to Compel Arbitration." (ADMIS Reply, 20-CV-03873 ECF No. 44, at 19 n.9.) Accordingly, clarity in the pleading between Kumaran and NRCM is necessary for Kadlec to prepare a response.

[2] According to briefing on another motion filed the day before the opposition memorandum, NRCM joined Plaintiff Kumaran's opposition "to the extent NRCM has any non-arbitrable claims left in this action[.]" (Joint Mot., ECF No. 270, at 24.)

which the Court declined to dismiss on Rule 8 grounds at an earlier juncture. (*See, e.g.*, 8/4/2022 R&R, 20-CV-03871 ECF No. 237, at 13 n.15.) Nonetheless, Plaintiffs' argument that the SAC should be accepted based on "law of the case" is unpersuasive. To start, "the law-of-the-case doctrine is not a rigid rule but a discretionary doctrine that does not limit a district court's power." *Alzheimer's Found. of Am., Inc. v. Alzheimer's Disease & Related Disorders Ass'n, Inc.*, No. 10-CV-03314, 2018 WL 2084168, at *3 (S.D.N.Y. May 1, 2018) (citing *Westerbeke Corp. v. Baihatsu Motor Co., Ltd.,* 304 F.3d 200, 219 (2d Cir. 2002)). Moreover, "the law-of-the-case doctrine does not apply where there has been 'no ruling on the merits of the arguments' presented." *Id*. at *4 (quoting *Quern v. Jordan*, 440 U.S. 332, 347 n.18 (1979)). In the 20-CV-03871 case, the Court granted the defendants' motion to compel arbitration with respect to many of the claims and recommended that the non-arbitrable claims be dismissed and/or that the actions be stayed with respect to the non-arbitrable claims pending arbitration. (*See generally* 8/4/2022 R&R, 20-CV-03871 ECF No. 237.) Judge Woods adopted the Court's recommendation to stay the non-arbitrable claims and denied the defendants' motions to dismiss without prejudice without addressing the merits.

In recommending that the Court strike the SAC, the Court also is mindful that this is not Plaintiff Kumaran's first encounter with the strictures of Rule 8. *See, e.g., Kumaran v. Northland Energy Trading, LLC*, No. 19-CV-08345 (MKV) (DCF), 2022 WL 704704, at *6 (S.D.N.Y. Mar. 9, 2022) (noting Kumaran's experience with Rule 8 and that she "is a highly sophisticated, experienced litigant"), *aff'd in part, vacated in part, remanded sub nom. The A Star Grp., Inc., DBA Timetrics, Samantha Siva Kumaran v. Northland Energy Trading, LLC, Hedge Sols., Inc., Richard M. Larkin, Daniel Lothrop, Domenic Bramante*, No. 21-797, 2023 WL 8613525 (2d Cir. Dec. 13, 2023).

Moreover, NRCM was represented by counsel at the time the SAC was filed. For these reasons, I recommend that the SAC be dismissed pursuant to Rule 8 and that Plaintiffs be granted leave to replead.

With respect to the scope of the amendment, if my recommendation to strike the SAC is adopted, I recommend that Plaintiff be given leave to replead the RICO and DTSA claims, as well as the state law claims previously plead in this action (see 4/28/2023 Mem. Op. & Order at 18 n.6), but not the Commodities Exchange Act claims (see SAC ¶¶ 781-800 (Count 6), which were dismissed by the Court without leave to replead.[3] (See 4/28/2023 Mem. Op. & Order at 24 n.12.) In addition, because NRCM no longer is represented by counsel, and has been given until January 18, 2024 to appear by new counsel (see 12/19/2023 Order, ECF No. 348), I recommend that the deadline for Plaintiff NRCM to object to this Report and Recommendation be extended until after the January 18, 2024 deadline for NRCM to appear by counsel.

## CONCLUSION

For the foregoing reasons, I recommend that Defendant Kadlec's motion to strike be GRANTED and Plaintiffs be granted leave to replead to the limited extent set forth herein.

**SO ORDERED.**

Dated:     New York, New York
           December 20, 2023

_____
STEWART D. AARON
United States Magistrate Judge

---

[3] If Plaintiffs seek to add additional state law claims, the Court recommends that they be required to file a separate motion for leave to amend. (See 4/28/2023 Mem. Op. & Order at 41 n.24.)

<pre>                         *               *               *</pre>

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Woods.

**THE FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).