January 16, 2023

<u>VIA ECF/EMAIL</u>

Honorable Judge Gregory Woods
United States District Court
Southern District of New York
500 Pearl Street,
New York, NY 10007

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:
> DATE FILED: 1/17/2024

> Application GRANTED. These actions are stayed until
> February 14, 2024. SO ORDERED.
> Dated: January 17, 2024

Re:    *Kumaran et al vs. National Futures Association et al* 20-CV-3668-GHW-SDA
       *Kumaran et al vs. National Futures Association et al* 20-CV-3873-GHW-SDA

### <u>LETTER MOTION FOR STAY FOR TWO WEEKS TO APPOINT COUNSEL FOR NRCM AND/OR TO COMPLETE THE PAPERWORK</u>

Dear Hon Judge Gregory Woods and Hon Stewart Aaron,

As the Court was previously notified, on December 20, 2023 I would be out of the country in the U.K. between December 28 – January 10, 2024. dealing with a personal family medical issue. Despite being away I did spend much time also diligently looking for counsel and engaging in several extensive communications to replace counsel. This period also overlapped the Christmas/New Year's Holidays and travel not just by myself, but many partners and decision makers were away from their law offices as well.

I am in the process of speaking to several law firms regarding appearance for Nefertiti Risk Capital Management, LLC ("NRCM") and the various motions including the vacatur of the NRCM Arbitration Award, and also the refiling of a motions for sanctions due on February 1, 2024 and the objections to the R&R which is also due. Currently, the date for new counsel to appear in the SDNY actions is set for January 18, 2024.

Meanwhile the due date for counsel to appear in the Connecticut action is February 1, 2024. Because of the disconnect, as well as having to make sure the counsel can properly appear in two districts, I am needing a little longer to appoint counsel in these actions. Therefore, I am respectfully requesting a short stay until February 1, 2024 to appoint counsel in <u>both</u> actions at the same time. A short stay would enable NRCM to properly align the appearance in two districts and complete negotiations in these cases.

Further good cause for the request, is that the search for counsel has been complicated by the fact that new counsel also need to clear conflicts in regards to the sanctions motion against former counsel. Additional due diligence by a new firm is thus required because this has added a second level of due diligence by the law firms, as some law firms have various policies in not undertaking professional malpractice cases. This has resulted in me having to potentially engage a co-counsel type situation which has added time to the process.

Finally, a little more time is needed as we are speaking to various funders about the case and this due diligence is still underway.

I therefore respectfully request a 14 day stay for NRCM to complete its appointment of counsel, until after Feb 1, 2024 and not longer than February 14, 2024. This request is (hopefully to the Court) logical as it coincides with jurisdictional deadline pursuant to 9 U.S.C 11 el seq – which is the 90 days for NRCM to vacate the award. Since NRCM has full intention to vacate the award and counsel must appear by this date, as the award is to be vacated in any event, NRCM is fully contemplating to retain counsel by this date.

Therefore, so as to avoid many different law firms appearing, in the alternative I respectfully request either a 14 day and not more than 30 day stay on this action, for NRCM to seek and fully resolve its appearance, and additional co-counsel, resolve its funding and co-counsel contingency arrangements until 2/15/2023, which is when the NRCM Arbitration award vacatur will be file.

Finally, since in the related Vision Case, proceeding in the Connecticut, counsel does not need to appear until February 1, 2024 (with a Rule 26(f) motion due on February 8, 2024) and since the motion to vacate the Arbitration is not due until February 18, 2024 – which is 90 days from the award was served which was November 19, 2023), I am requesting this two week stay and/or extension on these proceedings so that counsel can appear at the same time in each proceeding on February 1, 2024.

I can assure the Court that I have been working diligently and round the clock in terms of speaking to firms and working on potential engagements and the process is along the way but not completed – in part due to the holidays interrupting the process. I do have some potential terms in discussion that are in the process of finalizing terms, however I may not be able to finalize such terms in a manner that is equitable in time for Thursday and do not want to be in a position to have to appoint counsel temporarily and then relieve them. Thus, a little more time is also needed even to resolve terms with counsel I currently have been speaking to.

I would have written to the Court sooner, but even as of last weekend, there were some potential terms on the table that I had hoped would be resolved. My request is for a stay, because I too must attend to the paperwork, and cannot simultaneously file papers as well as engage and complete the lengthy discussions to bring new counsel up to speed. Previously also this Court would stay the proceedings during a time when counsel is not present for one Plaintiff. I notice for example that by not staying the proceeding, on December 29, Kadlec filed some objections report to the R&R. Because NRCM has no counsel, it is not able to respond or seek an extension to respond.

In conclusion, NRCM has a hard deadline to appoint counsel to vacate the award by February 15, 2024. Accordingly, so as to avoid several law firms appearing piecemeal, I am respectfully seeking either a 14 day stay (and/or not more than 28 day stay) so that this process of finalizing the retainers can be completed and counsel can be appointed in both the SDNY and CT cases at the same time.

Respectfully submitted,/s/ Samantha S Kumaran,

Individual Plaintiff
212-431-5098
samantha@timetricsrisk.com
January 16, 2024