USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/18/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Samantha Siva Kumaran et al.,

                Plaintiffs,

-against-

National Futures Association et al.,

                Defendants.

1:20-cv-03668 (GHW) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a motion by Plaintiff Nefertiti Risk Capital Management, LLC ("NRCM") to compel a non-party, *i.e.*, its former counsel, Randy Kleinman ("Attorney Kleinman"), to produce certain records and for costs and expenses against Attorney Kleinman. (NRCM 4/1/24 Mot., ECF No. 393.) As set forth below, NRCM's motion to compel is DENIED WITHOUT PREJUDICE and its motion for costs and expenses is DENIED.

## MOTION TO COMPEL

In its motion to compel, NRCM seeks "records," including "Work Product and the Westlaw search history on behalf of Plaintiffs generated between June 2022 and [Attorney Kleinman's] termination on December 19, 2023." (NRCM 4/1/24 Mot. at 1, 2.) In response to the motion to compel, Attorney Kleinman states that he "is willing to cooperate reasonably with any requests of his former client," and that he "is eager to fulfill any remaining obligations and sever his ties with NRCM as soon as possible." (Kleinman Opp., ECF No. 402, at 2-3.) In reply, NRCM draws a distinction between legal research and work product, and states that "it is not clear that there is any Work Product that Kleinman has in his possession." (NRCM Reply, ECF No. 409, at 3.)

Based upon the record before the Court, it is not clear what records, if any, NRCM is seeking to compel Attorney Kleinman to produce that Attorney Kleinman is not already willing to produce. Accordingly, NRCM's motion to compel is DENIED WITHOUT PREJUDICE. It is hereby ORDERED that, no later than April 30, 2024, counsel for NRCM and Attorney Kleinman shall meet and confer with respect to NRCM's motion to compel. In that regard, NRCM shall specifically identify precisely what it is seeking from Attorney Kleinman. In the unlikely event that Attorney Kleinman refuses to turn over any of his work product, including his legal research, to NRCM, then NRCM may renew its motion as long as it does so no later than May 7, 2024.

## MOTION FOR COSTS AND EXPENSES

NRCM's motion to for costs and expenses is DENIED. NRCM fails to articulate any lawful basis to impose costs and expenses against Attorney Kleinman. In its motion, NRCM cites to 28 U.S.C. § 1927. (NRCM 4/1/24 Mot. at 4; *see also* NRCM 4/15/23 Reply, ECF No. 409, at 1-2, 4, 6.)

Section 1927 provides: "Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. That statute by its terms is designed for an adverse party to seek monetary sanctions from an attorney who acts unreasonably and vexatiously. NRCM has failed to provide to the Court any precedent regarding the use of Section 1927 by a former client to recover costs and expenses from its own prior law firm and, outside the malpractice context where the client and former attorney are themselves adverse parties, *see, e.g.*, *Olson v. Reynolds*, 484 F. App'x 61, 62 (7th Cir. 2012), the Court is aware of none.

In any event, even assuming *arguendo*, that Section 1927 sanctions were available to NRCM as a former client of Attorney Kleinman, there is no basis for the imposition of sanctions against Attorney Kleinman in the present circumstances. Section 1927 sanctions are imposed only "when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose." *Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011) (citation omitted); *see also In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 115 (2d Cir. 2000) ("Sanctions may be imposed . . . only when there is a finding of conduct constituting or akin to bad faith."). Such determinations require "a high degree of specificity in the factual findings." *Dow Chem. Pac. Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 344 (2d Cir. 1986). "The decision whether to sanction under § 1927 is within the Court's discretion." *Ramashwar v. Espinoza*, No. 05-CV-02021 (AJP), 2006 WL 36752, at *10 (S.D.N.Y. Jan. 6, 2006) (citing, *inter alia*, *Eisemann v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000)).

NRCM seeks reimbursement of fees for filing its motion to compel, as well as expert expenses incurred in connection with its cross-motion for sanctions against Attorney Kleinman and anticipated re-performance of work relating to the Second Amended Complaint. (NRCM 4/1/24 Mot. at 4-9.) To the extent that NRCM contends that Attorney Kleinman multiplied the proceedings by refusing to turn over work product resulting in the need for NRCM to file a motion to compel, NRCM has not set forth any facts to suggest that NRCM did so for an improper purpose. To the contrary, Attorney Kleinman's response to NRCM's motion indicates that he is acting in good faith to resolve the dispute. NRCM also seeks the recovery of fees incurred in preparing its prior cross-motion for sanctions against Attorney Kleinman for what, in essence, NRCM contends was malpractice. However, the underlying conduct at issue in that motion is not

3

before the Court, as NRCM chose not to renew its motion for sanctions and, thus, there is no basis for the relief sought.

Finally, NRCM seeks fees related to the anticipated need to further amend its pleading. Putting aside the fact that NRCM's argument suggests that its own pleading was frivolous, the basis for the relief is speculative and, in any event, NRCM does not suggest that Attorney Kleinman filed the pleading in order to unreasonably and vexatiously multiply the proceedings. In sum, NRCM has not established that any of Attorney Kleinman's actions were "entirely without color" or were undertaken for an improper purpose, such as to harass or delay. *See Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 178-79 (2d Cir. 2012) (district court did not err in denying § 1927 sanctions when insufficient facts to show claims were "entirely without color and [were taken] for reasons of harassment or delay or for other improper purposes") (quoting *Dow Chem. Pac.*, 782 F.2d at 344).

Accordingly, NRCM's motion for costs and expenses is DENIED.

**SO ORDERED.**

Dated:    New York, New York
          April 18, 2024

_____
STEWART D. AARON
United States Magistrate Judge