```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/13/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SAMANTHA KUMARAN, *et al.*,

                              Plaintiffs,

-v –

NATIONAL FUTURE ASSOCIATION, *et al.*,
                             Defendants.
-------------------------------------------------------------- X

1:20-cv-3668-GHW-SDA
1:20-cv-3873-GHW-SDA

MEMORANDUM OPINION
AND ORDER

-------------------------------------------------------------------X
SAMANTHA KUMARAN, *et al.*,

                              Plaintiffs,

-v -

ADM INVESTOR SERVICES, INC.,

                              Defendant.
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

## I. INTRODUCTION

Plaintiffs moved to transfer these matters to the District of Connecticut. The motion was a non-dispositive matter that was referred to Magistrate Judge Stewart D. Aaron for resolution. Following extensive briefing, Judge Aaron issued an opinion denying the motion. In that opinion, Judge Aaron concluded that Plaintiffs had not met their burden to establish that transfer was warranted. Plaintiffs filed timely objections to Judge Aaron's opinion under Federal Rule of Civil Procedure 72(a). Because Judge Aaron's opinion is not clearly erroneous, those objections are overruled.

## II. BACKGROUND

The Court refers to Judge Aaron's opinion, Dkt. No. 292[1] (the "Opinion"), which contains a description of the background of the motion. A brief review of the procedural history relevant to the motion, however, will assist the reader.

Judge Aaron's opinion concerns two of three separate actions that were filed in this district in 2020. While the three cases were initially accepted as "related" by the Court—the plaintiffs, defendants, and causes of action pursued in each of the three actions differed. On December 6, 2022, the Court transferred one of the three actions to the District of Connecticut (the "Connecticut Action"). 1:20-cv-3871, at Dkt. No. 246. As the Court explained, the Connecticut Action named as defendants nine Connecticut residents, and only one New York defendant and the conduct at issue in the case allegedly occurred in Connecticut and Texas, not New York. *Id.* As a result, the Court concluded that venue for that case was inappropriate. *Id.* Plaintiffs agreed, and moved for the case's transfer to Connecticut. 1:20-cv-3871, at Dkt. No. 214.

In August, 2023, Plaintiff Samantha Kumaran moved to transfer the two remaining actions to the District of Connecticut as well. Dkt. Nos. 272; 1:20-cv-3873, at Dkt. No. 203. Plaintiff Nefertti Risk Capital Management, LLC ("NRCM") joined in those motions. Dkt. No. 274; 1:20-cv-3873, at Dkt. No. 204. Defendants opposed Plaintiffs' motion, and Plaintiffs filed replies. Dkt. Nos. 282, 283, 289, 290. After Judge Aaron issued his opinion denying both motions to transfer, Ms. Kumaran and NRCM each filed objections. Dkt. Nos. 316, 317. The matter was fully briefed when Defendants filed their responses to the objections. Dkt. Nos. 334, 335. On March 8, 2024, NRCM's newly retained counsel, Aaron H. Pierce of the law firm of Pierce & Kwok, filed two unauthorized reply briefs on behalf of NRCM. Dkt. No. 373 ("20-cv-3886 Reply"); 20-cv-3873, 289 ("20-cv-3873 Reply").

---

[1] All docket references are to 1:20-cv-3668 unless otherwise specified.

### III.    LEGAL STANDARD

A district court does not review a magistrate judge's opinion on a non-dispositive motion unless a party timely objects.  Fed. R. Civ. P. 72(a).  An objection directed at a non-dispositive matter decided by the assigned magistrate judge will not be "modified" or "set aside" unless the magistrate judge's ruling is "clearly erroneous or is contrary to law."  *Id.*  "[M]agistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused."  *Williams v. Rosenblatt Securities, Inc.*, 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017) (citing *Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 511 (S.D.N.Y. 2013)).  "A magistrate's ruling is contrary to law if it 'fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure.'"  *Thai Lao Lignite*, 924 F. Supp. 2d at 512 (quoting *Moore v. Publicis Groupe*, 2012 WL 1446534, at *1 (S.D.N.Y. Apr. 26, 2012)).  A magistrate judge's order is clearly erroneous where "'on the entire evidence,' [the district court] is 'left with the definite and firm conviction that a mistake has been committed.'"  *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).  "The party seeking to overturn a magistrate judge's decision thus carries a heavy burden."  *McFarlane v. First Unum Life Ins. Co.*, 2017 WL 4564928, at *2 (S.D.N.Y. Oct. 12, 2017) (quoting *State Farm Mut. Auto. Ins. Co. v. Fayda*, 2016 WL 4530890, at *1 (S.D.N.Y. Mar. 24, 2016)).

