```
                                                                    USDC SDNY
                                                                    DOCUMENT
                                                                    ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                                        DOC #: _____
SOUTHERN DISTRICT OF NEW YORK                                       DATE FILED: 5/22/2024
------------------------------------------------------------X
                                                            :
SAMANTHA KUMARAN, et al.,                                   :
                                                            :
                              Plaintiffs,                   :       1:20-cv-3668-GHW-SDA
                                                            :       1:20-cv-3873-GHW-SDA
                   -v –                                     :
                                                            :
NATIONAL FUTURE ASSOCIATION, et al.,                        :       MEMORANDUM OPINION
                              Defendants.                   :            AND ORDER
                                                            :
-------------------------------------------------------------- X

------------------------------------------------------------X
SAMANTHA KUMARAN, et al.,                                   :
                                                            :
                              Plaintiffs,                   :
                                                            :
                   -v -                                     :
                                                            :
ADM INVESTOR SERVICES, INC.,                                :
                                                            :
                              Defendant.                    :
-------------------------------------------------------------- X
```

GREGORY H. WOODS, United States District Judge:

**I.    INTRODUCTION**

On May 13, 2024, the Court issued a decision overruling objections to Judge Stuart Aaron's opinion denying Plaintiffs' motions to transfer two actions to the District of Connecticut. Dkt. No. 416 ("Transfer Opinion").[1] In that decision, the Court stated that counsel for Nefertti Risk Capital Management, LLC ("NRCM") had filed replies to responses to objections in violation of the Court's Individual Rules of Practice and that as a result, the Court would not consider the arguments raised in those briefs. Transfer Opinion at 7. At the May 14, 2024 conference, counsel for NRCM correctly reminded the Court that it had entered an order authorizing NRCM's reply briefs. *See* Dkt. No. 374. Ms. Kumaran also fairly interpreted that order to authorize her reply briefs, which she had

---

[1] All docket references are to 1:20-cv-3668 unless otherwise specified.

filed previously. Because the Court failed to consider NRCM's and Ms. Kumaran's reply briefs, it has reconsidered its decision in light of the arguments in those briefs that were properly presented to the Court. However, none of those additional arguments convince the Court that Judge Aaron committed clear error, and therefore the Court's original decision stands.

## II.   BACKGROUND

The Court assumes the reader's familiarity with Judge Aaron's opinion and the Transfer Opinion but will briefly restate the procedural history relevant to this opinion. In August 2023, Ms. Kumaran moved to transfer these two actions to the District of Connecticut. Dkt. Nos. 272; 1:20-cv-3873, at Dkt. No. 203. NRCM joined in those motions. Dkt. No. 274; 1:20-cv-3873, at Dkt. No. 204. Defendants opposed Plaintiffs' motions, and Plaintiffs filed replies. Dkt. Nos. 282, 283, 289, 290. Judge Aaron issued an opinion denying both motions to transfer. Dkt. No. 292 ("MJ Opinion"). Ms. Kumaran and NRCM each filed objections. Dkt. Nos. 316, 317. Defendants then filed their responses to the objections. Dkt. Nos. 334, 335. On December 21, 2024, Ms. Kumaran filed replies to Defendants' responses. Dkt. Nos. 354, 355. On March 8, 2024, NRCM's newly retained counsel filed two reply briefs on behalf of NRCM. Dkt. No. 373; 20-cv-3873, 289.

## III.   LEGAL STANDARD

A district court does not review a magistrate judge's opinion on a non-dispositive motion unless a party timely objects. Fed. R. Civ. P. 72(a). An objection directed at a non-dispositive matter decided by the assigned magistrate judge will not be "modified" or "set aside" unless the magistrate judge's ruling is "clearly erroneous or is contrary to law." *Id.* "[M]agistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." *Williams v. Rosenblatt Securities, Inc.*, 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017) (citing *Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 511 (S.D.N.Y. 2013)). "A magistrate's ruling is contrary to law if it 'fail[s] to apply or

misapplies relevant statutes, case law, or rules of procedure.'" *Thai Lao Lignite*, 924 F. Supp. 2d at 512 (quoting *Moore v. Publicis Groupe*, 2012 WL 1446534, at *1 (S.D.N.Y. Apr. 26, 2012)). A magistrate judge's order is clearly erroneous where "'on the entire evidence,' [the district court] is 'left with the definite and firm conviction that a mistake has been committed.'" *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "The party seeking to overturn a magistrate judge's decision thus carries a heavy burden." *McFarlane v. First Unum Life Ins. Co.*, 2017 WL 4564928, at *2 (S.D.N.Y. Oct. 12, 2017) (quoting *State Farm Mut. Auto. Ins. Co. v. Fayda*, 2016 WL 4530890, at *1 (S.D.N.Y. Mar. 24, 2016)).

