```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/9/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                                     :
SAMANTHA KUMARAN, *et al.*,                                          :
                                                                     :
                                        Plaintiffs,                  :    1:20-cv-3668-GHW
                                                                     :
                     -v -                                             :    MEMORANDUM OPINION &
                                                                     :    ORDER
TOM KADLEC, *et al.*,                                                :
                                                                     :
                                        Defendants.                  :
-------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

## I.  INTRODUCTION

Plaintiff Nefertiti Risk Capital Management LLC ("NRCM") moved to compel arbitration of its claims against Defendant Tom Kadlec.  The motion was a non-dispositive matter that was referred to Magistrate Judge Stewart D. Aaron for resolution.  Judge Aaron issued an opinion denying the motion.  In that opinion, Judge Aaron concluded that NRCM had waived its right to arbitrate its claims against Mr. Kadlec.  NRCM filed timely objections to Judge Aaron's opinion under Federal Rule of Civil Procedure 72(a).  Because Judge Aaron's opinion is not clearly erroneous, those objections are overruled.

## II.  BACKGROUND

The Court will briefly outline the background of this motion and other history of the case relevant to the motion.  In 2018, two years before filing this action, NRCM initiated arbitration proceedings related to the subject matter of this action against multiple parties.  1:20-cv-3873, at Dkt. No. 57-2.  Those parties included ADM Investor Services, Inc. ("ADMIS"), of which Mr. Kadlec was president, but not Mr. Kadlec individually.  *Id.*  In 2020, Plaintiffs filed this action against Mr. Kadlec, as well as two related cases (the "Related Actions") against the parties against

whom it had initiated arbitration proceedings. Dkt. No. 1;[1] 1:20-cv-3873, at Dkt. No. 1; 1:20-cv-3871, at Dkt. No. 1. The defendants in the Related Actions moved to compel arbitration of NRCM's claims in those actions, and the Court granted their motions. 1:20-cv-3871, at Dkt. Nos. 101, 223; 1:20-cv-3873, at Dkt. Nos. 21, 63. NRCM opposed the motions to compel arbitration and later filed objections to Judge Aaron's decisions granting those motions. 1:20-cv-3873, at Dkt. Nos. 38, 72; 1:20-cv-3871, at Dkt. Nos. 114, 233.

In July 2023, after significant motion practice in this action, including a motion to dismiss, motions for reconsideration, a motion to transfer venue, and motions to strike, NRCM filed this motion to compel arbitration against Mr. Kadlec.[2] *See* Dkt. Nos. 140, 144, 256, 266; Dkt. No. 270. Mr. Kadlec opposed the motion, and NRCM replied. Dkt. Nos. 275, 278. Judge Aaron issued a memorandum and opinion denying the motion on the basis that NRCM had waived its right to arbitrate its claims against Mr. Kadlec. Dkt. No. 281 ("MJ Opinion"). NRCM objected. Dkt. No. 285 ("Objections"). The matter was fully submitted to the Court when Mr. Kadlec filed a response to the Objections. Dkt. No. 288. NRCM also filed a reply in further support of its Objections. Dkt. No. 291. Because the Court's Individual Rules of Practice do not permit such replies without authorization from the Court, and NRCM did not seek authorization, the Court need not consider the arguments raised in NRCM's reply brief.[3]

### III.   LEGAL STANDARD

A motion to compel is a non-dispositive motion. *See, e.g., Chen-Oster v. Goldman, Sachs & Co.,*

---

[1] All docket references are to 1:20-cv-3668 unless otherwise specified.

[2] As Judge Aaron held in his opinion, "[a]lthough Plaintiff Kumaran purports to compel arbitration 'in her capacity solely as successor-in-interest to claims brought by NRCM,' the Court reiterates that NRCM, while now dissolved, remains a plaintiff in this action and Plaintiff Kumaran cannot assert claims as successor in interest." MJ Opinion at 1 n. 1.

[3] Nonetheless, the Court has reviewed those arguments and has determined that they reiterate arguments raised in the Objections, are not supported by the record, or respond to arguments raised by Mr. Kadlec on which Judge Aaron did not base his conclusions. Therefore, even if NRCM's reply were properly before the Court, none of the arguments in it would convince the Court that Judge Aaron committed clear error.

