UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _7/16/2024_

| | |
|---|---|
| Samantha Siva Kumaran et al., | |
| **Plaintiffs,** | |
| -against- | |
| National Futures Association et al., | |
| **Defendants.** | |

1:20-cv-03668 (GHW) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court are a motion by Defendant Thomas R. Kadlec ("Kadlec"), pursuant to Rule 11 of the Federal Rules of Civil Procedure, for sanctions against Plaintiff Samantha Siva Kumaran ("Kumaran") (Kadlec 12/29/23 Mot., ECF No. 356), and a cross-motion by Kumaran, pursuant to Rule 11, for sanctions against Kadlec and his counsel. (Kumaran 4/4/24 Cross-Mot., ECF No. 398.) For the reasons set forth below, the motion and cross-motion are DENIED.

## LEGAL STANDARDS

Rule 11 provides in relevant part:

(a) Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. . . .

(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

(c) Sanctions.

(1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. . . .

(2) Motion for Sanctions. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(a)-(c).

The language of Rule 11(a) and (b) make clear that the Rule applies to "unrepresented" parties, that is, parties who are appearing *pro se*. *See* Fed. R. Civ. P. 11(a), (b). Thus, "[i]t is well established that Rule 11 applies to *pro se* litigants." *Smith v. Educ. People, Inc.*, 233 F.R.D. 137, 142 (S.D.N.Y. 2005) (citations omitted), *aff'd*, 2008 WL 749564 (2d Cir. Mar. 20, 2008). "However, *pro se* parties are afforded greater leniency in considering whether or not to impose Rule 11 sanctions[.]" *Id.*; *see also Murawski v. Pataki*, 514 F.Supp.2d 577, 590 (S.D.N.Y. Sep. 26, 2007) ("sanctions 'should be imposed with caution.'") (quoting *Knipe v. Skinner*, 19 F.3d 72, 78 (2d Cir. 1994)).

Rule 11(c)(2) is referred to as the "safe harbor" provision, and "provid[es] an opportunity to withdraw or correct a challenged submission" within 21 days after service of the Rule 11 motion. *See In re Pennie & Edmonds LLP*, 323 F.3d 86, 89 (2d Cir. 2003). "The safe-harbor provision is a strict procedural requirement." *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012) (citing *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 142 n. 4 (2d Cir. 2002)); *see also Holmes v. Allstate Corp.*, No. 11-CV-01543 (LTS) (DF), 2012 WL 627238, at *14 (S.D.N.Y. Jan. 27, 2012), *report and recommendation adopted*, 2012 WL 626262 (S.D.N.Y. Feb. 27, 2012) ("The Rule 11 'safe harbor' requirement is 'strictly construed,' . . . and has even been described as "jurisdictional in nature[.]" (citations omitted)).

**DISCUSSION**

The Court first addresses Kumaran's cross-motion for sanctions. Kumaran failed to serve her cross-motion before filing it; rather, she served what she referred to as a "Safe Harbor Notice," dated February 21, 2024, but did not serve a copy of her cross-motion with her Notice. (*See* Kadlec 4/8/24 Mem., ECF No. 400, at 6.) Kadlec argues that the Court should deny Kumaran's cross-motion because she failed to comply with the procedural requirements of Rule 11. (Id. at 5.) The Court agrees. As here, "[a]n informal warning in the form of a letter without service of a separate Rule 11 motion is not sufficient to trigger the 21-day safe harbor period." *Star Mark*, 682 F.3d at 175 (citation omitted). Due to her failure to meet the procedural requirements of Rule 11(c), Kumaran's cross-motion is denied.[1] *See Castro v. Mitchell*, 727 F. Supp. 2d 302, 307

---

[1] When filing her cross-motion, Kumaran recognized that she had failed to comply with the safe-harbor provision of Rule 11 and argued based upon a decision from the Ninth Circuit that she was not required to do so. (*See* Kumaran 4/1/24 Cross-Mot. at 11 (citing *Patelco Credit Union v. Sahni*, 262 F.3d 897 (9th Cir. 2001)). In *Patelco*, the defendant moved for sanctions on the eve of trial and the plaintiff responded to the defendant's motion and made its own request for sanctions, but did not comply with the safe

3

(S.D.N.Y. 2010) ("Courts have held that even a letter detailing the nature of the conduct which purportedly violates Rule 11 and threatening to file a motion for sanctions cannot constitute notice under Rule 11." (citing cases)).

