```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/17/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X
SAMANTHA SIVA KUMARAN, *et al.*,

                              Plaintiffs,

                      -v-

NATIONAL FUTURES ASSOCIATION, *et al.*,

                             Defendants.

-------------------------------------------------------------- X

1:20-cv-3668-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

On December 20, 2024, Judge Aaron issued a Report and Recommendation on Plaintiffs' motions to vacate the judgment entered on August 12, 2024, to reopen the case, and to stay the case pending resolution of the issue on appeal. Dkt. No. 450 (the "R&R"). The Court refers to the R&R for a comprehensive description of the relevant procedural history.[1] *See* R&R at 2–4. The R&R recommended that the Court grant Plaintiffs' motions to vacate the judgment and to reopen and stay the case. R&R at 10. The R&R also interpreted Plaintiffs' filings as a motion for disqualification and recommended that such a motion be denied. R&R at 10, 12–13.[2] Plaintiff Kumaran timely filed objections on January 2, 2025, Dkt. No. 451 (the "Objections"), and Plaintiff Nefertiti Risk Capital Management, LLC filed a letter joining Ms. Kumaran's Objections on January 3, 2025, Dkt. No. 452. Specifically, Plaintiffs objected to Judge Aaron's assumption that a motion for disqualification or recusal was filed. Defendant Kadlec filed a response to Ms. Kumaran's Objections on January 16, 2025. Dkt. No. 455. The Court adopts the portion of the R&R recommending that the Court vacate the judgment, reopen the case, and stay the case pending

---

[1] No party objects to the R&R's recitation of the relevant procedural and factual background.
[2] Judge Aaron cited the language in Plaintiffs' motion that stated, "Should the Court feel, it can no longer review this case objectively given the Pro-Se party, Plaintiffs respectfully request the Court consider recusal." Dkt. No. 446 at 24; Dkt. No. 447 at 24.

appeal. Because Plaintiffs did not intend to file any motion for disqualification or recusal, the Court declines to adopt the portion of the R&R analyzing those issues.

## I. LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within fourteen days of being served with a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).

The Court reviews for clear error those parts of the report and recommendation to which no party has timely objected. 28 U.S.C. § 636(b)(1); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008). When a party timely objects to a magistrate's report and recommendation, a district court reviews, *de novo*, "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "To the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865 (LTS)(GWG), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." (citation and internal quotation marks omitted)). "Objections of this sort are frivolous, general and conclusory and would reduce the magistrate's work to something akin to a meaningless dress rehearsal." *Vega v. Artuz*, No. 97-CV-3775 (LTS)(JCF), 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (citations and internal quotation marks omitted). "The purpose of the Federal Magistrates Act was to promote efficiency of the judiciary, not undermine it by allowing parties to relitigate

every argument which it presented to the Magistrate Judge." *New York City Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (internal citation and quotation marks omitted).

## II.  DISCUSSION

### A.  The Court Adopts the R&R's Recommendation that the Court Grant Plaintiffs' Motions to Vacate the Judgment and to Reopen and Stay the Case

The Court adopts the R&R's recommendation that "the judgment be vacated and that this case be reopened and stayed in its entirety." R&R at 10.  No party has filed objections to this recommendation,[3] so the Court reviews this portion of the R&R for clear error and finds none.

### B.  The Court Accepts Plaintiffs' Objections to Judge Aaron's Analysis of the Recusal Issue and Does Not Adopt that Portion of the R&R

The Court does not adopt that portion of the R&R that treated Plaintiffs' motions as a motion for recusal or a motion for disqualification pursuant to 28 U.S.C. §§ 144, 455.  *See* R&R at 10–11.  While Judge Aaron may have been attempting to construe Plaintiffs' submissions liberally, considering Ms. Kumaran's *pro se* status, *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they *suggest*." (citations omitted)), her Objections make clear that she did not intend to file a disqualification or recusal motion. Specifically, the Objections state,

> Plaintiff Kumaran objects to the portion of the Order that pertains to the recusal and timely objects.  First, **no such motion was ever filed or intended to be filed** and was not included in the form of relief.  Second, no law, affidavit or facts were included to support any such motion, as the case was closed at the time, and there was a judgment entered.  Any motion would have been impermissibly filed, as the Cout [sic] had no jurisdiction because of the pending Appeal.  Plaintiff could not have filed any such motion as this was during the time jurisdiction was divested to the Second Circuit.

---

[3] Specifically, the Objections state that "Plaintiff Kumaran is grateful and thanks M.J. Aaron for the correct application of the law, and again appreciates that the Dec 20 R&R has recommended reopening the case, vacating Judgment and reissuing a stay." Objections at 3.

Objections at 1; *see also* Objections at 3 (stating that "no formal motion for recusal has yet been filed"); *see also* Dkt. No. 452 at 1 (stating that "NRCM also did not file any formal motion for recusal"). The Court thus does not treat Plaintiffs' pending motions as motions for disqualification. The Court therefore declines to adopt the portion of the R&R analyzing the issue of recusal or disqualification.

### III.    CONCLUSION

For the foregoing reasons, the Court adopts the R&R in part. The Court adopts the portion of the R&R recommending that the judgment be vacated and that this case be reopened and stayed pending resolution of the appeal. The Court declines to adopt the portion of the R&R analyzing recusal because Plaintiffs assert that they did not file motions for recusal.

The Clerk of Court is directed to vacate the judgment at Dkt. No. 445, to reopen this case, and to note the stay of this case on the docket. The Clerk of Court is further directed to terminate the motions pending at Dkt. Nos. 446, 447.

SO ORDERED.

Dated: January 17, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge