UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                              :
SAMANTHA SIVA KUMARAN, *et al.*,                              :
                                                              :
                                        Plaintiffs,           :
                                                              :
              -v-                                             :
                                                              :
ADM INVESTOR SERVICES, INC.,                                  :
                                                              :
                                        Defendant.            :
                                                              :
-------------------------------------------------------------------X
                                                              :
-------------------------------------------------------------------X
                                                              :
SAMANTHA SIVA KUMARAN, *et al.*,                              :
                                                              :
                                        Plaintiffs,           :
                                                              :
              -v-                                             :
                                                              :
NATIONAL FUTURES ASSOCIATION, *et al.*,                       :
                                                              :
                                        Defendants.           :
                                                              :
-------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 02/25/2026

1:20-cv-3873-GHW-SDA

1:20-cv-3668-GHW-SDA

MEMORANDUM
OPINION & ORDER

GREGORY H. WOODS, United States District Judge:

Before the Court are Plaintiff Samantha Siva Kumaran's motions for this Court and Magistrate Judge Stewart D. Aaron to be recused from two cases she filed in May 2020. On July 23, 2025, Judge Aaron issued a report and recommendation denying her requests for his recusal and recommending that this Court deny the requests directed to this Court. Because Ms. Kumaran does not offer any facts establishing extrajudicial conduct that is the source of any bias or any facts demonstrating antagonism that would render fair judgment impossible, the Court adopts Judge Aaron's recommendation and denies her motions to recuse.

I.      BACKGROUND

This case has a long procedural history that speaks for itself. The Court reviews the history

of the motions to recuse and directs the reader to the docket of these cases for a full review of the history and facts.

On July 7, 2025, Plaintiff moved for this Court to recuse itself pursuant to 28 U.S.C. §§ 455(a)–(b) and 28 U.S.C. § 144. She filed identical motions in the case captioned 1:20-cv-3873 (the "ADMIS Action") and in the case captioned 1:20-cv-3668 (the "NFA Action"). Dkt. No. 387 ("Mot"); *see also* Dkt. No. 482, 1:20-cv-3668. Alongside her motions, she filed a declaration recounting communication she had received from attorneys regarding proceedings in this Court. *See* Dkt. No. 387-2 ("Kumaran Decl.").[1] She also filed an email from one of those attorneys reacting to Judge Aaron's report and recommendation on Plaintiff's motion to vacate judgment in the NFA Action. Dkt. No. 387-3.

Ms. Kumaran argued that the record in these actions demonstrated this Court's bias. In particular, Ms. Kumaran argued that two orders dismissing the NFA Action evinced bias meriting recusal. Mot. at 8–11. Ms. Kumaran asserted that these rulings demonstrated bias because they were adverse to Plaintiffs and because she had to expend resources to contest the dismissals. *Id.* at 14–16. Ms. Kumaran also argued that the administration of these cases demonstrated bias because the deadlines set by Judge Aaron and ratified by this Court overlapped with deadlines in other litigation she initiated and because, she argued, the Court had not prioritized efficient resolution of her cases. *Id.* at 16–19; *see also* Kumaran Decl. ¶ 105.

Ms. Kumaran also asserted that her affidavit was sufficient to meet the requirements of both sections 144 and 455. Mot. at 11–13. In her affidavit, Ms. Kumaran affirms that four attorneys communicated their opinions that the Court's conduct of these proceedings demonstrated its partiality. *See, e.g.*, Kumaran Decl. ¶ 16. She argued that these statements—coupled with counsels' decisions to withdraw from cases in this Court but not from cases in other courts—were sufficient

---

[1] Unless otherwise noted, all docket citations reference the ADMIS Action.

evidence that the Court was partial to Defendants.  Mot. at 11–13.  Ms. Kumaran also argued that the Court's decisions to allow counsel to withdraw evinced bias.  *Id.* at 13–14.

Finally, Ms. Kumaran filed a letter in both actions arguing that Defendants' failure to oppose her motions for recusal merited granting the motions.  *See* Dkt. No. 391; Dkt. No. 483, 1:20-cv-3668.