### IV.    DISCUSSION

Judge Aaron's opinion is not marred by clear error:  he applied the correct legal standard and his analysis of the relevant factors is reasonable.  Judge Aaron correctly identified the legal standard for evaluating motions to transfer venue.  Judge Aaron stated that under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  Opinion at 3 (quoting 28 U.S.C. § 1404(a)).  He went

3

on to define the appropriate two-part test for motions to transfer: "[f]irst, the court must determine 'whether the case could have been brought in the proposed transferee district.'" *Id.* (quoting *1724982 Alberta ULC v. Park Ave. Wholesale, Inc.*, No. 21-CV-04343, 2021 WL 3115125, at *2 (S.D.N.Y. July 20, 2021). Second, if that threshold inquiry is met, the court must determine whether transfer is appropriate, considering "(1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice." *Id.* at 4 (citing *1724982 Alberta ULC*, 2021 WL 3115125, at *2). Judge Aaron also correctly noted that "[n]o one factor is dispositive and the relative weight of each factor depends on the particular circumstances of the case." *Id.* (quoting *Smart Skins LLC v. Microsoft Corp.*, No. 14 CIV. 10149 CM, 2015 WL 1499843, at *4 (S.D.N.Y. Mar. 27, 2015)). Furthermore, Judge Aaron correctly stated that "[t]he party requesting the transfer bears the burden of establishing that transfer is warranted by clear and convincing evidence." *Id.* at 5 (citing *New York Marine and Gen. Ins. Co. v. Lafarge North America, Inc.*, 599 F.3d 102, 113–14 (2d Cir. 2010)).

At the first step, Judge Aaron first determined that the actions could not have been brought in the District of Connecticut. He identified 28 U.S.C. § 1391 as the statute governing venue in these actions and reasoned that because the defendants did not reside in Connecticut, and Plaintiffs had not shown that a "substantial part of the events or omissions giving rise to the claim[s] occurred" in Connecticut, venue did not lie in the District of Connecticut. *Id.* at 6 (quoting 28 U.S.C. § 1391). Judge Aaron disregarded the arguments in Plaintiffs' briefing asserting that certain

4

of the defendants operated in Connecticut, because there were no facts in the complaint that supported the arguments. Opinion at 6 n.4.

Plaintiffs object to Judge Aaron's analysis of the first step of the test on several grounds. The Court will address three of those arguments here. First, they urge the Court to apply the special venue provision of 7 U.S.C. § 25 of the Commodities Exchange Act (the "CEA"). That provision of the statute states that "[a]ny action brought under subsection (a) of this section may be brought in any judicial district wherein the defendant is found, resides, or transacts business, or in the judicial district wherein any act or transaction constituting the violation occurs." 7 U.S.C. § 25(c).

This argument does not persuade the Court that Judge Aaron committed clear error because the special venue provision of the CEA does not apply to the two actions. Plaintiffs do not assert claims under 7 U.S.C. § 25 in the 20-cv-3873 action. *See* 1:20-cv-3873, at Dkt. No. 15. And in the 20-cv-3668 action, Plaintiffs have asserted claims under subsection (b), rather than subsection (a), of 7 U.S.C. § 25. *See* Dkt. Nos. 57 ¶ 3 (asserting claims under 7 U.S.C. § 25(b)); 185 at 3–4 (wherein Ms. Kumaran affirms that she brings her claims against the defendants under subsection (b)). By its plain language, the venue provision contained in 7 U.S.C. § 25(c) does not apply to such claims. *See* 7 U.S.C. § 25(c) (stating that the clause applies to "[a]ny action brought under subsection (a) of this section . . . ."; s*ee also Nicholas v. Saul Stone & Co. LLC*, 224 F.3d 179, 185 (3d Cir. 2000) (holding that the venue provision of 7 U.S.C. § 25(c) does not apply to actions brought under subsection (b)).

Second, Plaintiffs argue that the Court should instead consider venue under 18 U.S.C. § 3237, which provides for venue in "any district in which [the] offense was begun, continued, or completed." 18 U.S.C. § 3237(a). But 18 U.S.C. § 3237 is a criminal statute that applies only "offenses against the United States." *Id.*

Third, Plaintiffs argue that the venue is appropriate under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(3) because the District of Connecticut has personal jurisdiction over the defendants

in these actions. Under § 1391(b), "venue is proper district in which any defendant resides, if all defendants are residents of the State in which the district is located," and under 28 U.S.C. § 1391(c)(2), a defendant is deemed to "reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). Under § 1391(b)(3), "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(3).