## IV. DISCUSSION

In their replies, Plaintiffs make two arguments that they raised neither in their objections nor in their briefing before Judge Aaron. As discussed in the Court's original decision, Plaintiffs argue that venue would be proper in Connecticut under the special venue provision of 15 U.S.C. § 78aa of the Securities Exchange Act (the "SEA"). They also argue that venue is proper in Connecticut under 18 U.S.C. § 1965. Those arguments are improperly raised in reply briefs for two reasons.

First, "a district judge will not consider new arguments raised in objections to a magistrate judge's [opinion] that could have been raised before the magistrate but were not." *Jones v. Cronin*, No. 20CIV5348ATSN, 2023 WL 8643800, at *1 (S.D.N.Y. Dec. 14, 2023) (quotations omitted); *see also Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020) ("[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all."); *Anderson v. Phoenix Beverage Inc.*, No. 12-cv-1055, 2015 WL 737102, at *2-3 (E.D.N.Y. Feb. 20, 2015) (denying Fed. R. Civ. P. 72(a) objection and affirming the decision of the magistrate judge where the objection was based on case law never raised to the magistrate judge). And second, "it is well settled in the Second Circuit that a party may not raise an argument for the first time in his reply brief[.]" *Content v.*

*Curran*, 2022 U.S. Dist. LEXIS 179290, at *3 (S.D.N.Y. Sep. 30, 2022) (quoting *MSP Recovery Claims, Series LLC v. AIG Prop. Cas. Co.*, No. 20 Civ. 2102, 2021 WL 3371621, at *2 n.2 (S.D.N.Y. Aug. 2, 2021)) (collecting cases). The Court addressed Plaintiffs' arguments regarding 15 U.S.C. § 78aa in its original decision, but for these reasons, it need not address Plaintiffs' arguments regarding 18 U.S.C. § 1965.

Plaintiffs next argue that Judge Aaron erred in disregarding their arguments that Connecticut's long-arm statute provides personal jurisdiction over Defendants, which they contend would make venue proper in the District of Connecticut under 28 U.S.C. § 1391(b)(1). However, the Court finds these renewed arguments unpersuasive. With respect to ADM Investor Services, Inc. ("ADMIS"), Conn. Gen. Stat. § 33-929(f) governs personal jurisdiction over non-resident corporations. The statute states that "[e]very foreign corporation shall be subject to suit in this state, *by a resident of this state or by a person having a usual place of business in this state*" provided certain conditions are met. Conn. Gen. Stat. § 33-929(f) (emphasis added). Therefore, a non-resident like Ms. Kumaran or NRCM "who has no usual place of business in Connecticut may not establish personal jurisdiction over a foreign corporation" like ADMIS, pursuant to that provision of the statute. *Lexington Ins. Co. v. Rockwood Corp.*, No. 3:17-CV-017 (VLB), 2018 WL 7819245, at *2 (D. Conn. Jan. 24, 2018); *see also Estate of Nunez-Polanco v. Boch Toyota, Inc.*, 339 F. Supp. 2d 381, 383 (D. Conn. 2004) (discussing Conn. Gen. Stat. § 33-929(f) and stating that "the Connecticut long-arm statutes do not confer jurisdiction over actions committed by a nonresident party against another nonresident"). Accordingly, Connecticut's long-arm statute does not provide for personal jurisdiction over ADMIS, and the Court need not analyze whether such personal jurisdiction would make venue proper under § 1391(b)(1).

With respect to Mr. Kadlec and the National Futures Association (the "NFA"), Conn. Gen. Stat. § 52–59(b) governs personal jurisdiction over individuals and voluntary associations and does

4

not contain a plaintiff residency requirement. Conn. Gen. Stat. § 52–59(b); *see also Austen v. Catterton Partners V, LP*, 729 F. Supp. 2d 548, 559 (D. Conn. 2010) (contrasting Conn. Gen. Stat. § 33-929(f), which contains a plaintiff residency requirement, with Conn. Gen. Stat. § 52-59(b), which applies to non-resident individuals, partnerships, and voluntary associations and includes no plaintiff residency requirement). But even assuming that Plaintiffs have established that a Connecticut court's exercise of personal jurisdiction over both Mr. Kadlec and the NFA would be consistent with both Conn. Gen. Stat. § 52–59(b) and Constitutional due process requirements, venue in Connecticut would not be proper under 28 U.S.C. § 1391(b)(1). Under 28 U.S.C. § 1391(c)(2), an entity like the NFA "resides" wherever it is subject to personal jurisdiction. Assuming that the NFA is subject to personal jurisdiction in Connecticut, venue for the 20-cv-3668 action would be proper in Connecticut "if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). Mr. Kadlec, however, does not reside in Connecticut, even assuming he is subject to personal jurisdiction there. Under 28 U.S.C § 1391(c)(1), as a "natural person," he is "deemed to reside in the judicial district in which [he] is domiciled," which, as Judge Aaron properly held, is not Connecticut. 28 U.S.C § 1391(c)(1). Accordingly, even if Mr. Kadlec and the NFA are subject to personal jurisdiction in Connecticut, Plaintiffs have not met their burden to show venue would be proper in Connecticut.