449 F. Supp. 3d 216, 227 n. 1 (S.D.N.Y. 2020) ("District courts in this Circuit regularly have concluded that a motion to compel arbitration and stay litigation pending arbitration is non-dispositive . . . .") (collecting cases) *objections overruled*, No. 10CIV6950ATRWL, 2021 WL 4199912 (S.D.N.Y. Sept. 15, 2021).  A district court does not review a magistrate judge's opinion on a non-dispositive motion unless a party timely objects.  Fed. R. Civ. P. 72(a).  An objection directed at a non-dispositive matter decided by the assigned magistrate judge will not be "modified" or "set aside" unless the magistrate judge's ruling is "clearly erroneous or is contrary to law."  *Id.*  "[M]agistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused."  *Williams v. Rosenblatt Securities, Inc.*, 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017) (citing *Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 511 (S.D.N.Y. 2013)).  "A magistrate's ruling is contrary to law if it 'fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure.'"  *Thai Lao Lignite*, 924 F. Supp. 2d at 512 (quoting *Moore v. Publicis Groupe*, 2012 WL 1446534, at *1 (S.D.N.Y. Apr. 26, 2012)).  A magistrate judge's order is clearly erroneous where "'on the entire evidence,' [the district court] is 'left with the definite and firm conviction that a mistake has been committed.'"  *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).  "The party seeking to overturn a magistrate judge's decision thus carries a heavy burden."  *McFarlane v. First Unum Life Ins. Co.*, 2017 WL 4564928, at *2 (S.D.N.Y. Oct. 12, 2017) (quoting *State Farm Mut. Auto. Ins. Co. v. Fayda*, 2016 WL 4530890, at *1 (S.D.N.Y. Mar. 24, 2016)).

### IV.     DISCUSSION

Judge Aaron's opinion is not marred by clear error:  he applied the appropriate caselaw and his analysis is reasonable.  As this Court has previously noted, "the Second Circuit's test for waiver of an arbitration agreement is somewhat in flux."  *Lawrence v. NYC Med. Prac., P.C.*, No. 1:18-CV-8649-GHW, 2023 WL 4706126, at *12 (S.D.N.Y. July 21, 2023).  After the Supreme Court's ruling

in *Morgan v. Sundance, Inc.*, 596 U.S. 411, 417 (2022), there are "two possible post-Morgan arbitration waiver tests in this Circuit." *Id.* The first is "the Second Circuit's general test for contractual waiver," which requires "a clear manifestation of an intent . . . to relinquish [a] known right." *Id.* at *13 (quoting *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J.*, 448 F.3d 573, 585 (2d Cir. 2006)).

Under this test, "[w]aiver may be established by affirmative conduct or by a failure to act that evinces the intent to abandon the right." *Coggins v. Cnty. of Nassau*, 615 F. Supp. 2d 11, 30 (E.D.N.Y. 2009). "But 'waiver should not be lightly presumed and must be based on a clear manifestation of intent to relinquish a contractual protection.'" *Luitpold Pharm., Inc. v. Ed. Geistlich Söhne A.G. Für Chemische Industrie*, 784 F.3d 78, 95 (2d Cir. 2015) (quoting *Fundamental Portfolio Advisors, Inc. v. Tocqueville Asset Mgmt., L.P.*, 817 N.Y.S.2d 606, 611 (2006)). "'[M]ere silence, oversight or thoughtlessness in failing to object' is insufficient to support an inference of waiver." *Id.* (quoting *Courtney–Clarke v. Rizzoli Int'l Publ'ns, Inc.*, 676 N.Y.S.2d 529, 529 (1st Dep't 1998)). "While such a waiver may be express or implied, the intent to waive must be clearly established and cannot 'be inferred from doubtful or equivocal acts or language, and the burden of proof is on the person claiming the waiver of the right.'" *Lockheed Martin Transp. Sec. Sols. v. MTA Cap. Constr. Co.*, No. 09-cv-4077, 2014 WL 12560686, at *22 (S.D.N.Y. Sept. 16, 2014) (quoting *200 E. 87th St. Assocs. v. MTS, Inc.*, 793 F. Supp. 1237, 1251 (S.D.N.Y. 1992)) (internal quotation marks omitted). Waiver may be proven by "undisputed acts or language so inconsistent with [the party's] purpose to stand upon his [or her] rights as to leave no opportunity for a reasonable inference to the contrary." *Kamco Supply Corp. v. On the Right Track, LLC*, 49 N.Y.S. 3d 721, 726 (2d Dep't 2017) (internal citation and quotation marks omitted).