In any event, even assuming *arguendo* that Kumaran's cross-motion were not procedurally defective, it fails on the merits. The Court finds that none of the challenged statements made, or conduct engaged in, by Kadlec or his counsel are sanctionable under Rule 11 or otherwise. Indeed, one of the central premises of Kadlec's motion for sanctions was that the Second Amended Complaint violated Rule 8 (*see* Kadlec 12/29/23 Mot. at 1, 4-5), and this Court and District Judge Woods agreed. (*See* 7/9/24 Mem. Op. & Order, ECF No. 438, at 3 ("As Judge Aaron determined, the second amended complaint does not comply with Rule 8 . . ..").)

Turning next to Kadlec's motion for sanctions, the Court finds that Kadlec also failed to meet the strict procedural requirements of Rule 11(c). The Second Amended Complaint that was filed on June 7, 2023 against Kadlec in this action was signed by both Kumaran and Randy Kleinman, Esq. ("Attorney Kleinman") of Kleinman Ginzberg, LLC ("Kleinman Ginzberg"), as counsel for Nefertiti Risk Capital Management, LLC ("NRCM"). (*See* Sec. Am. Compl., ECF No. 254, at 196.) On June 12, 2023, Kadlec served a motion for sanctions upon Kumaran, Attorney Kleinman and Kleinman Ginzberg. (*See* Kadlec Draft Mot. for Sanctions, ECF No. 356-1, at PDF pp.

---

harbor provision of Rule 11. *Id*. at 913. The Ninth Circuit found that the plaintiff "had no choice but to respond immediately and make its own request for sanctions," and concluded that "[a] party defending a Rule 11 motion need not comply with the separate document and safe harbor provisions when counter-requesting sanctions." *Id*. Here, by contrast, Kumaran had ample time to comply with the safe harbor provision. Kadlec filed his motion for sanctions on December 29, 2023. However, Kumaran did not file her cross-motion until April 1, 2024. Moreover, her cross-motion is not merely a counter-request for sanctions based upon Kadlec's motion for sanctions. Rather, Kumaran bases her cross-motion, in part, on statements made in Kadlec's objections to this Court's December 20, 2023 Report and Recommendation. (*See* Kumaran 4/1/24 Cross-Mot. at 17-20 (citing to "Infringing Statements" made in ECF No. 357).)

6-12.) In the letter accompanying the motion for sanctions, Kadlec states that "unless the claims [in the Second Amended Complaint] are withdrawn within 21 days [*i.e.*, by July 3, 2023], we will move for sanctions against you both [*i.e.*, Kumaran and Attorney Kleinman] and Mr. Kleinman's law firm." (*See* Kadlec 6/12/23 Ltr., ECF No. 356-1.) The Second Amended Complaint was not withdrawn by July 3, 2023.

On October 20, 2023, Attorney Kleinman filed a motion to withdraw as counsel for NRCM (and related entities). (Kleinman 10/20/23 Ltr. Mot., ECF No. 302.) On December 19, 2023, Attorney Kleinman's motion to withdraw was granted. (*See* 12/19/23 Order, ECF No. 348.) On December 29, 2023, Kadlec filed his motion for sanctions that is now before the Court. (*See* Kadlec 12/29/23 Mot.)

The motion for sanctions that was filed by Kadlec on December 29, 2023 is not the same motion that was served by Kadlec on June 12, 2023. (*Compare* Kadlec 12/29/23 Mot. *with* Kadlec Draft Mot. for Sanctions.) Specifically, the motion that was served on June 12, 2023 sought sanctions against Kumaran, Attorney Kleinman and Kleinman Ginzberg (Kadlec Draft Mot. for Sanctions at PDF p. 6), whereas the motion filed on December 29, 2023 sought sanctions only against Kumaran. (Kadlec 12/29/23 Mot. at 1.) No safe harbor notice was sent to Kumaran alone at least 21 days prior to December 29, 2023.