On July 23, 2025, Judge Aaron issued an order denying the motions to recuse directed to him and recommending that this Court deny the motions directed to this Court.  *See* Dkt. No. 393 ("R&R").  Judge Aaron construed Ms. Kumaran's motions as premised on the Court's prior judicial rulings.  *Id.* at 5 (quoting order at Dkt. No. 450, 1:20-cv-3668).  Judge Aaron concluded that even though this Court had reversed some of those rulings, the rulings that were reversed were not the result of partiality.  *Id.*  In a footnote, Judge Aaron concluded that "[n]othing contained in [her] Declaration alter[ed]" his "conclusions regarding recusal."  *Id.* at 5 n.1.  Judge Aaron finally concluded that the failure of Defendants to oppose Ms. Kumaran's motion did not require granting her motion.  *Id.* at 5–6.

On August 6, 2025, Plaintiff timely filed objections to the R&R.  Dkt. No. 397 ("Obj.").  She first argued that Judge Aaron erred in failing to consider the fact that Defendants did not oppose her motion for recusal.  *Id.* at 2–4.  She then argued that Judge Aaron failed to consider whether the two prior orders dismissing the NFA Action were sufficient evidence of bias and partiality.  *Id.* at 5–9. She also argued that Judge Aaron did not address the "procedural irregularity" of "assigning a Magistrate Judge" to consider motions to vacate this Court's orders.  *Id.* at 11.  Next, she argued that Judge Aaron failed to consider her affidavit documenting communications she received from her attorneys as evidence of partiality.  *Id.* at 9–11, 18–22.  She also argued that Judge Aaron did not consider whether the Court's imposition of deadlines evinced bias.  *Id.* at 11–13.

3

## II.    LEGAL STANDARD

### A.  Review of Judge Aaron's R&R

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  Parties may raise specific, written objections to the report and recommendation within fourteen days of being served with a copy of the report.  *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).

The Court reviews for clear error those parts of the report and recommendation to which no party has timely objected.  28 U.S.C. § 636(b)(1); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).  When a party timely objects to a magistrate judge's report and recommendation, a district court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  "To the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-cv-6865 (LTS)(GWG), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." (citation and internal quotation marks omitted)).  "Objections of this sort are frivolous, general and conclusory and would reduce the magistrate's work to something akin to a meaningless dress rehearsal." *Vega v. Artuz*, No. 97-cv-3775 (LTS)(JCF), 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (citations and internal quotation marks omitted).  "The purpose of the Federal Magistrates Act was to promote efficiency of the judiciary, not undermine it by allowing parties to relitigate every argument which it presented to the Magistrate Judge." *New York City Dist. Council of*

*Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (internal citation and quotation marks omitted).

Finally, "it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (internal citation and quotation marks omitted); *accord Piligian v. Icahn Sch. of Med. at Mt. Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020) ("[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." (quoting *Syed Mohammad Aftab Kartm, MD, Faans v. New York City Health and Hospitals Corp., et al.*, No. 17-cv-6888, 2020 WL 2999228, at *3 (S.D.N.Y. June 4, 2020))); *Watson v. Geithner*, No. 11-cv-9527, 2013 WL 5441748, at *2 (S.D.N.Y. Sep. 27, 2013) ("[A] party waives any arguments *not* presented to the magistrate judge." (emphasis in original)).

### B. Motion to Recuse

Section 455 provides the statutory framework for when a presiding judge must "disqualify himself." 28 U.S.C. § 455; *Litovich v. Bank of Am. Corp.*, 106 F.4th 218 (2d Cir. 2024).

Section 455 provides, in relevant part,

> (a) Any . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .

28 U.S.C. § 455.

Section 455(a) is a "catchall recusal provision." *Litovich*, 106 F.4th at 224 (quotation omitted). It "governs circumstances that constitute an appearance of partiality, even though actual partiality has not been shown." *Id.* (quoting *Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d

5

120, 127 (2d Cir. 2003)).  "A judge need not have actual knowledge of the disqualifying circumstance for § 455(a) to apply." *Id.* (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 859 (1988)). "That is because the purpose of § 455(a) is 'to promote public confidence in the integrity of the judicial process,' which 'does not depend upon whether or not the judge actually knew of facts creating an appearance of impropriety, so long as the public might reasonably believe that he or she knew.'" *Id.* (quoting *Liljeberg*, 486 U.S. at 860).  "Accordingly, the test for whether an appearance of partiality exists 'is an objective one based on what a reasonable person knowing all the facts would conclude.'" *Id.* (quoting *Chase Manhattan Bank*, 343 F.3d at 127).

In addition to the catchall recusal provision in Section 455(a), Section 455(b) enumerates circumstances where recusal is required.  Relevant here, Section 455(b) requires recusal if a judge or magistrate judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]"  28 U.S.C. § 455(b)(1).

"To be disqualifying under § 455, 'the alleged bias and prejudice . . . must stem from an extrajudicial source and result in an opinion on the merits *on some basis other than what the judge has learned from his participation in the case.*'"  *S.E.C. v. Razmilovic*, 738 F.3d 14, 29 (2d Cir. 2013), *as amended* (Nov. 26, 2013) (quoting *In re Int'l Bus. Machines Corp.*, 618 F.2d 923, 927 (2d Cir. 1980) (internal quotations omitted) (emphasis in original)).

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.  Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id.* (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

"Accordingly, recusal is not warranted [under section 455] where the only challenged conduct 'consist[s] of judicial rulings, routine trial administration efforts, and ordinary

admonishments . . . to counsel and to witnesses,' where the conduct occurs during judicial proceedings, and where the judge 'neither (1) relie[s] upon knowledge acquired outside such proceedings nor (2) display[s] deep-seated and unequivocal antagonism that would render fair judgment impossible.'" *Razmilovic*, 738 F.3d at 29–30 (quoting *Liteky*, 510 U.S. at 556).

Section 144 provides, in relevant part,

> [w]henever a party to any proceeding in a district court makes and files a timely and *sufficient affidavit* that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144 (emphasis added).

"[T]he mere filing of an affidavit of prejudice does not require referral" to another judge. *LoCascio v. U.S.*, 473 F.3d 493, 498 (2d Cir. 2007). "On the contrary," the Second Circuit has explained, "a judge has an affirmative duty to inquire into the legal sufficiency of such an affidavit and not to disqualify himself unnecessarily, particularly 'where the request for disqualification was not made at the threshold of the litigation and the judge has acquired a valuable background of experience.'" *Id.* (quoting *Nat'l Auto Brokers Corp. v. Gen. Motors Corp.*, 572 F.2d 953, 958 (2d Cir. 1978)). "A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." *In re Literary Works in Elec. Databases Copyright Litig.*, 509 F.3d 136, 140 (2d Cir. 2007).

"The affidavit must be 'sufficient' to provide 'fair support' for the charge of partiality." *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987). "The analysis is the same under [section 144 and section 455(b)(1)], that is, it looks to extrajudicial conduct as the basis for making such a determination, not conduct which arises in a judicial context." *Id.*; *see also United States v. Lewis*, 617 F. Supp. 3d 110, 113 (E.D.N.Y. 2022). Thus, under section 144, "the substantive standard for recusal is whether a reasonable person, knowing all the facts, would conclude that the court's impartiality might reasonably be questioned." *Apple*, 829 F.2d at 333. "If it can be

7

established that the affidavits submitted in support of a recusal motion are both 'timely and sufficient,' then the Court 'must accept them as true for the purpose of ruling upon their legal sufficiency, however unfounded they may be in fact.'" *United States v. Hicks*, Nos. 15-CR-33, 23-CV-166, 2024 WL 162880, at \*3 (W.D.N.Y. Jan. 16, 2024) (quoting *United States v. Int'l Bus. Machines Corp.*, 475 F. Supp. 1372, 1379 (S.D.N.Y. 1979), *aff'd sub nom. In re Int'l Bus. Machines Corp.*, 618 F.2d 923 (2d Cir. 1980)).