The Court is not left with the conviction that Judge Aaron committed error by not applying those provisions here. First, Judge Aaron noted the absence of even allegations that would support the argument that the District of Connecticut has personal jurisdiction over any of the defendants, which defeats Plaintiffs' arguments with respect to both provisions. Opinion at 6 n.4. Second, Plaintiffs' argument regarding § 1391(b)(3) ignores that § 1391(b)(3) applies only "if there is not district in which an action may otherwise be brought as provided in this section." 28 U.S.C. § 1391(b)(3). Plaintiffs have not presented an argument that supports the conclusion that venue is inappropriate in any other district under §§ 1391(a) or (b). Indeed, Plaintiffs initiated this case in this district.

Plaintiffs' remaining objections relate to the second step of the two-part test. Because Judge Aaron did not commit clear error in his conclusion that these cases could not have been brought in Connecticut, his decision must stand. Still, the Court is not left with a firm conviction that Judge Aaron committed clear error in his evaluation of the relevant factors at step two of the analysis. Judge Aaron did not commit legal error in applying those factors: he properly identified the relevant factors at step two. Opinion at 4. In his analysis, Judge Aaron did not specifically address each of the nine relevant factors. However, he identified the convenience of the parties, and the locus of operative facts as weighing against transfer. *Id.* at 6–7. He also noted that "trial efficiency and the

6

interest of justice factors counsel against transfer." *Id.* at 7.  He previously noted that "a motion to transfer venue is not ordinarily granted at the request of the party who chose the forum in the first place."  *Id.* at 5 (quoting *Megna v. Biocomp Lab'ys Inc.*, 220 F. Supp. 3d 496, 498 (S.D.N.Y. 2016)).  Given that Plaintiffs bear the burden of demonstrating that transfer is appropriate, the Court is not left with the firm conviction that Judge Aaron's balancing of the factors was erroneous.

V.  **UNAUTHORIZED REPLY BRIEFS**

As noted above, counsel for NRCM filed reply briefs, which are not authorized under the Court's Individual Rules of Practice.  In addition to violating the Court's Individual Rules in submitting these fillings, counsel raised new arguments that were not contained in NRCM's objections.  *See Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999) (holding that "new arguments may not be made in a reply brief").  As a result, the Court is not considering the arguments presented in those reply briefs.

Two points regarding those submissions by counsel for NRCM are worthy of note, however.  First, they appear to contain factual misrepresentations.  In them, Mr. Pierce asserts that discovery is underway in the Connecticut Action.  *See, e.g.*, 20-cv-3873 Reply at 1 (claiming that "discovery has now opened" in the Connecticut Action); 20-cv-3873 Reply at 2 ("Now that the Court in Connecticut has opened discovery . . . ."); 20-cv-3873 Reply at 7 ("[d]iscovery is moving forward in Connecticut."); 20-cv-3668 Reply at 5 ("Discovery has begun in the District of Connecticut").  That is inconsistent with the information reflected on the docket of the Connecticut Action, which indicates that discovery in the Connecticut Action was stayed "indefinitely" on February 26, 2024.  *Kumaran, et al. v. Vision Financial Markets, LLC, et al.*, 3:22-cv-1653 (MPS) ("Connecticut Action Docket"), at Dkt. No. 301 (D. Ct., February 26, 2024).  At that time, the docket reflects that the parties had yet to conduct a Fed. R. Civ. P. Rule 16(b) conference or serve initial disclosures or

requests.  *See* Connecticut Action Docket, at Dkt. Nos. 297 (February 21, 2024) and 285 (February 1, 2024).

Second, several of the legal arguments presented in the replies border on frivolous.  For instance, counsel for NRCM urges the Court to apply the venue provision of 15 U.S.C. § 78 (the "Securities Exchange Act") to determine whether venue would be proper in the District of Connecticut, because the Commodities Exchange Act is "closely modelled after the Securities laws."  20-cv-3873 Reply at 3.  Mr. Pierce cites to no authority in support of his argument, nor does he offer any rationale for why the Court should apply the venue provision of a statute that does not govern any claims against any of the defendants in this litigation.  Counsel also asserts that "[t]he venue provisions, at the time of filing suit involved the venue provision of all Federal [sic] statutes . . ."  20-cv-3873 Reply at 5.  This appears to be an argument that the venue provisions of all federal statutes apply to NRCM's claims.  But no legal support has been provided to bolster that argument.

The Court is not considering these reply briefs for purposes of this motion, but requests that counsel be attentive in future submissions to the Court regarding the factual accuracy of representations to the Court and to ensure that there is non-frivolous legal support for positions asserted.

## VI. CONCLUSION

Plaintiffs' objections to Judge Aaron's Opinion denying their motion to transfer this case to the District of Connecticut are overruled.

SO ORDERED.

Dated: May 13, 2024
New York, New York

_____
GREGORY H. WOODS
United States District Judge