Next, Plaintiffs argue that the Court should hold a hearing to determine whether venue would be proper in Connecticut. However, as an initial matter, it is not apparent that the Court has authority to consider evidence not raised before Judge Aaron in resolving objections to a non-dispositive motion. Fed. R. Civ. P. 72(b) expressly states that in resolving objections to a dispositive motion, a district judge may "receive further evidence," while Fed. R. Civ. P. 72(a) contains no such language. Fed. R. Civ. P. 72. "Courts in the Second Circuit have interpreted this silence, in light of the express authorization to consider additional evidence under Rule 72(b), as indicating that a judge

5

cannot entertain new evidence on a non-dispositive Rule 72(a) motion." *Rivera v. Hudson Valley Hosp. Grp., Inc.*, No. 17-CV-5636 (KMK), 2019 WL 3955539, at *9 (S.D.N.Y. Aug. 22, 2019) (collecting cases).

In any event, the Court would decline to consider additional evidence here even if it were within its discretion to do so. In the context of Fed. R. Civ. P. 72(b), "[c]onsiderations of efficiency and fairness militate in favor of a full evidentiary submission for the Magistrate Judge's consideration, and [the Second Circuit has] upheld the exercise of the district court's discretion in refusing to allow supplementation of the record." *Azkour v. Little Rest Twelve, Inc.*, No. 10 CIV. 4132 RJS KNF, 2012 WL 1026730, at *2 (S.D.N.Y. Mar. 27, 2012) (quoting *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir.1998)). District courts "'generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation' absent a compelling justification for failure to present such evidence to the magistrate judge." *Id.* (quoting *Tavares v. City of New York*, No. 08 Civ. 3782(PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011)) (collecting cases). Here, Plaintiffs provide no justification for their failure to request a hearing or present additional evidence before Judge Aaron ruled on their motions, so the Court declines to allow them to do so now.

Plaintiffs' remaining arguments relate to the second step of the two-part test for motions to transfer. Plaintiffs' failure to meet their burden on the first step of showing that the actions originally could have been brought in Connecticut is fatal to their motions. Still, the Court has considered their arguments regarding the second step. Most of Plaintiffs' arguments on this topic focus on Defendants' failure to respond to the arguments Plaintiffs raised in their objections. As the Court explained in its original decision, Plaintiffs' arguments in their objections did not persuade the Court that Judge Aaron had committed clear error.

Plaintiffs also re-emphasize that "there is a strong policy favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently,

6

duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided." Dkt. No. 355 at 6 (quoting *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 619 (2d Cir. 1968)). The Court considered this argument when Plaintiffs raised it in their objections and remains unconvinced that Judge Aaron committed clear error in denying transfer in spite of the policy consideration.

As an initial matter, the presence of related actions in the transfer forum is not dispositive. *See, e.g.*, *White Mountains Reinsurance Co. of Am. v. Travelers Cas. & Sur. Co.*, No. 11 CIV. 390 DLC, 2011 WL 1435196, at *2 (S.D.N.Y. Apr. 13, 2011) (denying motion to transfer and denying that the presence of a related action in the transfer forum "trumps" other considerations). Additionally, as Judge Aaron pointed out in his opinion, many of the typical efficiencies that result from consolidating related cases in a single forum are not present here. The related case that was previously transferred to Connecticut has been stayed "indefinitely." *Kumaran, et al. v. Vision Financial Markets, LLC, et al.*, 3:22-cv-1653 (MPS), at Dkt. No. 301 (D. Ct., February 26, 2024). As Judge Aaron explained, the main issues in that case will be resolved through arbitration. MJ Opinion at 7. The 20-cv-03873 case also remains stayed pending arbitration, and "the core issues in the case also will be resolved in the NFA arbitration." MJ Opinion at 7. Therefore, none of the three cases is proceeding on the same schedule with respect to pre-trial discovery, briefing, and eventual trial proceedings and many of the common issues will be resolved in separate arbitration proceedings. The Court's original decision to overrule Plaintiffs' objections still stands.

## V.   CONCLUSION

As stated in the Court's May 13, 2024 opinion, Plaintiffs' objections to Judge Aaron's

opinion denying Plaintiffs' motions to transfer are overruled.

    SO ORDERED.

Dated: May 22, 2024
       New York, New York

_____
GREGORY H. WOODS
United States District Judge