Applying the general test for contractual waiver, Judge Aaron reasonably held that "NRCM's conduct to date evidences a clear manifestation of an intent to relinquish any right to arbitrate

4

against Kadlec." *Id.* at 4. Before filing this action, NRCM initiated arbitration against the defendants in the Related Actions—including ADMIS, of which Mr. Kadlec is president—but did not initiate arbitration against Mr. Kadlec individually. *Id.* at 5. Instead, it litigated its claims against Mr. Kadlec for several years before seeking arbitration. In addition, NRCM later vigorously opposed arbitration of its claims in the Related Actions. *Id.* As Judge Aaron observed, "while [in the Related Actions], NRCM appeared unhappy with the course of NFA arbitration and belatedly sought to litigate; here, NRCM appears unhappy with the course of litigation and now seeks to arbitrate in yet another forum." *Id.* As Judge Aaron summarized, "NRCM's use of the judicial process to date is inconsistent with its current claim that its disputes with Kadlec must be arbitrated and appears to the Court to be a deliberate maneuver to seek a more favorable forum." *Id.*

The second possible waiver test is "a modified Second Circuit arbitration-waiver test. After *Morgan*, the remaining elements of that test are '(1) the time elapsed from when litigation was commenced until the request for arbitration; and (2) the amount of litigation to date, including motion practice and discovery.'" *Lawrence*, 2023 WL 4706126, at *14 (quoting *La. Stadium & Exposition Dist. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 626 F.3d 156, 159 (2d Cir. 2010)).

Judge Aaron reasonably held that NRCM had waived its right to arbitrate under this test as well. As Judge Aaron pointed out, "significant time has elapsed since NRCM commenced this litigation" and that "this case has been heavily litigated with motions to dismiss, motions for reconsideration, and now a pending motion to strike Plaintiffs' amended pleading. Such protracted litigation warrants a finding of waiver." MJ Opinion at 6 (quotations omitted).

NRCM objects to Judge Aaron's opinion on several grounds. NRCM first argues that Judge Aaron erred in applying the post-*Morgan* tests for waiver because "all arguments that the Order now raises regarding the application of *Morgan*, were not raised by Kadlec or his qualified counsel and thus waived." Objections at 3 (emphasis added). But this argument is unpersuasive. Regardless of

5

any arguments that the parties raised or failed to raise in their briefs, Judge Aaron was required to apply the correct legal standard and tests for waiver in his opinion.  In fact, a failure to do so would constitute clear error.  *See Thai Lao Lignite*, 924 F. Supp. 2d at 512 (holding that a magistrate judge commits clear error if he "fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure") (quotations omitted).  Here, as described, Judge Aaron applied the relevant case law by analyzing waiver under both the general test for contractual waiver under New York law and the modified version of this circuit's pre-*Morgan* test.  Accordingly, this objection is overruled.

Next, NRCM objects that after the Supreme Court's ruling in *Morgan*, the proper test for waiver of arbitration "requires an 'intentional' relinquishment of rights and to focus on 'conduct.'" Objections at 5.  But Judge Aaron identified the "two possible post-*Morgan* arbitration waiver tests in this Circuit."  MJ Opinion at 3 (quoting *Lawrence*, 2023 WL 4706126, at *12).  He then reasonably determined that under either test, NRCM had waived its right to arbitrate.  Moreover, the test urged by NRCM in its objections is identical to the second test applied by Judge Aaron, which "requires 'a clear manifestation of an intent . . . to relinquish [a] known right" and states that waiver "may be established by affirmative conduct or by a failure to act that evinces the intent to abandon the right." *Id.* at 3–4 (quoting *Lawrence*, 2023 WL 4706126, at *13).  Therefore, this objection is overruled.