Rule 11(c) provides: "*The* motion [for sanctions under Rule 11] must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2) (emphasis suppled). In the present case, the motion what was served was not the motion that was filed. As Kadlec himself noted in

opposing Kumaran's cross-motion for sanctions (*see* Kadlec 4/8/24 Mem. at 5), and as the Second Circuit has held, *Star Mark*, 682 F.3d at 175, the safe harbor provision is strict, and Kadlec failed to meet it in this case. *See McCullough v. World Wrestling Ent., Inc.*, No. 15-CV-01074 (VLB), 2016 WL 6662673, at *9 (D. Conn. Nov. 10, 2016) (rejecting argument that "substantially similar Rule 11 motion" satisfied safe harbor provision, noting "prior courts have strictly enforced Rule 11's safe harbor provision even where the allegedly offending party was served with a substantially similar motion putting that party on notice of the conduct at issue.") (citing *Intravaia v. Rocky Point Union Free School Dist.*, 2014 U.S. Dist. LEXIS 176235, at *9, 2014 WL 7338849 (E.D.N.Y. Dec. 22, 2014)). After Attorney Kleinman withdrew as counsel, Kumaran alone should have been served with the motion that Kadlec ultimately filed, but she was not.

In any event, even assuming *arguendo* that Kadlec's motion were not procedurally defective, the Court would deny the motion. Although Kadlec asserts that the Second Amended Complaint contains false allegations and was filed for an improper purpose, the Court cannot adequately assess these claims on the current record. *See StreetEasy, Inc. v. Chertok*, 752 F.3d 298, 307 (2d Cir. 2014) ("With respect to factual contentions, 'sanctions may not be imposed unless a particular allegation is utterly lacking in support.'") (quoting *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 388 (2d Cir. 2003)); *see also Sachs v. Matano*, No. 15-CV-06049 (JFB) (AKT), 2016 WL 4179792, at *9 (E.D.N.Y. July 15, 2016), *report and recommendation adopted*, 2016 WL 4186708 (E.D.N.Y. Aug. 4, 2016) (court could not determine whether allegations in complaint were baseless when no "objective indication" that complaint "lacked any basis in fact or law or was solely the product of delusion or fantasy"). Kadlec's statements alone are insufficient. This is particularly true given that the sanctions sought by Kadlec are tantamount to dismissal, "the

6

harshest sanction and penalty available to the district court[,]" which should be imposed "only in extreme circumstances." *Benitez v. King*, 298 F. Supp. 3d 530, 543 (W.D.N.Y. 2018) (cleaned up). Monetary sanctions, too, often are disfavored against *pro se* litigants. *See Zimmerman v. UBS AG*, No. 17-CV-04503 (JMF), 2018 WL 4054860, at *5 (S.D.N.Y. Aug. 24, 2018) (although "tempted to impose sanctions[,]" declining to do so "primarily because [the plaintiff] is proceeding *pro se*") (citing *Newman & Cahn, LLP. v. Sharp*, 388 F. Supp. 2d 115, 119 (E.D.N.Y. 2005) (declining to impose sanctions on a *pro se* plaintiff even though the plaintiff's "petition [was] frivolous and unwarranted")).

Nonetheless, Plaintiff Kumaran again is reminded that she must comply with Rule 11 and her *pro se* status does give her a license for her to flout the rules. *See Malley v. New York City Bd. of Educ.*, 207 F. Supp. 2d 256, 259 (S.D.N.Y. 2002) ("The fact that a litigant appears *pro se* does not shield [her] from Rule 11 sanctions because 'one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" (citation omitted)). In preparing her forthcoming third amended pleading, Plaintiff Kumaran shall seriously consider the allegations that Kadlec argues are false or unfounded and whether, after a reasonable inquiry, she has a reasonable belief that the pleading is well-ground in fact.

**CONCLUSION**

For the foregoing reasons, the motion and cross-motion for sanctions filed at ECF Nos.

356 and 398 are DENIED.

**SO ORDERED.**

Dated:        New York, New York
              July 16, 2024

_____
STEWART D. AARON
United States Magistrate Judge

8