### III.    DISCUSSION

The Court has reviewed Judge Aaron's R&R recommending that this Court deny Ms. Kumaran's motions as to this Court *de novo*.  For the reasons that follow, the Court overrules Plaintiff's objections, adopts Judge Aaron's recommendations, and denies the motions for this Court to recuse itself.

The Court does not disturb Judge Aaron's ruling declining the motions to the extent they are directed at Judge Aaron.  *Cf. Apple*, 829 F.2d at 333 ("The decision whether to grant or deny a recusal motion . . . is a matter confided to the district court's discretion.").  The Court therefore does not reach the arguments Ms. Kumaran raised in her objections in support of her motions for Judge Aaron to recuse himself.  *See, e.g.*, Obj. at 16–18; 22–25.[2]

The Court agrees with Judge Aaron's conclusion that Ms. Kumaran has not met her burden to demonstrate that this Court must recuse itself under 28 U.S.C. § 455.  Judge Aaron correctly stated that much of Ms. Kumaran's motions are premised on her disagreement with rulings by this Court, including two rulings that dismissed the NFA Action.  R&R at 5.  When a motion for recusal is premised on judicial rulings or a judge's administration of a case, such "challenged conduct" can

---

[2] The Court observes that the analysis in support of its adoption of Judge Aaron's recommendation also supports Judge Aaron's decision denying the motions to the extent they are directed at him.  Ms. Kumaran's objections to Judge Aaron's decision to deny her motions are not premised on extrajudicial conduct, but on her disagreement with his rulings on the merits and his orders administering these cases.  *See, e.g.*, Obj. at 23–25.

only constitute a basis for a motion to recuse where the judge either "relies upon knowledge acquired outside such proceedings" or "displays deep-seated and unequivocal antagonism that would render fair judgment impossible." *Razmilovic*, 738 F.3d at 29–30 (quoting *Liteky*, 510 U.S. at 556). Ms. Kumaran argues that this Court's judgments evince this Court's "deep-seated favoritism or antagonism." *See, e.g.*, Obj. at 8.

The Court's prior judgments and orders do not display favoritism or antagonism of the type meriting recusal. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion," because "only in the rarest circumstances [do they] evidence the degree of favoritism or antagonism required." *Liteky*, 510 U.S. at 555. Ms. Kumaran does not point to any facts to suggest that the Court issued decisions that it later reversed because it is antagonistic to her in such a way that would "render fair judgment impossible." *Razmilovic*, 738 F.3d at 30. The procedural history of these cases does not demonstrate the existence of such facts. The Court first dismissed the NFA Action less than a week after the Court was assigned that case. *See* Dkt. No. 13, 1:20-cv-3668. That was before the defendants had appeared and before the Court had any interaction with any party. Ms. Kumaran does not offer any facts to suggest that the dismissal was the result of any bias against her or in the defendants' favor notwithstanding the absence of any interaction with the parties. And—as Judge Aaron observed—in both instances where the Court made a mistake in dismissing the NFA Action, the Court fixed the error upon Ms. Kumaran's motion.[3] In the first instance, the Court adopted Judge Aaron's recommendation to reverse its prior ruling dismissing the NFA Action and granted Ms. Kumaran leave to amend her complaint to state a claim under section 22(b) of the Commodities Exchange Act. *See* Dkt. No. 34, 1:20-cv-3668. In the second instance, the Court

---

[3] Ms. Kumaran states that Judge Aaron reversed this Court's orders. That is inaccurate. Under this Court's order of reference, Judge Aaron is empowered to issue a report and recommendation on the disposition of any dispositive motion, including the motions that Ms. Kumaran identifies. The ultimate decision on whether to grant or deny a dispositive motion rests with this Court. *See* 28 U.S.C. § 636.

adopted Judge Aaron's recommendation to reopen the NFA Action and stay the proceedings pending resolution of Ms. Kumaran's appeal as required by *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023). *See* Dkt. No. 456, 1:20-cv-3668. In each instance, the Court carefully considered Ms. Kumaran's arguments in support of her requests to reverse prior rulings and determined that she was entitled to continue litigating the NFA Action on the merits. Its decision to agree with Ms. Kumaran and reconsider its prior rulings does not suggest that those prior rulings were the result of bias, but of human error willingly corrected.