Next, NRCM takes issue with Judge Aaron's finding that because NRCM initiated arbitration against ADMIS in April 2018, it knew of its identical claims against Mr. Kadlec at that time.  NRCM asserts that to the contrary, it first became aware of claims against Mr. Kadlec in November, 2019.  The Court accepts NRCM's contention that Judge Aaron's opinion rested in part on the incorrect factual understanding that NRCM became aware of its claims one year before it did in fact.  But this minor factual inaccuracy does not leave the Court "with the definite and firm conviction that a mistake has been committed.'" *Easley*, 532 U.S. at 242 (2001) (quoting *United States Gypsum Co.*, 333 U.S. at 395).  Judge Aaron concluded that NRCM had waived its right to arbitrate

6

under the first waiver test because "while [in the Related Actions], NRCM appeared unhappy with the course of NFA arbitration and belatedly sought to litigate; here, NRCM appears unhappy with the course of litigation and now seeks to arbitrate in yet another forum" and such conduct "appears to be a deliberate maneuver to seek a more favorable forum." MJ Opinion at 5. He concluded that NRCM had waived its right to arbitrate under the second waiver test because "significant time has elapsed since NRCM commenced this litigation" in 2020 and "this case has been heavily litigated" since then. *Id.* at 6. It is not clear, and NRCM does not explain, how the factual discrepancy of which it complains impacts the outcome of Judge Aaron's analysis, which hinges on NRCM's conduct and the progress of this case since 2020—the year after NRCM acknowledges it learned of its claims against Mr. Kadlec. Accordingly, this objection is overruled. *See, e.g.*, *Tagliaferri v. United States*, No. 13 CR. 115 (RA), 2019 WL 498361, at *3 (S.D.N.Y. Feb. 8, 2019) (overruling objection because "Petitioner offers no explanation, however, as to how correcting any of these alleged inaccuracies would affect any of the conclusions reached in the Report or the outcome of his case").

Finally, NRCM argues that "[t]he Order contains an incomplete and materially inaccurate analysis of facts regarding NRCM's 'initiation' of an Arbitration at the NFA." Objections at 6 (citations omitted). NRCM contends that "[s]ince the narrative fails to address the facts surrounding the material conflict of interest in the NFA's role in the Arbitration, and the evident partiality, the Order is factually flawed . . . ." *Id.* at 5–6.[4] But the fact that Judge Aaron declined to mention certain facts in his opinion constitutes error "only insofar as inclusion of those facts would cast doubt on the [his] conclusion." *Feliciano v. Comm'r of Soc. Sec.*, No. 10-CV-3151 JPO, 2011 WL 6399512, at *9 (S.D.N.Y. Dec. 20, 2011); *Sasmor v. Powell*, No. 11 CIV. 4645 KAM JO, 2015 WL

---

[4] NRCM also argues that the Court must "resolve factual disputes with an evidentiary hearing." Objections at 6. But NRCM has not identified any factual disputes. Instead, it has identified facts that Judge Aaron did not expressly mention, and a mistaken factual statement by Judge Aaron, which Mr. Kadlec did not endorse, and which does not impact the outcome of Judge Aaron's analysis.

7

5458020, at *6 (E.D.N.Y. Sept. 17, 2015), *aff'd*, 699 F. App'x 65 (2d Cir. 2017) (overruling objection because the allegedly "critical facts" omitted from a report and recommendation "do[] not warrant a different outcome").

Here, NRCM does not provide a convincing explanation for how the alleged reasons for its dissatisfaction with the NFA arbitration process impacts Judge Aaron's analysis. NRCM argues that "[w]ith that factual backdrop, NRCM conduct [sic] has not been inconsistent—instead the Order fails to distinguish the material facts [sic] that the issue with the prior arbitration was with the NFA Arbitration Forum." Objections at 6. But the "facts [sic] that the issue with the prior arbitration was with the NFA Arbitration Forum" strengthen Judge Aaron's conclusion that NRCM's conduct "appears to be a deliberate maneuver to seek a more favorable forum." MJ Opinion at 5. Dissatisfied with the outcomes of both litigation and the NFA arbitration process, NRCM now seeks to resolve claims in yet another forum, the CFTC. In the meantime, it has actively litigated its claims against Mr. Kadlec for years. As Judge Aaron reasonably determined in his opinion, those actions evidence an intent to waive the right to arbitration.

For similar reasons, NRCM's argument that Judge Aaron "fail[ed] to consider that NRCM also specifically sought to reform the ADMIS Arbitration to the CFTC Reparations in its 2021 briefing opposing the motion to compel <u>at the NFA</u> . . . ." does not convince the Court that Judge Aaron committed clear error. Objections at 8 (emphasis in original). The fact that NRCM previously sought to change the arbitration forum for its claims against ADMIS when it became unhappy with the NFA forum—just as here, it seeks to arbitrate its claims against Mr. Kadlec now

that it is unhappy with the outcome of litigation—is entirely consistent with Judge Aaron's conclusion that NRCM is engaging in gamesmanship.

## V. CONCLUSION

For these reasons, NRCM's objections to Judge Aaron's opinion denying its motion to compel are overruled.

SO ORDERED.

Dated: July 9, 2024
New York, New York

GREGORY H. WOODS
United States District Judge