For similar reasons, any decisions relating to the administration of these cases do not merit recusal. Ms. Kumaran does not point to any facts to suggest that this Court has endorsed Judge Aaron's decisions setting deadlines in these cases because the Court holds any favoritism or antagonism. Indeed, this Court and Judge Aaron—mindful of Ms. Kumaran's status as a *pro se* litigant—have granted Ms. Kumaran multiple extensions of deadlines. *See, e.g.*, Dkt. Nos. 232, 290, 291, 320, 325, 377.

Ms. Kumaran also does not point to any facts to suggest that the Court's denial of her motion to transfer these cases to the District of Connecticut was the result of bias. Ms. Kumaran argues that the Court has "create[d] . . . a multi-district litigation" with the "intent to prejudice" her. Mot. at 25. The record does not support her characterization of the Court's orders. On May 19, 2025, Ms. Kumaran initiated MDL proceedings when she moved the Judicial Panel on Multidistrict Litigation (the "JPML") to consolidate all three cases in the District of Connecticut. *See* Dkt. No. 366.[4] This appears to have been an effort to cure the result of following her prior counsel's mistaken advice. Ms. Kumaran affirmed that prior counsel for the corporate entities advised her

---

[4] The JPML has since denied her motion. Dkt. No. 401. In that order, the JPML commented that "[it has] long held that the prospect of an unfavorable ruling by the transferee court or the possibility that another district judge may be more favorably disposed to a litigant's contentions are simply not factors considered by the Panel in determining whether and to where transfer under Section 1407 is appropriate." *Id.* at 2 (internal quotations and brackets omitted).

that the Court would be obligated to transfer all three of her cases should it grant her request to transfer one case. Kumaran Decl. ¶¶ 39–41. On December 6, 2022, the Court transferred one of Ms. Kumaran's lawsuits to the District of Connecticut with her consent. Dkt. No. 246, 1:20-cv-3871. On May 18, 2023, Ms. Kumaran moved to transfer these actions to the District of Connecticut. Dkt. No. 203.

Ms. Kumaran's counsel was mistaken that the transfer of one case mandated the transfer of all three. Therefore, on May 13, 2024, the Court overruled Ms. Kumaran's objections to Judge Aaron's decision denying her motion to transfer these cases. Dkt. No. 299. Ms. Kumaran does not point to any facts to suggest that the Court's denial of her motion to transfer was the result of any bias or prejudice. Accordingly, her decision to initiate proceedings to achieve the outcome her prior counsel mistakenly predicted is not a basis for recusal.[5]

The Court also agrees with Judge Aaron's conclusion that Ms. Kumaran's affidavit is legally insufficient to merit recusal. An affidavit in support of a motion pursuant to 28 U.S.C. § 144 is insufficient as a matter of law if it only alleges disagreement with judicial decisions. *See Role v. Eureka Lodge No. 434, I.A. of M & A.W. AFL-CIO*, 402 F.3d 314, 318 (2d Cir. 2005). Ms. Kumaran's affidavit is insufficient for this reason. Ms. Kumaran affirms that attorneys who have appeared in these cases made statements to her expressing their disagreements with this Court's decisions and speculating on the Court's purported partiality.[6] *See, e.g.*, Kumaran Decl. ¶¶ 33, 38, 53, 71 (identifying statements by attorneys that entered an appearance in these cases). Ms. Kumaran does not identify any extrajudicial conduct that formed the basis of these attorneys' opinions, nor does

---

[5] The same analysis applies to Ms. Kumaran's disagreements with the Court's other decisions, including those allowing counsel to withdraw. The Court also observes that many of the conflicting deadlines of which Ms. Kumaran complains relate to actions she has taken to pursue her claims. She filed these cases separately. She and her company have filed interlocutory appeals. She initiated proceedings in front of the JPML. She affirms that the deadlines set in these cases overlap with deadlines in the interlocutory appeals and deadlines in the JPML proceedings. Kumaran Decl. ¶¶ 95–97.

[6] Despite Ms. Kumaran's representation, she does not provide sworn affidavits from counsel, but rather her own affidavit representing counsel's communications to her throughout the course of these cases.

she identify any other factual basis to establish that the Court's judicial conduct demonstrates "deep-seated and unequivocal antagonism that would render fair judgment impossible." *Razmilovic*, 738 F.3d at 30.  Ms. Kumaran's speculations about this Court's motivations—even those shared by individuals with whom she has spoken—"are not facts and cannot serve as the basis for recusal under §§ 144 and 455(b)(1)."[7]  *Hoatson v. New York Archdiocese*, No. 05 CIV. 10467 (PAC), 2006 WL 3500633, at *2 (S.D.N.Y. Dec. 1, 2006).  Accordingly, Ms. Kumaran's affidavit is not sufficient to support recusal.  *See id.*[8]

Finally, the Court agrees with Judge Aaron's conclusion that Defendants' failure to oppose Ms. Kumaran's motions does not mandate recusal.  "The decision whether to grant or deny a recusal motion . . . is a matter confided to the district court's discretion." *Apple*, 829 F.2d at 333.  In exercising that discretion, the Court need not accept arguments raised by the movant for the sole reason that they are unopposed.

## IV.    CONCLUSION

For the foregoing reasons, the Court adopts the R&R's recommendations in full.  Plaintiff's motions to recuse are DENIED.

---

[7] The closest Ms. Kumaran's declaration comes to discussing "extrajudicial conduct" is her reference to the Court's affiliations prior to appointment to the bench.  Kumaran Decl. ¶ 5.  Ms. Kumaran does not offer any specific facts connecting those prior affiliations to the parties or claims at issue in these cases.  The assertion of bias, therefore, also turns on little more than speculation.

[8] While the record of this case speaks for itself, the Court pauses to highlight one unusual aspect of Plaintiffs' litigation strategy.  It explains why Ms. Kumaran finds support for her belief that the Court is biased against *pro se* litigants in statements made to her by lawyers who have represented several of the plaintiffs in these actions.  Ms. Kumaran has chosen to represent herself *pro se* throughout the litigation.  However, because she cannot represent the corporate entities that she owns, she has retained counsel to represent them.  The Court does not have insight into the terms upon which she has represented those lawyers.  However, the record establishes clearly that Ms. Kumaran is drafting nearly all of the submissions filed with the Court.  The lawyers retained by her corporations then either sign onto those briefs or submit short form letters in which they join in the written briefing filed by Ms. Kumaran.  Ms. Kumaran has acknowledged this practice on the record, and it is documented across the dockets of all of these cases.  *See, e.g.*, Dkt. No. 39 (motion by corporate plaintiff to exceed page limit admitting that "Ms. Kumaran, *Pro-Se* Plaintiff, who has extensive knowledge [sic] facts and law, prepared the majority of the brief"); *see also* Dkt. No. 336 (pro forma letter from counsel for corporate plaintiff "join[ing] the motion for reconsideration" filed by Ms. Kumaran).  The Court expects counsel to act in a manner consistent with their professional and ethical obligations.  The Court's expectation that counsel practice law consistent with their professional and ethical responsibilities may impact their willingness to adopt legal positions and briefs written by Ms. Kumaran.  It comes with risks.  *See, e.g.*, Dkt. No. 381 n.1.  But it does not reflect hostility toward Ms. Kumaran as a *pro se* litigant.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 387 in the case captioned 1:20-cv-3873 and the motion pending at Dkt. No. 482 in the case captioned 1:20-cv-3668.

SO ORDERED.

Dated:  February 25, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge

13